IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 through 4, and JANE DOES 1 through 3, individually, and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | CASE NO. 00-644C (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS PRECLUDING SUMMARY JUDGMENT**

Richard T. Dorman
CUNNINGHAM, BOUNDS, YANCE, CROWDER & BROWN, LLC
1601 Dauphin Street
Mobile, AL 36664
(251) 471-6191
Fax (251) 479-1031

Robert Shulman
Helen K. Michael
Rachel A. Adams
Alan B. Sutton
HOWREY SIMON ARNOLD& WHITE, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800
Fax (202) 383-6610

Charles J. Cooper
David H. Thompson
COOPER & KIRK, PLLC.
1500 K Street, N.W., Ste. 200
Washington, DC 2005
(202) 220-9600
Fax (202) 220-9601

Dated: June 10, 2005

*Counsel for Plaintiffs*

**PLAINTIFFS' ADDITIONAL STATEMENTS OF PROPOSED FINDINGS OF FACTS PREVENTING SUMMARY JUDGMENT**

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims, Plaintiffs submit the following additional statements of proposed findings of facts precluding summary judgment. Based upon the foregoing undisputable facts, the Court should deny the Government's Motion for Summary Judgment and direct this case to proceed, consistent with the Federal Circuit's mandate that the sole remaining liability question to be resolved is which required correspondence courses have been completed by Plaintiffs.

1. The Secretaries have exercised their statutory authority to prescribe individual training, including correspondence coursework, as an essential component of the military's comprehensive program for training individuals and units to meet war-time mission requirements. *See, e.g.,* Clark Decl., App. 1-21; Davern Decl., App.22-40; Freeburg Decl., App. 41-52; Jane Doe 1 Decl., App.82-105; Jane Doe 2 Decl., App. 106-136; Jane Doe 3 Decl., App. 137-147; John Doe 1 Decl., App. 148-158; John Doe 2 Decl., App. 159-173; John Doe 3 Decl., App. 174-180; John Doe 4 Decl., App. 181-213; Johnson Decl., App. 53-71; Mustin Decl., App.72-81; Air Force Instruction 36-2618, *The Enlisted Force Structure*, Apr. 1, 1999, App.256-263; Air Force Instruction 36-2301, *Professional Military Education*, Jun. 27, 2002, App. 240-245; Air National Guard Instruction 36-2502, *Promotion of Airmen*, Aug. 25, 2000, App.246-255; Army Pamphlet 350-58, *Leader Development for America's Army*, Oct. 13, 1994, App. 331-335; Army Pamphlet 350-59, *Army Correspondence Course Program Catalog*, Oct. 1, 2000, App. 336-343; Army Pamphlet 351-20, *Army Correspondence Course Program Catalog*, Apr. 28, 2000, App.344-258; Field Manual 7-0, *Training the Force*, Oct. 22, 2002, App. 364-382; FORSCOM/ARNG/USAR Regulation 350-2, *Reserve Component Training*, Oct. 27, 1999, App. 386-387; NG Pamphlet, *How to Succeed in the Army National Guard By Really Trying*, App. 391-394; NGR 350-1, *Army National Guard Training*, Nov. 30, 1983, App. 397-401; NGR 351-1, *Individual Military Education and Training*, Jun. 1, 1987, App. 407-

410 and, TRADOC Regulation 350-70, *Systems Approach to Training, Management, Processes, and Products*, Mar. 9, 1999, App.443-444.

2. The Secretaries of the Air Force and Army have prescribed correspondence courses as prerequisites to and as substitutes for completing required "in residence" training for which National Guard members are compensated. *See, e.g.*, AR 351-1 ¶ 7-6.a, App. 322.

3. National Guard training involves required unit training pursuant to 32 U.S.C. § 502(a), which "develops critical components of combat readiness." *See, e.g.*, AR 350-1, *Army Training and Education*, Apr. 9, 2003, ¶ 1-8.d and 1.8.d(2)(c), App. 303; Field Manual 7-0, *Training the Force*, Oct. 22, 2002, ¶ 1-1, App.366.

4. National Guard training also includes required individual training pursuant to 32 U.S.C. § 502(f), which "[p]roduces soldiers capable of performing [their] military occupational specialty (MOS)" and other tasks. *See, e.g.*, AR 350-1, *Army Training and Education*, Apr. 9, 2003, ¶¶ 1-8.d(1) and 1-8.d(2)(c); App. 303.

5. The three pillars of the National Guard training and education include collective training (unit training), individual training, and self-development training. *See, e.g.*, Army Regulation 350-1 at ¶¶ 1-7.b, 1-9.a; Field Manual 7-0, *Training the Force*, ¶¶ 1-19, 1-20, App. 368-69.

6. The Commanding General of the U.S. Army Training and Doctrine Command ("TRADOC") is responsible to develop and execute "individual training to meet the Army's individual training goal[s]." *See, e.g.*, AR 350-1 ¶ 2-20.x, App. 305.

7. TRADOC has designed the Total Army Training System ("TATS") and has designated the "non-resident" Army Correspondence Course Program ("ACCP") as an essential component of TATS which is "required in support of work place learning." *See, e.g.*, AR 351-1 ¶ 7-6.a, App. 322; TRADOC

Regulation 350-70, *Systems Approach to Training, Management, Processes, and Products*, Mar. 9, 1999, Chapter VI-9-1 at Introduction, App. 445; FM 7-0 Glossary-15, App. 381.

8. The "nonresident" training or programs are synonymous with correspondence work. *See, e.g.*, AR 351-1, ¶ 7-6.a., App. 322.

9. Through TATS guard members receive required individual training which provides "standard resident and nonresident (distance learning) training and education...." FM 7-0 Glossary-15, App. 381.

10. The Secretary of the Army has differentiated ACCP courses taken from by active Guard members from voluntary programs. *See, e.g.*, AR 351-1 ¶¶ 7-7.b, 7-8.a, App. 322.

11. Plaintiffs completed military correspondence courses to satisfy on-duty National Guard training requirements. *See, e.g.*, Clark Decl., App. 1-21; Davern Decl., App.22-40; Freeburg Decl., App. 41-52; Jane Doe 1 Decl., App.82-105; Jane Doe 2 Decl., App. 106-136; Jane Doe 3 Decl., App. 137-147; John Doe 1 Decl., App. 148-158; John Doe 2 Decl., App. 159-173; John Doe 3 Decl., App. 174-180; John Doe 4 Decl., App. 181-213; Johnson Decl., App. 53-71; Mustin Decl., App.72-81.

12. Regulations promulgated before 37 U.S.C. § 206 was amended provide that the Army Correspondence Course Program applies to members of the "National Guard." *See, e.g.*, DA PAM 350-59, *Army Correspondence Course Program Catalog*, Oct. 1, 2000, App. 336; DA PAM 351-20, *Army Correspondence Course Program Catalog*, Apr. 28, 2000, App. 344.

13. The Air Force Extension Course Program ("ECP") is a mandatory training program. *See, e.g.*, AFI 36-2201, Vol. 4, *Air Force Training Program, Managing Advanced Distributed Learning*, ¶ 1.4, Oct. 23, 2002, App. 239.

14. A report entitled the "History of the Extension Course Institute" provides that since 1963 the ECP is a mandatory program. *See, e.g.*, AUOI-H Study Series NR 16, *History of the Extension Course Institute*, Feb. 1, 1996, App. 327-28.

15. "Duty" qualification is a priority for National Guard members. *See, e.g.*, Field Manual 7-0, ¶ 1-49; *id.* at ¶ 4-22, App. 373.

16. Advancement training can be achieved by correspondence coursework and is another form of individual training to ensure unit readiness. *See, e.g.*, FORSCOM/ARNG/USAR Regulation 350-2, at ¶ 1-3, Ap.. 387, Field Manual 7-0 ¶ 1-24, App. 370.

17. Professional military education courses are required forms of individual training. *See, e.g.*, Field Manual 7-0 ¶ 1-29, App. 371-72.

18. Professional military education courses develop Army leaders and prepare leaders for their next assignment and higher-level responsibility. *See, e.g.*, Field Manual 7-0 ¶ 1-29, App. 371-72.

19. Individual training provided through correspondence courses is necessary for Guard members to be qualified within their military specialty. *See, e.g.*, Clark Decl., App. 1-21; Davern Decl., App.22-40; Freeburg Decl., App. 41-52; Jane Doe 1 Decl., App.82-105; Jane Doe 2 Decl., App. 106-136; Jane Doe 3 Decl., App. 137-147; John Doe 1 Decl., App. 148-158; John Doe 2 Decl., App. 159-173; John Doe 3 Decl., App. 174-180; John Doe 4 Decl., App. 181-213; Johnson Decl., App. 53-71; Mustin Decl., App.72-81.

20. Guard members must be qualified within their military specialty to be deployable. *See, e.g.*, Declaration of Willie R. Johnson "Johnson Decl." ¶ 31, App. 66; Declaration of Jane Doe 1 ¶ 26, App. 89.

21. Professional development education provided through correspondence courses gives officers indispensable training by providing them the skills necessary to fulfill responsibilities as officers and leaders within the Guard. *See, e.g.*, Johnson Decl. ¶ 27, App.64; Declaration of John Doe 2 Decl. ¶ 3, App. 137-38.

22. Professional development courses,

improve "each officer's ability to analyze and solve military problems ... to interact and coordinate as a

member of a staff . . . to communicate," and to understand "Army organization, operations and procedures." Declaration of Jane Doe 3 Decl. ¶ 10, App. 140.

23. Task-based correspondence courses, such as Army MOS-based courses and Air Force Career Development Courses, provide members the skills necessary to perform their functions within the National Guard. Jane Doe 1 Decl. ¶ 3, App. 83.

24. Military correspondence course are required to assist guard members perform their job. Declaration of John Doe 4 Decl. ¶ 26, App. 188.

25. The Secretary of the Army has prescribed that Guard personnel are responsible for improving their professional knowledge and has identified nonresident instruction achieved through correspondence coursework as the primary method to accomplish this task. *See, e.g.,* AR 351-1 ¶ 7-7.a, App.322.

26. The Secretary of the Army and Air Force have directed that all Guard members, including noncommissioned officers, warrant officers and commissioned officers, are responsible for training themselves through personal self-development. *See, e.g.,* Field Manual 7-0, ¶ 1-19, App. 368; AFI 36-2618, *The Enlisted Force Structure*, ¶¶ 4.1, 4.1.2 and 4.1.3, Apr. 1, 1999, App. 259.

27. The Secretary of the Air Force requires Guard members to complete Career Development Courses ("CDCs"), which are correspondence courses that instruct Air Guard members in their job specialties, identified by Air Force Specialty Codes ("AFSCs"). Davern Decl. ¶ 5, App. 23-24; Jane Doe 1 Decl. ¶¶ 7-10, App. 84-85.

28. The CDC courses are available only as correspondence courses. Davern Decl. ¶ 8, App. 24-25; Jane Doe 1 Decl. ¶ 9, App. 85.

29. The Air University website provides that only those members who are required to take CDC courses may sign up. *See, e.g.,* http://www.maxwell.af.mil/au/ afiadl/curriculum /catalog/html/restrictions.htm.

30. Only taking CDCs can satisfy a significant number of Air Force job specialties. *See, e.g.*, http://www.maxwell.af.mil/au/afiadl/ curriculum/ catalog/combafsc_fr.htm; http://www.maxwell.af.mil/au/afiadl/ curriculum/catalog/ html/cdc00.htm.

31. Army Guard and Air Guard Commanders are responsible for ensuring all unit personnel are trained to perform their respective functions. *See, e.g.*, FORSCOM/ARNG/USAR Regulation 350-2, at ¶ 1-4.c, App. 387; AFI 36-2201, Vol. 3 ¶ 4.1, App. 236. Field Manual 7-0, ¶¶ 1-14; 1-19, App. 374.

32. Army Guard commanders have been directed to ensure that training is the number one priority. Field Manual 7-0, ¶ 1-31, App. 372.

33. The Secretary of the Army has authorized commanders to order Army Guard members to perform supplemental training to ensure that individual training requirements are satisfied. *See, e.g.*, National Guard Regulation 350-1, *Army National Guard Training*, ¶ 1-2, Nov. 30, 1983, App. 398.

34. Supplemental training includes training conferences, training seminars, and, the correspondence courses within the Army Correspondence Course Program. *See, e.g.*, National Guard Regulation 350-1, *Army National Guard Training*, ¶¶ 1-2, 4-5.c., 4-11, Nov. 30, 1983, App. 398, 400-01.

35. The Secretary of the Air Force has delegated authority to Air Guard officers and noncommissioned officers to give lawful orders in the exercise of their duties, which specifically includes completion of proficiency training and professional military education courses through correspondence coursework. *See, e.g.*, AFI 36-2618, *The Enlisted Force Structure*, ¶¶ 3.1.1-3.1.3, 4.1.1-4.1.3, Apr. 1, 1999, App. 258-59; AFI 51-604, *Appointment to and Assumption of Command*, ¶ 4.2.12, Oct. 1, 2000, App. 265; AFPD 36-22, *Air Force Military Training*, ¶ 3.6, Mar. 22, 2004, App. 269.

36. Mr. Clark and other Army Guard and Air Guard member Plaintiffs have completed numerous correspondence courses to satisfy individual training requirements. *See, e.g.*, Jane 2 Doe Decl., App. 106-107,¶ 2; John Doe 3 Decl., App. 175, 177, ¶¶ 3 and 8; Clark Decl., App. 1, 2, 7-9, ¶¶ 3, 8, 23, 25 and

26; John Doe 2 Decl., App. 160,¶ 3; John Doe 1 Decl., App. 150, ¶ 8; Davern Decl. App. 22-23, ¶ 2; Freeburg Decl., App. 41-42, ¶ 2; Johnson Decl. App. 55-59, ¶¶ 9 – 14; John Doe 4 Decl., App. 181-82, 188, ¶¶2 and 26; Jane Doe 1 Decl., App. 87-89, ¶¶ 17, 20, 21, and 25; Jane Doe 3 Decl., App. 139-142, ¶¶ 9, 10, 13 and 15.

37. The Air Guard member Plaintiffs also have been required to complete CDCs as required individual training for duty qualification. *See, e.g.,* Davern Decl., ¶5, App. 23-24; Jane Doe 1 Decl., App. 84-85, ¶¶ 7- 10.

38. Army correspondence courses provide an "equal level of attainment with resident instruction" and are "required" to:

> (1) Enable personnel of all Army components to obtain or further their military education.
>
> (2) Provide education which must be completed as a prerequisite for promotion of ARNG and USAR personnel not on active duty.
>
> (3) Accommodate and supplement skill progression and MOS functional courses. These courses provide for "training up" of soldiers to support duty position specific skills in career assignments prior to attendance at resident schools or when resident school is not available or feasible.

*See, e.g.,* AR 351-1 ¶ 7-6.a, App. 322.

39. An Army study concluded that distance education technologies produce students with equivalent or superior levels of knowledge than students of in-resident instruction for many subject areas. MICHAEL G. SHANELY ET AL, ARMY DISTANCE LEARNING: POTENTIAL FOR REDUCING SHORTAGES IN ARMY ENLISTED OCCUPATIONS 22 (Rand 2001). App. 436.

40. An Army study also concluded that distance education provides other advantages over resident courses, including: 1) greater flexibility and shorter instruction time; 2) reduced equipment and infrastructure costs; and, 3) elimination or reduction in travel costs. *See, e.g.,* MICHAEL G. SHANELY ET AL,

ARMY DISTANCE LEARNING: POTENTIAL FOR REDUCING SHORTAGES IN ARMY ENLISTED OCCUPATIONS 38 – 40 (Rand 2001). App. 437-39.

41. Air Guard noncommissioned officers have been directed to "seek every opportunity for continued professional development (by in-resident and/or correspondence)" courses, and have been authorized to satisfy these training requirements through completion of correspondence courses. *See, e.g.*, AFI 36-2618 ¶¶ 5.1.2, 5.2.2, 6.2.2. App. 260-63.

42. Resident training alone is insufficient to satisfy all training requirements for all Guard members. *See, e.g.*, DA Pamphlet 350-58, *Leader Development for America's Army*, Oct. 13, 1994, at p. 3, App. 334.

43. A study commissioned by the Army determined that many students cannot satisfy individual training requirements through in-resident courses because "not enough school seats were allocated to their unit. . . ." JOHN D. WINKLER, ET AL., TRAINING REQUIREMENTS AND TRAINING DELIVERY IN THE TOTAL ARMY SCHOOL SYSTEM 60 (Rand 1999). App. 446.

44. Shortages of in-resident course availability have prevented Plaintiffs from completing required individual training through in-resident programs, and required the completion of correspondence courses instead. *See, e.g.*, John Doe 4 Decl., ¶¶ 7-9, App. 183-84; John Doe 2 Decl., App. 161, ¶ 6; Johnson Decl., App. 63, ¶ 24.

45. By serving as substitutes for in-resident programs, correspondence courses, along with other types of distance learning programs, make up for the chronic shortage of available in-resident slots for enlisted professional development courses. *See, e.g.*, MICHAEL G. SHANELY ET AL, ARMY DISTANCE LEARNING: POTENTIAL FOR REDUCING SHORTAGES IN ARMY ENLISTED OCCUPATIONS xix (Rand 2001). App. 435.

46. The Commander's Safety Course, a portion of the Warrant Officer Advanced Course Phase I of the Battalion/Brigade Pre-Command Course, and several mandatory correspondence courses for Army

Guard paralegals are required Army Correspondence courses with no in-resident option. *See, e.g.*, *Army Safety Program*, Sep. 2, 2003 WASHINGTON DC//DAMO-TRZ//1412242 AUG 02//SAB, App. 323-25; AR 350-1 ¶ 3-40.a, App. 307-08; DA Pam 351-20 ¶ 4-99.b, App. 358; Department of the Army Pamphlet 350-58, *Leader Development for America's Army*, Oct. 13, 1994, App. 335; and DA Pam 351-20 ¶¶ 4-76, 4-77, 4-78, App. 345.

47. The service Secretaries treat correspondence courses as educational "equivalents" to required in-resident courses for which Guard members always have received compensation. *See, e.g.*, AR 350-1 ¶ 3-28.b, App. 306-07; AR 351-1 ¶ 3-6.c(2)(a) and 3-6.c(8)(c), App. 318-19; TRADOC Regulation 350-10, *Institutional Leader Training and Education*, Aug. 12, 2002, ¶ 3-5.b, App. 441.

48. The Secretary of the Army has prescribed that "[d]iplomas and certificates issued will not reflect nonresident [training]. They will contain only the title of the course, to preclude resident courses from being recognized more favorably than other courses." *See, e.g.,* AR 351-1 ¶ 1.9.a.7. App. 314.

49. Army Guard members taking nonresident courses also are evaluated using the same form used to evaluate students of resident courses. *See, e.g.,* AR 351-1 ¶ 1-12.a. App. 315.

50. The Secretary of the Air Force has directed that "nonresident programs mirror resident programs to the extent practical." *See, e.g.,* AFI 36-2301 ¶ 2.7.9. App. 242.

51. Correspondence courses are identified as "training requirements" in the "Army Individual Training Requirements and Resources System" ("ATRRS"), AR 350-10, *Management of Army Individual Training Requirements and Resources*, Sept. 14, 1990, ¶ 2-5.a, App. 311.

52. The Secretary of the Army has specified that courses representing training requirements be loaded into ATRRS, and this "training requirements" system contains a catalog of resident and nonresident training courses. *See, e.g.,* AR 350-10, *Management of Army Individual Training Requirements and Resources*, Sep. 14, 1990, ¶ 2-5.a, App. 311; Historical ATTRS Database, App. 455-69.

53. The Secretary of the Army does not permit Guard members to sign up for nonresident or correspondence courses if the member has already attained the competencies taught in the course by some other means. *See, e.g.,* AR 351-1 ¶ 3-8.a(2), App. 320.

54. Both the Army and Air Guard plaintiffs have completed required leadership development courses through correspondence coursework as full substitutes to resident courses, these courses include: *See, e.g.,* Command And General Staff College, DA Pam 351-20, ¶ 4-60, App. 352-53, Noncommissioned Officer Academy Course, AFIADL Catalog, pp. 20-24, App. 215-19, Senior Noncommissioned Officer Academy Course, AFIADL Catalog, pp. 25-29, App. 220-23, Squadron officer School, AFIADL Catalog, pp. 29-34, App. 223-27, and Air Command and Staff College, AFIADL Catalog, pp. 34-38, App. 227-30.

55. The Secretary of the Air Force has also prescribed a nonresident version of Air War College. *See, e.g.,* AFIADL Catalog, pp. 38-39, App. 230-32.

56. There are several multi-phased leadership development courses prescribed by the Secretary of the Army that involve both resident phases of instruction and phases available only through correspondence coursework, these correspondence courses include: RC Basic Noncommissioned Officer Course (Phase II of III). *See, e.g.,* DA Pam 351-20, ¶ 2-244, App. 349, Advanced Noncommissioned Officer Course (Phase II of III), DA Pam 351-20, ¶ 2-243, App. 349, Warrant Officer Advanced Course (prerequisite), DA Pam 351-20, ¶ 4-99, App. 358, RC AMEDD Officer Advanced Course (Phase I of II), DA Pam 351-20, ¶ 4-13, App. 350-51, RC Infantry Officer Advanced Course (Phase I of II), DA Pam 351-20, ¶ 2-125, App. 346, RC Ordnance Officer Advanced Course (Phase I of II), DA Pam 351-20, ¶ 2-194, App. 347, and Army War College (Phases I and III of IV), DA Pam 351-20, ¶ 4-96, App. 357-58.

57. The Army Guard Plaintiffs also have completed correspondence courses that are prerequisites to participating in required in-resident training programs. *See, e.g.,* John Doe 1 Decl., ¶ 7, App. 150.

58. To ensure that each unit is prepared to accomplish its primary and secondary missions, every unit in the Army National Guard is required to develop a Mission Essential Task List ("METL"). *See, e.g.*, Clark Decl., App. 2-3, ¶ 4; John Doe 1 Decl., App. 151, ¶ 3; Field Manual 7-0, ¶ 3-1, App. 376.

59. A METL consists of a list of collective tasks "in which an organization has to be proficient to accomplish an appropriate portion of its wartime operational mission." *See, e.g.*, Field Manual 7-0, ¶ 3-1. App. 376; Johnson Decl., App. 60, ¶ 18.

60. The Secretary of the Army has characterized training that is "necessary to achieve and sustain METL task proficiency" as a "training requirement." *See, e.g.*, Field Manual 7-0, ¶ 4-5, App. 398.

61. The Secretary of the Army has delegated its authority to require or direct members of the National Guard to perform training or instruction based on each unit's METL to Guard commanders. *See, e.g.*, Field Manual 7-0, ¶¶ 2-2, 3-30. App. 375-377.

62. In order to achieve competency in the tasks specified on the METL, each soldier must complete individual training and unit training. *See, e.g.*, Clark Decl., App. 2, ¶ 5; Johnson Decl., App. 61, ¶20.

63. Individual training that guard members are required to complete for the METL includes instrument practice, school instruction and other institutional training that instructs members in leadership and task responsibilities for their jobs. *See, e.g.*, Clark Decl., App. 2, ¶ 6.

64. Commanders develop training plans that focus on collective and individual training to "result in proficient individuals, leaders, and units." *See, e.g.*, Field Manual 7-0 ¶¶ 1-4 and 2-2, App. 367-375; Johnson Decl., App. 60-61, ¶¶ 18, 20.

65. Yearly Training Guidance ("YTG") memoranda specify collective, individual and institutional training that members are required to perform in the following year. *See, e.g.*, Field Manual 7-0 ¶ 4-44. App. 380; Johnson Decl., at ¶¶ 17-18, App. 60; John Doe 1 Decl. at ¶ 4, App. 149.

66. YTG memoranda specify that Guard members must complete correspondence courses for duty qualification and leadership development. *See, e.g.,* Mississippi ARNG YTG for 2003, p. 4, ¶ 9.d, App. 390.

67. Duty qualification and leadership development courses are higher in priority than unit and collective training. *See, e.g.,* North Carolina YTG for 1998 at p. 1, ¶ 5.a. App. 430; CTNG Circular 350-01-01, Oct. 1, 2000, at ¶ B-2, App. 330.

68. Commanders satisfy MOS and leadership development training requirements by instructing Guard members to complete the relevant correspondence course(s). *See, e.g.,* Johnson Decl., App. 60-61, ¶¶ 19- 20.

69. Correspondence instruction completed by Plaintiffs serves to achieve METL proficiency by developing members' leadership capabilities and by qualifying them in their military specialties. *See, e.g.,* Johnson Decl. App. 60-61, ¶¶ 18-20; Clark Decl., App. 8-9, ¶ 25.

70. Failure to complete correspondence courses could result in administrative sanctions, including involuntary separation, demotion, restriction of promotable status, and denial of or removal from position. *See, e.g.,* Johnson Decl., App. 63-64, ¶ 26; Jane Doe 3 Decl., App. 138, ¶4; John Doe 2 Decl., App. 160, ¶ 4.

71. Commanders are faced with immense pressure to have their troops trained and qualified for duty. *See, e.g.,* Jane Doe 2 Decl., App. 110, ¶ 12; Johnson Decl., App. 62, ¶ 23.

72. Plaintiff Brigadier General Johnson instructed members to complete training requirements through correspondence courses. *See, e.g.,* Johnson Decl., App. 62, ¶ 23.

73. Several Plaintiffs received orders to complete specific correspondence courses. *See, e.g.,* John Doe 4 Decl., App. 187, ¶ 20; Jane Doe 1 Decl., App. 82-83, ¶¶ 2 and 3.

74. The Secretaries have authorized commanders to "order" members of the National Guard to complete "supplemental training," which includes correspondence courses within the Army Correspondence Course Program. *See, e.g.,* NGR 350-1 ¶¶ 1-2, 4-5.c. App. 398.

75. Orders to complete correspondence courses can be issued orally and there is no requirement that orders be written to have legal effect. *See, e.g.,* Johnson Decl., App. 63, ¶ 24.

76. Commanders have inherent authority to order correspondence courses based on the Secretaries' directives that commanders facilitate the specialty qualification and leader development of members in their units. *See, e.g.,* FM 7-0, ¶¶ 1-14, 1-19, App. 368-69; FORSCOM/ARNG/USAR Regulation 350-2, at ¶ 1-4.c, App. 387; FM 22-100, *Army Leadership, Be, Know, Do*, Aug. 31, 1999, ¶¶ A-8 – A-10, App. 385; AFI 36-2618, *The Enlisted Force Structure*, ¶¶ 3.1.1-3.1.3, 4.1.1-4.1.3, Apr. 1, 1999, App. 258-59; AFI 51-604, *Appointment to and Assumption of Command*, ¶ 4.2.12, Oct. 1, 2000, App. 265; AFPD 36-22, *Air Force Military Training*, ¶ 3.6, Mar. 22, 2004, App. 268.

77. Air National Guard noncommissioned officers must as mandatory requirements attain and maintain a skill level commensurate with their rank, maintain a high degree of proficiency in their awarded career field specialty, and secure and promote professional military education (PME) for themselves and subordinates. *See, e.g.,* Air Force Instruction 36-2618, *The Enlisted Force Structure*, ¶¶ 4.1, 4.1.2 and 4.1.3, April 1, 1999. App. 258-59.

78. Air Force Instruction 36-2618 specifies that failure to comply with mandatory training requirements constitutes a violation of Article 92 of the Uniform Code of Military Justice, *id.* at 1, and subjects the guard member to court martial punishment. *See, e.g.,* Air Force Instruction 36-2618, *The Enlisted Force Structure*, at 1, ¶¶ 4.1, 4.1.2 and 4.1.3, Apr. 1, 1999, App. 258-59.

79. Failure to complete training for leadership and task-based skill required to perform a guard member's function would constitute a failure to obey the mandatory provisions of AFI 36-2618. *See, e.g.,*

Air Force Instruction 36-2618, *The Enlisted Force Structure*, at 1, ¶¶ 4.1, 4.1.2 and 4.1.3, Apr. 1, 1999, App. 258-59; Jane Doe 1 Decl., App. 89, ¶ 26.

80. Guard members may be criminally sanctioned if they disobey a regulation or a lawful order to take a correspondence course. *See, e.g.,* Conn. Gen. Stat § 27-231 (2004); Miss. Code Ann. § 33-13-483 (2004); 51 Pa. Cons. Stat. § 6016 (2004).

81. Army Guard and Air Guard officers face an "up or out" policy, in which they will be involuntarily separated from service if they are not selected for promotion within a specified time period. *See, e.g.,* NGR 635-100, *Termination of Appointment and Withdrawal of Federal Recognition*, July 15, 1983, ¶ 5.a.10, App. 422 (First Lieutenant, Captain, Major may be discharged for failure to be selected for promotion), ¶ 5.a.20, App. 423 (Second Lieutenant may be discharged for failure to complete a branch officer basic course), ¶ 5.a.23, App. 423 (Lieutenant Colonel may be discharged for failure "to complete Command and General Staff College or equivalent course"); ANGI 36-2504, *Federal Recognition Of Promotion In The Air National Guard (ANG) And As A Reserve Of The Air Force Below The Grade Of General Officer*, ¶ 2.5.3, Jul. 28, 2004, App. 285; Johnson Decl., at ¶ 27, App. 64; John Doe 3 Decl. ¶ 11, App. 177-78.

82. Guard officers will not be selected for promotion if they fail to complete the requisite professional military education courses for the next higher rank, including correspondence courses. *See, e.g.,* AR 135-155, *Promotion of Commissioned Officers and Warrant Officers Other Than General Officers*, ¶ 4-33, App. 295-96; ANGI 36-2504, *Federal Recognition Of Promotion In The Air National Guard (ANG) And As A Reserve Of The Air Force Below The Grade Of General Officer*, ¶ 2.5.3, Jul. 28, 2004, App. 285; National Guard Regulation 635-100, *Termination of Appointment and Withdrawal of Federal Recognition*, July 15, 1983, ¶ 5.a.10, ¶ 5.a.20, ¶ 5.a.23. App. 422-23.

83. Members enlist for a term in the guard and upon expiration of the term, the member must apply for an extension (for up to four years) or for re-enlistment (for up to six years). *See, e.g.,* ANGI 36-2002,

*Enlistment And Reenlistment In The Air National Guard And As A Reserve Of The Air Force*, Mar. 1, 2004 at ¶¶ 4.1.1-2, App. 273.

84. The member's commander has the authority approve the re-enlistment request or the member will be separated from the National Guard. *See, e.g.,* National Guard Regulation 600-200, Mar. 1, 1997, ¶ 7-22.c(9), App. 414; ANGI 36-2002 ¶ 4.1, App. 273; *see also* Clark Decl., App. 9-10, ¶ 27; Johnson Decl., App. 64-65, ¶ 28.

85. If the member has failed to complete training necessary for promotion and skill qualification, the commander may separate the member by denying the extension or re-enlistment application. *See, e.g.,* NGR 600-200 ¶ 7-22.c(9), App. 414; Johnson Decl., App. 64-65, ¶ 28; Clark Decl., App. 10, ¶ 28.

86. Both enlisted and officer Guard members may be involuntarily separated under Selective or Qualitative Retention Board procedures for failing to complete correspondence courses that are prerequisites for promotion to the next higher grade. *See, e.g.,* NGR 635-102, *Officers and Warrant Officers Selective Retention*, Jul. 1, 1988, ¶ 4, App. 425; AR 135-205, *Enlisted Personnel Management*, Sep. 1, 1994, App. 299; Air National Guard Instruction 36-2606, *Selective Retention of Air National Guard Officer and Enlisted Personnel*, Feb 28, 1997, ¶ 2.1, App. 287.

87. Annual selective retention boards in each state and territory to consider whether enlisted and officer members of the National Guard with over 20 years of service should be retained in the Guard. *See, e.g.,* National Guard Regulation 635-102, *Officers and Warrant Officers Selective Retention*, July 1, 1988, ¶ 4, App. 425; Army Regulation 135-205, *Enlisted Personnel Management*, ¶ 4-4.b, App. 299, Sep. 1, 1994; Air National Guard Instruction 36-2606, *Selective Retention of Air National Guard Officer and Enlisted Personnel*, Feb 28, 1997, ¶ 2.1, App. 287; National Guard Regulation (AF) 35-6, *Selective Retention of Air National Guard Officers and Enlisted Personnel*, ¶ 2-5c(3), App. 296, Oct. 15, 1993.

88. Guard members who have not completed the professional military education course required for the next higher grade face a substantial likelihood of being involuntarily discharged under the Selective or Qualitative Retention Board program. *See, e.g.*, Freeburg Decl., App. 44-45,¶13; Johnson Decl., App. 65-66, ¶ 30.

89. Failure to complete professional education courses may result in a Guard member's involuntarily discharge. *See, e.g.*, Declaration of Command Sergeant Major (Ret) Thomas McNamara "McNamara Decl." at ¶ 40, Def. App.436.

90. Regulations establish that Guard members under review must be current in military education to support being retained in the military. *See, e.g.*, NGR 635-102, *Officers and Warrant Officers Selective Retention*, ¶ C-5.d, Jul. 1, 1988, App. 425.

91. Guard members are subject to the administrative sanction of demotion in rank for failing to complete required correspondence courses. *See, e.g.*, National Guard Regulation 600-200, Mar. 1, 1997, ¶ 11-56.c, App. 419; Clark Decl., App. 4, ¶¶ 13-14.

92. Regulations establish that certain military courses are required for promotion. *See, e.g.*, McNamara Decl. at ¶ 14; Def. App. at 423.

93. If a guard member receives a conditional promotion he or she is required by regulation to complete the applicable noncommissioned officer education system course and if the Guard member fails to complete the required course, he or she will be demoted. *See, e.g.*, NGR (AR) 600-200, ¶ 11-56.e, App. 419.

94. Certain positions in the Army National Guard and Air National Guard have course prerequisites that must be satisfied before a member can qualify for the position in question or assume command. *See, e.g.*, DA Pam 350-58, p. 17, App. 335.

95. Guard members who assume command must take Phase I of the Pre-Command course which is only offered as a correspondence course. *See, e.g.*, https://www.perscom.army.mil/OPmsc/PCC-Descriptions.htm.

96. In the Army Guard, company grade commanders must complete a correspondence course called the Commander's Safety Course. *See, e.g.*, *Army Safety Program*, Sep. 2, 2003 WASHINGTON DC//DAMO-TRZ//1412242 AUG 02//SAB, App. 323-25.

97. The position of Battalion Logistics Officer in the Army and Army Guard requires specialized training in handling hazardous materials that can be satisfied by completing the Hazardous Materials Handling correspondence course. *See, e.g.*, DoD Instruction 4500.9R, *Defense Transportation Regulation*, Chapter 204, ¶ D.1.a., App. 363; John Doe 4 Decl., App. 187, ¶¶ 20-21.

98. Guard members who are selected to be Battalion Logistics Officers must take the Hazardous Materials Handling correspondence course or other sufficient course or will lose their position. *See, e.g.*, John Doe 4 Decl., App. 187, ¶¶ 20-21.

99. Training funds are appropriated for the National Guard. *See, e.g.*, Department of Defense Appropriations Act, 2004, Pub. L. No. 108-87, 117 Stat. 1054, 1056 (2003).

100. Plaintiffs have performed "duty" when they complete required correspondence courses since regulations dictate that only "duty" status entitles a Guard member to retirement points. *See, e.g.*, NGR (AR) 350-1, *Army National Guard Training*, ¶ 2-1.c, App. 405.

101. The service Secretaries have prescribed that Guard members earn retirement points for performing the duty of completing correspondence courses. *See, e.g.*, NGR 680-2, *Automated Retirement Points Accounting System*, at 2-17, Item 6, Table 2-5, Mar. 1, 1989, App. 429; Air Force Manual 36-8001, *Reserve Personnel Participation and Training Procedures*, ¶ 2.2, App. 267, Jan. 22, 2004.

102. Pursuant to NGR 680-2, *Automated Retirement Points Accounting System*, the Secretaries grant to Guard members one retirement point for each three correspondence course credit hours satisfactorily completed. *See, e.g.*, NGR 680-2, *Automated Retirement Points Accounting System*, at 2-17, Item 6, Table 2-5, Mar. 1, 1989, App. 429; Air Force Manual 36-8001, *Reserve Personnel Participation and Training Procedures*, ¶ 2.2, Jan. 22, 2004. App. 267.

103. National Guard members may perform official duties via "telework" while at home and such activity is appropriate for the performance of "*web-based distance and continuous learning*, including educational requirements required by law or regulation," such as correspondence coursework. *See, e.g.*, DoDD 1035.1, *Telework Policy for Department of Defense*, Sept. 9, 2002, App. 360.

Respectfully submitted,

/s Helen K. Michael

Robert H. Shulman
Helen K. Michael
Rachel A. Adams
Alan B. Sutton
HOWREY SIMON ARNOLD & WHITE, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 783-0800
Fax: (202) 383-6610

Richard T. Dorman
CUNNINGHAM, BOUNDS, VANCE, CROWDER, and BROWN, LLC
1601 Dauphin Street
Mobile, Alabama 36660
Tel: (334) 471-6191
Fax: (334) 479-1031

Charles J. Cooper
David Thompson
COOPER & KIRK, P.L.L.C.
1500 K Street, N.W., Ste. 200
Washington, DC 2005
Tel: (202) 220-9600
Fax: (202) 220-9601

*Counsel for Plaintiffs*

Dated: June 10, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiffs' Additional Statements of Proposed Findings of Facts Preventing Summary Judgment was served by electronic and regular United States mail, postage prepaid, this 10th day of June, 2005 upon the following:

Douglas K. Mickle
Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530

/s Alan B. Sutton
Alan B. Sutton