1 March 1997
NGR (AR) 600-200

# CHAPTER 7
## Extension, Immediate Reenlistment, and Bar to Reenlistment/Immediate Reenlistment/Extension

### Section I
### Introduction

**7-1. Purpose**

*a.* This chapter prescribes policies and procedures for extension, immediate reenlistment, and bar to reenlistment/immediate reenlistment/ extension.

*b.* NGR 601-280 outlines the staffing, support duties, responsibilities, and administrative procedures of retention personnel.

**7-2. Objectives**

The objectives of this chapter are to:

*a.* Retain, on a long-term basis, the greatest number of highly qualified soldiers consistent with personnel needs.

*b.* Obtain maximum command involvement at each level of command.

**7-3. Terms**

*a.* Extension of enlistment (see Glossary). Extension of enlistment enables the soldier to continue on the present enlistment or reenlistment contract for the specified period of time notes in the extension agreement.

*b.* Immediate reenlistment (see Glossary). The execution of a separate enlistment contract without a break in service. Immediate enlistment must be executed within 24 hours after date of discharge in order to qualify for continuous military service. Immediate reenlistment is authorized to correct errors (other than minor administrative) made on previous enlistment, reenlistment, immediate reenlistment, or extension or with approval of NGB-ARP-PE to correct an illegal or erroneous discharge. In the later case award of pay and retirement points for duty not performed requires a petition of the ABCMR.

*c.* Bar to reenlistment, immediate reenlistment or extension of enlistment or reenlistment. The intent of a bar is to deny continued service and future entrance into the ARNGUS. A bar is a procedure to deny reenlistment, immediate reenlistment or extension of enlistment or reenlistment to soldiers who would otherwise be eligible but whose continuation of service beyond ETS, without improvement, is not in the best interests of the ARNGUS.

### Section II
### Reserved

**7-4. Reserved**

### Section III
### Extension of Enlistment

**7-5. General**

*a.* ARNGUS soldiers, including those granted waivers, may be given the opportunity to extend their current enlistment. This will provide continuous service when extension is authorized.

*b.* When it is determined that it is in the best interest of the ARNGUS, the unit commander may authorize extensions.

*c.* Standards and criteria for extension of enlistment are a continuation of the requirements for enlistment or reenlistment in accordance with chapter 2.

*d.* Table 7-1 lists authorized periods of extension.

*e.* Table 7-2 lists basic eligibility standards and waiver authorities.

*f.* Retention beyond ETS is authorized in accordance with paragraph 7-2.

*g.* Soldiers enlisted under Try One in the Guard with a remaining service obligation, and soldiers who enlist in the 3x3, 3x5 4x2, 4x4, or 6x2 enlistment option, and desire to continue service in an active drill status at the end

of their contractual obligation with the ARNGUS, must execute DA Form 4836 to establish a contractual obligation and an ETS date before transferring to an inactive status.

*h.* A certificate of appreciation is authorized per paragraph 7-18.

**7-6. Date of execution of extension of enlistment**

*a.* Extension of enlistment will be made no earlier than 3 months prior to ETS, except that extension of enlistment may be made at any time during the enlistment period if the extension is required for:

*(1)* Attendance at a service school, to include State Military Academy.
*(2)* Enrollment in SMP.
*(3)* Entrance, extension, or subsequent service on tour of EAD or AGR service.
*(4)* Participation in a State Education Assistance Program.
*(5)* Qualification for the Montgomery GI Bill.
*(6)* Extension of bonus participants who were transferred to the ING. (To cover period in ING per AR 135-7.)
*(7)* To meet the time in service (TIS) requirements for promotion (paragraph 11-10).

**7-7. Period of extension of enlistment**

*a.* Table 7-1 lists authorized periods of extension.

*b.* Extension of enlistment will be for a period of not less than 1 year, measured in whole years, except as notes in table 7-1.

*c.* Extension of enlistment for bonus participants will be in accordance with current bonus policies in AR 135-7.

*d.* ETS established by any extension of enlistment will not exceed 6 years and 3 months from the date of extension.

*e.* Soldiers who are not US citizens, who held military status prior to 1 Jan 86, may not extend, immediately reenlist or reenlist for any period that will make their total military service exceed 8 years. No waivers or exceptions to policy are authorized. (Does not apply to citizens of American Samoa, the FSM, RMI, and ROP).

*f.* Extension policy and selective retention. Individuals completing 20 years or more years of qualifying service for nonregular retired pay at age 60 may be retained in the Selected Reserve by a Qualitative Retention Board (AR 135-205). The extension provisions of this regulation may not be used to retain a soldier in the Selected Reserve who was not selected for retention. However, soldiers scheduled for ETS before Qualitative Retention Board results are announced, may be extended according to table 7-1, rule F-h.

**Table 7-1**
Authorized periods of extension

**Rule A**
**Applies to**: Soldiers with less than 10 years service (from PEBD) at ETS.
**Period**: 1,2,3,4,5, or 6 years.

**Rule B**
**Applies to**: Soldiers with 10 years or more service (from PEBD) at ETS.
**Period**: 3. 4, 5, or 6 years

**Rule C**
**Applies to**: Soldiers with less than 3 years remaining before age 60 but not to exceed the last day of the month the soldier reaches the age of 60.
**Period**: Up to 3 years (see Note 1).

**Rule D**
**Applies to**: Soldiers enlisted as NPS under one of the several enlistment options for completing Selected Reserve obligation (see paragraph 7-5) (3x3, 3x5, 4x2, 4x4, 6x2), or Try One in the Guard, with a remaining obligation and who desire to continue in an active status.
**Period**: 1,2,3,4,5, or 6 years. See rules A and B above.

**Rule E**

**Applies to**: Soldiers enlisted under Try One in the Guard and do not have a remaining obligation.
**Period**: As notes in rules A and B above.

**Rule F**
**Applies to**: Soldiers whose extension is required for one of the following:
*a.* Attendance at a service school, to include Regional Training Institutes.
*b.* Enrollment in SMP.
*c.* For entrance on, or extension of a tour, or a subsequent tour of EAD, or AGR service. (Not applicable if rule J or rule K applies).
*d.* To participate in a State Education Assistance Program.
*e.* To qualify for the Montgomery GI Bill (see note 2).
*f.* Extension of bonus participants who were transferred to the ING.
*g.* To meet the TIS requirements for promotion (Table 6-3 or paragraph 11-10).
*h.* To permit announcement of QRB results.
**Period**: 1, 2, 3, 4, 5, or 6 years (or months and days for bonus participants or entry on AGR TOURS). Remaining service plus extension will not exceed 6 years and 3 months.

**Rule G**
**Applies to**: Soldiers who desire to transfer to the ING who do not have a contractual obligation for ARNGUS service.
**Period**: As specified in rules A and B above.

**Rule H**
**Applies to**: Soldiers in the ING who do not have a contractual obligation for ARNGUS service and who desire to remain in the ING or active ARNGUS.
**Period**: As specified in rules A and B above.

**Rule I**
**Applies to**: Soldiers retained beyond ETS (see paragraph 7-8.)
**Period**: As determined by the unit commander with approval of the State AG.

**Rule J**
**Effective 1 Oct 87**
**Applies to**: Soldiers eligible to extend or immediately reenlist, but who failed to pass last APFT within 18 months of ETS.
**Period**: Whole months, but not to exceed a total of 6 months if waiver to extend is approved by the State AG [only one extension authorized (see table 7-2)]. A one year extension is authorized if the soldier is on a temporary profile which will preclude the soldier taking the APFT within 6 months.

**Rule K**
**Applies to**: Soldiers participating in a weight reduction program, and making satisfactory progress, to meet the body composition requirements of AR 600-9.
**Period**: Whole months, but not to exceed total of 12 months, unless waiver to extend is approved by State AG (only one extension authorized (see table 7-2)). For soldiers with at least 18 but less than 20 qualifying years of service for retirement at age 60, CNGB (NGB-ARP-PE) may authorize extension in whole months for the minimum time required to complete 20 qualifying years.

**Rule L**
**Applies to**: Soldiers not US citizens. This does not apply to citizens of American Samoa, the FSM, RMI or ROP.
**Period**: Years, months, and days that will make their total military service equal 8 years for soldiers enlisted after 1 Jan 86 without military service at time of enlistment.

**Notes**:

*1.* Extension in years, months, and days may be executed for a period less than 3 years provided otherwise qualified. Extension must not exceed the last day of the month the individual reaches the 60th birthday.

*2.* Extension of enlistment for a period of time (years, months and days) required to qualify for the Montgomery GI Bill is authorized at anytime during the enlistment. Extension will not exceed 6 years.

**7-8. Retention beyond ETS**

*a.* Soldiers may be retained beyond their ETS when the unit commander or State AG has determined that the remaining term of service is insufficient to cover the period of time necessary to complete personnel actions created by the following situations.

*(1)* The soldier meets the criteria prescribed in AR 140-10, chapter 6. The soldier will be afforded the opportunity to request assignment to the Retired Reserve.

*(2)* A soldier's conduct pursuant to UCMJ, is under investigation with a view to trial by courts-martial, charges have been preferred, and the soldier has been apprehended, arrested, confined, or otherwise restricted by the appropriate military authority. However, if charges have not been preferred, the soldier will not be retained more than 30 days beyond the ETS unless approved by the general courts-martial convening authority. Soldier will be notified by memorandum of the retention for the convenience of the government. This memorandum will be filed in the MPRJ.

*(3)* Continued health care is required while in hospitalized status and when LOD determination is "yes". This includes those receiving incapacitation pay. See (5) below.

*(4)* Physical disability processing is required or has been initiated in accordance with AR 635-40, chapter 8. See (5) below.

*(5)* In the cases stated in (3) and (4) above, the soldier cannot be retained beyond his or her scheduled release date without written consent. See AR 135-381 procedures in the cases.

*(6)* If through administrative error a soldier is not discharged on the actual date of completion of term of enlistment, on date of completion of statutory obligated service, or as provided by law, a remark will be included in the "Remarks" section of the soldier's DA Form 2-1 as follows: "Retained beyond normal discharge date for the convenience of the Government."

*(7)* A soldier undergoing board action to determine qualification for immediate reenlistment or extension may be voluntarily extended for the period of time required to complete the board action.

*(8)* Involuntary retention beyond a soldier's ETS to process administrative discharge proceedings pursuant to chapter 8 is not authorized. Reasonable time to complete administrative actions is defined as 90 days from discovery of cause of separation processing.

*b.* Soldier will be discharged upon completion of the action required. Discharge prior to the completion of the extension beyond ETS is authorized in accordance with chapter 8.

**7-9. Dependency and marital status**

Soldiers otherwise eligible for extension may be extended without regard to marital or dependency status and number of dependents, provided the soldier has complied with the provisions of AR 600-20, paragraph 5-5, when applicable, for dependent care counseling. Soldiers with a bar for failure to maintain a personal family care plan in accordance with reference above will not be extended.

**7-10. Waivers**

*a.* Waiver disapproval authority is any level of the soldier's chain of command. Disapproval of a waiver by a commander in soldier's chain of command is final. However, soldier may submit a request for reconsideration of disapproval to the next higher level of command. Soldiers whose waiver request was denied by NGB may submit a request for reconsideration through the chain of command to CNGB (NGB-ARP-PE), provided new information is furnished which was not included in original request for waiver. Soldiers with at least 18 and less than 20 qualifying years of service for nonregular retired pay at age 60, unless physically disabled, will be extended to the point where they can attain 20 qualifying years. Such soldiers may be processed for separation for cause pursuant to chapter 8 of this regulation, without discharge subject to approval of CNGB under AR 135-178, paragraph 1-25. Those who require a waiver for extenuation must be processed under AR 135-178, paragraph 1-25f, before involuntary separation can be accomplished. (See paragraph 8-33 of this regulation.).

*b.* A soldier not qualified for retirement under Title 10 United States Code, Chapter 1223 (Retired Pay for Non-regular Service) upon reaching age 60, as described in AR 135-180, but who could qualify for retirement

under the provisions of NGR 680-2 prior to attaining age 64, may be extended for a period equal to the remaining period required for qualification for retired pay.

*c.* To ensure adequate time for processing, waiver for extension past age 60 should be submitted when the soldier reaches age 59.

*d.* Waiver of the minimum 3 year extension period required by table 7-1, rule 9, may be granted in extenuating circumstances. See Table 7-2, rule A below. Waiver request will not be considered until 4 months prior to ETS.

*e.* Soldiers who do not have verified creditable service for retirement by NGB (as delegated to State AGs) or ARPERCEN, may be extended beyond age 60, up to age 64 (as authorized by Title 32, U.S. Code, section 322), until such verification has been received.

*f.* A copy of an approved waiver authorizing a soldier to extend beyond age 60 must be forwarded to ARPERCEN at time of discharge from the ARNGUS with the orders transferring the soldier to the Retired Reserve. A copy will be included in the soldier's application for retired pay.

**Table 7-2**
**Basic eligibility standards and waiver authority**

**Rule A**
**Disqualification**: Waiver of limitation to 3 year minimum extension for soldiers with over 10 years service from pay entry basic date (PEBD). **Approval authority**: State AG
**Minimum documentation required:**

*1.* Memorandum, request for waiver, from the unit commander through channels.
*2.* Documents to support an extension for less than 3 years.

**Rule B**
**Disqualification**: Soldier is not qualified for retirement under provision of AR 135-180 (Title 10, U. S. Code, Chapter 1223) upon reaching age 60, but could qualify prior to reaching age 64.
**Approval authority**: State AG
**Minimum documentation required:**

*1.* Memorandum, request for waiver, from the unit commander through channels.
*2.* Documents to support an extension for less than 3 years.
*3.* DD Form 214 covering all periods of active service.

**Rule C**
**Disqualification**: Soldier who is or is not qualified for retirement at age 60 under provisions of AR 135-180 (Title 10, United States Code, Chapter 1223), and is not qualified for technician retirement (Public Law 90-486), may be extended for a period of 2 years; however, age 64 cannot be exceeded for the purpose of qualifying for either retirement.
**Approval authority**: NGB (Authority is delegated to State AG when all creditable service has been completed by Office of Personnel Management.)
**Minimum documentation required:**

*1.* Memorandum, request for waiver from unit commander through channels.
*2.* Certificate of all creditable technician service up to age 60.

**Rule D**
**Disqualification**: Soldier is participating in a weight reduction program to meet the body fat content requirements of AR 600-9, and making satisfactory progress. See Rule K, Table 7-1.
**Approval authority**: State AG. CNGB, for extensions that will take the soldier past 18 qualifying years of service or for soldiers over 18 but less than 20 qualifying years of service for retirement at age 60.
**Minimum documentation required:**

*1.* Memorandum, request for waiver, from unit commander through channels.
*2.* Weight control file.

**Rule E**
**Effective 1 Oct 87**

**Disqualification**: Soldier eligible, but failed to pass last APFT within 18 months of ETS. See Rule J, Table 7-1.
**Approval authority**: State AG
**Minimum documentation required:**

*1.* Memorandum, request for waiver, from unit commander through channels.
*2.* APFT score card.

**Rule F**
**Disqualification**: Soldier is or is not qualified for retirement at age 60 under provisions of AR 135-180 (Title 10, U. S. Code, Chapter 1223) may be extended for a period of 1 year due to mission essential requirements; however, age 64 cannot be exceeded.
**Approval authority**: NGB-ARP-PE
**Minimum documentation required:**
State AG memorandum justifying why this individual is essential to the mission and that there are no other individuals in the geographical area of the unit who can accomplish these duties.

**Rule G**
**Disqualification**: Physical. The soldier does not have a current physical (taken within the last 5 years) or does not meet medical retention standards. Individuals with at least 18 but less than 20 qualifying years of service for retirement will not be involuntarily discharged without CNGB approval.
**Approval authority**: NGB-ARP-PE

**7-11. Extension document**
All extensions will be accomplished using DA Form 4836 (Oath of Extension of Enlistment or Reenlistment). See Table 7-3 for preparation instructions.

**Table 7-3**
**Preparation Instructions for DA Form 4836 (Oath of Extension of Enlistment or Reenlistment)**

*1.* This extension cannot be issued if:
*a.* The current enlistment agreement (and the latest extension that may have been issued) is not available or cannot be verified by the activity processing the extension.
*b.* The soldier does not meet physical, mental, or moral qualifications for continued service under the provisions of this regulation. Waivers of disqualification must be approved in advance.
*c.* This extension alone, or combined with another extension to the current enlistment agreement, would exceed the end of the month of the soldier's 60th birthday, unless a waiver to permit such extension has been approved in advance, per Table 7-2.
*2.* The DA Form 4836 will be prepared by typewriter or automatic writing machine equipment.
*3.* All required signatures will be made using reproducible black or blue-black ink.
*4.* Typewriter strikeovers are not permitted.
*5.* Do not execute a DA Form 4836 for soldiers opting for the Bonus Program without first following procedures found in AR 135-7.

**Item**
*1.* Extension Processing Data. Put an "X' in the box titled "Army National Guard and a Reserve of the Army'.
*2.* Name. Self explanatory. Must match that on current DD Form 4 or as changed on pertinent records. Example: marriage, divorce, etc.
*3.* SSN: Self explanatory. Must match that on current DD Form 4-series.
*4.* Grade: Enter current title and pay grade. Example: SGT E5, SSG E6, etc.
*5.* Date. Enter the date this extension is being prepared. Enter date in year, month and day format, i.e., 880406 for 6 Apr 88.
*6.* Unit of Assignment. Two line entry. Enter the complete unit designation, address, UIC and ZIP code of the assigned unit. If AGR, enter ARNG/AGR prior to unit designation and UIC on first line. On the second line, enter unit address and ZIP Code.
*7.* Current/latest Information from DD Form 4 series

*7a.* Date. This must be the same date as that shown on the current DD Form 4. The date soldier last executed a DD Form 4 for current term of ARNGUS service. Enter date in year, month and day format, i.e., 880406 for 6 Apr 88.

*7b.* Term of service. Enter the number of years for which the soldier enlisted during the current ARNGUS term of service as shown on the latest DD Form 4 and the option, if applicable. Example: 3x5 or "Try one". Do not include any subsequent extensions that may have been issued.

*7c.* Number of Extensions Previously Granted. Enter the number of extensions which have been issued for the latest DD Form 4.

*8.* Provisions and Computation of this Extension

*8a.* Current ETS. Enter the ETS date shown in Item 7a above, using two numerals for year, months and day. Example: 24 June 1994 would be entered
as "24 05 94".

*8b.* Period of this Extension. Enter the additional term of service that is to be authorized in this extension. If a number of days (less than 30) is essential to provide for a special extension, the preparation activity may enter the number of days in the "Day" column. For example, a soldier needs 11 months and 8 days to reach the last day of the month of their 60th birthday, the 8 days may be placed in the "Day" column.

*8c.* New ETS. Add the period of this extension (Item 8b above) to the soldier's current ETS (item 8a above) and enter the sum in year-month-day format as ETS.

*8d.* Blank space below 8c. A statement, initialed by the soldier, listing all incentives eligible for and those accepted (NGB Pam 600-15, Figure 1-3).

*Oath of Extension.* On the first line of the Oath, enter the actual date on which the Oath is administered. In the second line, enter the same date as that shown in Item 7a. In the third line enter the State. Strike through "United States Army Reserve" on the fourth line. The soldier will place his or her signature and the date in the places indicated after the oath is administered.

*Certification.* The date of the officer's certification must be the actual date the oath was administered. Personnel listed in Paragraph 2-91 can administer the oath. See * at the bottom of DA Form 4836. Strike out the words "Or warrant officer, or" so that it reads, "Any other person so designated...". If a person other than an officer administers the oath, the authority for the person to administer it will be noted under the typed name.

*9.* Authority and reason. Enter in the space below title of this item "Rule __ Table 7-1" (citing the applicable rule in the blank space) then enter "Paragraph 7-5" in the space provided'. Place an "X" in the block adjacent to NGR 600-200.

**7-12. Disposition instructions for DA Form 4836.**

*a.* The completed DA Form 4836, with the soldier's signature, will be distributed as follows:

*(1)* Copies 1 and 2 will be filed on top of the original and copy of the DD Form 4 in MPRJ.

*(2)* Copy 3 will be forwarded to the State AG.

*(3)* Copy 4 will be given to the soldier.

*b.* Only the most recent copies of the DA Form 4836 will be retained in the MPRJ. When excess documents are extracted from the MPRJ, they will be given to the soldier.

*c.* Copy 3 will be forwarded to the State AG within 10 working days of date of execution and prior to the soldier's ETS.

**7-13. Correction of errors on extension forms**

See Paragraph 2-87.

**Section IV**
**immediate Reenlistment**

**7-14. General**

*a.* Soldiers must qualify for continued ARNGUS service in accordance with current regulations.

*b.* See Paragraph 7-5b above.

*c.* Date of execution of immediate enlistment will be per the restrictions of Paragraph 7-6, this regulation. However, an immediate reenlistment may also be executed at any time to correct errors (other than minor administrative) made on previous enlistment, reenlistment, immediate reenlistment, or extension. Such corrections will be made per Paragraph 7-3, this regulation.

**7-15. Periods of immediate reenlistment**

*a.* Immediate reenlistment will not be for less than 1 year, except with approval of NGB-ARP-PE.

*b.* Soldiers with a MSO will immediately reenlist for a period of years, months and days or whole years equal to or in excess of their remaining MSO. Immediate reenlistment may be for a period in excess of 6 years if the MSO is greater than 6 years.

*c.* Soldiers who immediately reenlist to qualify for incentive bonus programs will immediately reenlist for the period as outlined in the Selective Reserve Incentive Program (SRIP). Date of immediate reenlistment will be per Paragraph 7-14c.

*d.* Soldiers without a remaining MSO, who have 10 years or less service (from PEBD) at time of discharge, will immediately reenlist for whole years not to exceed 6 years.

*e.* Soldiers with 10 years or more service (from PEBD) at time of discharge will immediately reenlist for 3,4,5 or 6 years.

*f.* Soldiers not US citizens and enlisted or reenlisted on or after 1 Jan 88 without military status at the time of enlistment, may not extend or reenlist for any term which will take them past a total military service of 8 years except as noted in Paragraph 7-5e.

**7-16. Preparation of records**

*a.* Immediate reenlistment will not require the preparation of NGB Form 22 for the previous service. Form preparation will be delayed until the next discharge from the ARNGUS. NGB Form 22 prepared at next discharge will include the combined periods of previous enlistment and immediate reenlistment and will be noted with a remark in the remarks section. For example, "Previous service for the purpose of Immediate Reenlistment this period: 810621 to 850701."

*b.* Soldiers desiring to immediately reenlist will execute the following forms:

-DD Form 4 (Enlistment or Reenlistment Agreement-Armed Forces of the United States)

-DD Form 1966/3, Section V (Recertification) for updating information shown on previous DD Form 1966-series.

*c.* Forms available from the soldier's previous record of service will continue in effect when authorized and valid.

**Table 7-4**
**Instructions for completing the DD Form 4-series for immediate reenlistment**

**ITEM/TITLE/EXPLANATION AND ENTRY DESCRIPTION**

**DD FORM 4/1 (FRONT)**

**A. IDENTIFICATION DATA**

*1. Name.* Enter soldier's complete last name (including compound name if applicable), full first name, full middle name(s), and any suffix such as Jr., Sr., III, etc. If no middle name, leave blank. If soldier was given initial(s) rather than first and/or middle name, enter such initial(s). Do not use punctuation of any sort including periods, commas, and/or dashes. In addition, with apostrophe or hyphen contained within a name it is not to be inserted between sections of names or used as substitutes or hyphens.
Examples: McAfee John Q is shown as MCAFEE JOHN Q O'Brien James Henry Jr is shown as OBRIEN JAMES HENRY JR Smith-Connally M Harold is shown as SMITHCONNALLY M HAROLD

*2. Social Security Number (SSN).* Enter applicant's SSN, separating divisions with a hyphen. Example: 000-00-M.

*3. Home of Record (HOR).* Enter address (street, city, State, zip code) soldier claims as permanent home of record. Example: 123 ANYWHERE AVENUE, ANY CITY, STATE 12345

*4. Place of Enlistment/Reenlistment.* Enter military installation, city, and state of reenlisting activity's location. Example: National Guard Armory, Any City, State 12345 or Fort Benning, GA.

*5. Date of Enlistment/Reenlistment.* Enter date of reenlistment in year, month, and day sequence. Example: 66 OCT 10.

*6. Date of Birth (DOB).* Enter in year, month, and date sequence. Example: 66 OCT 10.

*7. Previous Military Service Upon Enlistment/Reenlistment.* Enter in spaces provided total active and total inactive military service (Reserve Component service not on active duty or ADT) completed at time of reenlistment. Enter year, month, and day totals in two positions each, preceding numbers 1 through 9 with a zero.

**B. AGREEMENTS**

*8. Branch of Service.* "X" out "United States" and enter - ARMY NATIONAL GUARD OF THE UNITED STATES.
Period of Enlistment. In the second line, after the word "for," enter in Arabic numeral the period of years, months, and days for which the soldier is reenlisting. Example: 4
Pay Grade. In the third line, after the word, "pay grade," enter the pay grade of the soldier at the time of reenlistment. Example: E-4.
Annex(es). If no annexes, enter "None." Annexes will be listed as "A", "B", etc., if applicable.

*8a.* NOT APPLICABLE TO THE ARNGUS; DO NOT MAKE ENTRIES HERE.

*8b. Remarks.* Enter - IMMED REENL IAW NGR 600-200, CHAP 7.

*8c.* Initials of Enlistee/Reenlistee. All soldiers will complete this item by placing his/her initials in the space provided.

**DD FORM 4/1 (REVERSE)**

**C. PARTIAL STATEMENT OF EXISTING UNITED STATES LAWS**

*9 & 10.* No entries required. Must be read by the applicant.

*12.* Statement. Must be read by all MALE applicants.

**DD FORM 4/2**

**D. CERTIFICATION AND ACCEPTANCE**

Record reenlistee's full name (last, first, and middle name sequence) and SSN, in blocks provided at top of DD Form 4/2. See instructions for Items 1 and 2 above.

*13a. Certification.* Self explanatory.

*13b. Signature of Enlistee/Reenlistee.* Soldier will sign full name in first, middle, and last name sequence.

*13c. Date Signed.* Example: 84 Jun 5.

*14a. Branch of Service.* Enter - ARMY NATIONAL GUARD OF THE U.S.

*14b. Name of Service representative.* Enter in last name, first name, and middle initial sequence.

*14c. Pay Grade.* Examples: E7, 0-3.

*14d. Unit/Command Name.* Enter service representative's unit of assignment. Example: 425 PERS SVC CO.

*14e. Signature.* Before signing, the service representative will verify correctness of entries and explain all applicable paragraphs of the reenlistment document to the soldier. The individual identified in item 14b above will sign in first, middle, and last name sequence (initials and last name are acceptable).

*14f. Date Signed.* Example: 84 Jun 5.

*14g. Unit/Command Address.* Example: ANY CITY, STATE 29924.

**CONFIRMATION OF ENLISTMENT OR REENLISTNMENT**

*15.* Not applicable to the ARNGUS.

*16. Enlistment/Reenlistment in the National Guard.* Immediately following "I" in the space provided enter reenlistee's full name in first, middle, last name sequence.

*17. Acknowledgment of Enlistment Date.* Enter day of month, following "D", "ST", or "TH", as appropriate. Do not precede number 1 through 9 with a zero. Spell out month and enter last two digits of calendar year.

Example: 22d day of July 1984; 5th day of April 1979; 1st day of June 1987

*18b. Date Signed.* Enter date the oath was administered. Example: 84 Jul 02.

*19b. Name.* Enter name of commissioned officer or person authorized by State law (in last name, first name, and middle initial sequence) who administered oath of enlistment.

*19c. Pay Grade.* Enter grade, i.e., 0-3. If not an officer, put "NA".

*19d. Unit/Command Name.* Example: 425 PERS SVC CO.

*19e. Signature.* Officer or individual identified in Item 19b above will sign his or her name in first, middle, and last name sequence (initials and last name are acceptable).

*19f. Date Signed.* Enter date the oath was administered. Example: 84 JUL 22.

*19g. Unit/Command Address.* ANYTOWN, STATE 29924. If not an officer and no unit/command address, put "NA."

**DD FORM 4/3 Not used for ARNGUS.**

**7-17. Disposition of the DD Form 4-Series**

Disposition of the completed DD Form 4-Series and accompanying documents is as follows:

*a.* Original and copy #1 will be filed in the MPRJ.

*b.* Copy 2 will be forwarded to the State AG.

*c.* Copy 3 will be given to the soldier.

**7-18. Certificate of Appreciation**

The unit commander will obtain the name of the soldier's spouse and prepare an Army National Guard Certificate of Appreciation (ARNG Form 91-006) to be signed by a field grade commander. The certificate will be part of the extension/immediate reenlistment packet. Issuance of the certificate will not be predicated on either an extension/immediate reenlistment ceremony or the spouse's presence. Soldier assumes responsibility for delivery of certificate to the spouse.

**7-19. Ceremonies**

*a.* The oath of immediate reenlistment or extension will be administered by a commissioned officer or warrant officer or other person as stipulated by State law. Suitable arrangement will be made to ensure that the oath is administered in a dignified manner in appropriate surroundings. The ceremony should be personalized and made meaningful to the soldier extending or immediately reenlisting. The United States flag will be displayed prominently near the individual administering the oath, if available. The words "So help me God" may be omitted for those persons who desire to affirm rather than to swear to the oath.

*b.* Immediate reenlistment or extension will be made an occasion of official ceremony. It will not be sensationalized to publicize the event (i.e., parachuting, climbing utility poles, and other similar activities which are not in keeping with the solemnity and seriousness associated with the Oath of Enlistment). When appropriate, the soldier's spouse and other members of the immediate family should be invited to the ceremony. The person administering the oath of immediate reenlistment or extension should be the individual's commanding officer, or an officer or individual (authorized by State law) of the soldier's choosing. When possible enlisting official should be in a Class A uniform. Appropriate photographic coverage should be provided, if possible.

**Section V**
**Bar to Reenlistment/Immediate Reenlistment or Extension**

**7-20. General**

This section prescribed policies and procedures to deny reenlistment/immediate reenlistment extensions, and the future entrance into the ARNGUS of substandard soldiers whose immediate discharge under administrative procedures is not warranted. However, service beyond ETS without appropriate improvement, is not in the best interest of the ARNGUS. Policies and procedures prescribed herein apply to the commander's bar to reenlistment, immediate reenlistment, or extension. Soldiers may not be reenlisted, immediately reenlisted or extended without the recommendation of the unit commander. If a soldier is not recommended for continued service, a BAR will be

initiated under the provisions of this chapter unless the soldier possesses a disqualification that can be waived. If otherwise qualified, may not be arbitrarily denied reenlistment, immediate reenlistment or extension.

**7-21. Standards and guidelines for BAR to reenlistment, immediate reenlistment or extension**

*a.* Standards. Only soldiers of high moral character, personal competence, and demonstrated adaptability to the requirements of the professional soldier's moral code may be reenlisted, immediately reenlisted or extended. Soldiers who cannot or will not measure up to such standards, but whose discharge under proper administrative procedures is not now warranted, will have a BAR from further service under the provisions of this chapter. Even though a BAR has been initiated, a soldier can still be administratively discharged if it is warranted. The BAR is a non-punitive probationary device intended to serve notice that a soldier is not a candidate for reenlistment, immediate reenlistment or extension and may be discharged if the circumstances that led to the bar are not overcome.

*b.* Guidelines for use of a BAR.

*(1)* BAR procedures will not be used instead of discharge actions under this regulation.

*(2)* A BAR will not be initiated solely because a soldier refuses to reenlist, immediately reenlist or extend.

*(3)* A BAR will not be used instead of trial by courts-martial, nonjudicial punishment, or other administrative action.

*(4)* Disciplinary and administrative actions that do not result in discharge do not prevent initiation or continuation of a BAR.

*(5)* The fact that a soldier may be issued an honorable or general discharge for the current period of service does not prevent initiation of a BAR to deny the soldier later service in the ARNGUS.

*(6)* Honorable service for a number of years is considered in the evaluation of the soldier's service. However, it does not prohibit the initiation of a BAR if appropriate.

**7-22. Criteria**

A soldier's unfitness or unsuitability may show up soon after entry into the service, or only become apparent after many years of service. A soldier performing in a substandard manner may have been permitted to remain in the ARNGUS for a number of years. This should not stop a current commander from taking action under the provisions of this chapter. Commanders must evaluate the advisability and desirability of affording continued military service to soldiers of the following or similar categories:

*a.* Untrainable soldiers. These soldiers will be identified as soon as possible with a view toward eliminating them from service. When discharge under administrative procedures is not warranted, action will be taken under this chapter to bar the soldier from further service with the ARNGUS. These soldiers are often identified by failure to achieve individual weapons qualifications; failure of the APFT; obtaining low evaluation results from Army education activities; failure to submit an approved family care plan; and failure to make satisfactory progress on Army Weight Control Program.

*b.* Unsuitable soldiers. These soldiers will be identified early in their military service with a view toward elimination from the service. When administrative discharge is not warranted, action will be taken under this chapter to bar the soldier from further service with the ARNGUS.

*c.* Soldiers against whom BARS are initiated often have written documents that disclose the recurrence of one or a combination of the following:

*(1)* Late for formations, details, or assigned duties.

*(2)* Unexcused absences and unsatisfactory participation.

*(3)* Loss of clothing and equipment.

*(4)* Substandard personal appearance.

*(5)* Substandard personal hygiene.

*(6)* Recurrent nonjudicial punishment.

*(7)* Recurrent sickness on drill days without medical justification.

*(8)* Cannot follow orders; shirks; takes too much time; is recalcitrant.

*(9)* Cannot or will not train for a job; apathetic; disinterested; avoids training.

*(10)* Cannot adapt to military life; uncooperative; involved in frequent difficulties with fellow soldiers.

*(11)* Failure to manage personal, marital, or family affairs. This includes failure to respond to duty requirements because of parenthood or custody of dependents (minor or adult) (AR 600-20, Paragraph 5-5).

*(12)* Causes trouble in civilian community.

*(13)* Involved in immoral activities.

*(14)* Personal behavior that brings discredit upon his/her unit and the ARNGUS.

*(15)* Failure to achieve individual weapons qualification.

*(16)* Effective 1 Oct 87, failure to pass the Army Physical Fitness Test. BAR to reenlistment is mandatory after second consecutive failure if separation processing is not initiated per Paragraph 8-26o and AR 135-178, Chapter 6.

*(17)* Participation in the Army Weight Control Program (WCP) in order to meet body fat requirements of AR 600-9. A BAR to reenlistment is mandatory for soldiers who do not make satisfactory progress in the WCP after a period of 6 months, unless the responsible commander initiates separation processing per Paragraph 8-26m and Chapter 14, AR 135-178.

*(18)* Removal for cause from NCOES courses. BAR to reenlistment is mandatory if separation processing is not initiated per Paragraph 8-26o and AR 135-78, Chapter 6.

**7-23. Procedures**

*a.* Any commander in a soldier's chain of command may prepare NGB Form 602-R (BAR to Reenlistment/Immediate Reenlistment or Extension Certificate), summarizing the basis for the action.

*(1)* A BAR normally should NOT be initiated against a soldier assigned to a unit for less than 90 days. When a BAR is initiated during this period, the commander's certificate will contain an explanation of the timing of the action.

*(2)* A BAR must be based on specific dates, places, times which can all be substantiated with backup documents. It should be substantiated by official remarks made at the time of each occurrence. All instances should be made a matter of record when a soldier performs unworthy acts.

*(3)* Normally, a BAR will NOT be initiated against a soldier during the last 90 days prior to ETS. However, some soldiers pending involuntary administrative separation may reach their ETS prior to the completion of separation action. Because they normally cannot be held past their ETS, it is in the State's best interest to process a BAR even though they are within 90 days prior to ETS.

*(4)* A BAR is initiated without regard to a soldier's ETS date (unless at ETS soldier will have at least 18 but less than 20 qualifying years; see Paragraph 7-23c(3) below).

*(5)* BARS should not be processed for soldiers pending involuntary administrative separation for which RE code 3 or 4 would be issued (see Paragraph 7-21b(3).

*b.* NGB Form 602-R BAR will be prepared in original and two copies. Additional copies may be prepared when required by the State AG.

*(1)* Total service will be computed as of the ETS, not the date the BAR was prepared.

*(2)* The commander will refer the BAR certificate to the soldier concerned for a statement on his or her behalf, if the soldier so desires. The soldier will be allowed a period of 30 days for the preparation of a statement and collection of any documents and/or pertinent materials. The soldier's unit commander may grant an extension to this period.

*c.* Upon receipt of the comment of the soldier, or the soldier's refusal to comment, the certificate will be endorsed personally by each commander in the chain of command, and approved or disapproved by the appropriate authorities as shown in (1), (2) or (3) below.

*(1)* For soldiers with less than 10 years of qualifying service for retired pay at ETS, the approval/disapproval authority is the first commander, LTC or above, in the soldier's normal chain of command. No delegation of authority is authorized.

*(2)* For soldiers with at least 10 but less than 18 years of qualifying service for retired pay at ETS, those with more than 20 years of service at ETS, and those when action is taken to extend the soldier to complete 20 years of service, the approval/disapproval authority is the first commander, COL or above, in the soldier's normal chain of command. No delegation of authority is authorized.

*(3)* Soldiers, who upon ETS, will have at least 18 but less than 20 years of qualifying service, will be allowed to extend to the point where they could attain 20 years and then be barred to reenlistment. These soldiers may be processed for separation before attaining 20 years: the intent is that soldiers will not be involuntarily separated with between 18 and 20 years of service without board action.

*d.* When the BAR has been approved, the soldier's unit commander will use a counseling statement to inform the soldier of the right of appeal within 15 days. The appeal will be forwarded through command channels, endorsed personally by each commander, and approved or disapproved within 30 days by the authorities shown below.

*(1)* Soldiers with less than 10 years of qualifying service for retired pay at ETS, the appeal approval/disapproval authority is the first commander, COL or above, in the soldier's normal chain of command.

*(2)* Soldiers with 10 or more years of qualifying service and those with more than 20 years for retired pay at ETS, the approval/disapproval authority is the State AG. Those with 18 or 19 years service will be extended to 20 years. (Appeal: None)

*e.* When NGB Form 602-R BAR has been approved by the appropriate authority, the custodian of the soldier's personnel records will:

*(1)* Place original in the soldier's MPRJ as a permanent document.

*(2)* Enter the remark "Not recommended for further service" in item 4 of the soldier's DA Form 2-1 (Personnel Qualification Record (Part II)).

*(3)* Give the soldier a copy.

*f.* An entry "Not recommended for further service" will be made on DA Form 1315 (Retention Data Card) or a localized approved substitute.

*g.* An approved BAR will be reviewed by the appropriate unit commander every 6 months (for M-Day soldiers) or 3 months (for AGR soldiers) after the date of approval, and 30 days before the soldier's scheduled departure from the unit or discharge from the service.

*h.* If, upon review, the commander feels the BAR should remain in effect, the custodian of the soldier's personnel record will be notified and will enter on the soldier's DA Form 2-1, "Bar to reenlistment, immediate reenlistment or extension reviewed; not recommended for removal (date)." The unit commander will make the same remark on DA Form 1315 and will notify the soldier by providing a reproduced copy of NGB Form 602-R.

*I.* A recommendation to remove a BAR may be submitted at any time by the soldier's unit commander, if the soldier has proven worthy of retention in the ARNGUS.

*(1)* Recommendations to remove a BAR will be submitted in writing through the chain of command and will be endorsed personally by each commander.

*(2)* Approval to remove a BAR may be granted by the same authority that approved the BAR originally or, if the soldier has moved to another jurisdiction, by a comparable commander in that jurisdiction.

*(3)* The approved recommendation removing the BAR will be maintained in the appropriate unit file. NGB Form 602-R BAR will be removed and destroyed. The remark "Not recommended for further service" and an entry pertaining to "Bar to immediate reenlistment review; not recommended for removal (date)" will be deleted from DA Form 2-1, in accordance with AR 600-8-104 and NGR (AR) 600-8-104. The same remarks on the DA Form 1315 will be erased. The soldier concerned will be given a copy of the approved recommendation removing the BAR.

*j.* If at the time of the second 6 month (for M-Day) or 3 month (for AGR) review of a locally imposed BAR to reenlistment, the commander does not recommend that the BAR be removed, the commander will process the soldier for separation per chapter 8 of this regulation and the appropriate chapter(s) of AR 135-178. Processed for separation means that separation action will be initiated and processed through the chain of command to the separation authority for appropriate action. Compliance with AR 135-178, Paragraph 1-12 is mandatory. The unit and intermediate commanders will recommend separation or retention and the characterization of service to be awarded. See paragraph 7-23k for special provisions for soldiers barred for APFT failure.

*k.* Processing for separation will be initiated after the first review for soldiers who receive a locally imposed BAR to reenlistment after the second failure of the APFT. Soldiers who receive a locally imposed BAR after the first APFT failure will be processed for separation after the second review.

**7-24. Discharge**

NGB Form 22 (Report of Separation and Record of Service) of otherwise qualified soldiers, who are discharged with a BAR in effect, will be annotated "Bar to Reenlistment or Extension (dated) in effect on the date of discharge' in the remarks section, block 18. Block 26, Reenlistment Eligibility, will be coded RE 3.