*(3)* Delete ineligible soldiers, including those formally denied consideration per paragraph 11-38, by lining through names and entering a short explanatory note for the deletion. No one may establish local requirements for consideration such as time served in a unit or position, recruiting production, or other criteria not provided in this chapter.

*(4)* Enter manually any missing or changed data on the NGB Form 4100-1-R-E using the instructions in figure 11-2 and in the state MOI.

*(5)* Determine and enter evaluator names or positions on individual NGB Forms 4101-1-R.

*c.* The soldier's leader (generally the first line leader) will review the NGB Form 4100-1-R-E with the soldier to verify information and update entries in handwriting on the form (or electronically, if provided by the state), obtain the soldier's written choice (X mark) to accept or decline consideration and, if accepting consideration, the soldier's written choice (X mark) of one or more of the options provided by the state per paragraph 11-34a, and obtain the soldier's signature and the date signed. When soldiers are not available to do this in person, the commander (or a delegate) may do this by telephone, facsimile transmission, or mail (including email), accomplish all of the required actions, and sign and date the form for the soldier. Soldiers who are not available to process their NGB Forms 4100-1-R-E due to unsatisfactory participation (for drill status soldiers) or absence without leave (AWOL) (for soldiers on orders for 30 or more days for ADSW, ADT, FTNGD for special work or training, Annual Training for 30 days or more, TTAD or AGR) will not be contacted while in this status. If they do not return to duty before the cut-off date for submission of documents announced by the State AG (MPMO) in the MOI for the promotion board, they will not be considered by that board and are not eligible for standby consideration. The leader will -

*(1)* Interview and counsel each soldier using NGB Form 4100-1-R-E.

*(2)* Have each soldier verify the individual data in sections I-III.

*(a)* Soldiers will be considered for promotion, enrolled in NCOES, and selected for assignments based on their CPMOS. The CPMOS will be the primary MOS unless there is a compelling reason for it to be another MOS. For example, a merger MOS such as 75B2 that merges into 75H3; a command directed reassignment for an AGR soldier from 75B to 13B to become a Training NCO; or a soldier in an isolated MOS with little chance of progression such as Legal NCO (71D) or Chaplain's Assistant (71M). In cases other than the merger in the same CMF, the soldier must request the new CPMOS on DA Form 4187 through command channels to the State NTMO per chapter 5 of this regulation.

*(b)* Soldiers may provide documents to update the form and the personnel data base by enclosing it with the NGB Form 4100-1-R-E. The source documents that may be used to update personnel data are listed in each of the data fields in NGP (AR) 25-10. For instance, Civilian Education Level is in paragraph 2-36: the source is listed as Diploma/certificate, school degree or transcript. Incomplete and questionable documents are not acceptable.

*d.* Individual leaders in the field who rate soldiers using NGB Form 4101-1-R, and forward their evaluations under the leader evaluation process, should counsel each rated soldier on their strengths and weaknesses and what they may do to improve their individual qualities and qualifications.

**11-36. Individual soldier actions**

The data on NGB Form 4100-1-R-E are taken from the ARNGUS personnel data base, and are the basis for promotion consideration.

*a.* Soldiers must verify the accuracy of entries and update the data as required.

*b.* Soldiers must accept or decline consideration in their own handwriting on the form. They also must select by X mark one or more of the options provided in part IV of the NGB Form 4100-1-R-E (or a state supplemental list of options) to show where they are available for assignment and promotion to the higher grade as provided in paragraphs 11-34a(2) and 11-35c.

*(1)* They may decline consideration for promotion without penalty. This is only a declination of consideration for promotion, assignment to higher graded positions, and NCOES training. The declination will be in effect only during the life of that list. Soldiers who decline consideration will be considered by the next regularly scheduled promotion board if they remain eligible. They are not eligible for standby consideration regardless of the reason for declination.

*(2)* Those who accept consideration, when listed in the selection objective of the promotion list, may expect to be trained in the NCOES course required for the promotion, promoted and assigned to higher graded positions during the life of the list per paragraph 11-42c of this regulation. As soon as the promotion list is published, soldiers in the selection objective of the list who are not graduates, or enrolled as students in, the NCOES course required for the promotion list grade, should, and may be required to, enroll in that course. If they accept consideration for

promotion and NCOES training on NGB Form 4100-1-R-E, are listed in the selection objective of the promotion list and, based on that, are selected for promotion and assignment, and decline a school or assignment (and the promotion) for which they are eligible (based on the options they selected per paragraphs 11-34a(2) and 11-35c, or fail to apply for, accept enter, or graduate from a school required for promotion other than by reason of medical disqualification or extreme hardship approved by the State Adjutant General (or DARNG for Title 10 AGR soldiers), will be removed from that promotion list. They may be considered by the next regularly scheduled promotion board, if still eligible, but are not eligible for standby consideration. Unit leaders must encourage and help soldiers in the selection objectives of promotion lists to apply for required NCOES courses.

*c.* Not used.

*d.* States should combine the CSM selection process in chapter 9 of this regulation with the SGM Promotion Board as stated in paragraph 11-33a. This process requires a means for eligible SGM, 1SG and MSG to accept or decline consideration for CSM such as using DA Form 4187 to accompany the NGB Form 4100-1-R-E. For 1SG and MSG not selected for CSM this will not affect their eligibility for promotion to SGM in their MOS.

**11-37. Correspondence with the board**

No one, other than soldiers being considered for promotion, may correspond with a promotion board, and then only in their own behalf. If the board is prescribed in a format other than a formal board sitting jointly, no one may correspond with the board.

*a.* Soldiers being considered may write to the president of the promotion board to provide documents and information calling attention to any matter concerning themselves they feel is important to their consideration. Although written communication is authorized, it is encouraged only when there is something that is not provided in the soldier's records, and which the soldier feels will have an effect on the board's deliberations. The soldier's official record is used to determine quality and potential. Correspondence to boards will not be acknowledged, will not be a basis for reconsideration, and will not be included in the soldier's permanent personnel records (MPRJ, TAG file or CMIF). Documents for permanent filing must be processed per both AR and NGR (AR) 600-8-104.

*b.* The following documents are not authorized and will not be given to the board:

*(1)* Correspondence from anyone other than the soldier concerned (this precludes communication from the soldier's chain of command, NCO support channel, political sources, or other third parties).

*(2)* Correspondence that criticizes or reflects on the character, conduct, or motives of any soldier.

*(3)* Incomplete appeals of items such as NCOER, AER, courts-martial, Article 15 or comparable state code actions, etc.

*(4)* Incomplete copies of NCOER or Academic Evaluation Report. Only fully completed documents processed through official channels will be seen by the board.

*c.* Letters or memoranda (and all enclosures) seen by a selection board become part of the board record and are not filed in personnel records. Non-receipt of a letter to the board president is not grounds for reconsideration by a Standby Advisory Board as described in paragraph 11-53.

**11-38. Denying soldiers consideration for promotion**

Soldiers who are eligible for promotion may be denied consideration as shown below, using the guidance and procedures in paragraph 11-49g below. Denial may be based on misconduct, shortcomings in personal and professional qualities and qualifications, or lack of potential to serve at the higher grade. This action generally will be taken when the individual deficiency is not sufficient to warrant a bar to reenlistment or extension or elimination from service. When approved, the denial of consideration will be maintained with, and will expire with, the promotion list for which it was initiated.

*a.* Initiate denial of consideration on DA Form 4187. Enclose DA Form 4856 on which the commander has personally counseled the soldier on the reason for recommending denial. Soldiers may rebut their commanders' recommendations and submit statements that directly affect the circumstances. These actions will take place in time to allow the soldier 30 days to prepare comments and consult with a judge advocate, if desired, and to allow the approval authority to take final action before the board process is complete. Holding them until the completion of the evaluation cycle may require Standby Advisory Board action when a recommendation is disapproved.

*b.* Denial of promotion consideration for SPC, CPL and SGT may be approved by the first higher commander authorized in grade LTC or higher.

*c.* Denial of promotion consideration for SSG and SFC may be approved by the first commander authorized in grade COL or higher.

*d.* Denial of promotion consideration for MSG may be approved by the State AG.

*e.* These commanders will personally approve or disapprove these actions, and will not delegate this authority. The final appeal authority is the State AG.

**Section II**
**The Evaluation Process**

**11-39. General**
The complete evaluation process is a board process and should be modeled on the following lines. States may vary from this model provided every soldier in each grade is evaluated the same way. For instance, states may prescribe formal, joint boards at the STARC HQ for senior boards, and decentralized or informal boards at major subordinate command or regional levels, or any combination of these. These decisions may be made based on resource, distance, time, leader availability, and troop population factors decided by the state. At least three individuals will evaluate each soldier as prescribed by the State AG (MPMO). However, these boards will be conducted the same for each grade of rank across the state as specified in the state MOI or other directive that prescribes each board.

*a.* If the leadership chain (chain of command, supervisory channel, or NCO support channel), as designated by State MOI, is the board, that process must be followed throughout the state for that grade. This constitutes a board and, although it may not meet jointly, will act accordingly. Unless otherwise stated here, the word board applies to both leadership chain evaluation and formal boards sitting jointly.

*b.* Rules for boards:

*(1)* Three to five members senior in grade to the soldiers being considered, with the senior member as president, will evaluate all soldiers considered. When large numbers of soldiers are considered, the convening authority may appoint two or more panels, each comprising three or more members, and each of which will consider a portion of the total records.

*(2)* Promotion boards will generally be comprised of enlisted soldiers. The president will be a CSM unless there is no CSM available, then a SGM may preside (except for the SGM board and CSM panel). When officers are used in these boards and panels, use LTC or higher for SFC and MSG boards (except the 1SG panel), and COL or higher for SGM boards, with a senior COL or a general officer as president. Panels should include at least one officer and two senior NCOs, when officers are included.

*(3)* The CSM panel of the SGM board will include CSMs to review SGM, 1SG and MSG who are eligible, per chapter 9 of this regulation, and accept consideration for CSM. If officers are included, they will be COL or higher. 1SGs and MSGs selected for CSM by this panel are automatically selected for promotion to SGM in CPMOS 00Z50 (paragraph 11-43e).

*(3.1)* The 1SG panel of the MSG promotion board, if used per paragraphs 5-30d(1) and 11-33b.1 of this regulation, will include only 1SGs and soldiers in higher grades of rank. Officer membership is limited per paragraph 11-39b(2) above.

*(4)* If minority members are being considered, boards will include at least one minority member as a voting member. If this is not possible, the recorder will write the justification into the final board report.

*(5)* If females are being considered, boards will include at least one female as a voting member. If this is not possible, the recorder will write the justification into the final board report.

*(6)* Boards may include minority members and female members even though the board may not be considering female and minority soldiers. The board should not be composed entirely of minority or female members. Convening authorities will document and explain unusual board composition, such as all (or no) minority or female members, for inclusion in board reports.

*(7)* Each board and panel may be served by a nonvoting recorder or other administrative support from the supporting S-1, personnel office, or other Adjutant General Corps soldiers.

**11-40. Evaluate soldiers for promotion**
Board members will evaluate soldier performance and potential using the whole soldier concept. The sum of each soldier's qualities and qualifications, matters of record, past performance with the heaviest weight given to the recent past, and the soldier's potential to serve in positions of greater responsibility, must be considered objectively.

*a.* Consider all soldiers equally and fairly according to the memorandum of instruction and the instructions for NGB Form 4101-1-R- Members of formal boards that meet jointly will not discuss any specific scores or findings with individual soldiers or in public.

*b.* Board members may, as stated in the MOI, discuss the general promotion selection process to help their soldiers and others to better understand the process. They may also counsel their soldiers on the data in their records and how their qualifications and qualities compare to the criteria in this chapter and the MOI.

*c.* Using NGB Form 4101-1-R, rate each soldier fairly in each area under Performance and Potential.

*d.* Members of formal boards will review available records such as MPRJ with NCOERs, Academic Evaluation Reports, qualification records, correspondence, and other official matters. An authorized memorandum to the president of the board (paragraph 11-30 above) will be shown to all members of the board designated to evaluate the soldier who submitted it. They will not review medical records. Members will refer questionable items to the recorder who will consult with the Personnel Officer.

*e.* Board members will not depart from the board with any type of notes.

*f.* Recorders will collect all forms, notes and materials used in the evaluation process, and:

*(1)* Verify that entries and scores have been made correctly and transcribe them to NGB Form 4100-1-R-E, section VI only after all board members have evaluated the soldier.

*(2)* Ensure that there is a supporting document attached to the NGB Form 4100-1-R-E for each altered entry in sections I-III.

*(3)* Sign and date the form, obtain the president's signature and date, and submit them according to the memorandum of instruction.

*(4)* Destroy all notes and extraneous materials.

*g.* Process the forms through personnel channels to the State MPMO for entry into the database.

**Section VIII**
**Approve and Publish Promotion Lists**

**11-41. Approve promotion lists**

The State MPMO will --

*a.* Ensure that all actions taken and entries on the forms are correct and that this regulation and the MOI have been complied with. The State AG may disapprove a board when there has been a material error: in the charge to the board (the MOI); in the selection of board members; when board members used incorrect criteria (added to, disregarded, or selectively applied one or more criteria); or through any other major compromise of the board's conduct or integrity.

*b.* Process the data and generate a promotion list for each grade with all individuals considered ranked from highest to lowest by their promotion or CPMOS (with number one being the highest). For example, the SFC Promotion List for MOS 13B might show SSGs with numbers 1 through 25 of whom the first 14 are in the selection objective (paragraph 11-42c). For Title 10 AGR Tour soldiers, the list will be arranged by functional area.

*c.* Include on the list the data needed to identify individuals and to help manage the list such as AGR, Military Technician and NCOES status codes; unit ID; ZIP codes; declination status or codes; etc.

*d.* Approve or gain approval of the convening authority per paragraph 11-2 of this regulation and the state's MOI, of the promotion list.

*e.* Retain promotion board files for two years. Minimum documentation includes:

*(1)* The board appointment and memoranda of instructions.

*(2)* The NGB Forms 4100-1-R-E with enclosures (other than source documents processed to SIB) on each soldier considered.

*(3)* Written communications accepted by the president from promotion candidates.

*(4)* The final approval, master promotion list and, if the board submits one, an after action report.

**11-42. Determine promotion status**

*a.* The State MPMO will, in concert with the HRO as it affects full-time support soldiers, determine the number of soldiers required for promotion in each grade and MOS based upon:

*(1)* Current vacancies.

*(2)* Positions occupied by junior grade soldiers, whether promotable or not.

*(3)* Vacancies projected during the life of the promotion list (approximately one year) including grade vacancies on carrier UICs that will become effective during the life of the list.

*(4)* A statistically relevant projection to allow for attrition from the list.

*(5)* An allowance for Military Technicians and AGR soldiers who may rank high on the list but be ineligible for a significant number of anticipated vacancies based on State program experience. Allowance may also be made for a

number of M-Day soldiers who may place high on the list but be ineligible or unavailable due to program requirements, geographic location, AGR or Military Technician programs, etc.

*b.* If prescribed in State policy, establish a minimum promotion score.

*c.* Set the selection objective for each MOS to include the maximum number who may expect to be trained, promoted and assigned during the anticipated life of the list. Only these soldiers can expect to be trained, assigned or promoted. Soldiers below the selection objective cannot normally expect to be selected from this list.

*d.* Soldiers in the selection objective, even though assigned but not yet promoted, are considered "promotable' while on the list but will not use the letter (P) in correspondence or other documents unless specifically authorized in AR 25-50, paragraph 7-5c.

*e.* All other soldiers on the list below the selection objective, but above the minimum promotable score, if one is set, will still be eligible for assignment, training and promotion in sequence if the original expectations are exceeded.

**11-43. Publish promotion lists**

*a.* Print a promotion list by MOS for each grade (paragraph 11-41b) with the information specified by the State MPMO and distribute a copy to each unit authorized a field officer commander, each STARC director, and each STARC detachment except the Selective Service Section. The minimum information on a promotion list will be the soldier's name, promotion or career progression MOS (or functional area for Title 10 AGR), promotion points, and a code to determine M-Day, Technician or AGR status. This last item is necessary to determine eligibility for many assignments due to compatibility requirements. States may add items needed to manage the program such as unit abbreviation, NCO education code, etc. Everyone who handles lists with Social Security Numbers (SSN) will be cautioned to protect the lists from public disclosure.

*b.* States may also publish derivative or extract lists and distribute them to any level desired. These lists will not alter anyone's sequence number in the MOS or any other standing. Lists published to small unit level and which may be posted in orderly rooms will not include SSNS.

*c.* Commanders may notify soldiers who were not selected on the day before the list is announced at large.

*d.* Although the promotion fist will be published throughout the State, the State MPMO will maintain the official master list at the State HQ. This list, which must include the SSN to accurately identify each soldier, will show all deletions, changes, additions, promotions and other actions the State MPMO prescribes.

*e.* The promotion or CPMOS for soldiers selected for CSM and promotion to SGM is MOS OOZ. List them by the type of organization or specific organization for which they were nominated and selected per chapter 9 of this regulation In this case, the type of organization takes the place of the junior soldiers' MOS to determine the relative ranking for promotion and assignment.

*f.* The MPMO may, but is not required to, publish updated lists periodically. Individuals integrated into the list, and those whose positions change on the list for any reason, may be entered electronically or manually at the discretion of the State MPO.

**Section IX**
**Select Soldiers from Promotion Lists**

**11-44. General**

*a.* The State MPMO will, in concert with the State HRO, determine the methods to request, assign and promote soldiers, including those who are Military Technicians and AGR, to available vacancies throughout the State in promotion sequence using the guidance in this paragraph and in paragraph 11-45 below. NGB-ARZ-T performs this function for the Title 10 AGR Program.

*b.* When the promotion list is published, soldiers are eligible for immediate assignment to positions and, if qualified, promotion concurrent with the assignment. Assignment to a position from the promotion list as the first soldier in sequence eligible and available for the position assures the promotion. For soldiers already assigned to positions when the list is published, see paragraph 11-44g(2) below. NOTE: AGR soldiers will not be promoted to pay grade E8 or E9 without a controlled grade allocation.

*c.* Soldiers are immediately eligible for the NCOES training required for promotion per paragraph 11-28a of this regulation and assignment to positions authorized higher grades, but will not be promoted until they satisfy the NCOES requirement for the promotion grade listed in paragraph 11-28a. This is a statutory requirement that is not waivable as stated in the Army National Guard Combat Readiness Reform Act of 1992 (Title XI, section 1114, of the National Defense Authorization Act for Fiscal Year 1993). As soon as the list is released, soldiers in the

selection objective who are not yet trained in the NCOES courses for their promotions must apply for the required course. States may establish specific times in which soldiers must apply for these courses and be listed in ATRRS or be removed from the promotion list.

*d.* Soldiers may be considered for assignment and promotion without regard to SQI, ASI and LIC required for their positions unless the qualification is indispensable to performance. States must use a consistent standard for each MOS, grade, functional area, and type of unit.

*e.* Soldiers in the selection objective of the MSG promotion list who are selected for First Sergeant positions are eligible for immediate promotion upon assignment, and appointment to the grade of 1SG. They should be identified early enough to attend the First Sergeant Course (FSC) (AC or RC) before assignment. However, states may set a policy to require these soldiers to complete the FSC before promotion if they set it as a state-wide standard. See paragraphs 5-30d, 11-33b.1, and 11-39b(3.1) of this regulation for further guidance on First Sergeants.

*f.* States should have current SGMS, and MSGs on the SGM promotion list, designated and approved for appointment to CSM for anticipated CSM vacancies using the procedures in chapter 9 of this regulation.

*g.* Commanders will assign currently eligible, available soldiers per chapter 5 of this regulation, including career development reassignments in grade, before requesting soldiers from promotion lists. Soldiers assigned to higher graded positions who:

*(1)* Are not eligible for promotion, were eligible for but declined consideration by the board, or ranked so low in the promotion list that they will not be trained or promoted, may be removed from their positions when there are one or more eligible soldiers on the list who can be assigned to and promoted in their positions.

*(2)* Are not immediately promotable due to their sequence number on the MOS promotion list may remain in their positions and be promoted when the eligible and available soldiers ranked ahead of them on the list in their MOSs have been promoted in their positions; selected and assigned, whether promoted or not (if awaiting training); removed from the list administratively; determined ineligible or not available for an assignment; or declined an assignment and promotion.

*h.* Military Technician and AGR soldiers will be selected, assigned, trained and promoted in a concerted effort between the States MPMO, HRO and POTO to assure equitable management. Although they may be assigned to positions identified only for members of these programs, their promotion sequence will be determined per paragraph g(2) above and, if AGR SFC or MSG, a controlled grade allocation is available to promote the soldier.

*i.* Specialists who are in the selection objective of the promotion list for their CPMOSs and have completed PLDC, may be trained and then concurrently awarded SQI 4, assigned as described in paragraph 5-24a(4) of this regulation to AGR Recruiting and Retention NCO positions, and promoted to SGT against the R&R position authorization.

**11-45. Selecting soldiers from promotion lists**

Chapter 5 of this regulation covers the assignment of soldiers. Use that guidance and the following policies, procedures and options to fill positions.

*a.* Soldiers will be offered assignment to available vacancies for which they are eligible and available starting with the lowest promotion sequence number and continuing until the selection objective is exhausted, all vacancies are filled, or the list expires. If soldiers are eligible and available for the assignment, they will be assigned and promoted provided they have met all other requirements for the promotion. 1SGs and MSGs on the SGM Promotion List for CSM will be eligible and available for MOS 00Z assignments, and immediate promotion concurrent with assignments only after approval by the HQDA(NGB) ARNG CSM Selection Board per chapter 9 of this regulation. SFCs on the MSG Promotion List and the 1SG Selection List are eligible for immediate promotion concurrent with assignment to First Sergeant positions as discussed in paragraphs 5-30d and 11-44c. Soldiers who are flagged are not eligible for assignment, training or promotion until the SFPA is closed. These soldiers will not be contacted for assignment to higher graded positions while in a flagged status. States will establish procedures to contact and solicit individual responses (acceptance or declination) only from eligible and available soldiers who have selected an option to serve at a unit or location or within an area or distance, including allowable response times (and the consequences of failure to respond) Guidance on the options is in paragraphs 11-34a(2) and 11-46 below. State MPMOs will ensure that additional criteria or unauthorized screening criteria or procedures not specified in this chapter or chapter 5 are not added to this process.

*b.* Soldiers within the published commuting distance (50 miles from the soldier's residence unless another standard has been established by the State AG) must accept promotion and assignment to positions for which they are eligible (qualified) and available.

*(1)* The travel distance and time rules for involuntary assignment in AR 135-91, paragraph 5-5, are designed to ensure safe, reasonable requirements for soldiers. They ensure the even application of rules to all soldiers on that list. States should use them when setting the distances that apply to assignments for promotions under this chapter. For this chapter only, the same circumstances as an involuntary assignment occur when a soldier declines a promotion and is removed from a promotion list.

*(2)* No one other than the convening authority may add a requirement for the assignment or promotion that is not set in the MTOE/TDA. Standards published by the state will apply to all soldiers in the grade or grades for which the standards are set.

*(3)* AGR soldiers are not subject to the commuting distance standard. They are eligible for statewide reassignment and permanent change of station move per NGR 600-5 and the Joint Federal Travel Regulation when selected for promotion and reassignment.

*(4)* Soldiers serving in assignments that have a service requirement, such as an AGR who made a permanent change of station (PCS) move may not be eligible or available for many assignments due to the restriction on subsequent PCS moves although otherwise My qualified for promotion.

*c.* Soldiers selected for assignments when they are fully qualified will be promoted concurrently with the assignment. They may not be assigned to positions nor promoted in the positions until the incumbents are reassigned or separated. The only exception to this is the authority to have a promotion ceremony at the soldier's current unit immediately before reassignment per paragraph 11-15a of this regulation. Those who are assigned before they complete required NCOES courses, will be promoted with effective date and DOR as of the day after they complete the required training or the date on which the state receives a controlled grade allocation. Orders may be published in advance of the actual vacancy to allow planning and processing, but the effective date of the soldier's promotion and assignment to the position will not be earlier than the day after the incumbent leaves the position.

*d.* Once the soldiers in the selection objective are assigned to positions, they generally remain promotable based on the list from which selected.

*(1)* Soldiers selected from the list and assigned to positions, but who are not promoted because they have not yet completed their scheduled NCOES by the end of the list, will be listed on an extract. The extract list will ensure their promotions, without further board action, the day after they complete training.

*(2)* However, AGR SFC and MSG assigned, but for whom there are no controlled grade allocations against which to promote, will remain assigned to the positions and may be considered anew by the next boards (see paragraph 11-33b above.) State leadership decides which positions and soldiers are allocated to the limited number of controlled grades, and the method through which this is done.

**11-46. Declining promotion and assignment**

*a.* States may set procedures that allow categories of soldiers to decline consideration in advance when, although they may be eligible for assignments, the likelihood of acceptance win be small. For example, SPC and CPL may be allowed to decline consideration outside of their unit or city; SPC through SGT, and any other grade, may elect advance declination of any assignment over the stated commuting distance; Military Technicians may be allowed to decline in advance any non-compatible position; etc.

*b.* AGR soldiers selected for higher priority units than those in which they currently serve may not decline assignment. Also, they may not decline any other management directed move under AGR program management policies. These are conditions of remaining on active duty status, and refusal is grounds for relief from active duty and from the promotion list.

*c.* Declinations will be made in the form prescribed by the State. However, declination of an assignment for which eligible and available, (including commuting distance), or refusal of training under this program should be in writing. Soldiers who decline assignments or require training for which they are fully eligible will be administratively removed from the promotion list. They will not be reinstated on the list under any circumstances but may be considered by future boards if they remain eligible.

**11-47. Hardship affecting promotion and assignment**

*a.* Soldiers may decline an assignment for which they are otherwise fully eligible based on hardship that develops after they sign NGB Form 4100-1-R-E accepting consideration for promotion.

*b.* Soldiers with hardships approved by the State AG will stay on the list but are not eligible for an assignment or promotion until the hardship no longer exists.

*c.* Some examples of hardship are increased demands based on family or medical problems, civilian education, and civilian employment.

**Section X**
**Removal of Soldiers from Promotion Lists**

**11-48. Administrative removal**
Commanders will promptly advise the State AG (MPMO) in writing with supporting documents to remove from a promotion list the name of a soldier who:

*a.* Is reduced.

*b.* Is discharged from ARNGUS enlisted status other than for immediate reenlistment

*c.* Has a retirement approved before the board date set in the memorandum of instruction.

*d.* Is barred from immediate reenlistment or extension of enlistment, or non-selected for retention by a board before the date set in the MOI.

*e.* Was considered in error and selected.

*(1)* Soldiers erroneously considered and selected who are promoted before discovery of their ineligibility will have their promotions revoked.

*(2)* If warranted by commanders' explanations, State AGs may grant these soldiers de facto status for the period served in the erroneous grade per paragraph 11-11.

*f.* Has been considered by a reduction board whose recommendation was to remove the soldier from the list.

*g.* When notified of NCOES training required for promotion, declines, refuses or fails to apply for, enroll, be accepted into, or graduate due to an act, omission or failure of standards.

*h.* For soldiers whose MOS (in which the soldier is on the promotion list) has been eliminated by reorganization, who refuses or fails to complete training required for reclassification per paragraph 11-27e(2).

*i.* Declines an assignment within the published commuting distance for which fully qualified and eligible unless an exception to policy has been approved by the State AG.

*j.* Enrolls in a commissioned or warrant officer producing program.

**11-49. Command initiated removal**

*a.* Commanders may recommend that a soldier's name be removed from an approved list at any time.

*b.* When recommending a soldier for removal, the following must be considered:

*(1)* Punishment under UCMJ (or State code) or nonpunitive measures should not automatically be the sole basis to suggest that a soldier's name be removed from the list.

*(2)* The soldier's conduct before and after the punishment or nonpunitive measures and facts and circumstances leading to and surrounding the misconduct must be considered.

*(3)* To remove a soldier based solely on a minor or isolated incident of misconduct may be unfair to the soldier. Removal from a promotion fist has far-reaching, long-lasting effect on the soldier. The probability of subsequent selection for promotion is extremely limited.

*(4)* Commanders should evaluate circumstances to ensure that all other appropriate actions have been taken (training, supervision, and formal counseling have not helped) or the basis for considering removal is serious enough to warrant denying the individual's promotion.

*c.* The commander must submit a recommendation for removal on a soldier who is not in compliance with the 6 or 12-month rule in AR 600-9, or consecutive failure of record APFTs.

*d.* The commander may submit a recommendation for removal for one or more of the following reasons:

*(1)* Punishment under Article 15, UCMJ or comparable State code, whether directed for filing in the performance or restricted portion of the soldier's OMPF, or for Title 10 AGR soldiers, in their CMIF at NGB.

*(2)* Any court-martial conviction.

*(3)* A memorandum of reprimand, signed by a general officer, placed in the soldier's OMPF or NGB CMIF.

*(4)* Adverse documentation directed for filing in the soldier's OMPF.

*(5)* Other derogatory information received in official channels, but not filed in the soldier's official records, if it is substantiated, relevant and might reasonably and materially affect a promotion recommendation.

*e.* Recommendations for removal may be submitted for substandard performance. Definition: The commander determines over a reasonable period of time (at least three months) that the soldier's work:

*(1)* Is such that promotion to the next higher grade would not be in the best interest of the ARNGUS; or -

*(2)* Has declined to such a degree that the soldier no longer has the potential to perform in the higher grade.

*f.* Recommendations should not be submitted on isolated acts based on short-term supervision. To ensure a fair and impartial decision, each case must be investigated thoroughly.

*g.* Process removal actions as follows:

*(1)* Before sending a removal action to the State AG for consideration, the commander will deliver it in writing to the affected soldier. Include all documents that will be submitted to the State AG in the notification to the soldier. The soldier win be allowed 30 days, or until 5 days after the unit's next regularly scheduled training assembly or AT period, whichever is first to respond in writing to the proposed action after receipt of the written notice. The maximum period should be limited to 2 months to ensure that the soldier is notified and has the time to prepare, but that the process continues to move forward. The soldier may include the opinion and statements of third persons in the response. The commander may extend this time for reasons beyond the soldier's control.

*(2)* A soldier who elects not to respond will review the entire action, state the election not to respond in writing, sign the statement, and return the action to the commander.

*(3)* The commander will submit the action for review through command channels to the State AG. Include with the recommendation a copy of the soldier's DA Form 2-1 (in States without a central records center or Personnel Service Branch), SIDPERS Personnel Qualification Record, and DA Form 268, if flagged.

*(4)* A commander at any level may disapprove the recommendation, include the reason for disapproval, and return the action through command channels to the originator.

*(5)* On recommendations processed through the chain of command and not disapproved at a lower level, the State AG will make the final decision based on results and recommendations of the State level standby advisory board.

**Section XI**
**Integrating Soldiers into Promotion Lists**

**11-50. General**

*a.* This section describes how to integrate soldiers into approved promotion lists.

*b.* Individuals who enlist or reenlist into the ARNGUS from any other component of the Armed Forces of the U.S. may not be integrated into promotion lists. They may be considered by the next scheduled promotion board, provided they are eligible, or considered by a Standby Advisory Board (STAB) per paragraph 11-53, when directed by the State Adjutant General.

**11-51. Interstate transfers and inservice recruiting**

*a.* Soldiers with promotion list status in one state who transfer to another may be integrated into the new state promotion list. The State MPMO may contact the losing state to obtain the soldier's official standing and related records.

*b.* Integration will be in the soldier's promotion or CPMOS. When the new state does not have the soldier's CPMOS, reclassify the soldier and recompute the soldier's score. Integrate the soldier into the list in the new MOS.

*c.* Soldiers with promotion list status in the active Army, a USAR Troop Program Unit, or USAR Control Group (IMA) who enlist or reenlist into the ARNGUS are not eligible for integration into ARNGUS lists based on their active Army or Reserve promotion list status; each component has a different system. However, State AGs may direct a STAB to consider this category of soldier for integration.

*d.* Soldiers integrated into approved promotion lists will be administratively reviewed and placed on the list immediately after the individual with more points or the same number of points. Their places will be designated with decimals. For instance, between sequence numbers 60 and 61, one soldier would be numbered 60. 1; a second would be 60.2; etc,

**11-52. Soldiers reclassified while on promotion lists**

Soldiers reclassified for other than loss of qualifications due to inefficiency or misconduct will compete for training, assignment and promotion in the new MOS. These soldiers will be removed from a promotion list, but State AGs may direct a STAB to consider soldiers' promotion status for integration into a list in the new MOS.

**11-53. Standby Advisory Board**

*a.* The Standby Advisory Board (STAB) is used when a soldier meets the conditions listed in the remainder of this paragraph. If a board is in session, comprised essentially as was the original board by which the soldier was or should have been considered, they may be charged as a STAB to fully evaluate the soldier's record using the original board charge. When there is no board in session, assemble one using the rules in paragraph 11-39.

*b.* Generally it is not used when a board was not properly conducted for an entire class of soldiers such as everyone in one grade, one unit, one career management field, or one MOS. In that event, the MPMO will have to invalidate some or all of the original board, reconstruct the soldier's records and the board, and conduct the board essentially as of the date the proper action should have occurred.

*c.* The State AG (MPMO) may approve cases for referral to a STAB upon determining that a material error exists.

*d.* The State MPMO will determine if a material error existed in a soldier's official records when the file was reviewed, or should have been reviewed had the error not precluded review, by a promotion board.

*e.* Error is considered material when there is a reasonable chance that had the error not existed the soldier would have been selected.

*f.* STABs are convened to consider the records of soldiers -

*(1)* Not reviewed by a regular board.

*(2)* Whose records, due to material error, were not reviewed by the regular board.

*(3)* Whose records were reviewed by the regular board, were not selected for promotion, and whose records contained a material error which may have been a factor in nonselection.

*(4)* Enlisting or reenlisting directly into the ARNGUS from the active Army or USAR, when directed by the State Adjutant General, for addition to approved lists as described in paragraph 11-51c.

*(5)* On whom derogatory information has developed that may warrant removal from approved promotion lists.

*(6)* Reclassified as described in paragraph 11-52.

*g.* Soldiers selected by a STAB will be integrated into approved promotion lists and promoted along with their peers in the sequence that would have occurred had they been originally selected.

*h.* Only soldiers who would have been eligible per the original memorandum of instruction as of the date of the board will be considered. Soldiers who did not meet or could not have met the criteria at the time of the original board will not be considered.

*i.* Reconsideration normally will be granted when one or more of the following conditions existed in the soldier's official records at the time they were reviewed by a promotion selection board: (Soldier's requesting reconsideration for reasons in (2) through (5) below will be granted reconsideration only for the most recent board before the soldier's request)

*(1)* An adverse NCOER or Academic Evaluation Report reviewed by a board was subsequently declared invalid in whole or in part, and a determination was made that there was a material error.

*(2)* An adverse document belonging to another soldier was filed in the nonselectee's records and was seen by the board.

*(3)* An Article 15 (or comparable State nonjudicial action) designated only for temporary filing in the soldier's record, or which was set aside and has not been removed from the soldier's record was seen by the board.

*(4)* Court-martial orders were filed in the soldier's record when the findings were 'not guilty."

*(5)* A document was filed in the records reviewed by the board that erroneously identified the soldier as AWOL while on active duty, a deserter, or an unsatisfactory participant according to AR 135-91.

*(6)* A record of 30 or more college semester hours properly entered into official channels but was not seen by the board. College degree or transcript must have been submitted into channels within three months before the board to be recorded on qualification records, or submitted to the board president in hard copy with the soldier's memorandum to the president to warrant standby consideration.

*(7)* An award of a State or Federal Commendation Medal or higher award presented within three months before the date of the board was not recorded on official records, seen by the board in hard copy, or not presented to the board when provided in the soldier's memorandum to the president to warrant standby consideration.

*(8)* An annual or change of rater NCOER that was processed to the custodian of records in time to be filed before the date the board convened was not reviewed. NCOERs received on time but returned for administrative reasons may warrant standby consideration.

*(9)* Consideration in an MOS other than the soldier's PMOS or designated CPMOS.

*j.* The following reasons do not constitute material error and are not reasons for reconsideration.

*(1)* Omission of commendatory, congratulatory or service memoranda, certificates, letters or similar correspondence.

*(2)* Absence of documents written, prepared or computed after the date the board convened.

*(3)* Incorrect data on DA Form 2-1, NGB Form 4100-1-R-E, PQR and other records which the soldier reviewed prior to the date the board convened.

*(4)* Absence of official photograph or presence of an outdated one which the soldier did not update, when current photographs were required in the board MOI.

*(5)* Absence of an award lower than a commendation medal.

*(6)* Absence of documents not authorized for filing in records by AR 600-8-104.

*(7)* Absence of the completion document for an NCOES course, unless it was required for consideration and was completed before the date the board convened.

*(8)* A complete the record NCOER is an optional report and the absence of this report will not, under any circumstances, be a basis for reconsideration.

*k.* Correspondence such as letters and memoranda of commendation, appreciation, documents from third parties, and documents dated on or after the date the STAB convened will not be forwarded.

**Section XII**
**Reductions in Grade**

**11-54. General**

*a.* Sergeants and above are entitled to a board unless exempt per this section when being considered for reduction for inefficiency, misconduct, or due to civil conviction. They are not entitled to a board for administrative reduction or separation in a lower grade for failure to meet a condition or requirement for a promotion or assignment in this chapter such as NCOES training or a service remaining requirement for the promotion, or for loss of authorized grade due to reorganization or release from active duty. The reduction board will be convened unless the soldier waives the requirement in writing.

*b.* A commander who has the authority to advance or promote a soldier to a grade per paragraph 11-2 also has the authority to reduce a soldier from that grade.

*c.* The authority in this paragraph will not be used to reduce soldiers for actions of which they were acquitted as a result of courts-martial proceedings.

*d.* Revocation of illegal or erroneous promotion orders is not a reduction action in the meaning of this section. See paragraph 11-11 for revocation and related actions.

**11-55. Voluntary reduction**

If approved by the unit commander, a soldier may volunteer in writing on DA Form 4187 for reduction to any lower grade for reassignment to another position, another program, or to continue in service. The promotion authority may then administratively reduce the soldier without board action. Establish DOR as prescribed in paragraph 11-6j(1).

**11-56. Failure to complete training**

Reduce soldiers, without board action or appeal:

*a.* Who fail to complete OCS or Warrant Officer training to the grade held on the day before appointment to Candidate status as a SGT or SSG effective the date after they are no longer enrolled. Promotion authorities may reduce these soldiers to PFC or SPC only when they were appointed from grade PV2 and would have otherwise been eligible for advancement.

*b.* Who complete OCS or Warrant Officer training program, without accepting appointment or commission, to the grade held before entering candidate status effective the date after they complete the program.

*c.* SMP participants who withdraw or who are eliminated from the ROTC Advanced Course to the grade held on the day before appointment to Cadet status as Sergeant or the grade to which the soldier would be entitled if enlisting under the provisions of chapter 2, but not below PV2.

*d.* Who accept commission or appointment, to the grade held on the day before entering candidate or cadet status effective on the day before commission or appointment. Soldiers will not be separated in special pay grades E5 or E6.

*e.* Who fail to successfully complete an NCOES course that is a condition of a promotion due to their failure to apply for, enter, meet standards, or through misconduct or voluntary withdrawal. Reduce these soldiers automatically effective on the date the soldier fails to apply for, enroll or be enrolled in a class for which selected, fails a course, withdraws from the course, or on expiration of the time set for completion at promotion. This service does not require a de facto determination; the soldier will retain the higher pay and allowances through the day before the effective date of reduction in a de jure status (by right.) However, TIMIG in the higher grade is not satisfactory service for future adjusted DOR if promoted again to the grade nor is it creditable towards retired pay in the higher grade or any other determination dependent upon the higher grade. This includes soldiers whose training

was delayed or deferred when ordered to active duty for service during combat or contingency operations such as the one year completion requirement for NCOES after release from the period of active duty.

*f.* Promoted in their former MOS under reorganization guidance but who have refused or failed to qualify in the MOS for the new position to which assigned per the guidance in chapter 5 of this regulation.

*g.* Who were promoted per the rules in paragraph 11-27e(2).

**11-57. Reduction upon return from active duty.**

*a.* Soldiers returning to their ARNG units after being released from active duty (IADT, TTAD and Title 10 AGR, etc.) in a higher grade than held at the time of entry into such service, other than authorized advancements to grades that would have been gained per this chapter, may be retained in their higher grade for 6 months. Upon termination of the 6 months, soldiers not assigned to MTOE or TDA vacancies commensurate with their grade are reduced, reclassified, transferred to the ING, IRR, Retired Reserve, or discharged in accordance with chapter 8.

*b.* Waivers. One waiver for an additional 6 months may be approved by the State AG for Title 32 AGR. One waiver for an additional 6 months may be approved by NGB for Title 10 AGR personnel.

*c.* Soldiers released from active duty in a higher grade than held at time of entry into active Federal service, who are transferred to the ING or the IRR, are transferred in the higher grade.

**11-58. Other reasons for reduction**

Reduce soldiers without board action or appeal:

*a.* Who enlist or reenlist in a grade above those authorized by chapter 2, to the grade to which then entitled, effective the date of enlistment or reenlistment.

*b.* Who, 2 years after date of enlistment or reenlistment into lower graded positions in the Try One in the Guard program, have not been reassigned to a grade vacancy position commensurate with their grade.

*c.* Who involuntarily lose their positions due to unit reorganization, inactivation, full-time support utilization requirements or downgrading SPMD positions, and therefore cannot be property utilized per chapter 5.

*(1)* If immediate reassignment is not appropriate, retain them in current grade for up to one year before involuntarily reducing or reclassifying them to fill valid positions.

*(2)* When it is not possible to properly assign these soldiers, transfer them to the ING or IRR. NOTE: Full-time soldiers not affected by force structure changes may not be involuntarily moved to lower graded AGR positions or reduced because of that assignment.

*d.* Failure to meet the service remaining requirement in paragraph 11-10.

*e.* To enter a training program that requires a lower entry grade to qualify for another position in the same or another unit.

*f.* Reduction for failure to meet the criteria of a conditional promotion other than training, such as prior authority to use interim clearances for promotion, etc.

**11-59. Enlistment in lower grade**

Enlistment or reenlistment at a lower grade in the ARNGUS, Regular Army, the USAR, or any component of another U.S. Armed Force is a contractual agreement and is considered a voluntary reduction to gain a benefit. Subsequent reenlistment in the ARNGUS does not authorize restoration of grade or adjustment of DOR. Accepting a voluntary reduction does not entitle a soldier to an earlier adjusted DOR when promoted again to a formerly held grade. Grade and DOR of former officers will be in the grade determined from chapter 2 and paragraph 11-6m of this regulation.

**11-60. Reduction for inefficiency**

A soldier may be reduced one grade for inefficiency. Inefficiency is defined as technical incompetence or demonstrated pattern or one or more acts of conduct that show lack of abilities and qualities required and expected of a soldier in that grade. Inefficiency can include one or more acts of misconduct, poor performance, a record of unexcused absences or declaration as an unsatisfactory participant (AR 135-91), conviction by a civil or criminal court, long standing personal debts when there has been no reasonable attempt to pay them, and significant shortcomings in training performance. A single act may be so negligent or so substantially below the norm that it warrants a recommendation for reduction from the commander. However, an unexcused absence from scheduled training, whether one UTA or one MUTA, should not normally in itself be the sole basis to charge a soldier with inefficiency to the degree that reduction is warranted, nor is it intended as a substitute for judicial or nonjudicial punishment whether in state or Federal status. A reduction board is authorized for soldiers in grade SGT and higher,

and the recommending commander must provide complete justification and documentation to support the reduction action. Some examples are:

*a.* Statements of counseling or other documented attempts at rehabilitation by the chain of command or supervisors.

*b.* NCOERs or counseling statements documenting inefficiency or poor performance.

*c.* Record of misconduct during the period concerned.

*d.* Correspondence from creditors attempting to collect debts.

*e.* Adverse correspondence from civil authorities showing evidence of misconduct.

*f.* Documentation proving that individual has unexcused absences, periods of unsatisfactory participation, or that the soldier has been declared an unsatisfactory participant per AR 135-91.

*g.* Reduction based on lack of technical skill or ability requires reclassification to the corresponding skill level and MOS per chapter 5 of this regulation.

**11-61. Reduction for misconduct or civil conviction**

*a.* Discharge. If a soldier is to be discharged with a discharge certificate under other than honorable conditions, the State AG will reduce the soldier immediately to PV1 without board action. If the discharge is suspended, the soldier is not reduced under this paragraph.

*b.* Dropped from the rolls of the Army (DFR). When discharged per chapter 8 because of being DFR, a soldier is automatically reduced to PV1 without board action.

*c.* Misconduct or civil conviction. A soldier can be reduced one or more grades for misconduct or civil conviction.

*(1)* If appropriate, Article 15, UCMJ (AR 27-10), Courts-Martial (MCM 1984), or provisions of State law may be used to effect reductions for misconduct in lieu of this regulation.

*(2)* Administrative reductions for misconduct may be based on one or more acts of misconduct.

*(3)* A soldier convicted by a civil court (domestic or foreign) or adjudicated as a juvenile offender by a civil court (domestic or foreign) is reduced or considered for reduction using the guidance below. "Juvenile offender' includes a person adjudicated as a juvenile delinquent, wayward minor, or youthful offender. Action is taken on receipt of documents establishing a sentence (imposed or vacation of a suspended sentence) or a finding of guilt with sentence to be established at a later date. A soldier can be reduced even though an appeal is filed. If an appeal results in reversal of the civil conviction, take action per paragraph 11-66.

*(4)* If the civil authority's sentence includes death or confinement of 1 year or more that is not suspended, the soldier is reduced to PV1. If convicted, or a guilty plea is accepted by the court, and sentencing is delayed for at least 30 days, reduction can be accomplished immediately based on the maximum penalty. If reduced and if the actual imposed sentence is less severe and then further restoration and board actions are required.

*(5)* If the sentence is confinement for more than 30 days, but less than 1 year (not suspended), or 1 year or more suspended, SPC and below will be considered for a one or more grade reduction. SGT and above must be referred to a reduction board for possible reduction of one or more grades.

*(6)* If the sentence is less severe than in (4) above, and reduction authority considers it appropriate, the soldier may be considered for reduction of one or more grades. SGT and above will be processed for possible reduction board action.

**11-62. Reduction notification procedures**

*a.* The commander reducing the soldier informs the soldier in writing, delivered in person or dispatched by Certified Mail-Return Receipt Requested, of the action contemplated and reasons. The soldier acknowledges receipt of the memorandum in writing, and may submit any pertinent matters in rebuttal. Mail refused, unclaimed, not acknowledged, or otherwise undeliverable, is not used as defense against, or as a basis for an appeal of reduction, when notification was correctly addressed to the latest official mail address furnished to the unit by the member.

*b.* The commander's written notification must include instructions advising the soldier (SGT and above) of his or her right to request a reduction board and the date the board request must be received.

*(1)* SPC and below may be reduced without action by a board.

*(2)* Only SGT through SGM may request to appear before a reduction board. If the soldier waives board action, the waiver must be in writing. The soldier may submit any pertinent matters in rebuttal in writing. Failure to respond within 30 calendar days after the date of receipt of written notification constitutes a waiver of the right to a reduction board.

*c.* A soldier who requests a board will be given at least 30 days written notice before the date of the hearing. The reduction authority may approve an extension of the 30 days if requested by the soldier in writing.

*d.* The convening authority ensures that:

*(1)* The board is composed of unbiased soldiers senior in grade to the soldier being considered for reduction.

*(2)* At least one board member is thoroughly familiar with the soldier's field of specialization, especially for inefficiency or poor performance cases.

*(3)* The board consists of at least three voting members and a recorder without vote. A majority of the members of the board constitutes a voting quorum and must be present in order for the board to convene.

*(4)* The senior voting member serves as president of the board.

*(5)* If the soldier being considered for reduction is female or a minority, the board will include an officer or enlisted soldier who also is female or a minority member, if reasonably available. However, nonavailability of a female or a minority member does not preclude convening of the board. In the event of nonavailability, justification must be stated in the record of proceedings.

*(6)* No soldier with direct knowledge of the contents of the case will be appointed to the board.

*(7)* Alternate board members are appointed and will be available when required.

*(8)* Unbiased board members, if not available, are requested through higher headquarters.

**11-63. Reduction board procedures**

*a.* The soldier may request military counsel be appointed. If a specific judge advocate or other officer is requested and is reasonably available, the convening authority designates that officer as counsel. If the requested counsel is from another command, the convening authority will forward an official request to the appropriate headquarters. Determination by that headquarters is final regarding the availability of requested military counsel. If the specifically requested counsel is not available, the convening authority will appoint another judge advocate or experienced officer to serve as counsel.

*b.* Notice of a board hearing date is made only after counsel is available to the soldier, if requested.

*c.* The recorder, on request of the soldier or counsel, arranges for the presence before the board of any reasonably available witnesses.

*d.* Copies of all written affidavits and depositions of witnesses, who are unable to appear before the board, will be furnished to the soldier.

*e.* The president of the board ensures that enough testimony is presented to enable the board to:

*(1)* Fully and impartially evaluate the case.

*(2)* Be objective in their deliberations.

*(3)* Arrive at a proper recommendation.

*(4)* Consider those abilities and qualities required and expected of a soldier of that grade and experience. (A NCO is expected to maintain high standards of conduct). While prior years of faithful service are commendable, this alone does not override the best interests of the ARNGUS.

*f.* AR 15-6 may be used as a general guide for the board so far as it does not conflict with any provisions of this regulation.

*g.* The board may recommend a reduction of one or more grades (dependent on reason for reduction), retention of grade, reassignment or a combination of any of the above

*h.* The convening authority may approve or disapprove any portion of the board's recommendation so long as the action does not increase its severity.

*i.* When the board recommends a reduction and the convening authority approves it the soldier is reduced by the reduction authority as directed without regard to any action taken to appeal.

*j.* In case of reduction for inefficiency, the convening authority can suspend reduction up to six months. If the suspension is not vacated during this period, reduction may only be accomplished by convening a new reduction board.

*k.* If a civil conviction is reversed, or sentence is modified or reassessed, see paragraph 11-66.

**11-64. Rights of the soldier**

*a.* The rights of the soldier concerning the reduction board are:

*(1)* SGT through SGM may request a reduction board within 30 days of date of notification of the consideration for reduction.

*(2)* To decline in writing to appear before the board, or may appear in person with or without counsel at all open proceedings.

*(3)* To retain a private attorney at no expense to the Government If not represented by a private attorney, the convening authority designates military counsel who normally a lawyer judge advocate officer or Army civilian attorney-advisor) unless, in consultation with the servicing staff judge advocate and the U.S. Army Trial Defense Service, the convening authority determines that a lawyer is not reasonably available. Any such determination is final. If a soldier requests specific military counsel, follow the procedures of paragraph 11-63a above.

*(4)* To request any reasonably available witnesses whose testimony is believed to be pertinent. When requested, the soldier provides the nature of the information the witnesses are expected to provide.

*(5)* To submit to the board written affidavits and depositions of witnesses who do not appear.

*(6)* To elect to testify as a witness and submit to examination under oath, make or submit unsworn statements, or remain silent.

*(7)* To challenge or question any witness appearing before the board.

*b.* Failure of soldiers to exercise their rights is not a bar to the board's proceedings, findings and recommendations.

*c.* When a soldier appears before the board without representation, the president will fully counsel the soldier on:

*(1)* The action that is being contemplated.

*(2)* The impact such action may have on the outcome of the case.

*(3)* The right to request counsel and to challenge any member of the board for cause.

*(4)* The right to submit an appeal per paragraph 11-65.

**11-65. Appeals**

*a.* Appeal of reductions per paragraphs 11-54d and 11-55 through 11-58 is not authorized. Appeal of reductions per paragraph 11-61 is authorized only to correct material errors such as a reduction that did not comply with this regulation and therefore was without sufficient basis.

*b.* In order to correct an erroneous action on equitable grounds, appeal is authorized of reduction for inefficiency per paragraph 11-60, misconduct or civil conviction other than per paragraph 11-61, and partial restoration under paragraph 11-66. It must be shown that the facts and circumstances of the case are such that partial or full restoration of grade will be in the best interests of the ARNGUS and the soldier.

*c.* An appeal must be submitted in writing within 30 days after the date of reduction or date of official written notification of restoration action. A complete copy of all correspondence is furnished to the authority taking final action of the appeal.

*d.* Appellate authority for reductions is:

*(1)* The next higher authority above the reduction authority for SSG and below.

*(2)* The first general officer in the chain of command above the reduction authority for SFC through SGM. If the reduction authority was the State AG, the appeal will be acted upon by the State AG as a request for reconsideration. The State AG's action is final.

*e.* If appeal results in a determination that the reduction under paragraph 11-61 was erroneous, the appellate authority directs restoration to the former grade. Restorations are effective as of the date of the order and DOR is the same as DOR prior to reduction. However, if it is determined that another provision may apply, the appellate authority directs action be taken in accordance with the appropriate provision of that paragraph.

*f.* If the appellate officer on an appeal determines that the reduction should be changed on equitable grounds, the soldier is restored to the former grade or to any intermediate grade. Restorations are effective as of the date of the order. DOR for soldiers restored to former grade are the same as DOR prior to reduction. DOR for soldiers restored to an intermediate grade are the same as the date of the order directing restoration.

*g.* If the appellate authority on an appeal determines that the reduction meets the requirements of this regulation and need not be changed on equitable grounds, the appeal is denied.

*h.* A soldier submitting an appeal will be informed in writing of the decision. A copy of the appeal and the final action is filed in the soldier's MPRJ.

*i.* Authority to take final action on appeals may not be delegated.

**11-66. Restoration of grade**

*a.* Restoration of grade is accomplished without regard to the criteria specified for advancement or promotion to the grade and rank, to include position vacancy and promotion board action. See paragraph 11-6 for DOR.

*b.* Grade and rank restoration may result from:

*(1)* Setting aside, mitigation, or suspension of punishment under UCMJ or comparable state code. The commander authorized to promote to the higher grade may restore the soldier's grade and rank.

*(2)* Reversal of conviction by civil court. If a conviction by a civil court for which a soldier was reduced is later reversed, the soldier is restored to the grade and rank from which reduced and regains incumbency to the former position held. If the commander having promotion authority for that grade determines that the soldier was denied promotion because of the conviction, the soldier may be promoted to the next higher grade and gains incumbency to that position.

*c.* A reversal of conviction is the annulling or voiding of a court judgment by the same or a higher court of competent jurisdiction because of error or irregularity in proceedings. It does not include instances where, under local law or procedure, a conviction is set aside in recognition of rehabilitation or as a result of parole. If a conviction is reversed and a new trial is ordered, the soldier's grade and rank are restored. The soldier may be reduced because of a later conviction resulting from a new trial.

*d.* If a sentence is modified or reassessed (by an appellate court or otherwise), or a sentence as imposed is less severe than the one under which a reduction was accomplished, the following action is required:

*(1)* Reduced from SGT or above: If reduction was under paragraph 11-61, reduced sentence no longer falls within the original category, the soldier is restored to the former grade and new board action is optional with the reduction authority. If the sentence, as modified, reassessed, or reduced falls within the same subparagraph of paragraph 11-61, no action is necessary.

*(2)* Reduced from SPC and below: soldier is restored to SPC or any intermediate grade, or directed to remain at PV1. The soldier is notified in writing of the decision.

**11-67.Reduction and restoration orders and records**

*a.* Grade restorations and reductions for misconduct and inefficiency (except for Articles 15, UCMJ, or comparable state code, and courts-martial) are announced in orders.

*b.* Cite in orders the reason for reduction, such as inefficiency, the authority, and the paragraph from this chapter under which reduced. When reduction is for misconduct for which proceedings under Article 15, UCMJ, or comparable state code, were conducted, prepare DA Form 2627 (Record of Proceedings under Article 15, UCMJ) per AR 27-10 or use prescribed forms under comparable state regulations.

*c.* The complete reduction action including any appeal is filed in unit records. The reduction order will be filed as a permanent document in the soldier's MPRJ and removed only if the soldier is promoted. Reduction actions that are wholly set aside are not filed in the MPRJ.

PROMOTION ELIGIBILITY ROSTER

UIC: 1ABAA — DATE OF REPORT: 2 JUN 97

UNIT: HQ STARC XX ARNG — SUSPENSE DATE: 31 AUG 97

RANK CONSIDERED: SGM — DATE OF BOARD: 28 SEP 97

| NAME (LAST, FIRST, MI) | SSN | RANK | PMOS | CPMOS |
|---|---|---|---|---|
| BRADLEY VICTOR Y | 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 | MSG | 75H5HA2FR | 75H5 |
| GRIDER EDWARD | 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 | 1SG | 71D5MP500 | 71D5 |
| PHILLIPS LONNIE K JR | 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 | MSG | 12Z5M0000 | 12Z5 |
| WHITE TERRI K | 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 | MSG | 79T50000 | 79T5 |

**Figure 11-1. Sample Promotion Eligibility Roster (PER)**