# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 through 4, and JANE DOES 1 through 3, individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

UNITED STATES OF AMERICA,

Defendant.

CASE NO. 00-644C
**(Chief Judge Damich)**

## PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Richard T. Dorman
CUNNINGHAM, BOUNDS, YANCE, CROWDER & BROWN, LLC
1601 Dauphin Street
Mobile, AL 36664
Tel: (251) 471-6191

Robert Shulman
Helen K. Michael
Alan B. Sutton
HOWREY L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 783-0800
Fax: (202) 383-6610

Charles J. Cooper
David Thompson
COOPER & KIRK, PLLC
555 11th Street N.W., Suite 750
Washington, D.C. 20004

Date: January 19, 2006

*Counsel for Plaintiffs*

Plaintiffs respectfully respond to the government's notice of supplemental authority.[1]

The government cites Section 604 of the 2006 National Defense Authorization Act ("2006 Amendment"), which amends Section 206(d)(1) of Title 37 to apply to members of the National Guard who complete required correspondence courses "while not in federal service," as well as to members of a reserve component. The 2006 Amendment has no bearing on Plaintiffs' entitlement to compensation for completing required correspondence courses under 37 U.S.C. § 206 as it existed at the time the instant suit was filed. The 2006 Amendment is the second amendment to Section 206(d) post-dating November 1, 2000, the date on which Mr. Clark filed this lawsuit. Section 206(d) previously was amended by Section 603 of the 2002 National Defense Authorization Act ("2002 Amendment"). The 2006 amendment is irrelevant because it is an amendment to an amendment altering the preexisting statutory scheme that the Federal Circuit unequivocally has ruled entitles Plaintiffs to compensation for completing required correspondence courses.

In its decision in this case, the Federal Circuit ruled that the 2002 Amendment mooted Mr. Clark's claims for prospective relief and converted the mandatory compensation scheme that existed in the prior statute into a discretionary one. *Clark v. U.S.*, 322 F.3d 1358, 1362 n.1 (Fed. Cir. 2003). The Federal Circuit established as law of the case that 37 U.S.C. § 206, as it existed at the time Mr. Clark filed his complaint, was a money-mandating statute that obligated the Secretary to compensate members of the National Guard who complete required military correspondence courses. *Id.* at 1368. Under the Federal Circuit's decision, subsequent amendments to Section 206 have no effect on Plaintiff's claims for compensation under the preexisting statute.

The law is also clear that the 2006 Amendment cannot properly be construed as evidence of the intent behind the version of Section 206 under which Mr. Clark brought suit. It is well-

---

[1] There appears to be no Court of Federal Claims rule authorizing the government's filing and the government fails to cite any such authority in support of its filing.

settled that an amendment cannot properly be considered evidence of the intent of a prior Congress in enacting a statute. *Dieferderfer v. Merit Systems Protection Board,* 194 F.3d 1275, 1279 (Fed.Cir. 1999).

The law is equally clear that the 2006 Amendment cannot be retroactively applied to modify the statute under which Mr. Clark brought suit. As the Court emphasized in *Landgraf v. Usi Film Prods*., 511 U.S. 244, 270 (1994), "[s]ince the early days of this Court, we have declined to give retroactive effect to statutes burdening private rights unless Congress had made clear its intent." The government's supplemental authority provides no support for its summary judgment motion for these reasons as well.

Respectfully submitted,

/s/ Helen K. Michael

Robert Shulman
Helen K. Michael
HOWREY SIMON ARNOLD &
WHITE, L.L.P.
1299 Pennsylvania Ave., NW
Washington, DC 20004
(202) 783-0800

Richard T. Dorman
CUNNINGHAM, BOUNDS,
YANCE, CROWDER &
BROWN, LLC
1601 Dauphin Street
Mobile, AL 36664
(251) 471-6919

Charles J. Cooper
COOPER & KIRK, P.L.L.C.
1500 K Street, N.W., Ste. 200
Washington, D.C. 20005
(202) 220-9600

Dated: January 19, 2006