# In the United States Court of Federal Claims

No. 00-644 C
(Filed: January 25, 2006)
(Reissued for Publication: February 1, 2006)

***********************************
**WILLIAM A. CLARK, *et al*.,**

Plaintiffs,

v.

**THE UNITED STATES,**

Defendant.
***********************************

Motion for summary judgment military pay; service secretary; correspondence courses; Air National Guard; Army National Guard; 37 U.S.C. § 206; 32 U.S.C. § 502(f); 10 U.S.C. § 10107; statutory interpretation; equivalent training.

*Helen K. Michael*, Howrey Simon Arnold & White, L.L.P., counsel of record for Plaintiffs, with whom were *Robert Shulman, Rachel A. Adams,* and *Alan B. Sutton*, Howrey Simon Arnold & White, L.L.P., *Charles J. Cooper* and *David Thompson*, Cooper & Kirk, P.L.L.C., and *Richard T. Dorman*, Cunningham, Bounds, Yance, Crowder & Brown, LLC.

*Douglas K. Mickle*, Commercial Litigation Branch, Civil Division, United States Department of Justice, counsel of record for Defendant, with whom were *Peter E. Keisler*, Assistant Attorney General, *David M. Cohen*, Director, and *James M. Kinsella*, Deputy Director; of counsel were *Lt. Col. Joseph Fetterman*, *Major Chris Soucie,* and *Major Gary Corn*, United States Army Litigation Division, *Lt. Col. Joseph Wendlberger*, General Litigation Division, United States Air Force, and *Captain Chris Brown*, Office of Chief Counsel, National Guard Bureau.

## OPINION and ORDER

**DAMICH**, Chief Judge.

Before the Court is Defendant's motion for summary judgment (hereinafter "Def.'s Mot."), filed on April 30, 2004, pursuant to Rule 56(b) of the Rules of the United States Court of Federal Claims ("RCFC"). The current plaintiffs, members of the Army National Guard ("ARNG") and Air National Guard ("ANG") of

various states (hereinafter "Plaintiffs"), seek compensation under 37 U.S.C. § 206(a)(2) for time spent completing correspondence courses. Defendant petitions the Court to enter summary judgment in its favor, arguing that Plaintiffs cannot meet their burden of demonstrating that the requirements of the statute have been met. Specifically, Defendant avers that the service secretary for each military branch has no power to require such training, that the secretaries have not prescribed such training, and that correspondence training cannot be considered "equivalent training" under the statute. For the reasons set forth below, and especially because there are questions of fact regarding which courses Plaintiffs took and which ones the secretaries prescribed, Defendant's motion for summary judgment must be DENIED.

## I. Background

The original plaintiff, William A. Clark (hereinafter "Plaintiff" or "Clark"), is a member of the Alabama ARNG. On November 1, 2000, Plaintiff filed a complaint in this court, seeking compensation pursuant to 37 U.S.C. § 206(a), for time spent completing correspondence courses as a member of the ARNG. In February 2001, Defendant filed a motion to dismiss for lack of jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted, citing section 206(d), which provides that section 206(a) "does not authorize compensation for work or study performed by a member of a reserve component in connection with correspondence courses of a uniformed service." Defendant argued that section 206(d) barred Plaintiff's claim, since Plaintiff, by being a member of the Alabama ARNG, is also a member of the Army National Guard of the United States ("ARNGUS"). This Court held that it had jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a), but that Clark's claim must be dismissed as being barred by 37 U.S.C. § 206(d). *See Clark v. United States*, 50 Fed. Cl. 727, 734 (2001).

The Federal Circuit affirmed this Court's holding that it has jurisdiction over this action but reversed the dismissal, holding that 37 U.S.C. § 206(d) does not bar Plaintiff from recovering compensation for time spent taking correspondence courses. In reaching its decision, the Federal Circuit acknowledged Defendant's dual enlistment argument and found that Plaintiff is a member of both the ARNG and the ARNGUS. *Clark v. United States*, 322 F.3d 1358, 1365 (Fed. Cir. 2003). The Court determined that this dual membership, however, is only theoretical, since a member of the National Guard can be a member of only one group at a time. *Id.* (stating that ARNG and ARNGUS are "separate and distinct entities"). Relying upon Supreme Court precedent, the Federal Circuit stated that "members of the national guard only serve the federal military when they are formally called into the military service of the United States. At all other times, National Guard members serve solely as members of the State [militia] . . . ." *Id.* at 1366 (citing *Perpich v. Dept. of Defense*, 496 U.S. 334, 347 (1990) (stating that members of the National Guard "must keep three hats in their closet - a civilian hat, a state militia hat, and an army hat - only one of which is worn at any particular time")). The Federal Circuit held that, when Plaintiff took the correspondence classes, he was not acting in his capacity as a member of the federal ARNGUS, but was instead acting as a member of the state ARNG:

> It thus is clear that Mr. Clark is seeking compensation for correspondence courses taken while in service to the Alabama National Guard and not the National Guard of the United

> States. We therefore conclude that 37 U.S.C. § 206(d) does not bar Mr. Clark's claim for compensation and that, as a matter of law, his complaint is sufficient to state a cause of action under 37 U.S.C. § 206(a).

*Id.* at 1368. After determining that Plaintiff's claim was sufficient under 37 U.S.C. § 206(a), the Federal Circuit set forth the remaining issues for this Court to decide: "On remand, of course, Mr. Clark must establish which classes the Secretary of the Army *required*, if any, and which classes he took to satisfy those requirements." *Id.* at 1368 (emphasis added).[1]

On remand, Plaintiff amended his complaint to add other members of the ARNG and the ANG as Plaintiffs. Defendant then noted its intent to file a dispositive motion; this Court allowed Defendant to file its motion, but limited the issues Defendant could address. After a lengthy period of discovery and protective order proceedings, Plaintiff filed its Brief in Opposition to Defendant's Motion for Summary Judgment (hereinafter "Pl.'s Opp'n"). The Court now addresses Defendant's motion.

## II. Legal Standard

Summary judgment is appropriate in cases in which there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. RCFC 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Accordingly, the movant bears the initial burden of proof. If the movant meets that burden, the nonmovant can still prevail by proving that there are genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Any doubts regarding factual issues must be resolved in favor of the non-moving party, and all inferences must be drawn in its favor. *See Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 145 F.3d 1303, 1307 (Fed. Cir. 1998); *Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 773 (Fed. Cir. 1995).

## III. Analysis

In an order dated March 19, 2004, the Court set forth the issues to be addressed by the parties:

1. Whether, as a matter of law, Plaintiff performed correspondence work while "not entitled to basic pay" within the meaning of 37 U.S.C. §§ 204[2] and 206.[3]

---

[1] Based upon this statement, this Court interprets the phrase "as the secretary may *prescribe*" in § 206(a)(2) to mean "as the secretary may *require*." (emphasis added).

[2] Section 204 deals with service members' entitlement to basic pay.

[3] Section 206 is set forth in Part III.A., *supra*.

2. Whether, as a matter of law, the correspondence courses Plaintiff took qualify as a "regular period of instruction, or period of appropriate duty" under 37 U.S.C. § 206(a)(1) or "equivalent training, instruction, duty, or appropriate duties" under 37 U.S.C. § 206(a)(2).

(Footnotes added). Regarding the first issue, Defendant has stated that, "for the purposes of this motion the United States assumes that Mr. Clark did not work on any correspondence course during any periods of military duty for which he was 'entitled to basic pay.'" Def.'s Mot. at 1 n.1. Therefore, only the second issue remains, although other relative questions will also be discussed in this opinion, since the answers to those questions are necessary for determining the outcome of the second issue. The Court thus addresses the following issues: (1) whether the secretaries of the ARNG and ANG have authority to prescribe training through correspondence courses for members of the National Guard[4]; (2) whether the secretaries required Plaintiffs to take the specific classes at issue; (3) whether training through correspondence is a "regular period of instruction, or period of appropriate duty" under 37 U.S.C. § 206(a)(1) or "equivalent training, instruction, duty, or appropriate duties" under 37 U.S.C. § 206(a)(2); and (4) whether the correspondence courses Plaintiffs took meet the requirements of 37 U.S.C. § 206(a)(1) or § 206(a)(2).

For the reasons set forth below, the Court holds that (1) the secretaries had authority to prescribe individual equivalent training for Plaintiffs; (2) whether the secretaries have prescribed such training is a mixed question of fact and law and therefore cannot be decided at this time; (3) the fact that Plaintiffs' training was carried out via correspondence courses does not prevent that training from meeting the requirements of section 206(a); and (4) whether Plaintiffs' courses qualified as a "regular period of instruction, or period of appropriate duty" or "equivalent training, instruction, duty, or appropriate duties" is a mixed question of fact and law and thus cannot be decided at this time. Summary judgment must thus be denied.

**A. The Secretaries' Authority**

According to 37 U.S.C. § 206:

(a) Under regulations prescribed by the Secretary concerned, and to the extent provided for by appropriations, a member of the National Guard or a member of a reserve component of a uniformed service who is not entitled to basic pay . . . , is entitled to compensation . . .

(1) for each *regular period of instruction*, or period of appropriate duty, at which the member is engaged for at least two hours . . . ; or

[4] The term "National Guard" encompasses all members of the ARNG and ANG. The parties were not required to address the issue of the secretaries' authority; however, Defendant did so in its motion, so the Court will examine the issue in this opinion.

> (2) for the performance of such other *equivalent training*, instruction, duty, or appropriate duties, *as the Secretary may prescribe*.

(Emphasis added). Defendant avers that 37 U.S.C. § 206 "is purely a compensation provision and confers no authority on the service secretaries to order training of any kind." Def.'s Mot. at 36 n.31. Although Defendant argues that 37 U.S.C. § 206 confers no authority, defendant does note that the secretaries have authority to prescribe unit training under Title 32[5] and "for the purpose of maintaining a reserve force prepared to execute Federal missions." Def.'s Mot. at 37. Defendant relies on "the long history governing the National Guard and Federal compensation" for its argument that the secretaries lack authority to prescribe individual training for National Guard members acting in their capacity as state militia. Def's. Mot. at 37.

**1. Unit Training**

Defendant avers that the National Guard secretaries lack the power to prescribe correspondence training because the training would be individual, not unit, training. According to Defendant, "various provisions in the United States Code evidence Congress' [sic] view that individuals serve as members of the National Guard **only** when performing duties pursuant to and in furtherance of Title 32." Def.'s Mot. at 36 (emphasis in original). However, the plain meaning of the statute is the key tool in determining congressional intent, and the statutes here support the conclusion that Congress did intend for the secretaries to have the power to require individual training of National Guardspeople, in addition to unit training. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756 (1975); *McEntee v. MSPB*, 404 F.3d 1320, 1328 (Fed. Cir. 2005) (citation omitted) ("Statutory interpretation begins with the language of the statute, the plain meaning of which we derive from its text and its structure."). Although the authority Defendant cites in its motion for summary judgment stands for the proposition that Congress has provided federal compensation for unit training for many years, none of the binding law cited indicates that the secretaries are not authorized to prescribe individual training for National Guard members or that individual training is non-compensable. *See* Def's. Mot. at 5-19. Most telling, however, is the language of 32 U.S.C. § 502(f), which states,

> (f) Under regulations *to be prescribed by the Secretary* of the Army or Secretary of the Air Force . . . , *a member* of the National Guard may –
>
> . . .
>
> (2) with his consent, *either with or without pay* or allowances;
>
> be ordered to perform training or other duty *in addition to* that prescribed under subsection (a) [unit training].

---

[5] Title 32 governs the National Guard in general.

(Emphasis added). The wording of this statute makes it clear that the secretaries do have the power to prescribe individual training with pay. First, the phrases "to be prescribed by the Secretary" and "a member" make it clear that the secretaries can require a *single* National Guardsperson to participate in training, and subsection (2) makes it clear that it is possible for a Guardsperson to receive pay for this training. Furthermore, the fact that this individual training is "in addition to" that required under subsection (a), which deals with unit training, makes it clear that Congress did not intend for subsection (f) training to be the same as subsection (a) training, as that would make subsection (f) redundant. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (stating that one of the "cardinal principle[s] of statutory construction" requires that statutes be construed so that "no clause, sentence or word shall be superfluous, void, or insignificant") (citations omitted); *United States v. Alaska*, 521 U.S. 1, 59 (1997).

Additionally, section 206(a) provides for payment when "*a member* of the National Guard" performs certain types of training, once again evincing Congress's intent to allow compensation for individual training.

### 2. Federal Purpose

Defendant next argues that Congress only appropriated federal funds for training "for the purpose of maintaining a federal reserve force prepared to execute federal missions." Def.'s Mot. at 37. Therefore, Defendant maintains, Plaintiffs cannot be compensated, as the Federal Circuit held that Plaintiff Clark was acting as a member of the Army National Guard when he took his correspondence courses. *Id.* at 38. However, the Federal Circuit also quoted 10 U.S.C. § 10107 in that opinion: "When not on active duty, members of the Army National Guard of the United States shall be administered, armed, equipped, and trained in their status as members of the Army National Guard." 322 F.3d at 1368. Since members of the ARNGUS are *only* trained in their status as members of the ARNG or ANG, they are still acting "for the purpose of maintaining a federal reserve force" when they are being trained as ARNG or ANG members. Therefore, the Court is not persuaded by Defendant's argument.

In addition, in instructing this Court which issues to address on remand, the Federal Circuit did not raise the issue of secretarial authority. *See Clark*, 322 F.3d at 1368 (stating that, on remand, Plaintiff "must establish which classes the secretary required, if any, and which classes he took to satisfy those requirements"). The Federal Circuit's holding implicitly suggests that the court found that the secretaries are authorized to prescribe such training, and that on remand, in order to receive such compensation, Plaintiff need only demonstrate that the secretaries exercised this authority by requiring such training.

## B. Classes The Secretaries' Prescribed

Next, the Court must consider whether the service secretaries have prescribed correspondence courses for Plaintiffs. *See Clark*, 322 F.3d at 1368. The Court finds that more factual knowledge is necessary before this issue can be resolved. Factual issues that still need to be resolved are (1) whether the service secretaries *actually* prescribed correspondence courses for Plaintiffs, and, if so, (2) which of these correspondence courses Plaintiffs actually took. *Id.* at 1368 (stating that Plaintiff "must establish which

classes the Secretary of the Army required, if any, and which classes [Plaintiffs] took to satisfy those requirements."). Therefore, the Court denies summary judgment on this issue.

### C. Compensable Training

Defendant also argues that correspondence courses are not a form of "equivalent training"[6] under 37 U.S.C. § 206(a)(2).[7] In support, Defendant asserts that the term "equivalent training," as used in the statute, is a term of art taken from the National Guard Regulations. Def's. Mot. at 25 (citing National Guard Regulation (AR) 350-1, ¶ 2-1(d)(7)). Defendant further argues that, in order to qualify as "equivalent training," such training must satisfy four National Guard requirements set forth in NGR (AR) 350-1, ¶ 2-1(d)(7). Def's. Mot. at 25. Defendant claims that defining "equivalent training" as a term of art should resolve this issue under the summary judgment standard because Plaintiffs have failed to meet the four National Guard requirements for "equivalent training." For the reasons set forth below, the Court finds these arguments unpersuasive.

Defendant cites section 37 U.S.C. § 206(e) and NGR(AR) 350-1, ¶ 2-1(d)(7)(a) for the proposition that National Guard policies (1) treat "equivalent training" as a form of substitute training, and (2) mandate that members can only receive compensation for four periods of such training per fiscal year. Def.'s Mot. at 25. However, Defendant's argument does not consider all of the language of 37 U.S.C. § 206(e), which says only that a member of the National Guard "may not be paid . . . for more than four periods of equivalent training . . . performed during a fiscal year *instead of* the member's regular period of instruction." (emphasis added). The "instead of" language adds a whole new meaning to subsection (e). If Congress had intended the term "equivalent training," to be defined as "substitute"[8] training, as urged by the Government, the words "instead of" would be redundant. The Court cannot interpret the statute in the way Defendant urges because, as the Supreme Court has held, courts should "avoid an interpretation of a statute that renders some words altogether redundant." *See supra* Part III.A. In addition, the requirements of NGR(AR) 350-1, ¶ 2-1(d)(7)(a) do not apply, as there is no indication in the regulation that training in place of regular training (*i.e.* training that can be "made up") is the full definition of "equivalent training."

Finally, Congress implicitly indicated that correspondence training is a form of compensable training under the statute when it differentiated the reserve component, which the Federal Circuit has held does not encompass the National Guard, from the National Guard itself. 37 U.S.C. § 206(d) ("This section does not

---

[6] As both parties refer to "the performance of such other equivalent training, instruction, duty, or appropriate duties" in shorthand as "equivalent training," so will the Court.

[7] Since Plaintiff has not challenged Defendant's claim that correspondence courses fail to qualify as "regular period[s] of instruction, or period[s] of appropriate duty," the Court holds that correspondence courses are not compensable under 37 U.S.C. § 206(a)(1).

[8] Substitute is defined as "in place of another." *See* 37 U.S.C. § 101.

authorize compensation for work or study performed by a member of a reserve component in connection with correspondence courses of an armed force.");[9] 37 U.S.C. § 206(a) (discussing compensation for training by "a member of the National Guard *or* a member of a reserve component") (emphasis added); *see also Clark*, 322 F.3d at 1367 ("To include a National Guard member in a reserve component for the purposes of section 206(d) when he is in service to the state National Guard would be to treat that member as a federal employee, and not as a state serviceman, and would be contrary to that law."). Since the parties agree that correspondence training is not a regular period of instruction, and since the Court herein determines that correspondence courses can be included in section 206(a) compensation, training via correspondence courses must be capable of qualifying as equivalent training. It is thus evident that application of the statute can extend to correspondence course training, and the fact that Plaintiffs are claiming entitlement to compensation for those courses does not automatically defeat Plaintiffs' claims.[10]

Such a finding also comports with a plain English interpretation of the statute. Under a plain English interpretation, "equivalent," as used, simply means "equal in force, amount, or value." *See* Merriam-Webster's Collegiate Dictionary 392 (10th ed. 2001); *see also* The American Heritage College Dictionary 465 (3d ed. 1997) (defining "equivalent" as, "[e]qual, as in value, force, or meaning"). A review of the relevant National Guard regulations, which govern both regular instruction (in-resident instruction) and non-resident (correspondence) instruction, indicate that the training received through correspondence is "equal" to regular in-resident training.[11]

---

[9] This is the language of the statute as of the date that Plaintiff filed this lawsuit. A clarification of this language has recently been issued. *See* Part IV, *infra*.

[10] It is noteworthy that the Federal Circuit's directions to this Court on remand do not specifically state that this Court must determine whether correspondence courses are a form of "equivalent training." 322 F.3d at 1368.

[11] The following regulations suggest that the training via correspondence is equivalent to training received from regular in-resident instruction: NGR 351-1 § 7-6 (Nov. 16, 1987) (stating that the "successful completion of Army nonresident correspondence instruction is considered on an *equal* level of attainment with resident instruction") (emphasis added); NGR 351-1 §§ 3-8, 1-12, 1-9(a)(7) (Nov. 16, 1987) (implying that such training should be treated as equal to regular in-resident training); AFI 36-2301 § 2.7.9. (June 27, 2002) (providing that the Air Force organization responsible for administering the Professional Military Education program must "ensure nonresident programs mirror resident programs to the extent practical); AUOI-H Study Series NR 16, History of the Extension Institute § 2-3 (1996) (stating that the Air Force Institute was designed to "provide for personnel . . . a progressive non-resident course of instruction paralleling, as far as practicable, the resident Air Force educational system").

### D. Plaintiffs' Correspondence Courses

The final issue is whether the correspondence courses that Plaintiffs actually took meet the requirements of 37 U.S.C. § 206(a)(1) or § 206(a)(2). The Court finds that more factual knowledge is necessary before the issue can be resolved. As stated in Part III.B., *supra*, the Court cannot rule on this issue until it learns (1) whether the service secretaries *actually* prescribed such training *for Plaintiffs*, and, if so, (2) *which* of those correspondence courses Plaintiffs actually took. *Clark*, 322 F.3d at 1368 (stating that Plaintiff "must establish which classes the Secretary of the Army required, if any, and which classes [Plaintiffs] took to satisfy those requirements."). Therefore, the Court denies summary judgment on this issue.

## IV. Conclusion

Since there are genuine issues of material fact regarding which correspondence courses the secretaries prescribed for Plaintiffs and which ones Plaintiffs took, it is hereby ORDERED that Defendant's Motion for Summary Judgment is DENIED.

It is further ORDERED that, on or before **February 17, 2006**, the parties shall file a Joint Status Report, indicating the manner in which they propose to proceed with this action and explaining each party's interpretation of the supplemental authority[12] that was brought to the Court's attention on January 11, 2006.[13] A status conference regarding these issues will be held on **February 27, 2006,** at 2:00 pm Eastern Time. This conference will be held on the record. All parties shall appear by telephone for the status conference. One business day before the conference, counsel shall call the judicial assistant to Chief Judge Damich, Ms. Shirley Scott, at (202) 357-6483 to provide the number where he or she can be reached.[14]

s/Edward J. Damich
EDWARD J. DAMICH
Chief Judge

---

[12] "Section 206(d)(1) of Title 37, United States Code, is amended by inserting after 'reserve component' the following: 'or by a member of the National Guard while not in Federal service.'" National Defense Authorization Act for Fiscal Year 2006, H.R. 1815, 109th Cong. § 604 (2005) (enacted); *see also* H.R. Conf. Rep. No. 109-360, at 155 (2005). The parties shall address the effect of this amendment on each current or future plaintiff's case.

[13] Plaintiff filed a response to Defendant's notice of supplemental authority on January 19, 2006.

[14] This document was reissued for publication on February 1, 2006, pursuant to a Joint Report filed by the parties, dated January 31, 2006. The Joint Report stated that the opinion, originally filed under seal, could be published in full.