**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **WILLIAM A. CLARK, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 00-644C** |
| | ) | **(Judge Firestone)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law, and characterizations of plaintiffs' case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Admits that the Secretary of Defense, the Secretary of the Army, and the Secretary of the Air Force have promulgated regulations that set forth training guidance for members of the Army and Air Force National Guard of the United States. Admits the allegations contained in paragraph 2 to the extent supported by the regulations cited by plaintiffs, NGR(AR) 600-200 or ANGI 36-2502, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 are conclusions of law, and characterizations of plaintiffs' case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 are conclusions of law, and characterizations of plaintiffs' case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 are conclusions of law, and characterizations of plaintiffs' case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. Denies that correspondence courses are required. Admits that many correspondence courses are comprised of sub-courses and that a service member must complete a designated sub-course to complete a correspondence course. Denies the allegation contained in the third sentence for lack of knowledge or information sufficient to form a belief as to its truth.

7. Denies that the National Guard Bureau headquarters keeps records of the correspondence courses completed by its members. Denies that the National Guard Bureau allots a certain amount of time for the member to complete each course and sub-course. Defendant avers that the National Guard does keep records of the correspondence courses completed by its members. Denies the allegations contained in the second sentence of paragraph 7, but avers that retirement points are awarded to members of the National Guard of the United States. Admits the allegations in the third sentence of paragraph 7 to the extent that based upon their respective state's policies, enlisted members of certain state militias in the National Guard maybe awarded promotion points for successfully completing correspondence courses and sub-courses. Denies the allegations contained in the fourth sentence of paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the applicable appropriations acts, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the appropriation act cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The phrase “prescribe a required regimen for National Guard drills and field training exercises” is undefined and is too vague to permit a response. Defendant avers that pursuant to various sections in Title 32, United States Code, and consistent with governing Department of Defense ("DoD") regulations, the Secretary of the Army and Secretary of the Air Force have prescribed regulations delineating the categories of authorized training and the minimum standards required to qualify as Inactive Duty Training (“IDT”).

11. The allegations contained in paragraph 11 are conclusions of law, and characterizations of plaintiffs’ case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 are conclusions of law, and characterizations of plaintiffs’ case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The phrase “train pursuant to the discipline prescribed by Congress” is undefined and is too vague to permit a response.

14. The allegations contained in paragraph 14 constitute conclusions of law and plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Admits the allegations contained in paragraph 15, except the allegation that correspondence course work was "required."

16. Admits the allegations contained in the first sentence of paragraph 16 except the words "without military pay." Defendants admits to the allegations set forth in the second sentence of paragraph 16. Defendant denies the allegations set forth in the third sentence of paragraph 16.

17. Admits the allegations contained in the first sentence of paragraph 17. Admits the allegations contained in the second and third sentences of paragraph 17, except for: the allegation that the correspondence courses were completed without military pay, which we deny for lack of knowledge or information sufficient to form a belief as to its truth; and the allegation that correspondence courses or sub-courses are required, which we deny.

18. Admits that completion of BCNOC was necessary for plaintiff Clark to advance to staff sergeant in the Army National Guard of the United States. Denies the remainder of the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Admits the allegations contained in the first and second sentence of paragraph 19. Admits the allegations contained in the third sentence of paragraph 19, except for: the allegation that the correspondence courses were completed without military pay, which we deny for lack of

knowledge or information sufficient to form a belief as to its truth; and the allegation that correspondence courses or sub-courses are required, which we deny.

20. Admits that the courses listed in paragraph 19 were necessary for plaintiff Davern to advance in rank in the Air National Guard of the United States ("ANGUS"). Denies the remainder of paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Admits the allegations contained in the first two sentences of paragraph 21. Admits the allegations contained in the third sentence of paragraph 21, except for: the allegation that the correspondence courses were completed without military pay, which we deny for lack of knowledge or information sufficient to form a belief as to its truth; and the allegation that correspondence courses or sub-courses are required, which we deny.

22. Denies.

23. Admits the allegations contained in the first two sentences of paragraph 23. Admits the allegations contained in the third sentence of paragraph 23, except for: the allegation that the correspondence courses were completed without military pay, which we deny for lack of knowledge or information sufficient to form a belief as to its truth; and the allegation that correspondence courses or sub-courses are required, which we deny

24. Denies.

25. Admits the allegations contained in the first two sentences of paragraph 25. Admits the allegations contained in the third sentence of paragraph 25, except for: the allegation that the correspondence courses were completed without military pay, which we deny for lack of

knowledge or information sufficient to form a belief as to its truth; and the allegation that correspondence courses or sub-courses are required, which we deny

26. Denies.

27. The allegations contained in paragraph 27 are conclusions of law, and characterizations of plaintiffs' case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. Admits the allegations contained in the first two sentences of paragraph 28. Admits the allegations contained in the third sentence of paragraph 28, except for: the allegation that the correspondence courses were completed without military pay, which we deny for lack of knowledge or information sufficient to form a belief as to its truth; and the allegation that correspondence courses or sub-courses are required, which we deny. Denies the allegation set forth in sentence four of paragraph 28 for lack of knowledge or information sufficient to form a belief as to its truth.

29. Admits that successful completion of the Warrant Officer Advanced Course was necessary to advance in rank in the Army National Guard of the United States. Denies the remaining allegations set forth in paragraph 29.

30. Admits the allegations contained in the first two sentences of paragraph 30. Admits the allegations contained in the third sentence of paragraph 30, except for: the allegation that the correspondence courses were completed without military pay, which we deny for lack of knowledge or information sufficient to form a belief as to its truth; and the allegation that correspondence courses or sub-courses are required, which we deny.

31. Denies.

32. Admits the allegations contained in the first two sentences of paragraph 32. Admits the allegations contained in the third sentence of paragraph 32, except for: the allegation that the correspondence courses were completed without military pay, which we deny for lack of knowledge or information sufficient to form a belief as to its truth; and the allegation that correspondence courses or sub-courses are required, which we deny.

33. Denies.

34. Admits the allegations contained in the first two sentences of paragraph 34. Admits the allegations contained in the third sentence of paragraph 34, except for: the allegation that the correspondence courses were completed without military pay, which we deny for lack of knowledge or information sufficient to form a belief as to its truth; and the allegation that correspondence courses or sub-courses are required, which we deny.

35. Denies.

36. Admits the allegations contained in the first two sentences of paragraph 36. Admits the allegations contained in the third sentence of paragraph 36, except for: the allegation that the correspondence courses were completed without military pay, which we deny for lack of knowledge or information sufficient to form a belief as to its truth; and the allegation that correspondence courses or sub-courses are required, which we deny.

37. Admits that the NCO Leadership Course was necessary for Ms. Doe 1 to advance in rank in the Air National Guard of the United States. Denies the remaining allegations set forth in paragraph 37.

38. Admits the allegations contained in the first two sentences of paragraph 38. Admits the allegations contained in the third sentence of paragraph 38, except for: the allegation that the

correspondence courses were completed without military pay, which we deny for lack of knowledge or information sufficient to form a belief as to its truth; and the allegation that correspondence courses or sub-courses are required, which we deny.

39. Denies.

40. Admits the allegations contained in the first two sentences of paragraph 40. Admits the allegations contained in the third sentence of paragraph 40, except for: the allegation that the correspondence courses were completed without military pay, which we deny for lack of knowledge or information sufficient to form a belief as to its truth; and the allegation that correspondence courses or sub-courses are required, which we deny.

41. Denies.

42. The allegations contained in paragraph 42 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

45. The allegations contained in paragraph 45 are conclusions of law, and characterizations of plaintiffs' case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

46. Denies the allegations contained in the first sentence of paragraph 46 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The phrase "time consuming" is undefined and is too vague to permit a response. The United States avers that correspondence courses take time to complete and that the amount of time an individual takes to complete a correspondence course depends upon the individual. Denies the allegations contained in the second sentence of paragraph 46 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

47. Denies the allegations contained in the first sentence of paragraph 47. Admits the allegations contained in the second sentence of paragraph 47, and further avers that National Guard members also are eligible to complete training in residence. Admits the allegations contained in the third sentence of paragraph 47, assuming that the term "active status" means "active duty status," otherwise denies the allegation in the third sentence of paragraph 47.

48. Denies.

49. The allegations contained in paragraph 49 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 constitute plaintiffs' characterization of their case, to which no answer is required.

53. The allegations contained in paragraph 53 are conclusions of law, and characterization of their case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

54. The allegation contained in the first sentence of paragraph 54 is a conclusions of law, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied. Defendant admits the allegations set forth in the second sentence to paragraph 54.

55. The allegations contained in the first sentence of paragraph 54 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

57. The allegation contained in the first sentence of paragraph 57 is a conclusion of law, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied. Denies the allegations contained in the second sentence of paragraph 57 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

58. Denies the allegations contained in paragraph 58 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

59. The allegations contained in paragraph 59 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

60. Admits.

61. The allegations contained in paragraph 61 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

62. The allegations contained in paragraph 62 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

63. The allegations contained in paragraph 63 are conclusions of law, and characterizations of plaintiffs' case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

64. Admits that the Secretary of the Army and the Secretary of the Air Force have prescribed regulations that establish what constitutes successful completion of correspondence courses. Admits that the defendant maintains records of the correspondence courses taken by National Guard members. Denies the correspondence courses are required.

65. Defendant admits that correspondence courses have a corresponding number of curriculum credits assigned to them. The remaining allegations contained in paragraph 65 are conclusions of law, and characterizations of plaintiffs' case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

66. The allegations contained in paragraph 66 are conclusions of law, and characterizations of plaintiffs' case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

67. Defendant's responses to paragraphs 1 through 66 of the complaint are incorporated by reference.

68. The allegations contained in paragraph 68 are conclusions of law, and characterizations of plaintiffs' case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

69. The allegations contained in paragraph 69 are conclusions of law, and characterizations of plaintiffs' case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

70. The allegation contained in paragraph 70 is a conclusion of law, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

71. The allegation contained in paragraph 71 is a conclusion of law, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

72. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 71, or to any relief whatsoever.

73. Denies each and every allegation not previously admitted or otherwise qualified.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' claims seeking compensation for completing correspondence courses prior to November 1994, are barred by the statute of limitations.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

OF COUNSEL:
LT. COL. JOSEPH FETTERMAN
MAJOR CHRIS SOUCIE
United States Army Litigation Division
Arlington, VA

MAJOR TRACEY ROCKENBACH
United States Air Force
General Litigation Division

MAJOR CHARLES YOUNG
National Guard Bureau
Office of Chief Counsel

June 12, 2006

s/ Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
National Courts
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
United States Department of Justice
Washington, D.C. 20530
Tel. (202) 307-0383
Fax (202) 353-7988

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on June 12, 2006, a copy of the foregoing "**DEFENDANT'S ANSWER**" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas K. Mickle
Douglas K. Mickle