IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 through 4, and JANE DOES 1 through 3, individually, and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | CASE NO. 00-644C (Judge Firestone) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**SECOND AMENDED COMPLAINT**

**Nature of the Action**

COMES NOW, William A. Clark, an adult resident citizen of Baldwin County, Alabama, James P. Davern, an adult resident of St. Louis County, Minnesota, Robert E. Freeburg, an adult resident of Honolulu County, Hawaii, Willie R. Johnson, an adult resident of Sampson County, North Carolina, Robert A. Mustin, an adult resident of Baldwin County, Alabama and John Does 1 through 4 and Jane Does 1 through 3, individually, and on behalf of all others similarly situated, and complain against the United States of America as follows:

1. This action is filed as a class action seeking monetary relief for compensation due but not paid for certain kinds of instruction, training or duty the Army National Guard and Air Force National Guard of the various states (collectively the "National Guard") are required to undertake, for among other reasons:

   a. to remain or advance in grade;

   b. to enter or advance in military occupational specialties or specialty codes; or,

   c. to obtain or retain certain positions of responsibility.

By statute, members of the National Guard who are not entitled to active duty pay are entitled to compensation "for each regular period of instruction" or "for the performance of such other equivalent training, instruction, duty or appropriate duties, as the Secretary may prescribe." 37 U.S.C. § 206(a).

2. Regulations have been promulgated under the authority of the Secretary of Defense, the Secretary of the Army, and the Secretary of the Air Force requiring members of the National Guard to undergo specified courses of military training, instruction or duty. *See*, *e.g*., NGR(AR) 600-200; ANGI 36-2502.

3. National Guard members are required to take many courses of instruction, training or duty through correspondence coursework. As an example, all Guard members are required to successfully complete military education courses to remain or advance in certain grades. The vast majority of Guard members must fulfill these training requirements by correspondence. Failure to complete these requirements makes Guard members ineligible for promotion to certain grades, and, after performing a sufficient number of years service, such failure dramatically increases the likelihood of involuntary separation from the National Guard.

4. Guard members are also required to complete correspondence courses to enter or advance in military occupational specialties or specialty codes. As an example, the website for Air University, the Air Force organization that manages its correspondence course program, identifies the correspondence courses that are required for members of the Air Guard to advance in their particular Air Force Specialty Code ("AFSC"). The website lists various AFSCs and identifies the correspondence courses, called Career Development Courses ("CDC,") that are required for members to advance within their AFSC. *See* http://www.maxwell.af.mil/au/afiadl/main.htm. One of the restrictions for Air Guard members to enroll in a CDC is that the course must be required. In this regard, the Air University website provides:

> Air Force Active Duty, National Guard, and Air Reserve enlisted personnel may not enroll voluntarily in a CDC. This restriction applies to all federal

> employees who have military affiliation as a member of the Air Force Reserve. All CDC enrollments for Active Duty Air Force, Air National Guard and Air Force Reserve enlisted personnel will be submitted through the training office utilizing the MILPDS and PC III, and must be mandatory.

*See* http://www.maxwell.af.mil/au/afiadl/curriculum/catalog/html/restrictions.htm.

5. Guard members are also required to complete correspondence courses to obtain or retain certain positions of responsibility, irrespective of occupational specialty or specialty code. Examples of such courses include, but are not limited to, the Commanders Safety Course and the Combat Lifesaver Course. The Secretary of the Army and the Secretary of the Air Force require Guard members to complete such courses based upon the responsibilities those Guard members have within their units.

6. Many required correspondence courses are comprised of sub-courses. To complete these courses successfully, Guard members must also complete all sub-courses. The completion of correspondence courses and sub-courses can require a substantial amount of a Guard member's time.

7. The National Guard Bureau keeps records of the correspondence courses completed by its members and in fact allots a certain amount of time for the member to complete each course and sub-course. The National Guard Bureau, the Secretary of the Army, and the Secretary of the Air Force award retirement points to Guard members who successfully complete required correspondence courses and sub-courses. In addition, enlisted members of the National Guard are awarded promotion points for successfully completing required correspondence courses and sub-courses. The government thereby acknowledges that completion of these courses requires Guard members to devote time to the courses while they are not on active duty or on drill status for which they do receive military pay.

8. Each year, Congress appropriates funds to pay for the training and instruction of National Guard members.

9. Congress appropriates specific monies for (1) National Guard Personnel, Army, "For pay, allowances, clothing, subsistence, gratuities, travel, and related

expenses for personnel of the Army National Guard on duty under…or while undergoing training, or while performing drills, or equivalent duty or other duty,….”; and (2) National Guard Personnel, Air Force, “For pay, allowances, clothing, subsistence, gratuities, travel, and related expenses for personnel of the Air Force National Guard on duty under. . .or while undergoing training, or while performing drills or equivalent duty or other duty,….” Department of Defense Appropriations Act, 2004, Pub. L. No. 108-87, 117 Stat. 1054 (2003).

10. Federal statutes prescribe a required regimen for National Guard drills and field training exercises. *See* 32 U.S.C § 502.

11. In addition to these specific drills and field exercise requirements section 502(f), also and consistent with 37 U.S.C. § 206(a), expressly requires that, when Guard members are required “without” their “consent” to perform training in addition to the annual drill and exercise requirements specified by Section 502(a), such members are entitled to “the pay and allowances provided by law.” 32 U.S.C. § 502(f)(1).

12. Despite these statutes and regulations, National Guard members have not been compensated for the significant amounts of time necessary to complete required correspondence courses, including all sub-courses.

13. Plaintiffs, who are all state guard members, pursuant to the Second Militia Clause of the United States Constitution and titles 32 and 37 of the United States Code, train pursuant to the discipline prescribed by Congress as members of their state national guards.

14. Plaintiffs and the class seek compensation to which they are entitled for completing required correspondence courses as members of their respective state national guards.

**Parties**

15. Plaintiff, William A. Clark (hereinafter “Clark”), is a Staff Sergeant in the Alabama National Guard. He has been in the National Guard since on or about April,

1987. Prior to October 7, 1999, Mr. Clark was enrolled in a required correspondence course, Phase II of the Basic Non-Commissioned Officer Course ("BNCOC"). Mr. Clark successfully completed some, but not all, of the sub-courses for BNCOC by correspondence without military pay.

16. On October 7, 1999, Mr. Clark was reduced in grade from Staff Sergeant, Army Enlisted Grade 6 or "E6," to Sergeant, Army Enlisted Grade 5 or "E5," for failure to complete, without military pay, all of the sub-courses of BNCOC. The reason given for the reduction in grade was "Failure to successfully complete NCO Course (BNCOC PH II) which was a condition of promotion." (Alabama Army National Guard ORDERS 280-009). BNCOC Phase II was available to Mr. Clark only as a correspondence course.

17. Mr. Clark was conditionally promoted back to Staff Sergeant on or about January 2002, pending completion of BNCOC. Mr. Clark successfully completed all sub-courses of BNCOC Phase II by correspondence without pay by on or about May 2002. Mr. Clark has successfully completed other required correspondence courses, including any and all required sub-courses, without military pay.

18. Plaintiff Clark, along with other similarly situated plaintiffs, was required to take these courses, for among other reasons, to advance in rank, to enter or advance in his military occupational specialty, and/or to obtain or retain certain positions of responsibility.

19. Plaintiff, James P. Davern (hereinafter "Davern"), is a Fuels Specialist and a Master Sergeant in the Minnesota Air National Guard. He has been in the National Guard since on or about November 1981. Throughout his National Guard career, Mr. Davern successfully completed several required correspondence courses, including but not limited to the Non-Commissioned Officer ("NCO") Leadership Course and the Senior NCO Leadership Course and any and all required sub-courses, without military pay.

20. Plaintiff Davern, along with other similarly situated plaintiffs, was required to take these courses, for among other reasons, to advance in rank, to enter or advance

in his military occupational specialty, and/or to obtain or retain certain positions of responsibility.

21. Plaintiff, Robert E. Freeburg (hereinafter "Freeburg"), is a retired Lieutenant Colonel in the Hawaii Air National Guard. Before he retired, Mr. Freeburg had been in the Air National Guard since on or about July 1991. Throughout his National Guard career, Mr. Freeburg successfully completed several required correspondence courses, including but not limited to Air Command and Staff College and any and all required sub-courses, without military pay.

22. Plaintiff Freeburg, along with other similarly situated plaintiffs, was required to take these courses, for among other reasons, to advance in rank, to enter or advance in his military occupational specialty, and/or to obtain or retain certain positions of responsibility.

23. Plaintiff, Willie R. Johnson (hereinafter "Johnson"), is a retired Brigadier General in the North Carolina Army Guard. Before he retired, Mr. Johnson had been in the National Guard since on or about June 1963. Throughout his National Guard career, Mr. Johnson successfully completed several required correspondence courses, including but not limited to required correspondence courses and any and all required sub-courses in the Army War College, without military pay.

24. Plaintiff Johnson, along with other similarly situated plaintiffs, was required to take these courses, for among other reasons, to advance in rank, to enter or advance in his military occupational specialty, and/or to obtain or retain certain positions of responsibility.

25. Plaintiff, Robert A. Mustin (hereinafter "Mustin"), is a Sergeant First Class in the Alabama National Army Guard. He has been in the National Guard since on or about January 1975. Throughout his National Guard career, Mr. Mustin successfully completed several required correspondence courses, including but not limited to

required correspondence courses and any and all required sub-courses in the Mechanical Maintenance Senior NCO Course, without military pay.

26. Plaintiff Mustin, along with other similarly situated plaintiffs, was required to take these courses, for among other reasons, to advance in rank, to enter or advance in his military occupational specialty, and/or to obtain or retain certain positions of responsibility.

27. Certain plaintiffs, identified as "Does" below, are pursuing this action anonymously owing to their fears of retaliation, unfavorable work assignments, reassignments, negative performance evaluations, denied reenlistments, unit disfavor, pretextual termination, and other stigma, prejudice or bias associated with pursuit of a legal action against the United States. These plaintiffs face very concrete harms if their identities are revealed. Thus, certain plaintiffs are proceeding anonymously under the pseudonyms John and Jane Doe.

28. Plaintiff, John Doe 1, is a warrant officer in the Mississippi Army National Guard. He has been in the National Guard since the 1980s. Throughout his National Guard career, Mr. Doe 1 successfully completed several required correspondence courses, including but not limited to the Warrant Officer Advanced Course and any and all required sub-courses, without military pay. Military officials have denied Mr. Doe 1's repeated requests to take "in residence" training programs instead of correspondence courses to fulfill his military training requirements, for which he would be entitled to military pay.

29. Plaintiff John Doe 1, along with other similarly situated plaintiffs, was required to take these courses, for among other reasons, to advance in rank, to enter or advance in his military occupational specialty, and/or to obtain or retain certain positions of responsibility.

30. Plaintiff, John Doe 2, is a commissioned officer in the Ohio Army National Guard. He has been in the National Guard since the 1990s. Throughout his National

Guard career, Mr. Doe 2 successfully completed several required correspondence courses, including but not limited to the Officer Advanced Course and Command General and Staff College courses and any and all required sub-courses, without military pay.

31. Plaintiff John Doe 2, along with other similarly situated plaintiffs, was required to take these courses, for among other reasons, to advance in rank, to enter or advance in his military occupational specialty, and/or to obtain or retain certain positions of responsibility.

32. Plaintiff, John Doe 3, is a commissioned officer in the North Carolina Air National Guard. He has been in the National Guard since the 1970s. Throughout his National Guard career, Mr. Doe 3 successfully completed several required correspondence courses, including but not limited to Air Command and Staff College and any and all required sub-courses, without military pay.

33. Plaintiff John Doe 3, along with other similarly situated plaintiffs, was required to take these courses, for among other reasons, to advance in rank, to enter or advance in his military occupational specialty, and/or to obtain or retain certain positions of responsibility.

34. Plaintiff, John Doe 4, is a commissioned officer in the Pennsylvania Army Guard. He has been in the National Guard since the 1980s. Throughout his National Guard career, John Doe 4 successfully completed several required correspondence courses, including but not limited to the Officer Advanced Course and any and all required sub-courses, without military pay.

35. Plaintiff John Doe 4, along with other similarly situated plaintiffs, was required to take these courses, for among other reasons, to advance in rank, to enter or advance in his military occupational specialty, and/or to obtain or retain certain positions of responsibility.

36. Plaintiff, Jane Doe 1, is a non-commissioned officer in the Pennsylvania Air Guard. She has been in the National Guard since the 1980s. Throughout her National Guard career, Ms. Doe successfully completed several required correspondence courses, including but not limited to the NCO Leadership Course and any and all required sub-courses, without military pay.

37. Plaintiff Jane Doe 1, along with other similarly situated plaintiffs, was required to take these courses, for among other reasons, to advance in rank, to enter or advance in her military occupational specialty, and/or to obtain or retain certain positions of responsibility.

38. Plaintiff, Jane Doe 2, was a commissioned officer in the Mississippi Army National Guard. Jane Doe 2 served in the National Guard from the 1980s until recently. Throughout her National Guard career, Ms. Doe 2 successfully completed several required correspondence courses, including but not limited to the Combined Arms and Services Staff School, the Adjutant General Officer Basic Course and Command and General Staff College and any and all sub-courses , without military pay.

39. Plaintiff Jane Doe 2, along with other similarly situated plaintiffs, was required to take these courses, for among other reasons, to advance in rank, to enter or advance in her military occupational specialty, and/or to obtain or retain certain positions of responsibility.

40. Plaintiff, Jane Doe 3, is a commissioned officer in the Connecticut Army National Guard. She has been in the National Guard since the 1980s. Throughout her National Guard career, Jane Doe 4 successfully completed several required correspondence courses, including but not limited to the Officer Advanced Course, Combined Arms Services Staff School and Command and General Staff College and any and all required sub-courses, without military pay.

41. Plaintiff Jane Doe 3, along with other similarly situated plaintiffs, was required to take these courses, for among other reasons, to advance in rank, to enter or

advance in her military occupational specialty, and/or to obtain or retain certain positions of responsibility.

42. Clark, Davern, Freeburg, Johnson, Mustin, John Does 1 through 4 and Jane Does 1 through 3 (hereinafter collectively "Plaintiffs") seek to represent a class of past and present National Guard members who have taken required correspondence courses, and have taken such required correspondence courses without payment of compensation for the substantial time necessary to complete the courses to which they are entitled under 37 U.S.C. § 206(a).

43. Defendant, the United States of America, acts by and through its departments, agencies and offices. The Department of Defense is an executive agency of the United States. The Department of the Army and the Department of Air Force are military departments of the United States. 5 U.S.C. § 102. The National Guard Bureau is a joint Bureau of the Department of the Army and the Department of the Air Force. 10 U.S.C. § 10501. The National Guard includes the Army National Guard and the Air Force National Guard, 32 U.S.C. § 101(3), which collectively are the militias of the several states as prescribed by the Constitution of the United States, Art. I, § 8 Cl. 16; *see* 32 U.S.C. §§ 101(7), (9).

**Jurisdiction**

44. This Court has jurisdiction of this matter pursuant to the Tucker Act, 28 U.S.C. § 1491(a).

**General Allegations Common to All Counts**

45. Defendant, by and through its departments, agencies and offices, requires members of the Air National Guard and Army National Guard, while in state service, to complete certain correspondence courses, for among other reasons: (1) to remain or advance in grade; (2) to qualify for or advance in certain career fields; or, (3) to obtain or retain certain positions of responsibility.

46. Correspondence classes are time consuming. The National Guard members are not paid for the time required to complete correspondence courses and sub-courses.

47. Many prescribed courses of instruction are available only as correspondence courses and sub-courses. Some prescribed courses of instruction are available to active duty and reserve component members as resident training. Members who attend resident courses in military schools are entitled to basic pay plus all allowances that they are otherwise entitled to while serving in an active status.

48. For Guard members, however, only a very limited number of slots are available for resident courses, which are grossly insufficient to provide members with the opportunity to fulfill the training requirements prescribed by the Secretary of the Army and the Secretary of the Air Force. Thus, the vast majority of Guard members are able to fulfill these requirements only by completing correspondence courses. Moreover, it often is not possible for Guard members to participate in "in-resident" training programs when such limited slots are available because such members generally are unable to take leave from their civilian jobs to participate in "in resident" training. Such members, therefore, must take correspondence courses to fulfill their military training requirements.

49. Plaintiffs originally brought this action on November 1, 2000.

50. The above-described practice of requiring the Army National Guard and the Air National Guard to take correspondence courses without pay contravenes 37 U.S.C. § 206, as it existed prior to December 28, 2001, the effective date of the 2002 Department of Defense Authorization Act. Pub. L. No. 107-107, Div. A, Title VI, 115 Stat. 1093, 1133 (2001) ("2002 Amendment").

51. National Guard members' right to compensation for all correspondence courses and sub-courses completed prior to December 28, 2001 is unaffected by the passage of the 2002 Amendment.

52. The 2002 Amendment prospectively amended 37 U.S.C. § 206 to provide the Secretary of Defense with discretion to compensate Guard members who successfully complete correspondence courses using "electronic-based distributed learning methodologies to accomplish training requirements." 37 U.S.C. § 206(d)(2) (2004).

53. On March 18, 2003, a panel of the Federal Circuit unanimously held that the Plaintiffs' Complaint properly stated a cause of action. In so doing, the Court held that the 2002 Amendment applied only prospectively to limit compensation for completion of required correspondence coursework; therefore, the only effect the Amendment had on the litigation was to eliminate any entitlement to injunctive relief.

54. In that same opinion, the Federal Circuit established that 37 U.S.C. § 206 was a money-mandating statute, and that the statute entitled National Guard members to be compensated for the completion of required correspondence coursework.

55. On August 15, 2003, the Federal Circuit denied defendant's petition for rehearing en banc. Defendant did not petition the United States Supreme Court for review of the Federal Circuit's decision.

56. On January 25, 2006, the Court of Federal Claims reaffirmed the Federal Circuit's holding in denying Defendant's motion for summary judgment.

57. Upon information and belief, the defendant sought and obtained congressional approval of an amendment to 37 U.S.C. § 206 in an effort to circumvent the rulings of the Federal Circuit, as well as this Court, and to evade the liability established by the Federal Circuit's decision to provide compensation to National Guard members for required correspondence coursework.

58. The text of the resulting section 607 of the 2007 National Defense Authorization Act (hereinafter the "2007 Amendment,") amends 37 U.S.C. § 206 to include the following:

> (3) The prohibition in paragraph (1), including the prohibition as it relates to a member of the National Guard while not in Federal service, applies to-

> (A) any work or study performed on or after September 7, 1962, unless that work or study is specifically covered by the exception in paragraph (2); and
> (B) **any claim based on that work or study arising after that date**.
> Pub. Law. 109-364 (2006) (emphasis added).

59. Application of the 2007 Amendment to eliminate National Guard members' right to compensation for required correspondence coursework would serve to improperly interfere with the judgment of the courts in pending litigation. Furthermore, such an application of the Amendment would improperly circumvent the obligations previously established by the Federal Circuit as the law of this case. The 2007 Amendment cannot properly be retroactively applied to eliminate this right to compensation for numerous reasons, including, but not limited to, those set forth below.

60. The United States Constitution provides for the separation of the powers held by the legislative, judicial, and executive branches of the government. The power to legislate is reserved to Congress, and the power to adjudicate is reserved to the courts. U.S. CONST., Art III.

61. Because any application of the 2007 Amendment that alters the Federal Circuit's ruling that compensation is mandated for required correspondence coursework performed under 37 U.S.C. § 206 prior to the effective date of the 2002 Amendment would constitute an improper assumption of adjudicative power in violation of Article III, the 2007 Amendment cannot be applied to eliminate liability in this case.

62. Additionally, the federal general savings statute provides that the repeal or amendment of a statute cannot destroy liability incurred under the prior version of the statute. 1 U.S.C. § 109.

63. The Federal Circuit has ruled that, prior to the effective date of the 2002 Amendment, 37 U.S.C. § 206 obligated Defendant to compensate National Guard members for the completion of required correspondence courses. Under the federal savings statute, this liability cannot be extinguished by the 2007 Amendment.

64. The Federal Circuit's 2003 opinion also held that Plaintiffs' Complaint had stated a cause of action. Because plaintiffs' right to that cause of action had vested,

Due Process prohibits Congress from depriving Plaintiffs of that right. U.S. CONST., Art V.

**Class Action Allegations**

65. Plaintiffs bring this action pursuant to Rule 23 of the Rules of the Court Federal Claims on behalf of a class defined as "all persons who now or have been members of the National Guard who have taken required correspondence courses without receiving military pay for time required to complete the courses."

66. The class is numerous and therefore joinder of all members is impracticable. Upon information and belief, the number of class members exceeds 100,000.

67. The class is manageable. The Department of Defense maintains records of the membership of the National Guard and records of the correspondence courses taken by class members.

68. There are questions of fact and law that are common to the entire class. Consistent with the Federal Circuit's decision in this case,[1] those common questions are:

(a) Which correspondence courses are required by the Secretary of the Army and the Secretary of the Air Force to satisfy military training requirements.

(b) Which correspondence courses Plaintiffs took to satisfy those requirements.

(c) What amount of compensation Plaintiffs are due under 37 U.S.C. § 206(a).

69. The common issues of law predominate over separate and factual issues affecting individual members.

---

[1] *See Clark v. U.S.*, 322 F.3d 1358, 1368 (Fed. Cir. 2003).

70. Plaintiffs' claims are typical of the claims of the class. Plaintiffs have no interests antagonistic to the claims of the class and will represent the class without conflicts of interest.

71. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs are committed to the vigorous representation of the class and have retained competent counsel experienced in the prosecution of complex and class action litigation.

72. Defendant has acted on grounds generally applicable to the class, thereby justifying relief for the class as a whole.

73. Plaintiffs are unaware of any other pending litigation against the Defendant alleging the illegality of requiring National Guard members to take correspondence courses without compensating them for their time.

74. Because of the nature of the claims asserted by the class, involving violations in the administration of statutory compensation provisions that are equally and commonly applicable to all members of the class, no individual class member has an interest in individually controlling the prosecution of his or her claim.

75. The claims of many class members are so small that they are not likely otherwise to be pursued. In addition, many National Guard members with valid claims would be disinclined to pursue an action on an individual basis, even though statutorily entitled to compensation, for fear of retaliation, negative career repercussions, departmental disfavor, or other stigma, prejudice or bias associated with pursuit of a legal action against the National Guard command structure, as a result of pursuing such an action against the Department of Defense or the pertinent branch thereof.

76. Given the statutory structure that governs entitlement to compensation for National Guard training, the prosecution of separate actions by individual members of the class would create the possibility of inconsistent adjudications, which would establish incompatible standards of conduct for Defendant with respect to its obligation

to compensate National Guard members for training or instruction pursuant to 37 U.S.C. § 206.

77. The Secretary of the Army and the Secretary of the Air Force prescribe the standards governing successful completion of required correspondence courses. Defendant maintains records of the correspondence courses taken by National Guard members.

78. Defendant has established a formula for calculating the number of hours or days to be credited for the successful completion of each correspondence course and sub-course. Defendant also awards retirement and other points for the successful completion of required correspondence courses and sub-courses based on the number of credit hours of the course or sub-course. Upon information and belief, the National Guard has already calculated the amount of time required to complete correspondence courses and sub-courses. Thus, the calculation of the amount due the Plaintiffs and each member of the class is a common issue for the class and can be calculated for the class.

79. For all the above stated reasons, the certification of the class action would serve the interests of justice.

**First Cause of Action**
(Payment of Sums Due Pursuant to 37 U.S.C. § 206)

80. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this second amended complaint.

81. Defendant requires Plaintiffs and all members of the class to take correspondence courses, for among other reasons: (1) to maintain or advance in grade, (2) to qualify for or advance in certain career fields; and/or, (3) to obtain or retain certain positions of responsibility.

82. The Secretary of the Army and the Secretary of the Air Force have prescribed training, instruction, duties or appropriate duties, including correspondence courses, as a requirement, for among other reasons: (1) to maintain or advance in

grade, (2) to qualify for or advance in certain career fields; and/or, (3) to obtain or retain certain positions of responsibility.

83. 37 U.S.C. § 206(a) entitles National Guard members to be compensated for taking these courses.

84. Defendant consistently has failed or refused to pay compensation to Plaintiffs and to the class members for correspondence course work required of them.

**Second Cause of Action**
(Takings Clause Violations)

85. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this second amended complaint.

86. The takings clause of the Fifth Amendment of the United States Constitution provides that property in which an individual has a vested right cannot be taken by the government without just compensation. U.S. CONST., Art. V.

87. The correspondence courses at issue were completed prior to the passage of the 2007 Amendment, and the Federal Circuit has ruled as the law of the case that, prior to the effective date of the 2002 Amendment, 37 U.S.C. § 206 mandates payment for required correspondence coursework. Accordingly, plaintiffs have a vested right to payment for the completion of these courses and to their claims for such payment. To that extent that the 2007 Amendment can permissibly be applied retroactively to eliminate plaintiffs' cause of action for payment under 37 U.S.C. § 206, the government must compensate plaintiffs for the taking of their vested rights.

**Prayer for Relief**

WHEREFORE, Representative Plaintiffs, by their counsel, respectfully requests that this Court:

a. Certify this action as a class action pursuant to Rule 23 of the Rules of the Court of Federal Claims, certify Plaintiffs as the class representatives and approve the undersigned attorneys as attorneys for the class;

b. Award damages for uncompensated correspondence course work in an amount to be determined upon a trial of this action pursuant to 37 U.S.C. § 206(a);

c. Award pre-judgment and post-judgment interest;

d. Award reasonable attorney's fees, costs and expenses; and

e. Award such other legal and equitable relief as the Court deems just.

Respectfully submitted,

/s/ Helen K. Michael

Robert H. Shulman
Helen K. Michael
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 783-0800
Fax: (202) 383-6610

Richard T. Dorman
CUNNINGHAM, BOUNDS, VANCE, CROWDER AND BROWN, LLC
1601 Dauphin Street
Mobile, AL 36660
Tel: (334) 471-6191
Fax: (334) 479-1031

Charles J. Cooper
David Thompson
COOPER & KIRK, P.L.L.C.
555 Eleventh Street, NW, Suite 750
Washington, DC 20005
Tel: (202) 220-9600
Fax: (202) 220-9601

Counsel for Plaintiffs

Dated: December 5, 2006