# In the United States Court of Federal Claims

**No. 00-644C**
**(Filed: May 3, 2007)**

* * * * * * * * * * * * * * * * *
*
**WILLIAM A. CLARK, JAMES** *
**P. DAVERN, ROBERT E.** *
**FREEBURG, WILLIE R. JOHNSON,** *
**ROBERT A. MUSTIN, JOHN** *
**DOES 1 through 4, and JANE DOES** *
**1 through 3, individually and on** *
**behalf of others similarly situated,** *
*
**Plaintiffs,** *
*
**v.** *
*
**THE UNITED STATES,** *
*
**Defendant.** *
*
* * * * * * * * * * * * * * * * *

**O R D E R**

At the oral argument on the government's motion to dismiss and the plaintiffs' cross-motion for partial summary judgment, which shall be heard on **Friday, May 18, 2007**, the parties should be prepared to address whether it is premature to resolve the serious constitutional questions presented by the potential application of the 2007 amendment to 37 U.S.C. § 206(d) to the plaintiffs' claims before the plaintiffs have established a right to recovery. In particular, the parties should address whether the principle of avoiding the adjudication of constitutional questions should apply to this case. See, e.g., Clinton v. Jones, 520 U.S. 681, 690 (1997) ("It is true that we have often stressed the importance of avoiding the premature adjudication of constitutional questions. That doctrine of avoidance, however, is applicable to the entire Federal Judiciary, not just to this Court, cf. Arizonans for Official English v. Arizona, 520 U.S. 43 (1997), and comes into play after the court has acquired jurisdiction of a case.").

**IT IS SO ORDERED**.

**s/Nancy B. Firestone**
NANCY B. FIRESTONE
Judge