IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 through 4, and JANE DOES 1 through 3, individually, and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | CASE NO. 00-644C (Judge Firestone) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING ISSUES RAISED IN THIS COURT'S 5/24/07 ORDER**

Richard T. Dorman
CUNNINGHAM, BOUNDS, VANCE, CROWDER, and BROWN, LLC
1601 Dauphin Street
Mobile, Alabama 36660
Tel: (334) 471-6191
Fax: (334) 479-1031

Charles J. Cooper
David Thompson
COOPER & KIRK, P.L.L.C.
555 11th St, N.W. Suite 750
Washington, DC 2005
Tel: (202) 220-9600
Fax: (202) 220-9601

Helen K. Michael
Robert H. Shulman
John F. Stanton
Christina Fahmy
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 783-0800
Fax: (202) 383-6610

Counsel for Plaintiffs

## TABLE OF CONTENTS


I. THE CASES CITED IN THIS COURT'S MAY 24, 2007 ORDER DO NOT AFFECT APPLICATION OF THE SEPARATION OF POWERS PRINCIPLES ESTABLISHED IN *KLEIN* TO THIS CASE ........ 4

A. *Klein* and Allied Cases Forbid Congress from Enacting Legislation that Effectively Dictates a Judgment in Favor of the Federal Government ........ 5

B. A Final Judgment Disposing of the Entire Case is Not Necessary for Separation of Powers Purposes ........ 9

II. RETROACTIVE APPLICATION OF THE 2006 OR 2007 AMENDMENTS TO 37 U.S.C. § 206(D) WOULD VIOLATE SEPARATION OF POWERS PRINCIPLES, REGARDLESS OF WHETHER THE AMENDMENTS ARE CHARACTERIZED AS INVOLVING A "CHANGE" OR A "CLARIFICATION" ........ 11

A. The "Clarification"/"Change" Approach Employed in Certain of the Cases Cited in the May 24, 2007 Order Is at Odds with Federal Circuit Precedent ........ 11

B. The "Clarification"/"Change" Analyses in *Beverly Community Hospital* and *ABKCO Music* Involved Unique Factual Circumstances Not Present Here ........ 13

C. The *Piamba Cortes* Factors Do Not Support Retroactive Application of the 2006 or 2007 Amendments to 37 U.S.C. § 206(d) ........ 16

## TABLE OF AUTHORITIES

### CASES

*ABKCO Music, Inc. v. La Vere*, 217 F.3d 684 (9th Cir. 2000) .......... *passim*

*Al-Hashimi v. Scott*, 756 F. Supp. 1567 (S.D. Ga. 1991) .......... 15

*America Int'l Group, Inc. v. Islamic Rep. of Iran*, 657 F.2d 430 (D.C. Cir. 1981) .......... 7

*Benjamin v. Jacobson*, 935 F. Supp. 332 (S.D.N.Y. 1996) .......... 3

*In re Bergy*, 596 F.2d 952 (C.C.P.A. 1979) .......... 13

*Beverly Cmty. Hosp. Ass'n v. Belshe*, 132 F.3d 1259 (9th Cir. 1997) .......... *passim*

*Blecker v. State*, 733 A.2d 540 (N.J. App. 1999) .......... 14

*Boli v. United States*, 831 F.2d 276 (Fed. Cir. 1987) .......... 3

*Bhd. of R.R. Trainmen v. Balt. & O.R.R.*, 331 U.S. 519 (1947) .......... 17

*Cerro Metal Prods. v. Marshall*,
467 F. Supp. 869 (E.D. Pa. 1979), *aff'd*, 620 F.2d 964 (3d Cir. 1980) .......... 7, 10

*Clarendon Nat'l Ins. Co. v. Phillips*, 2005 U.S. Dist. LEXIS 35364 (D. Idaho Apr. 5, 2005) .......... 15

*Clark v. United States*, 322 F.3d 1358 (Fed. Cir. 2003) .......... 2, 14

*Coe v. Sec'y H.E.W.*, 502 F.2d 1337 (4th Cir. 1974) .......... 10

*In re Consolidated U.S. Atmospheric Testing Litig.*, 820 F.2d 982 (9th Cir. 1987) .......... 7

*Diefenderfer v. Merit Sys. Protection Bd.*, 194 F.3d 1275 (Fed. Cir. 1999) .......... 13

*Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.3d 805 (11th Cir. 1988) .......... 1, 9, 10

*Gen. Foods Corp. v. United States*, 530 F.2d 923 (Ct. Cl. 1976) .......... 13

*Huffman v. O.P.M.*, 263 F.3d 1341 (Fed. Cir. 2001) .......... 12

*Johnston v. Cigna Corp.*, 789 F. Supp. 1098 (D. Colo. 1992) .......... 11

*Jones v. Brown*, 41 F.3d 634 (Fed. Cir. 1994) .......... 15

*Keeler v. Mayor of Cumberland*, 928 F. Supp. 591 (D. Md. 1996) .......... 6

*Kelley v. E.I. Du Pont de Nemours & Co.*,
786 F. Supp. 1268 (E.D. Mich. 1992), *aff'd*, 17 F.3d 836 (6th Cir. 1994) ................................6

*Kirkendall v. Dep't of the Army*, 479 F.3d 830 (Fed. Cir. 2007) ................................15

*Kulkarni v. Leean*, 1997 U.S. Dist. LEXIS 15200 (W.D. Wis. June 23, 1997) ................................8

*Matkovich v. Sec'y of H.H.S.*, 1996 U.S. Claims LEXIS 75 (Fed. Cl. Apr. 29, 1996) ................................17

*McCreary v. Offner*, 172 F.3d 76 (D.C. Cir. 1999) ................................8

*Miller-Bey v. Stiller*, 1996 U.S. Dist. LEXIS 21083 (E.D. Mich. Aug. 20, 1996) ................................10

*Moskal v. United States*, 498 U.S. 103 (1990) ................................15

*Nat'l Coalition to Save Our Mall v. Norton*,
161 F. Supp. 2d 14 (D. D.C.), *aff'd*, 269 F.3d 1092 (D.C. Cir. 2001) ................................6

*Nat'l Organization of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs*,
260 F.3d 1365 (Fed. Cir. 2001) ................................15

*Paramount Health Sys., Inc. v. Wright*, 138 F.3d 706 (7th Cir. 1998) ................................8

*Parkdale Int'l v. United States*, 475 F.3d 1375 (Fed. Cir. 2007) ................................12, 17

*Piamba Cortes v. Am. Airlines, Inc.*, 177 F.3d at 1283 ................................*passim*

*Princess Cruises, Inc. v. United States*, 397 F.3d 1358 (Fed. Cir. 2005) ................................12, 13

*Rehabilitation Ass'n v. Kozlowski*, 42 F.3d 1444 (4th Cir. 1994) ................................8

*Rosmer v. Pfizer, Inc.*, 263 F.3d 110 (4th Cir. 2001) ................................15

*In re Rospatch Sec. Litig.*, 802 F. Supp. 110 (W.D. Mich. 1992) ................................11

*School Bd. v. Malone*, 662 F. Supp. 999 (E.D. Va. 1987) ................................7

*South Dakota v. Yankton Sioux Tribe*, 522 U.S. 329 (1998) ................................13

*Thiess v. United States*, 100 F.3d 915 (Fed. Cir. 1996) ................................15

*Thompson v. Cherokee Nation of Okla.*, 334 F.3d 1075 (Fed. Cir. 2003) ................................16

*Turner v. Nev. Bd. of State Prison Comm'rs*, 624 F. Supp. 318 (D. Nev. 1985) ................................10

*Ulmet v. United States*, 17 Cl. Ct. 679, 695-96 (1989) ................................10

*United States v. Bd. of Ed. of Chicago*,
588 F. Supp. 132 (N.D. Ill.), *vacated on other grounds,* 744 F.2d 1300 (7th Cir. 1984)....9, 10

*United States v. Jac Natori Co.*, 108 F.3d 295 (Fed. Cir. 1997)....17

*United States v. Klein*, 80 U.S. 128 (1872)....1, 5, 6

*United States v. Sioux Nation of Indians*, 448 U.S. 371 (1980)....6

*United States v. Triumph Capital Group, Inc.*, 260 F. Supp. 2d 470 (D. Conn. 2003)....15

*In re Wash. Pub. Power Supply System Sec. Litig.*, 673 F. Supp. 411 (W.D. Wash. 1987)......7, 17

**STATUTES**

37 U.S.C. § 206....14

37 U.S.C. § 206(a)....14

37 U.S.C. § 206(a)(2)....2

37 U.S.C. § 206(d)....*passim*

S. Rep. No. 109-254 (2006)....17

2006 National Defense Appropriations Act § 604, 119 Stat. 3287 (2006)....17

## INTRODUCTION

Pursuant to this Court's May 24, 2007 Order (Doc. 157), Plaintiffs respectfully submit the instant supplemental brief in support of their Cross-Motion for Partial Summary Judgment and Opposition to the Government's Motion to Dismiss. Describing "the crux of the . . . inquiry" as concerning "the impact of the Federal Circuit's 2003 decision" in the instant case "on a separation of powers analysis," the Court has requested additional briefing regarding two issues. Order at 1. First, the Court requested that the parties address whether two Ninth Circuit decisions and an Eleventh Circuit decision affect the application of separation of powers principles delineated in *United States v. Klein,* 80 U.S. 128 (1872) to pending cases such as the instant lawsuit. *See* Order at 1-2 (citing *Beverly Cmty. Hosp. Ass'n v. Belshe,* 132 F.3d 1259 (9th Cir. 1997); *ABKCO Music, Inc. v. LaVere,* 217 F.3d 684 (9th Cir. 2000); and *Ga. Ass'n of Retarded Citizens v. McDaniel,* 855 F.3d 805 (11th Cir. 1988)). Second, the Court requested that parties address whether the 2006 and 2007 amendments to 37 U.S.C. § 206 "constitute clarifying amendments, or instead should be considered substantive changes in the law under the criteria set forth in *Piamba Cortes v. Am. Airlines, Inc.*, 177 F.3d 1272, 1283-84 (11th Cir. 1999)." Order at 2.

As to the first issue raised in the Court's Order, Plaintiffs respectfully submit that all three cited cases are both factually and legally distinguishable from the instant lawsuit, and have no bearing on the application of the separation of powers principles forbidding Congress from retroactively overruling the Federal Circuit's 2003 decision that § 206 entitles Plaintiffs to payment for completing required correspondence coursework. As to the second issue raised in the Court's Order, Plaintiffs respectfully submit that the Federal Circuit has declined to adopt the *Piamba Cortes* approach for assessing whether legislation

may be retroactively applied, but that, to the extent the criteria employed in *Piamba Cortes* have any relevance here, they do not support retroactive application of the recent amendments to § 206.

## BACKGROUND

To briefly recap the facts bearing on the Court's present inquiry, the Federal Circuit issued its opinion on March 18, 2003. *See Clark v. United States*, 322 F.3d 1358 (Fed. Cir. 2003). In *Clark*, the Federal Circuit held that the exclusion on compensation for correspondence coursework under 37 U.S.C. § 206(d) did not apply to members of the National Guard. *Id.* at 1364-69. The Federal Circuit also ruled that the plain terms of § 206(a)(2) "require[d]" National Guard members to be paid "for equivalent training that the Secretary prescribes," including required correspondence coursework. *Id.* at 1368. The Federal Circuit remanded the case to resolve the single liability issue of which, if any, required correspondence courses Mr. Clark completed, and the damages issue of "the amount of compensation he is due under the statute." *Id.* On August 15, 2003, the Federal Circuit summarily denied the government's petition for rehearing and rehearing *en banc*, and the government did not seek review by the Supreme Court.

On January 6, 2006, Congress enacted legislation that made some revisions to § 206(d). On September 29, 2006, Congress enacted the 2007 NDAA Amendment, which further revised § 206(d). The government's motion to dismiss asserts that the 2007 NDAA Amendment to § 206(d), if applied retroactively, would defeat Plaintiffs' claims for compensation.

On December 5, 2006, Plaintiffs filed a Second Amended Complaint, alleging, *inter alia*, that the 2007 NDAA Amendment cannot be retroactively applied to this lawsuit. Doc. 140. The government moved to dismiss, and Plaintiffs cross-moved for summary judgment

on the government's affirmative defense regarding application of the 2007 NDAA Amendment. Among other arguments, Plaintiffs contended that retroactive application of the 2007 NDAA Amendment would violate separation of power constraints because (1) Congress may not enact legislation that effectively compels a judgment in favor of the federal government on the merits in a pending lawsuit, and (2) the Federal Circuit's 2003 opinion represented the "last word" from the judiciary regarding the pay statute when it was in effect at the time Plaintiffs performed their correspondence coursework, and Congress may not overrule that decision.

During the hearing on the parties' motions, the Court, as prescribed by its May 3, 2007 Order (Doc. 155), asked the parties to address whether adjudication of the constitutional issues posed by the government's claim that the 2007 NDAA Amendment should be retroactively applied to preclude compensation for required correspondence coursework was premature based on the constitutional avoidance doctrine. *See* 5/18/07 Hearing Tr. (Doc. 156) at 5:10-18; *see also* Doc. 155 at 1. During the hearing, Plaintiffs' counsel first discussed the constitutional avoidance doctrine, which requires that all non-constitutional issues be addressed and resolved before the Court inquires into constitutional issues,[1] and then inquired whether the Court desired to hear argument on the various

[1] Indeed, the Federal Circuit has made clear that this doctrine requires resolution first of non-constitutional issues even if a particular constitutional issue ultimately is resolved in the government's favor. *See, e.g., Boli v. United States*, 831 F.2d 276, 278 (Fed. Cir. 1987) (holding that trial court should not have reached and decided constitutional issue in the government's favor without first addressing non-constitutional grounds for disposing of claim). *Accord Benjamin v. Jacobson*, 935 F. Supp. 332, 343 (S.D.N.Y. 1996) ("First, federal courts must consider and decide on a non-constitutional basis wherever possible. Only when a non-constitutional basis on which a decision may be made cannot be found should the Court reach any constitutional questions."). As Plaintiffs' counsel discussed during the hearing, there are several non-constitutional bases for precluding retroactive

constitutional issues, including whether separation of powers principles precluded retroactive application of the 2007 NDAA Amendment. *See* 5/18/07 Hearing Tr. at 33:13-14. The Court elected to postpone hearing argument on the constitutional issues, determined that "proceeding with discovery" on the merits of Plaintiffs' compensation claims was the "appropriate next step," and asked for any further commentary from the government before addressing scheduling issues. *Id.* at 37:10-15.[2]

Following the hearing, the Court requested supplemental briefing relating to the impact of the Federal Circuit's 2003 decision in this case on a separation of powers analysis. Plaintiffs address those issues below.

## I. THE CASES CITED IN THIS COURT'S MAY 24, 2007 ORDER DO NOT AFFECT APPLICATION OF THE SEPARATION OF POWERS PRINCIPLES ESTABLISHED IN *KLEIN* TO THIS CASE

As fully discussed in Plaintiffs' prior briefs on the subject, the Federal Circuit's 2003 decision that Plaintiffs are entitled to compensation for required correspondence coursework precludes retroactive application of the 2007 NDAA Amendment under the separation of powers principles established in *Klein*. *Klein* forbids Congress from enacting legislation that effectively dictates a judgment in favor of the federal government, and from seeking retroactively to overrule the Federal Circuit's 2003 decision to achieve that prohibited result. The three cases that the Court's May 24, 2007 Order cites in connection with the first issue on which further briefing has been requested—*Beverly Community Hospital*, *ABKCO Music*, and *McDaniel*—are all factually and legally distinguishable, and

---

application of the 2007 NDAA Amendment to Plaintiffs' compensation claims. *See* 5/18/07 Hearing Tr. at 24-28.

[2] Plaintiffs' counsel remains poised and requests the opportunity to present argument on the constitutional issues, including separation of powers principles, should the Court determine to issue a decision regarding such issues at this juncture.

neither *Beverly* nor the other cases "stand for the proposition that the separation of powers principles set forth in [*Klein*] are not applicable to 'pending' cases." Order at 1. Most significantly, none of these cases involved a legislative attempt to compel a judgment on the merits in favor of the federal government in a pending lawsuit. Accordingly, none support any limitation on applying the separation of powers constraints imposed by *Klein* in the circumstances presented here.

### A. *Klein* and Allied Cases Forbid Congress from Enacting Legislation that Effectively Dictates a Judgment in Favor of the Federal Government

Limiting the application of *Klein* to pending cases would conflict with and would improperly restrict the separation of powers principles established by *Klein* itself. The linchpin of the Supreme Court's decision in *Klein* was that Congress may not constitutionally enact legislation requiring a pending case to be resolved in the federal government's favor. 80 U.S. at 143-47. After considering the claim filed by the property owner's estate, the Court of Claims had ruled that the estate was entitled to recover the proceeds of the sale of cotton from land confiscated by the federal government during the Civil War based on a law establishing that the Presidential pardon given to the property owner was conclusive proof that he had never aided the Confederacy and was loyal to the United States. *Id.* at 138-39, 142-43. While the case was pending on appeal to the Supreme Court, Congress enacted new legislation rendering a Presidential pardon inadmissible as evidence of loyalty in any case, and requiring the Supreme Court to dismiss any appeal from the Court of Claims in such a case for want of jurisdiction. *Id.* at 143-44. The Supreme Court predicated its ruling that the new statute was unconstitutional on separation of powers grounds on the determination that Congress cannot permissibly enact legislation dictating the outcome in pending cases in the federal government's favor, and

that, in purporting to "prescribe a rule for the decision" in the case at issue, Congress had "passed the limit which separates the legislative from the judicial power." *Id.* at 146-47.

Limiting the application of *Klein* to pending cases would, to a very large degree, eviscerate this vital separation of powers constraint on the exercise of legislative power. Indeed, such a limitation would give Congress *carte blanche* to interfere with judicial proceedings involving the federal government and to direct the outcome of such litigation at any stage before the termination of the case.

No court has suggested (let alone ruled) that *Klein* should be limited in this unsupportable fashion. Quite to the contrary, numerous subsequent Supreme Court and other cases have recognized that *Klein* prohibits other branches of government from interfering with pending cases—especially when the legislation targets a single lawsuit and/or the federal government is a party. *See United States v. Sioux Nation of Indians,* 448 U.S. 371, 405 (1980) (observing that "of obvious importance to the *Klein* holding was the fact that Congress was attempting to decide the controversy at issue in the Government's own favor"); *Nat'l Coalition to Save Our Mall v. Norton*, 161 F. Supp.2d 14, 22 (D.D.C.) (*Klein*'s separation of powers principles violated when Congress tries "to use its authority to force the court to rule in favor of the government" in a pending case), *aff'd,* 269 F.3d 1092 (D.C. Cir. 2001); *Keeler v. Mayor of Cumberland*, 928 F. Supp. 591, 604 (D. Md. 1996) ("Unlike RFRA, the statute challenged in *Klein* effectively determined the outcome of particular cases pending against the federal government, resolving them in the government's favor"); *Kelley v. E.I. Du Pont de Nemours & Co.,* 786 F. Supp. 1268, 1285 (E.D. Mich. 1992) ("In *Klein* the Supreme Court found that Congress had impermissibly attempted to prescribe a rule of decision favorable to the government in a pending case in

which the government was a party"), *aff'd*, 17 F.3d 836 (6th Cir. 1994); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 673 F. Supp. 411, 415-16 (W.D. Wash. 1987) (finding separation of powers violated when legislature acted for the purpose of obtaining a favorable result in pending court proceedings); *School Bd. v. Malone*, 662 F. Supp. 999, 1000 (E.D. Va. 1987) (*Klein*'s constraints violated when application of legislation would "obligate the court to decide a controversy in the government's favor").[3]

Nothing in the Ninth Circuit's decision in *Beverly Community Hospital* suggests otherwise. As mandated by *Klein*, the Ninth Circuit previously recognized the fundamental principle that "Congressional attempts to alter the rule of decision in pending cases in favor of the government have been condemned as a violation of Article III" (*In re Consolidated U.S. Atmospheric Testing Litig.*, 820 F.2d 982, 992 (9th Cir. 1987)), and *Beverly Community Hospital* in no way suggests that the Ninth Circuit has retreated from this earlier pronouncement.

The legislation challenged in *Beverly Community Hospital* did not, in fact, necessitate consideration of the proper application of the separation of powers principles established by *Klein* to a pending case such as the instant one because retroactive application of the legislation at issue would not have served to dictate a judgment in the government's favor. The Ninth Circuit rendered its decision after consolidating three appeals in separate lawsuits (which were identical to several other lawsuits nationwide)

---

[3] *See also Am. Int'l Group, Inc. v. Islamic Rep. of Iran*, 657 F.2d 430, 446 (D.C. Cir. 1981) ("[W]e do take cognizance of the separation-of-powers problems raised by an executive effort to affect the outcome of a pending case"); *Malone*, 662 F. Supp. at 1000 ("A violation of the separation of powers doctrine would occur if the amendment's retroactive application prescribed a rule of decision in a pending case"); *Cerro Metal Prods. v. Marshall*, 467 F. Supp. 869, 876-79 (E.D. Pa. 1979) (separation of powers principles apply to prevent the issuance of regulations overruling unfavorable decisions in pending cases), *aff'd*, 620 F.2d 964 (3d Cir. 1980).

addressing whether the Balanced Budget Act of 1997 (hereinafter "1997 Act") could be retroactively applied to limit state's Medicare reimbursements to medical providers. *See* 132 F.3d at 1262. One lawsuit was under Medicare Part A (for inpatient services) and two others were under Part B (for outpatient services). *See id.* The federal government was not a defendant in the Part A lawsuit, but instead served as *amicus curiae* in that litigation. *See id.* at 1263. While the federal government was a party in the Part B lawsuits (*see id.*), other lawsuits filed nationwide regarding Part B reimbursement made clear that *state* governments—not the federal government—were the real parties in interest, as they were entirely responsible for the disputed amount of Plan B reimbursement to providers.[4] Because new legislation at issue in *Beverly Community Hospital* did not compel the court to enter judgment in favor of the federal government on the merits of the dispute, the Ninth Circuit was not required to address the prohibitions established by *Klein* with respect to retroactive application of legislation in pending cases involving the federal government. Indeed, the Ninth Circuit did not even cite *Klein* in its decision.[5]

[4] *See, e.g., Rehabilitation Ass'n v. Kozlowski*, 42 F.3d 1444, 1448 (4th Cir. 1994) ("central question in this lawsuit [for Plan B reimbursement]" was amount *states* were required to reimburse providers); *Kulkarni v. Leean*, 1997 U.S. Dist. LEXIS 15200, at *3 (W.D. Wis. June 23, 1997) ("The issue [in lawsuit regarding Plan B reimbursement] is whether the *state program is obligated to pay* the full 20% or only that portion necessary to compensate the provider at the Medicaid rate") (emphasis added); *see also McCreary v. Offner*, 172 F.3d 76, 80 (D.C. Cir. 1999) ("The United States intervened to defend the constitutionality of the retroactivity provision [of 1997 Act]"); *Paramount Health Sys., Inc. v. Wright*, 138 F.3d 706, 707 (7th Cir. 1998) ("the *federal government . . . was included as a defendant* [in suit challenging 1997 Act] *only*, so far as we can determine, *because it approved the provision* of the state's Medicaid plan that denies reimbursement to providers of services") (emphasis added).

[5] The Ninth Circuit chose not to mention *Klein*, even though the parties raised the case in their briefs.

The other cases cited in the Court's May 24, 2007 Order likewise did not cite *Klein*, nor did they involve legislation that sought to dictate a judgment in favor of the federal government in pending litigation. Indeed, *ABKCO Music, McDaniel,* and *Piamba Cortes* did not involve the federal government at all, and are inapplicable to the separation of powers inquiry here for that reason alone.

**B. A Final Judgment Disposing of the Entire Case is Not Necessary for Separation of Powers Purposes**

The *McDaniel* case, which is cited in the Court's May 24, 2007 Order, also reconfirms that, contrary to the contention advanced in the government's motion papers (*see, e.g.*, Doc. 148 at 10-11), a judgment may be final for separation of powers purposes although it does not serve to dispose of an entire controversy. In *McDaniel,* a party seeking attorneys' fees invoked new legislation authorizing the award of such fees after the party failed to appeal a denial of a fee award before the new legislation was enacted. *See McDaniel,* 855 F.2d at 806-07. The district court refused to apply the new legislation "because such a construction would have the effect of voiding the court's earlier, unappealed judgment denying attorney's fees." *Id.* at 807. The Eleventh Circuit agreed with the district court that retroactive application of the revised statute "would, if permitted, have the effect of voiding the district court's prior unappealed judgment[.]" *Id.* at 810; *see also id.* at 811 ("It is one thing for Congress to waive the preclusive effect of a judgment that the United States is without a certain obligation. It would be another were Congress to purportedly waive the effect of a judgment in favor of individuals").

*McDaniel* also cited with approval the decision in *United States v. Bd. of Ed. of Chicago,* 588 F. Supp. 132 (N.D. Ill.), *vacated on other grounds,* 744 F.2d 1300 (7th Cir.

1984)—which was likewise cited in Plaintiffs' Briefs in the case *sub judice*—in its analysis. *See McDaniel,* 855 F.2d at 810. As the *Board of Education* court explained:

> Even when a judgment is not final, the separation of powers bar a federal court from giving operational weight to a pronouncement by Congress . . . that what had theretofore been judicially declared as law shall be deemed never to have had effect. That principle also protects the integrity of judicial action and prevents the manifest injustice that retroactive application can cause.

588 F. Supp. at 235 (internal citation and quotation omitted); *accord Cerro Metal,* 467 F. Supp. at 876-79 (separation of powers violated when executive branch attempted to promulgate regulations that would effectively overrule district court decision that did not dispose of entire controversy). Here, as with the parties seeking retroactive application of a new law in *McDaniel* and *Cerro Metal,* the government in this case did not exhaust its appellate remedies regarding the Federal Circuit's 2003 decision. As with the new statutes at issue in those cases, the 2007 NDAA Amendment cannot properly be applied retroactively in such circumstances.[6]

---

[6] It also should be noted that in *McDaniel* the Eleventh Circuit declined to apply the "manifest injustice" exception to retroactive application of legislation for reasons not present here. The court held that no manifest injustice was created by precluding plaintiffs from recovering because they had not preserved their claim to the fees in order to take advantage of the revised statute. *See McDaniel,* 855 F.2d at 813. As discussed in Plaintiffs' briefs, numerous courts have held that a manifest injustice occurs when retroactive application of legislation would, as in the instant case, deprive a claimant of payment for work already performed. *See, e.g., Coe v. Sec'y H.E.W.,* 502 F.2d 1337, 1340 (4th Cir. 1974) ("Application of the current regulations in this instance constitutes a prohibited interference with Mrs. Coe's antecedent right to reimbursement at the time the services were rendered. Divestiture of this matured right is a type of manifest injustice which the exception is designed to prevent") (citations omitted); *Miller-Bey v. Stiller*, 1996 U.S. Dist. LEXIS 21083, at **9-10 (E.D. Mich. Aug. 20, 1996) (manifest injustice to retroactively apply Prison Litigation Reform Act that would deprive attorneys of fees for work already performed); *Turner v. Nev. Bd. of State Prison Comm'rs,* 624 F. Supp. 318, 321-22 (D. Nev. 1985) (manifest injustice would result if legislation deducting prison workers' wages was applied retroactively when work had already been performed); *see also Ulmet v. United States,* 17 Cl. Ct. 679, 695-96 (1989) (finding that retroactive application of legislation would result in manifest injustice).

## II. RETROACTIVE APPLICATION OF THE 2006 OR 2007 AMENDMENTS TO 37 U.S.C. § 206(D) WOULD VIOLATE SEPARATION OF POWERS PRINCIPLES, REGARDLESS OF WHETHER THE AMENDMENTS ARE CHARACTERIZED AS INVOLVING A "CHANGE" OR A "CLARIFICATION"

As to the second issue raised by the Court about whether 2006 and 2007 amendments to 37 U.S.C. § 206(d) "constitute clarifying amendments, or instead should be considered substantive changes in the law under the criteria set forth in the Eleventh Circuit's decision in" *Piamba Cortes* (Order at 2), Plaintiffs respectfully submit that several principles enunciated in *Piamba Cortes* (as well as in *Beverly Community Hospital*) are inconsistent with Federal Circuit precedent. Moreover, *Beverly Community Hospital* and *ABKCO Music* both applied the "clarification"/"change" approach in very different circumstances that have no bearing on the instant case. Finally, to the extent that the factors listed in *Piamba Cortes* have relevance here, Plaintiffs submit that they do not support retroactive application of the recent amendments to § 206(d).

### A. The "Clarification"/"Change" Approach Employed in Certain of the Cases Cited in the May 24, 2007 Order Is at Odds with Federal Circuit Precedent

In *Piamba Cortes* and *Beverly Community Hospital*, the Ninth and Eleventh Circuits indicated that the propriety of applying new legislation retroactively may depend on whether that legislation represents a "clarification" or a "change" of an older statute.[7]

[7] *Beverly Community Hospital* indicates that a "clarification" of the law may be constitutionally acceptable for separation of powers purposes, but a "change" in the law is not. *Beverly Cmty. Hosp.*, 132 F.3d at 1265. In a number of cases not involving legislation seeking to dictate a judgment in the federal government's favor, a number of courts have reached the opposite conclusion that separation of powers principles are violated when the government the new statute does not change the law. *See, e.g., In re Rospatch Sec. Litig.*, 802 F. Supp. 110, 114 (W.D. Mich. 1992) (statute that did not change underlying law, but rather effectively dictated result in case infringed separation of powers constraints); *Johnston v. Cigna Corp.*, 789 F. Supp. 1098, 1102 (D. Colo. 1992) (essentially same). Given that it is well-accepted that Congress cannot change or clarify legislation that

*See, e.g., Piamba Cortes,* 177 F.3d at 1283-84; *Beverly Cmty. Hosp.*, 132 F.3d at 1265-66. This approach, however, is inconsistent with Federal Circuit precedent.

In *Princess Cruises, Inc. v. United States,* 397 F.3d 1358 (Fed. Cir. 2005), the Federal Circuit rejected the government's argument that the determination of whether statutory modifications can be classified as "clarifications" or "changes" in the law determines whether new legislation should be retroactively applied. In declining to employ this "binary analysis," the Federal Circuit explained that "categorizing rules or applications of rules as 'clarifications' or 'changes' provides little insight into whether a retroactive effect would result in a particular case." *Id.* at 1363; *accord Parkdale Int'l v. United States*, 475 F.3d 1375, 1378-79 (Fed. Cir. 2007) (following *Princess Cruises* and refusing to credit Department of Commerce's promulgation as a "clarification" of old rules notwithstanding denomination by Commerce). *Princess Cruises* makes clear that the government cannot defend retroactive application (and escape a *Klein* inquiry) here merely by characterizing the 2007 NDAA Amendment as a "clarification."

Again contrary to Federal Circuit precedent, *Piamba Cortes* and *Beverly Community Hospital* also suggest that the views of a later Congress may be relevant to determining the intent of the earlier Congress that actually enacted the statute at issue. *See, e.g., Piamba Cortes,* 177 F.3d at 1284; *Beverly Cmty. Hosp.*, 132 F.3d at 1265-66. The Federal Circuit and its predecessor courts have consistently rejected arguments that the views of a subsequent Congress are reliable indicators of the intent of an earlier Congress. *See, e.g., Huffman v. O.P.M.*, 263 F.3d 1341, 1354 (Fed. Cir. 2001) ("the view of a later Congress cannot control the interpretation of an earlier enacted statute") (internal citation

effectively dictates a result in favor of the government in pending litigation, this inconsistency is not material here.

omitted); *Diefenderfer v. Merit Sys. Protection Bd.*, 194 F.3d 1275, 1279 (Fed. Cir. 1999) ("a subsequent amendment to legislation by a later Congress is not a reliable indication of the intent of the prior Congress that enacted the original legislation").[8] Moreover, the Supreme Court has repeatedly warned that "the views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one." *South Dakota v. Yankton Sioux Tribe*, 522 U.S. 329, 354-55 (1998) (quoting *United States v. Phila. Nat. Bank*, 374 U.S. 321, 348-49 (1963)).[9]

### B. The "Clarification"/"Change" Analyses in *Beverly Community Hospital* and *ABKCO Music* Involved Unique Factual Circumstances Not Present Here

In addition to being inconsistent with Federal Circuit precedent in predicating the propriety of retroactive application of legislation based on the "binary analysis" of whether the new statute constitutes a "change or a clarification" (*Princess Cruises*, 397 F.3d at 1363), both *Beverly Community Hospital* and *ABKCO Music* involved materially different circumstances in which courts had advanced conflicting interpretations of the statutes that subsequently were amended. *See Beverly Cmty. Hosp.*, 132 F.3d at 1263 & n.4 (discussing split of authority regarding Medicare statute); *ABKCO Music*, 217 F.3d at 688-89 & n.3 (discussing split of authority regarding Copyright statute). Indeed, numerous courts had recognized that the pre-1997 Medicare statute that was the subject of the amendments

---

[8] *See also In re Bergy*, 596 F.2d 952, 978 (C.C.P.A. 1979) (rejecting argument that legislation passed some 60 years after original statute (as with the 2007 NDAA Amendment) evinced intent of earlier Congress); *Gen. Foods Corp. v. United States*, 530 F.2d 923, 928 (Ct. Cl. 1976) ("The views of a subsequent Congress as to the meaning of ambiguous language of a previous Congress do not carry great weight") (citing numerous additional precedents).

[9] During the May 18, 2007 hearing, this Court also correctly noted that the Congress that enacted the 2007 NDAA Amendment was not the same Congress that initially enacted Section 206, and that new legislation is "not always helpful in understanding what was intended at the original time." *See* 5/18/07 Hearing Tr. at 15-16.

considered in *Beverly Community Hospital* was confusing, unclear, and ambiguous. *See, e.g., Blecker v. State*, 733 A.2d 540, 440-41 (N.J. App. 1999) (citing and quoting numerous courts finding pre-1997 Medicare reimbursement statute ambiguous). The original Copyright statute at issue in *ABKCO Music* likewise was found to be ambiguous. *See ABKCO Music,* 217 F.3d at 691.

The instant case differs from *Beverly Community Hospital* and *ABKCO Music* because the pay statute at issue, 37 U.S.C. § 206, was neither unclear nor ambiguous at the time Plaintiffs performed their required correspondence coursework. In interpreting § 206 in its 2003 Opinion, the Federal Circuit applied the rule that the "starting point in every case involving construction of a statute is the language itself. And ***where the statutory language provides a clear answer***, it ends there as well." *Clark,* 322 F.3d at 1364 (citation and quotations omitted; emphasis added). Because the Federal Circuit did not resort to any statutory construction aids (such as legislative history) in determining that § 206(a) authorized payment for required correspondence courses, and that the exclusion in § 206(d) precluding payment for such courses did not apply to National Guard members, the Federal Circuit necessarily determined that § 206 was not ambiguous. *See id.* at 1365 ("It becomes ***clear***, when we consider Supreme Court precedent and the statutory scheme of which section 206 is a part, that the National Guard and the National Guard of the United States are separate and distinct entities") (emphasis added). In fact, the Federal Circuit did not even see the need to employ the usual canon of construing the pay statute in favor of

providing benefits to service members[10] in concluding that § 206 authorized payment for Plaintiffs' coursework.

Unlike *Beverly Community Hospital* and *ABKCO Music,* this case, thus, does not present a situation in which the original statute was ambiguous, and a subsequent amendment may properly be viewed as seeking to eliminate the confusion generated by that ambiguity.[11] The Ninth Circuit in fact made clear that, if the pre-1997 Medicare statute had not been fraught with ambiguity, retroactive application of the 1997 Act would raise constitutional issues. *See Beverly Community Hosp.,* 132 F.3d at 1266 (concluding

[10] *See, e.g., Kirkendall v. Dep't of the Army*, 479 F.3d 830, 843-44 (Fed. Cir. 2007); *Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs*, 260 F.3d 1365, 1378 (Fed. Cir. 2001).

[11] The government may contend that § 206 was indeed ambiguous, and that the Federal Circuit was wrong in concluding otherwise. *Cf.* 5/18/07 Hearing Tr. at 23 ("At this point, plaintiffs merely have a claim, a potential claim that was based on an erroneous interpretation by the Federal Circuit"). But neither the government's disagreement with the Federal Circuit's decision, nor any purported alternative interpretation of § 206 the government may conjure, suffices to create an ambiguity. *See, e.g., Thiess v. United States,* 100 F.3d 915, 918 (Fed. Cir. 1996) ("a term of a statute does not become ambiguous because it is possible to articulate a different construction"); *United States v. Triumph Capital Group, Inc.* 260 F. Supp. 2d 470, 475 (D. Conn. 2003) ("A statute is not ambiguous merely because the parties interpret it differently"); *Clarendon Nat'l Ins. Co. v. Phillips,* 2005 U.S. Dist. LEXIS 35364, at *11 (D. Idaho Apr. 5, 2005) ("ambiguity is not established merely because the parties present differing interpretations [of statute] to the Court"); *Al-Hashimi v. Scott,* 756 F. Supp. 1567, 1575-76 (S.D. Ga. 1991) ("[a] statute's language is not ambiguous merely because the parties disagree about its meaning"). Nor can the government argue that § 206 was ambiguous merely because Chief Judge Damich and the Federal Circuit reached different conclusions in interpreting the statute. *See, e.g., Jones v. Brown,* 41 F.3d 634, 638 (Fed. Cir. 1994) (rejecting government's argument that differing judicial interpretations of statute renders statute ambiguous); *cf. Moskal v. United States,* 498 U.S. 103, 108 (1990) (similar); *Rosmer v. Pfizer, Inc.*, 263 F.3d 110, 118 (4th Cir. 2001) (following *Jones*).

that the constitutional objections depended upon the incorrect premise that the prior statute had "a clearly established meaning").[12]

The Federal Circuit has interpreted *Beverly Community Hospital* as standing for the proposition that "a later statute cannot be read as clarifying the meaning of an earlier statute where the earlier statute is unambiguous and the later statute is ambiguous." *Thompson v. Cherokee Nation of Okla.*, 334 F.3d 1075, 1092 (Fed. Cir. 2003) (citing *Beverly Community Hospital*). As *Thompson* confirms, this Ninth Circuit precedent has no bearing on the instant case in which the Federal Circuit has interpreted an unambiguous statute, and Congress has responded by attempting to overrule the Federal Circuit's decision and dictate a result in the federal government's favor on the merits. As the numerous authorities discussed in Plaintiffs' prior briefs establish, *Klein* does not permit this result.

### C. The *Piamba Cortes* Factors Do Not Support Retroactive Application of the 2006 or 2007 Amendments to 37 U.S.C. § 206(d)

Plaintiffs also submit that, to the extent the *Piamba Cortes* factors have any relevance here, they do not support retroactive application of either the 2006 or 2007 amendments to § 206(d). The first and most "significant" factor identified by *Piamba Cortes* is "whether a conflict or ambiguity existed with respect to the interpretation of the relevant provision when the amendment was enacted." 177 F.3d at 1283. If such an ambiguity existed, courts view this as an indication that a subsequent amendment is intended to clarify, rather than change, the existing law." *Id.* at 1283-84. As discussed

[12] Although *ABKCO Music* did not involve a constitutionality challenge to the retroactive application of new legislation, the Ninth Circuit also relied on the conflicting interpretations of the 1909 Copyright Act in concluding that the amendment to that statute constituted a clarification rather than a change. *See* 217 F.3d at 691 ("It follows that the 1997 amendment to § 303 was a 'statement of what [the 1909 Copyright Act] has meant all along.' As such, no retroactivity problem is presented by applying it to this case") (quoting *Beverly Community Hospital*).

*supra* at 14-15, no such conflict in authority existed with regard to the version of § 206 construed by the Federal Circuit in 2003.

As a second factor, the *Piamba Cortes* court indicated that courts may rely upon a declaration by the enacting body that "its intent was to clarify the prior enactment." *Id.* at 1284. *But see Parkdale Int'l*, 475 F.3d at 1378-79 (following *Princess Cruises* and refusing to credit Department of Commerce's promulgation as a "clarification" of old rules notwithstanding denomination by Commerce). The *Piamba Cortes* court also noted, however, that such declarations are afforded less weight "if the declarations are found in the amendment's legislative history rather than the text of the amendment itself." *Piamba Cortes*, 177 F.3d at 1284. Here, no such statement as to any "clarifying" intent appears in the text of the 2007 NDAA Amendment; the only statement to that effect appears in a Senate Report that did not even accompany the version of the Amendment that was ultimately enacted. *See* S. REP. NO. 109-254, at 331-32 (2006).[13] The actual text of the 2006 amendment to § 206(d) also is silent as to the intended effect of the amendment,[14] and the legislative history does not seek to explain the effect of the amendment either.

---

[13] What is significant for the separation of powers principles established by *Klein* is that, as the government affirmatively has argued (*e.g.*, Doc. 141 at 23), this legislative history suggests that Congress has explicitly targeted and impermissibly sought to direct the outcome in this case. *See,* S. REP No. 109-254 at 331-32; *Wash. Pub. Power Supply Sys.*, 673 F. Supp. at 415-16 (reviewing legislative history of legislation and finding a separation of powers violation when legislature acted for the purpose of obtaining a favorable result in pending court proceedings).

[14] Although the title to the 2006 amendment to § 206(d) does refer to a "clarification," the text of the amendment merely states that "Section 206(d)(1) of title 37, United States Code, is amended by inserting after "reserve component" the following: "or by a member of the National Guard while not in Federal Service." 2006 National Defense Appropriations Act § 604, 119 Stat. 3287 (2006). Settled principles of statutory construction dictate that the title to a statute does not control interpretation of the text of the statute. *See, e.g.*, *Bhd. of R.R. Trainmen v. Balt. O.R.R.*, 331 U.S. 519, 528-29 (1947); *United States v. Jac Natori Co.*, 108 F.3d 295, 299 (Fed. Cir. 1997) (title of statute not controlling); *Matkovich v. Sec.*

The *Piamba Cortes* approach, in short, does not justify retroactive application of either the 2006 or 2007 amendments to § 206(d), even though it is inconsistent with the Federal Circuit precedent establishing that the propriety of retroactively applying new legislation does not depend on whether the statute represents a "clarification" or a "change."

What is dispositive under the separation of powers principles applied in *Klein* and allied cases is that retroactive application of the 2007 NDAA Amendment would serve to overrule the Federal Circuit's 2003 decision and thereby to compel a judgment in the federal government's favor. When, as here, Congress attempts to dictate the outcome of a pending case against the federal government, it is irrelevant for separation of powers principles whether new legislation can be categorized as a clarification or a change.

---

*of H.H.S.*, 1996 U.S. Claims LEXIS 75, at *29 & n.42 (Fed. Cl. Apr. 29, 1996) (headings and titles are not statutory text).

## CONCLUSION

For the foregoing reasons, and for the reasons discussed in Plaintiffs' original briefs, the government's motion to dismiss should be denied, and the Plaintiffs' cross-motion for partial summary judgment on the government's affirmative defense based on the 2007 NDAA Amendment should be granted.

Respectfully submitted,

/s Helen K. Michael

Helen K. Michael
Robert H. Shulman
John F. Stanton
Christina Fahmy
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 783-0800
Fax: (202) 383-6610

Richard T. Dorman
CUNNINGHAM, BOUNDS, VANCE, CROWDER, and BROWN, LLC
1601 Dauphin Street
Mobile, Alabama 36660
Tel: (334) 471-6191
Fax: (334) 479-1031

Charles J. Cooper
David Thompson
COOPER & KIRK, P.L.L.C.
555 11th St, N.W. Suite 750
Washington, DC 2005
Tel: (202) 220-9600
Fax: (202) 220-9601

Counsel for Plaintiffs

DATED: June 8, 2007

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on June 8, 2007, a copy of the foregoing **Plaintiffs' Supplemental Brief Regarding Issues Raised in This Court's 5/24/07 Order** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

/s Christina E. Fahmy
Christina E. Fahmy