**No. 00-644 (Judge Firestone)**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**WILLIAM A. CLARK, et al.**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

# DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING ISSUES RAISED IN THIS COURT'S MAY 24, 2007 ORDER

**PETER D. KEISLER**
**Assistant Attorney General**

**JEANNE E. DAVIDSON**
**Director**

**BRYANT G. SNEE**
**Deputy Director**

**DOUGLAS K. MICKLE**
**Trial Attorney**
**Commercial Litigation Branch**
**Civil Division**
**Department of Justice**
**Attn: Classification Unit, 8th Floor**
**1100 L Street, N.W.**
**Washington, D.C. 20530**
**Tel. (202) 307-0383**
**Fax (202) 353-7988**

**OF COUNSEL:**
**MAJOR JERRETT DUNLAP**
**United States Army Litigation Division**

**TIMOTHY MALLOY**
**LT COL RICHARD REED**
**United States Air Force**
**General Litigation Division**

**MAXIMINO GONZALEZ**
**National Guard Bureau**
**Office of Chief Counsel**

**July 6, 2007**

**Attorneys for Defendant**

**TABLE OF CONTENTS**

DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING ISSUES RAISED IN THIS COURT'S MAY 24, 2007 ORDER . . . . . 1

INTRODUCTION . . . . . 1

ARGUMENT . . . . . 3

I. Because This Case Is Pending, The 2007 Amendment To Section 206 Can Be Applied Here Without Violating Separation Of Powers Concerns Because Congress Clarified The Underlying Law And Did Not Prescribe A Rule For Decision . . . . . 3

II. Because The 2006 And 2007 Amendments To Section 206(d) Represent A Clarification Of The Law, Retroactive Application Does Not Violate Separation Of Powers . . . . . 5

III. Plaintiffs' Attempt To Distinguish The Cases Cited In The Court's Order Fail . . . . . 12

IV. In Any Event, Plaintiffs Continue To Fundamentally Misread Klein . . . . . 15

CONCLUSION . . . . . 17

# TABLE OF AUTHORITIES

**CASES:** **PAGES:**

ABKCO Music, Inc. v. Lavere,
217 F.3d 684 (9th Cir. 2000),
cert. denied 531 U.S. 1051 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Adkins v. Rumsfeld,
464 F. 3d 456 (4th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Bank of Denver v. Southeastern Capital Group, Inc.,
789 F. Supp. 1092 (D. Co. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Beverly Community Hosp. Ass'n v. Belshe,
132 F.3d 1259 (9th Cir. 1997),
cert. denied 525 U.S. 928 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Brown v. Thompson,
374 F.3d 253 (4th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Carrieri v. Jobs.com Inc.,
393 F.3d 508 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Catlin v. United States,
324 U.S. 229 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Clark v. United States,
322 F.3d 1358 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

Consumer Product Safety Comm'n v.GTE Sylvania,
447 U.S. 102 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

de Rodulfa v. United States,
461 F.2d 1240 (D.C. Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Diefenderfer v. Merit Sys. Protection Bd.,
194 F.3d 1275 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Gen. Foods Corp. v. United States,
228 Ct. Cl. 606, 530 F.2d 923 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Georgia Ass'n of Retarded Citizens v. McDaniel,
855 F.2d 805 (11th Cir. 1988),
cert. denied 490 U.S. 1090 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Griffith v. Kentucky,
479 U.S. 314 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Huffman v. O.P.M.,
263 F.3d 1341 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

INS v. National Ctr. For Immigrants' Rights,
502 U.S. 183 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In re Bergy,
596 F.2d 952, 978 (C.C.P.A. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

In re Consolidated United States Atmospheric Testing Litig.,
820 F.2d 982 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Landgraf v. USI Films,
511 U.S. 244 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Liquilix Gas Corp. v. Martin Gas Sales,
979 F.2d 887 (1st Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Loving v. United States,
517 U.S. 748 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Marathon Oil Company v. United States,
374 F.3d 1123 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 14

Matter of Handy Andy Home Improvement Centers, Inc.,
144 F.3d 1125 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Miller v. French,
530 U.S. 327 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Motor Coach Industries, Inc. V. United States,
210 Ct. Cl. 188, 536 F.2d 930 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

National Juvenile Law Center, Inc. v. Regenery,
738 F.2d 455 (D.C. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

National Coalition to Save Our Mall v. Norton,
269 F.3d 1092 (D.C. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Panama R.R. v. Napier Shipping Co.,
166 U.S. 280 (1897) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Pennsylvania v. Wheeling & Belmont Bridge Co.,
59 U.S. (18 How.) 421 (1855) . . . . . . . . . . . . 13, 16

Piamba Cortes v. American Airlines, Inc.,
177 F.3d 1272 (11th Cir. 1999),
cert. denied 528 U.S. 1136 (2000) . . . . . . . . . . . . passim

Plaut v. Spendthrift Farms, Inc.,
514 U.S. 211 (1995) . . . . . . . . . . . . 3, 16

Princess Cruises, Inc. v. United States,
397 F.3d 1358 (Fed. Cir. 2005) . . . . . . . . . . . . 14, 15

Red Lion Broadcasting Co. v. FCC,
395 U.S. 367 (1969) . . . . . . . . . . . . 11

Robertson v. Seattle Audubon Soc'y,
503 U.S. 429 (1992) . . . . . . . . . . . . 16, 17

Robinson v. Shell Oil Co.,
519 U.S. 337 (1997) . . . . . . . . . . . . 9

South Dakota v. Yankton Sioux Tribe,
522 U.S. 329 (1998) . . . . . . . . . . . . 12

Sykes v. Columbus & Greenville Ry.,
117 F.3d 287 (5th Cir. 1997) . . . . . . . . . . . . 10

Ulmet v. United States,
19 Ct. Cl. 527 (1990) . . . . . . . . . . . . 4

United States v. Klein,
80 U.S. (13 Wall.) 128 (1871) . . . . . . . . . . . . passim

United States v. Sepulveda,
115 F.3d 882 (11th Cir. 1997) . . . . . . . . . . . . 7

United States v. Sioux Nation of Indians,
448 U.S. 371 (1980) . . . . . . . . . . . . 13, 16

United States v. Southwestern Cable Co.,
392 U.S. 157 (1967) . . . . . . . . . . . . 12

United States v. The Schooner Peggy,
5 U.S. (1 Cranch) 103 (1801) . . . . . . . . . . . . 4, 5

United States v. Winstar Corp.,
518 U.S. 839 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATUTES

37 U.S.C. § 206 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

37 U.S.C. § 206(d)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **WILLIAM A. CLARK, et. al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 00-644** |
| | ) | **(Judge Firestone)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING ISSUES RAISED IN THIS COURT'S MAY 24, 2007 ORDER**

**INTRODUCTION**

In its May 24, 2007 order, this Court requested that the parties respond to two questions: (1) how Beverly Community Hosp. Ass'n v. Belshe, 132 F.3d 1259 (9th Cir. 1997), cert. denied 525 U.S. 928 (1998); ABKCO Music, Inc. v. Lavere, 217 F.3d 684 (9th Cir. 2000), cert. denied 531 U.S. 1051 (2000); and, Georgia Ass'n of Retarded Citizens v. McDaniel, 855 F.2d 805 (11th Cir. 1988), cert. denied 490 U.S. 1090 (1989), impact upon separation of powers principles set forth in United States v. Klein, 80 U.S. (13 Wall.) 128 (1871) when applying the current version of 37 U.S.C. § 206 to plaintiffs' pending claims; and, (2) whether the 2006 and 2007 amendments to 37 U.S.C. § 206 constitute clarifying amendments under the criteria set forth in Piamba Cortes v. American Airlines, Inc., 177 F.3d 1272 (11th Cir. 1999), cert. denied 528 U.S. 1136 (2000).

To the Court's first question, Beverly, ABKCO Music, and McDaniel, in addition to the cases cited by the Government throughout this litigation, provide overwhelming support for the longstanding rule that clarifying amendments can be applied to pending litigation without raising constitutional or retroactivity concerns. Both Beverly and McDaniel stand for the proposition that Congress' ability "to affect the content of a nonfinal judgment in a civil case[] through

retroactive legislation ceases only when a case's journey through the courts comes to an end." McDaniel. 855 F.2d at 813. Without a final judgment in this case, the case must be considered pending litigation, thus allowing for the application of the amended version of section 206(d) without issue. Further supporting the Government's position, Beverly and ABKCO Music stand for the already established notion that "clarifying legislation is not subject to any presumption against retroactivity and is applied to all cases pending." ABKCO Music, 271 F.3d at 689. Because the 2006 and 2007 amendments to section 206(d) were, as the Government has always maintained, clarifying amendments, the current version of section 206(d) must be applied to this case as it does not raise any separation of powers concerns.

To the Court's second question, Piamba Cortes further strengthens the Government's position that the 2006 and 2007 amendments to section 206(d) are, in fact, clarifying amendments and not substantive changes in the law.

In sum, the four cases mentioned by the Court's order, when read with the plethora of other cases cited by the Government throughout this litigation, provide overwhelming support for the Court to apply the amended version of section 206(d) to this case without violating separation of powers principles. Accordingly, because plaintiffs' pending claims are prohibited under section 206(d) as amended, this action should be dismissed.

## ARGUMENT

**I. Because This Case Is Pending, The 2007 Amendment To Section 206 Can Be Applied Here Without Violating Separation Of Powers Concerns Because Congress Clarified The Underlying Law And Did Not Prescribe A Rule For Decision**

The Court was correct in noting in its May 24, 2007 order that Beverly, McDaniel, and ABKCO Music stand for the proposition that this Court can apply the amended version of section 206(d) without raising separation of powers concerns.

The key to determining whether the clarifications of section 206(d) run afoul of separation of powers depends, not upon plaintiffs' interlocutory success at the appellate level, but, upon whether it can be said that they have obtained a final judgment in a case whose journey through the courts has come to an end. To answer this question, the Court should first determine whether the suit is "pending." Beverly, 132 F.3d. at 1264-65. In Beverly, the court noted numerous circuits have determined Congress has the power to impact the results in "pending" cases without running afoul of separation of powers principles. See Griffith v. Kentucky, 479 U.S. 314, 321 n.6, (1987) (judgment is "final" and a case is no longer pending only after "the availability of appeal [is] exhausted, and the time for a petition for certiorari [has] elapsed or a petition for certiorari finally [has been] denied"); see also; de Rodulfa v. United States, 461 F.2d 1240, 1253 (D.C. Cir. 1972) ("The suit is pending until the appeal is disposed of, and until disposition any judgment appealed from it is still sub judice.") (internal quotations omitted). These cases are consistent with Supreme Court precedent. See e.g., Plaut v. Spendthrift Farms, Inc., 514 U.S. 211, 240 (1995) (Congress may not enact retroactive legislation that requires a court to reopen a final judgment entered before the legislation is enacted).

Similarly, in McDaniel, the Eleventh Circuit, relying upon the Supreme Court's decision in United States v. The Schooner Peggy, 5 U.S. (1 Cranch) 103 (1801), explained that "Congress has broad powers to supply, amend, or extinguish the great body of substantive rules applied by the courts. When it so intends, its ability to affect the content of a nonfinal judgment in a civil case, through retroactive legislation ceases only when a case's journey through the courts comes to an end." McDaniel, 855 F.2d at 813. Beverly further clarifies that a case is no longer "pending" for separation of powers purposes when the availability of appeal is exhausted and a final judgment is entered. Beverly, 132 F.3d at 1265.

As we previously established, a final judgment is "[a] court's last action that settles the rights of the parties and disposes of all issues in controversy, except for the awards of costs (and, sometimes, attorney fees) and enforcement of the judgment." Marathon Oil Company v. United States, 374 F.3d 1123, 1128 (Fed. Cir. 2004) (quoting Black's Law Dictionary 847 (7th ed. 1999)). Furthermore, and most relevant to this case, in the context of appellate jurisdiction, a "'final decision' is generally one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Id. (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). This Court's predecessor has held that where the Federal Circuit "reversed, remanded and issued its mandate" a "final judgment" has not been reached "because it did not fully completely dispose of the case and was not susceptible to entry of final judgment, without the need for further proceeding at the trial level." Ulmet v. United States, 19 Ct. Cl. 527, 535 (1990).

Thus, by no definition, has a final judgment been entered in this case. The Federal Circuit did not determine that plaintiffs were entitled to any relief, but merely remanded the case

to this Court for a subsequent determination in which plaintiffs would be required to establish "which classes the Secretary of the Army required, **if any**, and which classes [plaintiffs] took to satisfy those requirements." Clark v. United States, 322 F.3d 1358, 1368 (Fed. Cir. 2003) (emphasis added). Furthermore, despite plaintiffs continued statements to the contrary, the Government has not waived its right to challenge the Federal Circuit's decision during subsequent appeals to this case, and has every right to appeal the decision. See e.g. Panama R.R. v. Napier Shipping Co., 166 U.S. 280 (1897)(deciding libel issues affirmed during first appeal after remand for decision on damages).

Because there is no final judgment in this case, and the Government has not waived its ability to appeal the Federal Circuit's 2003 limited determination, this case is "pending" per McDaniels, Beverly, and settled Supreme Court and Federal Circuit precedent. As a "pending" case, any change or clarification of the law by Congress "must be obeyed" as law in any subsequent determination. McDaniels, 855 F.2d at 813 (quoting Schooner Peggy, 5 U.S. (1 Cranch) at 110. This Court, therefore, should dismiss plaintiffs' complaint as prohibited under the amended version of § 206(d).

## II. Because The 2006 And 2007 Amendments To Section 206(d) Represent A Clarification Of The Law, Retroactive Application Does Not Violate Separation Of Powers

Because the 2006 and 2007 amendments to section 206(d) constitute a clarification of the law by the standards articulated in Beverly, ABKCO Music, and Piamba Cortes, the court should apply the amended version of section 206(d) to this case. As stated in Beverly, when Congress merely "clarifies what [the law] was originally intended to mean," the amended version of the statute applies; "it has no retroactive effect that might be called into constitutional question."

Beverly, 132 F.3d at 1265. The court further stated that "[g]iven the extraordinary difficulty that the courts have found in divining the intent of the original Congress, a decision by the current Congress to intervene by expressly clarifying the meaning of [the statute] is worthy of real deference . . . We therefore honor Congress' 'clarification' label and accept [the new] provision as a statement of what [the statute] has meant all along." ABKCO Music, 217 F.3d at 690-91 (quoting Beverly, 132 F.3d at 1266).

In ABKCO Music, the facts present a situation remarkably similar to the facts presented here. In ABKCO Music, the majority of judicial decisions and the relevant Federal agency supported one interpretation of a particular statute regarding copyright law. However, the Ninth Circuit subsequently considered the meaning of the statute and held that the statute meant something entirely different than the courts and affected agency had interpreted the statute to mean. See ABKCO Music, 217 F.3d at 688-89. When Congress confirmed that the agency's initial interpretation was correct by clarifying the relevant statute with an amendment, the ABKCO Music court held that because the amendment had been a clarification, as determined by looking to the relevant legislative history and statutory language, its application to a pending case caused no constitutional problem. Id. at 690-92. Similar to ABKCO Music's reliance upon congressional intent, the Beverly court accepted Congress' 'clarification' label as a statement of what the applicable statute had meant all along and refused to entertain objections to retroactive application where only a declaratory clarification had occurred. Beverly, 123, F.3d 1259.

In addition to these Ninth Circuit decisions,[1] the Eleventh Circuit in Piamba Cortes set forth specific criteria for determining if a legislative amendment constitutes a clarification or change in the law. The first factor articulated in Piamba Cortes is "whether a conflict or ambiguity existed with respect to the interpretation of the relevant provision when the amendment was enacted." Piamba Cortes, 177 F.3d. at 1284. See also Liquilix Gas Corp. v. Martin Gas Sales, 979 F.2d at 890. The existence of such a conflict or ambiguity is "an indication that a subsequent amendment is intended to clarify, rather than change, the existing law." Id. The second factor articulated in Piamba Cortes is any declaration from Congress that its intent is to clarify the prior act. Id. at 1284.

The 2006 and 2007 amendments constitute clarifications based upon each and every criterion set forth by the Ninth and Eleventh Circuits in the cases cited in the Court's order. Applying the first factor articulated in Piamba Cortes, at the time that the 2006 and 2007 amendments to section 206(d) were enacted, a conflict existed between this Court's initial reading of the statute, which was consistent with the longstanding interpretation of the Department of Defense ("DoD") regarding the scope of section 206(d), upon the one hand, and the Federal Circuit, on the other. See Clark v. United States, 322 F.3d 1358 (Fed. Cir. 2003). A similar conflict existed between a Federal agency's interpretation and a circuit court's interpretation in ABKCO Music. 217 F.3d at 691.

[1] Numerous other Federal circuit courts of appeal have embraced this line of reasoning. See e.g., Liquilix Gas Corp. v. Martin Gas Sales, 979 F.2d 887, 890 (1st Cir. 1992) (noting that clarification is well established); Brown v. Thompson, 374 F.3d 253, 259 (4th Cir. 2004) (holding that the court need not consider whether retroactive application posed problems when the amendments were statutory clarifications); United States v. Sepulveda, 115 F.3d 882, 885 n.5 (11th Cir. 1997) (noting Congress can clarify a law to correct a judicial misinterpretation).

As the court explained in ABKCO Music, while a "change" in the Ninth Circuit law was "literally true,"[2] the fact that the policy of the Copyright Office had consistently been in disagreement with the Ninth Circuit over the meaning of the statute, and because there was disagreement among the courts, "Congress acted to make clear" that the statute meant what the Copyright Office had always said. Id. This is exactly what has happened here. Like the Copyright Office in ABKCO Music, DoD has consistently maintained that section 206(d)'s bar to compensation for correspondence courses applied to National Guard members, as well as other members of the Reserve component, regardless of the status soldiers and airmen claimed to be in when completing the courses. Once the Federal Circuit disagreed with the agency and this Court over the interpretation of section 206(d), Congress acted to make clear that the Court and DoD's interpretation was correct. Id. ("An amendment in the face of an ambiguous statute or a dispute among the courts as to its meaning indicates that Congress is clarifying, rather than changing, the law.").[3]

---

[2] Likewise, the Government has noted the 2006 and 2007 amendments to section 206(d) were a change in law from the Federal Circuit's perspective. See Docket # 148, Def. Reply, at 7. This is not inconsistent with the Government's contention that Congress has clearly indicated that its intention has always been that the bar on compensation for correspondence courses applied to National Guard members, as well as other members of the reserve component. In ABKCO Music, Inc., while discussing the clarification versus change issue, the court noted plaintiff's argument that "even assuming that § 303(b) 'clarified' that the Second Circuit's construction in Rosette was correct, the effect was to change the law in the Ninth Circuit." 217 F.3d 684, 691 (9th Cir. 2000) (emphasis in original). Even though this change was "literally true," the legislation was nevertheless a clarification for separation of powers purposes. Id.

[3] It is clear from the legislative history that the conflict between the Federal Circuit's interpretation and the agency's interpretation was the very purpose behind the amendments. See S. Rep. No. 109-254, at 331-32 (2006) ("The committee believes that judicial rulings interpreting section 206(d) . . . misinterpreted this provision and did not give adequate weight to the consistent practices of the services."). Moreover, as we established long ago in our opening motion for summary judgment, the Federal Circuit's interpretation was contrary to the legislative

While plaintiffs claim that no ambiguity exists, the clarity or ambiguity of statutory language should be determined by reference to not only the language itself, but also the specific context in which that language is used, and the broader context of the statute as a whole. See Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997). The context consists not merely of other sentences in the statute, but also of the real-world situation to which the language pertains. Matter of Handy Andy Home Improvement Centers, Inc., 144 F.3d 1125, 1128 (7th Cir. 1998). A statute is ambiguous if it is susceptible to more than one reasonable interpretation or more than one accepted meaning. Carrieri v. Jobs.com Inc., 393 F.3d 508, 519 (5th Cir. 2004).

Section 206(d) completely fulfills the first prong of the Piamba Cortes test: both a conflict and an ambiguity existed with respect to the relevant statute such that the 2006 and 2007 amendments should be considered clarifications to the existing statute, thereby posing no retroactivity concerns.

The second factor in Piamba Cortes also encompasses the ideas set forth by the Ninth Circuit in Beverly and ABKCO Music regarding whether or not an amendment is a clarification. Cumulatively, the test is whether Congress intended the amendments to clarify the law. Piamba Cortes, 177 F.3d at 1284. With regard to the 2006 and 2007 amendments to section 206(d), Congress expressed such an intention in three ways: (1) the language of the statute, (2) the titles of the amendments, and, (3) the surrounding legislative history.

First, the text of the 2007 amendment to section 206(d)(3) expressly provides that the prohibition "as it relates to members of the National Guard, while not in Federal service, applies

---

history of section 206's predecessor statute in the Career Compensation Act. Docket #60, at pages 14-18.

to- (A) any work or study performed on or after [the enactment of the statue] . . . ; and any claimed based on that work or study arising after that date." 37 U.S.C. § 206(d)(3). This language in the statute evinces Congress' intent that the bar to receiving compensation for completing correspondence courses applied to all members of the Reserve forces applied since section 206 of Title 37 was first enacted, and that this prohibition also included National Guard members, while not in Federal service. Although the text may not use the term "clarifying," it is clear that the statutory text clarified any disagreement over whether the bar applied to National Guard members, while not in Federal service, and also clarified the temporal aspect to that bar.

Second, any ambiguity in the text of the 2006 and 2007 amendments to section 206 is resolved by reference to the titles of those amendments, which state that each amendment is intended to be a "clarification." 2006 National Defense Appropriations Act, § 604, 119 Stat. 3287 (2006); 2007 National Defense Appropriations Act, § 607, 120 Stat. 2083 (2006). While the title of a statute or section cannot limit the plain meaning of the text, they are to be considered in resolving ambiguity. Motor Coach Industries, Inc. V. United States, 210 Ct. Cl. 188, 536 F.2d 930, 936 (1976); see also, INS v. National Ctr. For Immigrants' Rights, 502 U.S. 183, 189 (1991) (stating the title of a statue or section can aid in resolving an ambiguity in the legislation's text).

Third, the legislative history points towards Congress' clarifying intent. "Declarations in the subsequent legislative history . . . may be relevant to this analysis, especially if the legislative history is consistent with a reasonable interpretation of the prior enactment and its legislative history." Id. (quoting Sykes v. Columbus & Greenville Ry., 117 F.3d 287, 293-94 (5th Cir. 1997). The Senate Report makes clear that Congress intended the 2006 and 2007 amendments to

section 206(d) to be a clarification of what the statute had always meant. See S. Rep. No. 109-254, at 331-32 (2006) ("The changes to section 206(d) . . . did not, in the committee's view, change, but rather clarified the meaning and purpose of this section."). It is well established that when Congress clarifies its meaning through legislation, its declared meaning should be accorded great weight. See Loving v. United States, 517 U.S. 748, 770 (1996); Red Lion Broadcasting Co. v. FCC, 395 U.S. 367, 380-81 & n.8 (1969); Consumer Product Safety Comm'n v.GTE Sylvania, 447 U.S. 102, 118 n.13 (1980); United States v. Winstar Corp., 518 U.S. 839 (1996) (speaking in terms of "significant weight").

The evidence regarding congressional intent is abundant and strong, making clear that these amendments were intended to be clarifications in the law. Plaintiffs' argument that the Federal Circuit and its predecessor courts have rejected the use of subsequent congressional declarations as an indicator of the intent of an earlier Congress is misplaced. Pl. Supp., at 12-13, and n.8. As recognized by the Beverly court, plaintiffs' argument here fails to distinguish between cases that "involved attempts to use less formal types of subsequent legislative history, particularly Senate and House Committee Reports, to infer the meaning of prior enactments," from a case in which Congress formally declared a statute to be a clarification in the title of the act.[4] 132 F.3d at 1265 (citing United States v. Southwestern Cable Co., 392 U.S. 157, 170

[4] Unlike what we cite as authority here, the cases cited by the plaintiffs are based upon Senate and House Committee Reports to infer the meaning of prior enactments. See e.g., Huffman v. O.P.M., 263 F.3d 1341, 1354 (Fed. Cir. 2001) (discussing a Senate Report); Diefenderfer v. Merit Sys. Protection Bd., 194 F.3d 1275, 1279 (Fed. Cir. 1999) (discussing pending legislation that had not been passed); In re Bergy, 596 F.2d 952, 978 (C.C.P.A. 1979) (relying on legislative history, not congressional legislation); Gen. Foods Corp. v. United States, 228 Ct. Cl. 606, 530 F.2d 923, 928 (1976) (relying on a Senate Committee on Finance Report); South Dakota v. Yankton Sioux Tribe, 522 U.S. 329, 354-55 (1998) (relying on "scores of administrative documents and maps"). Here, Congress asserted its long-standing intent in the

(1967) (rejecting the use of congressional opinions contained solely in House Committee reports)). The formal declaration by Congress in Beverly, a declaration remarkably similar to the amendments at issue, was accorded great weight. Id.

Assessing the 2006 and 2007 amendments in light of the factors set forth in Beverly, ABKO Music, and Piamba Cortes makes clear that the amendments were clarifying amendments, even if they represented a substantive change in the law with respect to the Federal Circuit's interpretation in its 2003 decision in this case. Because the amendments were clarifications, any application to a pending case need not be thwarted by retroactivity or separation of powers concerns. As such, the Court should apply the amended version of section 206(d) and dismiss plaintiffs' complaint.

## III. Plaintiffs' Attempt To Distinguish The Cases Cited In The Court's Order Fail

The distinctions plaintiffs attempt to draw throughout their brief are distinctions without difference, and constitute a futile attempt to disregard controlling precedent that mandates immediate dismissal of their claims. Plaintiffs make three significant straw-man arguments, in order to distinguish Beverly, ABKCO Music, McDaniel, and Piamba Cortes from the instant matter.

First, in an attempt to distinguish all of the cases cited in the Court's order from the present matter, plaintiffs claim that the Federal Government must be an explicit party to litigation and that judgment must be in the Federal Government's favor in order for a case to be

---

body of the statute. Given this fact, the Court cannot ignore the Supreme Court's command in Loving, 517 U.S. at 770, and must give great weight to Congress' actions. This is particularly true, as this issue involves the military. See id. at 778 (Thomas J., concurring) (noting the requirement to "afford[] an unparalleled degree of deference to congressional action governing the military.").

factually similar enough to be worthy of analogy. This attempt by plaintiffs to redefine the "linchpin" of Klein runs counter to plaintiffs' previous arguments made to this Court. Plaintiffs forget that they initially directed this Court's attention to the district court opinion in Bank of Denver v. Southeastern Capital Group, Inc., 789 F. Supp. 1092 (D. Co. 1992), claiming that the "key inquiry" is whether "'the prescribed interpretation [of the new legislation is] at odds with prior court decisions, and whether 'the prescribed interpretation resolved a question dispositive of the action.'" Docket # 145, Pl. Memo. at 15. Plaintiffs now argue that the "linchpin" in the Klein analysis is whether "Congress was attempting to decide the controversy at issue in the Government's own favor." Pl. Supp. at 6-7. This difference is without merit: the issue of whether Congress was attempting to decide a controversy in the Government's own favor is also not the key factor from Klein. The Court distinguished Klein from its previous decision in Pennsylvania v. Wheeling & Belmont Bridge Co., 59 U.S. (18 How.) 421 (1855), by noting that Wheeling Bridge did not involve an arbitrary rule of decision. Klein, 80 U.S. at 146-47. The fact that the Supreme Court did not mention as a distinguishing factor that the Federal Government was not a party in Wheeling Bridge seriously undercuts the importance plaintiffs place upon that distinguishing fact. Moreover, even the cases upon which plaintiffs rely to support their new "linchpin" issue show plaintiffs' misplaced reliance upon the breadth of Klein. See e.g. United States v. Sioux Nation of Indians, 448 U.S. 371, 405 (1980) ("First, of obvious importance to the Klein holding was the fact that Congress was attempting to decide the controversy at issue in the Government's own favor . . . Second, and even more important, the proviso at issue in Klein had attempted 'to prescribe a rule for the decision of a cause in a particular way.'" quoting Klein, 80 U.S, at 146).

Second, in order to distinguish their case from McDaniel, plaintiffs continue to mistakenly contend that litigation resolved upon the merits but in which attorney fees are pending constitute examples of nonfinal judgments in which application of amended statutes are not permitted. In defining a final judgment, the Government always recognized that attorney fees are treated differently than other matters for purposes of a final judgment. Def. Mot. to Dismiss, Docket # 148, at 10, n.5 (citing Marathon Oil Company, 374 F.3d at 1128. Nevertheless, plaintiffs continue to rely upon attorney fee cases to support their erroneous contention that a final judgment was entered, when there has been no finding of liability, let alone attorney fees.[5]

Third, plaintiffs argue the inquiry into whether legislation constitutes a clarification or a substantive change in the law is inconsistent with Federal Circuit precedent. Pl. Supp., at 11-12. Plaintiffs rely upon Princess Cruises, Inc. v. United States, 397 F.3d 1358 (Fed. Cir. 2005), which involved an appeal of a United States Court of International Trade decision, which determined that liability for harbor maintenance tax payments would not be applied retroactively. Pl. Supp., at 12. The court in Princess Cruises refused to adopt a line of cases

[5] In the alternative, plaintiffs rely upon cases in which the court held that a retroactive application would result in manifest injustice. These cases are also not factually similar to the present case and we have previously shown that no manifest injustice will occur here if the amended version of section 206(d) is applied, because plaintiffs have never had "settled expectations" that they would be treated differently than their similarly situated reserve compatriots. Adkins v. Rumsfeld, 464 F.3d 456, 467 (4th Cir. 2006)(citing Landgraf v. USI Films, 511 U.S. 244, 265 (1994)). See also Def. Reply In Support If Its Mot. To Dismiss, Docket #148, at 15-16 (discussing plaintiffs' failure to demonstrate a manifest injustice). As we have repeatedly stated, to permit these plaintiffs, who admit they had no expectation of recovery, to now receive compensation for completing correspondence courses that hundreds of thousands of other servicemembers complete but are barred from receiving compensation would be the true "manifest injustice" here.

involving the retroactive application of administrative clarification to regulations by agencies, not statutory changes by Congress. 397 F.3d at 1363. Furthermore, the specific issue addressed by Princess Cruises was whether, absent statutory language that an administrative clarification should apply retroactively, the court could nonetheless apply it retroactively because the administrative clarification changed, rather than clarified the law. Id. at 1362-63. Because the rule in question in Princess Cruises did not involve the same issue, did not employ the same analysis, and was not based on the same authority as presented in Beverly or Piamba Cortes v. American Airlines, Inc., 177 F.3d 1272, 1283-84 (11th Cir. 1999), it is not controlling.

## IV. In Any Event, Plaintiffs Continue To Fundamentally Misread *Klein*

The Government has established that the 2006 and 2007 amendments to section 206(d) do not prescribe a rule of decision and, therefore, do not violate the principles set forth in United States v. Klein. Plaintiffs claim that "numerous subsequent Supreme Court and other cases have recognized that Klein prohibits other branches of government from interfering with pending cases – especially when the legislation targets a single lawsuit and /or the federal government is a party." Pl. Supp., at 6. However, the cases cited by plaintiffs, id., fail to support their contention, either because they upheld the statute in question or were based upon a "rule of decision" that is not present in the instant case.

What plaintiffs fail to acknowledge is that Congress can affect the outcome of a pending case without violating separation of powers principles even if the pending case's ultimate outcome can be in the Government's favor. See National Juvenile Law Center, Inc. v. Regenery, 738 F.2d 455, 465 (D.C. Cir. 1984)("Appellees' reliance on the broad language in Klein is entirely misplaced. Pending cases are often affected by the actions of coordinate branches of

government."). The separation of powers principles set forth in Klein and its progeny is limited and prohibit only a very specific kind of interference with judicial decision making. The Klein decision's prohibition upon congressional legislation affecting pending cases is limited to congressional acts "directing . . . a particular decision in a case, without repealing or amending the law underlying the litigation," or the creation of a "rule of decision." Robertson v. Seattle Audubon Soc'y, 503 U.S. 429, 441 (1992);[6] see also Plaut v. Spendthrift Farm, Inc., 514 U.S. at 218 (1995) (citing Robertson, 503 U.S. at 441); National Coalition to Save Our Mall v. Norton, 269 F.3d 1092, 1096 (D.C. Cir. 2001) (declining to find separation of powers violation under Klein when Congress made amendment to substantive law that affected pending litigation).

Contrary to plaintiffs' allegations, Klein is limited to instances when Congress would create a rule of decision or directly seek to legislate away a final judgment. The amendments to section 206 do neither. The amended version of section 206(d) "does not withdraw jurisdiction from the federal courts, does not deprive a party of the benefit of a judgment, and does not mandate the outcome of particular cases." In re Consolidated United States Atmospheric Testing Litig., 820 F.2d 982, 992 (9th Cir. 1987). As such, the amendments' affect upon this litigation are much more similar to the permitted effects of a congressional amendment seen in Pennsylvania v. Wheeling & Belmont Bridge Co.. In Klein, the Supreme Court distinguished the Wheeling Bridge amendment, which redefined a particular bridge to allow for its

---

[6] Plaintiffs' extremely broad reading of Klein is at best, severely undercut, by Robertson, where the Supreme Court unanimously upheld a provision in the appropriations bill that Congress passed in direct response to ongoing litigation which had a direct and favorable impact upon the litigation in the United States favor.

reconstruction, from the amendment relevant in Klein that required the Court to make the factual determination that a pardon was conclusive proof of disloyalty. Klein, 80 U.S. at 146-47.

Plaintiffs continue to ignore the distinction between these two types of amendments and offer no evidence that the 2006 and 2007 amendments actually prescribe a rule for decision. Moreover, the amendments to section 206(d) do not "direct any particular findings of fact or applications of law, old or new, to fact." Roberston, 503 U.S. at 438. In clarifying section 206(d), Congress certainly did not "direct[]" this Court to reach "specific results under old law." Id. at 439. Indeed, rather than prescribing a rule of decision, section 206(d) permissibly "imposes the consequences" of the court's application of a clarified legal standard in a pending case. Miller v. French, 530 U.S. 327, 349 (2000). A standard that the Constitution specifically grants to the Congress. U.S. Const. art. I, § 8, cls. 12, 14, 16. Here, Congress was merely performing its specified role pursuant to the Constitution and clarifying military pay policy to ensure all members of the Reserve component were paid equally.

Because the amendments to section 206(d) do not violate the principles set forth in Klein, their application here is constitutionally permissible.

## CONCLUSION

In response to the Court's order, the Government has shown that Beverly, ABKCO Music, and McDaniel stand for the proposition that the separation of powers principles set forth in Klein are not applicable to this case because it is pending and the amendment to section 206(d) merely clarified the law. The Government further demonstrated that based upon the factors set forth in Piamba Cortes, it is clear that both the 2006 and 2007 amendments to section 206(d) were clarifying amendments, and as such, retroactivity concerns need not be raised.

Accordingly, for the reasons stated above and in our motion to dismiss, we respectfully request the Court grant the Government's motion and dismiss plaintiffs' complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 307-0383
Fax (202) 353-7988

Attorneys for Defendant

OF COUNSEL:
MAJOR JERRETT DUNLAP
United States Army Litigation Division

TIMOTHY MALLOY
LT COL RICHARD REED
United States Air Force
General Litigation Division

MAXIMINO GONZALEZ
National Guard Bureau
Office of Chief Counsel

July 6, 2007

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on July 6, 2007, a copy of the foregoing "**DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING ISSUES RAISED IN THIS COURT'S MAY 24, 2007 ORDER**" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

s/Douglas K. Mickle
Douglas K. Mickle