# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

**No. 00-644C**
**(Filed: July 17, 2007)**

* * * * * * * * * * * * * * * * * *

**WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 through 4, and JANE DOES 1 through 3, individually and on behalf of others similarly situated,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * *

**O R D E R**

This case comes before the court on the defendant's motion to dismiss and the plaintiffs' cross-motion for summary judgment. The defendant, the United States ("defendant" or "government"), contends that the plaintiffs' first cause of action should be dismissed under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction, and that the plaintiffs' complaint

should be dismissed in its entirety under RCFC 12(b)(6) because it fails to state a claim upon which relief can be granted. In particular, the government asserts that the current version of 37 U.S.C. § 206, under which the plaintiffs seek compensation for completing correspondence courses, bars the plaintiffs' claims. The plaintiffs, current or former National Guard members ("plaintiffs"), contend that the current version of 37 U.S.C. § 206, which was amended in October 2006, cannot, as a matter of law, be applied retroactively to deprive the plaintiffs of their claims for compensation for completing required correspondence coursework.

## BACKGROUND

The background facts as well as the long and complex history of this litigation may be summarized as follows.[1] The plaintiffs in this case are current or former members of the Army National Guard ("ARNG") and Air National Guard ("ANG") (collectively "National Guard") in various states. The original plaintiff, William A. Clark ("Clark"), is a Staff Sergeant in the Alabama ARNG. Compl. ¶ 15. Mr. Clark has been a member of the National Guard since April 1987. Id. National Guard members from every state are statutorily required to enlist as members of the National Guard of the United States, which is a reserve component of the uniformed services. 10 U.S.C. § 12107(b)(1) (1994). In 1999, Mr. Clark was enrolled in, but did not complete, a required correspondence

[1]This is the fourth opinion to be issued in this case to date. See Clark v. United States, 322 F.3d 1358 (Fed. Cir. 2003); Clark v. United States, 69 Fed. Cl. 443 (2006); Clark v. United States, 50 Fed. Cl. 727 (2001).

course called Phase II of the Basic Non-Commissioned Officer Course ("BNCOC"). Compl. ¶ 15. On October 7, 1999, Mr. Clark alleges that he was demoted from Staff Sergeant (Army Enlisted Grade 6) to Sergeant (Army Enlisted Grade 5) because he failed to complete Phase II of the BNCOC. Compl. ¶ 16. In January 2002, Mr. Clark was conditionally promoted to Staff Sergeant pending completion of Phase II of the BNCOC, and successfully completed Phase II via correspondence courses by May 2002. Compl. ¶ 17. Mr. Clark contends that he, along with the other, similarly situated plaintiffs, was required to take these and other correspondence courses in order to advance in rank, to enter or advance in his military occupational specialty, and/or to retain positions of responsibility. Compl. ¶ 18. The plaintiffs did not receive military pay for the correspondence courses they completed. Compl. ¶ 46.

Mr. Clark initially filed a complaint in this court on November 1, 2000 seeking compensation from the government for time spent taking correspondence courses, and also seeking an injunction prohibiting the government from withholding pay for correspondence courses completed in the future by National Guard members. Mr. Clark's claim was based on 37 U.S.C. § 206(a) (1994) which, at the time the original complaint was filed, provided that "a member of the National Guard or a member of a reserve component of a uniformed service who is not entitled to basic pay . . . is entitled to compensation . . . for the performance of such other equivalent training, instruction, duty, or appropriate duties, as the Secretary may prescribe; or . . . ." In addition, 37 U.S.C. §

206(d) (1994) provided that "[t]his section does not authorize compensation for work or study performed by a member of a reserve component in connection with correspondence courses of an armed force." (emphasis added). The government filed a motion to dismiss for lack of jurisdiction, or in the alternative, for failure to state a claim upon which relief could be granted, contending that § 206(d) barred Mr. Clark from recovering under § 206(a). On November 29, 2001, Chief Judge Damich granted the government's motion to dismiss Mr. Clark's complaint for failure to state a claim upon which relief could be granted pursuant to RCFC 12(b)(4).[2] Clark v. United States, 50 Fed. Cl. 727, 730 (2001). The court determined that it had jurisdiction over Mr. Clark's claim under the Tucker Act, 28 U.S.C. § 1491 (2000), because Mr. Clark had stated a claim under § 206(a), a money-mandating statute. Id. at 729. However, the court held that Mr. Clark was a member of a reserve component and was thus barred from receiving compensation for correspondence courses under § 206(d) because, as a member of the Alabama National Guard, Mr. Clark was dually enlisted as a member of the Army National Guard of the United States, which qualified as a "reserve component." Id. at 732.

Mr. Clark appealed to the Court of Appeals for the Federal Circuit, which upheld the finding of jurisdiction, but reversed the dismissal of Mr. Clark's complaint. Clark v. United States, 322 F.3d 1358 (Fed. Cir. 2003). In affirming jurisdiction, the court relied

---

[2]In 2001, when Clark v. United States, 50 Fed. Cl. 727 (2001) was decided, RCFC 12(b)(4) governed motions to dismiss for failure to state a claim upon which relief could be granted. Such motions are currently governed by RCFC 12(b)(6).

on Dehne v. United States, 970 F.2d 890, 893 (Fed. Cir. 1992), in which the Federal Circuit held that § 206(a) is money-mandating. The court stated that "Mr. Clark has asserted a non-frivolous claim under 37 U.S.C. § 206(a) for compensation for mandatory correspondence courses that he took as a member of the Alabama National Guard" and that "the Court of Federal Claims had jurisdiction to determine whether Mr. Clark presented a claim upon which relief could be granted . . . ." Clark, 322 F.3d at 1363. The court then considered whether Mr. Clark was a member of a "reserve component" and should therefore be excluded from receiving compensation for correspondence courses under § 206(d), and determined that Mr. Clark's "functions in the state National Guard and the federal National Guard of the United States are mutually exclusive" and that Mr. Clark sought compensation for correspondence courses taken while in service exclusively to the Alabama National Guard. Id. at 1368. The court stated that "members of the national guard only serve the federal military when they are formally called into the military service of the United States. At all other times, National Guard members serve solely as members of the State . . . ." Id. at 1366 (citing Perpich v. Dept. of Defense, 496 U.S. 334, 347 (1990)). The Federal Circuit thus concluded that "37 U.S.C. § 206(d) does not bar Mr. Clark's claim for compensation and that, as a matter of law, his complaint is sufficient to state a cause of action under 37 U.S.C. § 206(a)." Id. at 1368 (emphasis added). The court remanded the case, directing Mr. Clark to establish "which classes the Secretary of the Army required, if any, and which classes he took to satisfy those

requirements." Id.

On remand, Mr. Clark amended his complaint to add as plaintiffs other members of the ARNG and the ANG. The government filed a motion for summary judgment, asserting that the plaintiffs could not meet the requirements for compensation established by § 206(a) and therefore that the plaintiffs' claim for compensation would fail. The court considered four issues in evaluating the government's motion: (1) whether the secretaries of the ARNG and the ANG have the authority to prescribe correspondence courses for National Guard members; (2) whether the plaintiffs were required by the secretaries to take the correspondence courses at issue; (3) whether correspondence courses in general met the requirements of 37 U.S.C. § 206(a)(1) or 37 U.S.C. § 206(a)(2); and (4) whether the correspondence courses at issue met the requirements of 37 U.S.C. § 206(a)(1) or 37 U.S.C. § 206(a)(2). Clark v. United States, 69 Fed. Cl. 443, 445-446 (2006). The court first determined that the secretaries of the ARNG and the ANG "do have the power to prescribe individual training with pay" under 32 U.S.C. § 502(f), which provides: "Under regulations to be prescribed by the Secretary of the Army or Secretary of the Air Force . . . a member of the National Guard may . . . with his consent, either with or without pay or allowances; be ordered to perform training or other duty in addition to that prescribed under subsection (a)." Id. at 447. The court also held that correspondence courses are a form of "equivalent training" under 37 U.S.C. § 206(a)(2), finding that "application of [37 U.S.C. § 206] can extend to correspondence

course training, and the fact that Plaintiffs are claiming entitlement to compensation for those courses does not automatically defeat Plaintiffs' claims." Id. at 448-449. Finally, the court found that general issues of material fact existed regarding whether the secretaries prescribed correspondence courses for the plaintiffs and, if so, which of the prescribed correspondence courses the plaintiffs took, and accordingly, the court denied the government's motion for summary judgment. Id. at 447, 449.

On January 6, 2006, Congress amended 37 U.S.C. § 206(d) to read: "Except as provided in paragraph (2),[3] this section does not authorize compensation for work or study performed by a member of a reserve component or by a member of the National Guard while not in Federal service in connection with correspondence courses of a uniformed service." (emphasis added). The case was transferred from Chief Judge Damich to this court on April 17, 2006. On May 16, 2006, the court set a detailed discovery schedule requiring the parties to complete discovery on the issue of which correspondence courses were "prescribed" by October 3, 2006. On September 8, 2006,

---

[3]The exception under paragraph (2) is not relevant to the case at hand. It provides:

> A member of the Selected Reserve of the Ready Reserve may be paid compensation under this section at a rate and under terms determined by the Secretary of Defense, but not to exceed the rate otherwise applicable to the member under subsection (a), upon the member's successful completion of a course of instruction undertaken by the member using electronic-based distributed learning methodologies to accomplish training requirements related to unit readiness or mobilization, as directed for the member by the Secretary concerned. The compensation may be paid regardless of whether the course of instruction was under the direct control of the Secretary concerned or included the presence of an instructor.

the parties jointly moved to stay discovery pending the enactment of the 2007 National Defense Authorization Act ("NDAA") which contained a provision designed to amend 37 U.S.C. § 206. The 2007 NDAA, which was signed into law on October 17, 2006, added the following language to 37 U.S.C. § 206(d): "The prohibition in paragraph (1), including the prohibition as it relates to a member of the National Guard while not in federal service, applies to – (A) any work or study performed on or after September 7, 1962, unless that work or study is specifically covered by the exception in paragraph (2); and (B) any claim based on that work or study arising after that date." (emphasis added).

Following the enactment of the 2007 NDAA, the plaintiffs filed an amended complaint on December 5, 2006. The plaintiffs' first cause of action, seeking compensation for correspondence courses taken pursuant to 37 U.S.C. § 206, was unchanged from the original complaint. The complaint was amended to add a second cause of action alleging a taking under the 5th Amendment. The plaintiffs contend that, to the extent that the 2007 NDAA Amendment can be retroactively applied to eliminate their cause of action, they should be compensated by the government for the taking of their right to compensation for the required correspondence coursework.

On January 5, 2007, the government filed a motion to dismiss the plaintiffs' first cause of action under RCFC 12(b)(1) for lack of jurisdiction and the plaintiffs' complaint in its entirety under RCFC 12(b)(6) for failure to state a claim upon which relief could be granted. The government alleges that the plaintiffs' claims are barred by the 2007

amendment to 37 U.S.C. § 206(d) ("2007 NDAA amendment"). The plaintiffs, on February 12, 2007, filed a cross-motion for partial summary judgment, arguing that the government's reliance on the 2007 NDAA amendment is unsupported. The plaintiffs contend that the 2007 NDAA amendment is unconstitutional under Article III of the Constitution or, in the alternative, amounts to a 5th Amendment taking of the plaintiffs' claim for compensation under 37 U.S.C. § 206, as delineated by the Federal Circuit in Clark v. United States, 322 F.3d 1358. Oral argument on the parties' cross motions was heard on May 18, 2007. The plaintiffs filed a supplemental brief on June 8, 2007, and the government filed a response to the plaintiffs' supplemental brief on July 6, 2007. For the reasons set forth below, the government's motion to dismiss is **DENIED** and the plaintiffs' cross-motion for partial summary judgment is **DENIED**.

## DISCUSSION

### I. The Court has Jurisdiction over the Plaintiffs' First Cause of Action.

The government first seeks to dismiss the plaintiffs' first cause of action for lack of subject matter jurisdiction under RCFC 12(b)(1).[4] As noted supra, the Federal Circuit

---

[4]In considering a motion under RCFC 12(b)(1) to dismiss for lack of subject matter jurisdiction, the court is generally "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995) (citing Scheuer v. Rhodes, 416 U.S. 232, 236-237 (1974)). The ultimate burden, however, is on the plaintiff to prove that the court has jurisdiction to hear its claims. See, e.g., Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991) ("A party seeking the exercise of jurisdiction in its favor has the burden of establishing that such jurisdiction exists."). If the undisputed facts reveal a basis upon which the plaintiffs may establish jurisdiction, the motion to dismiss will be denied. W.R. Cooper Gen. Contractor, Inc. v. United States, 843 F.2d 1362, 1364 (Fed. Cir. 1988).

has determined that this court has jurisdiction to consider the plaintiffs' claims under the version of 37 U.S.C. § 206 in effect at the time that Mr. Clark filed this action. Clark v. United States, 322 F.3d at 1363 ("[T]he Court of Federal Claims had jurisdiction to determine whether Mr. Clark presented a claim upon which relief could be granted under section 206(a)."). The government contends that, under established Supreme Court precedent, this court must apply the current version 37 U.S.C. § 206, including the 2007 NDAA amendment to § 206(d). See Bradley v. Richmond School Board, 416 U.S. 696, 711 (1974) (holding that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary."). Because 37 U.S.C. § 206(d), as amended, plainly bars the ability to recover under 37 U.S.C. § 206(a) recognized by the Federal Circuit in Clark, the government contends that the plaintiffs no longer have a money-mandating claim and that, accordingly, the plaintiffs' first cause of action must be dismissed.[5]

---

[5]The Court of Federal Claims, under the Tucker Act, 28 U.S.C. § 1491 (2000), may "render judgment upon any claims against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, the Tucker Act simply confers jurisdiction on this court; a plaintiff must also identify a separate money-mandating statute upon which to base a claim for damages. See Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004); Tippett v. United States, 185 F.3d 1250, 1254 (Fed. Cir. 1999) ("[T]he plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.") (quoting James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998)). In determining jurisdiction, this court must ask "only whether the plaintiff is within the class of plaintiffs entitled to recover under the statute if the elements of a cause of action are established." Greenlee County v. United States, 487 F.3d 871, 876 (Fed. Cir. 2007).

The plaintiffs respond that the 2007 NDAA amendment to 37 U.S.C. § 206(d) is unconstitutional and therefore cannot be applied to bar the plaintiffs' claims. In particular, the plaintiffs argue that the 2007 NDAA amendment violates the principles of separation of powers set forth in Article III of the Constitution. See United States v. Klein, 80 U.S. (13 Wall.) 128, 146-147 (1871) (holding that, in enacting legislation that purportedly dictated an outcome in pending litigation, "Congress had inadvertently passed the limit which separates the legislative from the judicial power"). In the alternative, the plaintiffs argue that, should the court apply the current version of 37 U.S.C. § 206, which would bar their claim for compensation, they would be entitled to compensation under the 5th Amendment. In such a circumstance, the plaintiffs contend that this court has jurisdiction to hear their takings claim.

The court agrees with plaintiffs that this court has jurisdiction over the plaintiffs' statutory claim.[6] The Federal Circuit determined in Dehne, 970 F.2d at 892, and reaffirmed in Clark, 322 F.3d at 1363, that 37 U.S.C. § 206(a) is a money-mandating statute which affords the Court of Federal Claims jurisdiction to consider the merits of the plaintiffs' claims. As the Federal Circuit held in Clark, "[t]he problem with the [government's] argument is that it confuses the issue of jurisdiction with the question of whether Mr. Clark can prevail on the merits or whether section 206(d) bars his claim." 322 F.3d at 1363 (emphasis added). Because the plaintiffs have "invoked a money-

[6]The government does not dispute that this court has jurisdiction over the plaintiffs' takings claim.

mandating statute and have made a non-frivolous assertion that they are entitled to relief under the statute," Brodowy v. United States, 482 F.3d 1370, 1375 (Fed. Cir. 2007), the plaintiffs have met the burden under RCFC 12(b)(1) of establishing jurisdiction over their complaint. Whether the 2007 NDAA amendment to § 206(d) is a complete defense to the plaintiffs' claim does not mean that the claim the plaintiffs raised under 37 U.S.C. § 206(a) is no longer viable. The Federal Circuit has determined that the plaintiffs have established jurisdiction for the court to hear their claim. Clark, 322 F.3d at 1363. The question now before the court is whether the government has a defense to that claim based on the 2007 NDAA amendment. Accordingly, the government's motion to dismiss the plaintiffs' first cause of action for lack of subject matter jurisdiction is **DENIED**.

## II. The Application of the 2007 Version of 37 U.S.C. § 206(d) Presents a Potential Constitutional Question.

Assuming jurisdiction, the government also seeks to dismiss the plaintiffs' complaint in its entirety, pursuant to RCFC 12(b)(6), for failure to state a claim upon which relief could be granted. The plaintiffs, in a cross-motion for partial summary judgment, contend that the current version of 37 U.S.C. § 206 cannot, as a matter of law, be applied retroactively to deprive the plaintiffs of their claims for compensation for completing required correspondence coursework.

Whether the plaintiffs' claim for compensation under 37 U.S.C. § 206(a) can survive in spite of the 2007 NDAA amendment to 37 U.S.C. § 206(d) turns on whether the 2007 NDAA amendment may be applied to bar the plaintiffs' claims. When Congress

has clearly specified that a statute is to be given a retroactive effect, it is well-settled that the court must abide by that determination absent constitutional impediments. See, e.g., I.N.S. v. St. Cyr, 533 U.S. 289, 316 (2001) ("[I]t is beyond dispute that, within constitutional limits, Congress has the power to enact laws with retrospective effect."); Landgraf v. USI Film Products, 511 U.S. 244, 267 (1994) ("Absent a [constitutional violation], the potential unfairness of retroactive civil legislation is not a sufficient reason for a court to fail to give a statute its intended scope."); Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988) ("[C]ongressional enactments . . . will not be construed to have retroactive effect unless their language requires this result.").

The plaintiffs assert that application of the current version of 37 U.S.C. § 206 would give rise to constitutional concerns. The plaintiffs first allege that such application would violate separation of powers principles for two reasons. First, the plaintiffs contend that retroactive application would dictate a result in pending litigation in the government's favor. The plaintiffs argue that such application would violate the holding in Klein, in which the Supreme Court determined that a law passed by Congress while an appeal was pending that dictated the outcome of the appeal in the government's favor was an unconstitutional violation of the separation of powers. 80 U.S. at 146-147. Second, the plaintiffs contend that the 2007 NDAA amendment was an attempt by Congress to interfere with the final judgment of the Federal Circuit that the plaintiffs could be compensated under 37 U.S.C. § 206 for correspondence courses. The plaintiffs maintain

that the 2003 Federal Circuit decision, Clark, 322 F.3d 1358, constitutes the "law of the case" and that retroactive application of the current version of 37 U.S.C. § 206 to effectively overrule the "law of the case" would violate separation of powers principles as set forth in Klein. In addition, the plaintiffs argue that retroactive application of the current version of 37 U.S.C. § 206 would constitute a 5th Amendment taking of their claim for compensation, for which they should be justly compensated.

The government asserts that the holding in Klein has been limited by subsequent decisions, including Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 218 (1995) and Robertson v. Seattle Audubon Soc'y, 503 U.S. 429, 441 (1992), to actions by Congress which direct a particular decision in a case without "amending" the underlying law.[7] The government argues that the amendments neither mandated the outcome of a particular case nor deprived the plaintiffs of the benefit of a final judgment and that, accordingly, the holding in Klein does not limit their application. The government contends, in the alternative, that the current version of 37 U.S.C. § 206 is simply a "clarification" of the version in effect at the time the plaintiffs filed their claim, and that, under the standards

[7]In Robertson, the Supreme Court reviewed a Ninth Circuit decision finding a subsection of an Appropriations Act unconstitutional under Klein because it directed decisions in pending cases without amending the underlying law. 503 U.S. at 441. Because the Court determined that the subsection at issue did amend the underlying law, and therefore that the Ninth Circuit's analysis relying on Klein was not relevant, it declined to consider additional separation of powers arguments invoking Klein. Id. The same concept is reiterated in Plaut. 514 U.S. at 218. In contrast, this court must consider the import of the holding in Klein to the plaintiffs' contentions in determining the appropriate version of 37 U.S.C. § 206 to apply because of its potential to infringe on the plaintiffs' alleged vested right to compensation. See infra fn. 9. Neither Robertson nor Plaut dealt with this issue.

set forth in Piamba Cortes v. American Airlines, Inc., 177 F.3d 1272, 1284 (11th Cir. 1999), a clarification, as opposed to a change, to existing law does not pose any retroactivity concerns when applied to pending litigation. See also, Beverly Community Hosp. Ass'n v. Belshe, 132 F.3d 1259 (9th Cir. 1997); Georgia Ass'n of Retarded Citizens v. McDaniel, 855 F.2d 805 (11th Cir. 1988), cert. denied 490 U.S. 1090 (1989).[8]

While the government is correct that Klein has been limited by subsequent Supreme Court decisions, see, e.g., Plaut, 514 U.S. at 218; Robertson, 503 U.S. at 441, the government's analysis ignores the unique circumstances of the present case, which involves a statutory amendment intended to eliminate pay to which military personnel may have been entitled. It has been recognized that retroactive legislation that reduces compensation owed to military personnel raises serious constitutional questions. See United States v. Larionoff, 431 U.S. 864, 879 (1977) ("No one disputes that Congress may prospectively reduce the pay of members of the Armed Forces. . . . It is quite a different matter, however, for Congress to deprive a service member of pay due for

---

[8]In its May 24, 2007 order, the court asked the parties to address, through supplemental briefing, how the holdings in Beverly, McDaniel, and ABKCO Music, Inc. v. Lavere, 217 F.3d 684 (9th Cir. 2000), impacted the separation of powers principles set forth in Klein. The plaintiffs argue that the above-cited cases are all factually and legally distinguishable from Klein and from the case sub judice because none of these cases involved an attempt by Congress to legislate a judgment in the federal government's favor. The government asserts that all of these cases support the government's contention that, because the government considers the 2006 and 2007 Amendments to 37 U.S.C. § 206 to be clarifying amendments, the amended version of § 206(d) can be applied to all pending litigation without invoking any separation of powers concerns. The issue of whether the 2006 and 2007 Amendments are clarifying will only become relevant in the event that Klein is found to be inapplicable to this case. Accordingly, the court does not reach the issue at this time.

services already performed, but still owing. In that case, the congressional action would appear in a different constitutional light.") (citations omitted) (emphasis added). Neither the Supreme Court nor any Circuit, including the Federal Circuit, has had the opportunity to opine on the application of Klein in such a circumstance where a Circuit had concluded that a plaintiff may have a vested right to compensation and Congress passed legislation to deprive the court of jurisdiction to hear the plaintiff's claim.[9] None of the cases relied upon by the government considered an alleged payment owed by the government for work that had already been performed, which is the central issue before the court. For that reason, Klein continues to pose a constitutional question, and, accordingly, the current version of 37 U.S.C. § 206 may not be applied without careful consideration of plaintiffs' constitutional concerns.

Therefore, while the government would like the court to expeditiously resolve these constitutional questions, principles of judicial restraint counsel against such action.[10] It is well-settled that courts should not resolve constitutional questions where such questions can be avoided. See, e.g., Clinton v. Jones, 520 U.S. 681, 690 (1997) ("It is true that we have often stressed the importance of avoiding the premature adjudication

---

[9]For a more thorough discussion of the role of Klein in interpreting Congressional action that attempts to dictate substantive outcomes, see Erwin Chemerinsky, Federal Jurisdiction 183-186 (4th ed. 2003), suggesting that Klein still stands for the proposition that Congress cannot dictate the outcome of a case through superseding legislation that could in effect result in a violation of another Constitutional provision, such as the 5th Amendment.

[10]At oral argument, the plaintiffs agreed that resolution of their motion regarding the constitutionality of the 2007 NDAA amendment to 37 U.S.C. § 206(d) would be premature.

of constitutional questions. That doctrine of avoidance, however, is applicable to the entire Federal Judiciary, not just to this Court . . . ."); Spector Motor Service v. McLaughlin, 323 U.S. 101, 105 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable."); Gregory Timber Resources, Inc. v. United States, 855 F.2d 841, 843 (Fed. Cir. 1988) ("The Court will not 'anticipate a question of constitutional law in advance of the necessity of deciding it.'") (quoting Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 346 (1946)); Brousseau v. United States, 640 F.2d 1235, 1237 (Ct. Cl. 1981) (declining to consider a constitutional challenge "because federal courts should engage in constitutional adjudication only where it is necessary to the disposition of a case.").

Here, the plaintiffs' constitutional objections turn on whether Congress, through the 2007 NDAA amendment, has in fact affected the plaintiffs' right to recover or taken away compensation owed to the plaintiffs. Accordingly, the court should first determine whether the plaintiffs were entitled to compensation for correspondence courses under the law in effect at the time their claims were filed. If the plaintiffs were not entitled to compensation for correspondence courses, then a determination regarding the constitutionality of the 2007 NDAA amendment would not be necessary, as the plaintiffs would not be able to recover under 37 U.S.C. § 206 regardless of whether Congress impermissibly directed a judgment in favor of the government.

If, however, the plaintiffs were entitled to compensation under the law in effect at the time of the original action, then the court will have to consider the constitutional issues presented by the plaintiffs and determine whether the 2007 NDAA amendment is constitutional, or, in the alternative, if application of the 2007 NDAA amendment to the plaintiffs' claim would give rise to a taking. Because this case could be decided without having to resolve the potentially serious constitutional questions raised by the potential application of the 2007 NDAA amendment, the court finds that the government's motion to dismiss for failure to state a claim upon which relief could be granted, and the plaintiffs' cross-motion for partial summary judgment, must be **DENIED** on the grounds that both are premature.

## CONCLUSION

For all of the foregoing reasons, the government's motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted, is **DENIED**. The plaintiffs' cross-motion for partial summary judgment on the government's affirmative defense is also **DENIED**. The parties shall file a status report proposing a discovery schedule for the five named plaintiffs' claims for compensation by **Tuesday, July 31, 2007**.

**IT IS SO ORDERED**.

**s/Nancy B. Firestone**
NANCY B. FIRESTONE
Judge