IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 through 4, and JANE DOES 1 through 3, individually, and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | CASE NO. 00-644C (Judge Firestone) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's July 17, 2007 order, the parties conferred and have agreed to limited discovery on the issue of whether five of the representative plaintiffs have taken "required" correspondence courses as members of the National Guard. The parties hereby respectfully request the Court to enter an order lifting the stay that is currently in effect,[1] and allow the parties to proceed with the discovery plan outlined below.

**FACTUAL BACKGROUND**

On September 9, 2006, the parties jointly proposed to stay discovery in this case pending the signing into law of the 2007 National Defense Authorization Act ("2007 NDAA Amendment"). On September 12, 2006, this Court entered a stay of discovery pending motion practice on the effect, if any, of the 2007 NDAA Amendment on Plaintiffs' claims for compensation. In its motion to dismiss, the Government contended that the enactment of the 2007 NDAA Amendment required dismissal of Plaintiffs'

---

1 If the Court so desires, the parties will file a separate motion requesting that the stay be lifted.

claims for compensation. Plaintiffs argued, *inter alia*, that the 2007 NDAA Amendment could not be applied retroactively to this case.

On July 17, 2007, this Court issued an opinion denying both the Government's motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted, and Plaintiffs' cross-motion for partial summary judgment on the Government's affirmative defense. In that opinion, the Court ordered the parties to "file a status report proposing a discovery schedule for the five named plaintiffs' claims for compensation." *See* July 17, 2007 Order at 18. Pursuant to this Court's instructions, the parties met and conferred on July 27, 2007, and came to an agreement regarding a proposed discovery schedule.[2] The terms of that agreement are reflected below.

## I. DISCOVERY PROPOSAL

### A. Third Amended Complaint

Plaintiffs request leave from this Court to file a third amended complaint in this action for the purpose of identifying one of the plaintiffs, who is currently named as a "Jane Doe" in the second amended complaint, as a named plaintiff. Once named, this individual will take part in this litigation as one of the representatives as to whom the Plaintiffs will offer proof that certain correspondence courses were "required" to be taken by members of the National Guard. Consistent with the Court's July 17, 2007 Order, Plaintiffs will, at this juncture, focus only on developing proof that five of the named representatives have completed such required correspondence coursework.

The Government has consented to Plaintiffs' request to file a third amended complaint. Plaintiffs will file the third amended complaint within two weeks of obtaining

---

2 The Government has notified the Plaintiffs that it is contemplating seeking leave from this Court to certify this Court's July 17, 2007 order for interlocutory appeal pursuant to 28 U.S.C. §1292(d)(2). In the event that the Government seeks such a certification, Plaintiffs will oppose the Government's request.

the Court's approval to file this pleading. Once Plaintiffs have filed the third amended complaint, the Government will determine whether it is necessary to file an amended answer.

### B. Written Discovery

Both parties will be required to complete the process of responding to discovery requests that were served prior to the stay. Plaintiffs contend that the Government's responses to certain of Plaintiffs' prior discovery requests were deficient in many respects. Due to the stay, the process of attempting to resolve these discovery disputes has not yet been completed. Plaintiffs will serve the Government with a letter identifying any issues or deficiencies related to the Government's prior discovery. In addition to obtaining complete responses to prior discovery, Plaintiffs will serve the Government with new discovery requests, including Requests for Admissions.

Similarly, because of the stay, Plaintiffs have yet to respond to one of the Government's outstanding discovery requests. The deadline for Plaintiffs to respond will be two weeks from the date the Court lifts the discovery stay. To allow time for completing written discovery and, if necessary, conducting motion practice, the parties propose a two-month period for written discovery.

### C. Deposition Discovery

At this juncture, and subject to further information obtained during the completion of written discovery, Plaintiffs contemplate taking the depositions of five individuals: Command Sergeant Major (Retired) Thomas M. McNamera, the former Senior Human Resources Analyst/Military Personnel Specialist of the National Guard Bureau; Colonel Ernest C. Audino, the Chief of National Guard Bureau Training Division; Philip A. Stemple, the Chief of the Training Division for the Army National Guard; Mark Mills, Commander of the 151st Army Band, and the commanding officer for plaintiff William A. Clark; and Daniel J. Kohner, the Director of Manpower Programs in the Office of the

Assistant Secretary of Defense for Reserve Affairs, and the individual that the Government presently has proffered as its witness on the issue of whether the named Plaintiffs have completed required correspondence courses on behalf of the Government.[3] In addition to these depositions of individuals, Plaintiffs will seek to depose Government-designated witnesses on certain 30(b)(6) topics. Plaintiffs do not yet have a complete list of 30(b)(6) topics because further written discovery is required, but will endeavor to provide the Government with a preliminary list of topics within the next couple of weeks..

At this time, the Government anticipates deposing all available[4] named Plaintiffs regarding completion of required correspondence coursework.

## II. PROPOSED DISCOVERY SCHEDULE

Subject to the Court's approval, the parties have agreed to the following schedule for completing discovery and other tasks discussed above:

| | |
|---|---|
| September 30, 2007 | Conclude written discovery |
| January 15, 2007 | Conclude deposition discovery |

The parties also request the Court to lift the stay so discovery can resume.

## CONCLUSION

For all of the foregoing reasons, the parties respectfully request this Court to (1) lift the stay that is currently in effect, thereby, allowing discovery to proceed; (2) grant

---

3 The parties reserve the right to depose any additional individuals proffered by the opposing party as witnesses on the question of what required correspondence courses have been completed by various of the named representatives.

4 The parties agree that if any named plaintiff becomes unavailable during the agreed upon discovery period, that plaintiff will be treated as a Doe plaintiff, and that deposition or other discovery from any such plaintiff will be deferred.

Plaintiffs leave to file a third amended complaint; and (3) enter a case management order in conformance with the parties' proposed discovery schedule.

August 5, 2007

Respectfully submitted,

s/Helen K. Michael
HELEN K. MICHAEL
ROBERT SHULMAN
JOHN STANTON
CHRISTINA FAHMY
HOWREY LLP.
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800

RICHARD T. DORMAN
CUNNINGHAM, BOUNDS, YANCE,
CROWDER & BROWN, LLC
1601 Dauphin Street
Mobile, AL 36604
(251) 471-6191

CHARLES J. COOPER
COOPER & KIRK, P.L.L.C.
1500 K Street, N.W., Ste. 200
Washington, DC 2005
(202) 220-9600

Attorneys for Plaintiffs

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
U.S. Department of Justice Civil
Division
Commercial Litigation Branch 1100
L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 307-0383
Fax: (202) 353-7988

OF COUNSEL:
MAJOR JERRETT DUNLAP
United States Army Litigation Division

TIMOTHY J. MALLOY
LT COL BRIAN ROOU
United States Air Force
General Litigation Division

MAXIMINO GONZALEZ, Jr.
National Guard Bureau
Office of Chief Counsel
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2007, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Helen K. Michael
Helen K. Michael