IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 through 4, and JANE DOES 1 through 3, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | CASE NO. 00-644C<br>(Judge Firestone) |

**DECLARATION OF CHRISTINA E. FAHMY**

I, CHRISTINA E. FAHMY, declare and state as follows:

1. I am an attorney duly admitted to the bar of the Court of Federal Claims. I am employed at the law firm of Howrey LLP, which is counsel for Plaintiffs in this litigation. I submit this declaration in support of Plaintiffs' Motion to Compel Production of Documents related to Plaintiffs' Second Set of Requests for Production of Documents. I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness, I could and would testify competently to them.

2. On May 16, 2006, this Court issued an order permitting discovery with respect to which correspondence courses the five named plaintiffs had completed, and which correspondence courses were required by the Service Secretaries. A true and correct copy of that order is attached hereto as Exhibit A.

3. On June 22, 2006, Plaintiffs served their Second Set of Requests for Production of Documents ("Second Set") on Defendant. A true and correct copy of the Second Set is attached Set is attached to the brief as Exhibit 1.

4. On July 24, 2006, Defendant served its responses and objections to the Second Set. Defendant's Responses stated that certain documents would be available for inspection and copying at the offices of Major Jerrett Dunlap. Attached to the Responses was an index with 276 documents listed as being produced. A true and correct copy of Defendant's Responses and Objections to the Second Set is attached hereto as Exhibit B.

5. On August 1, 2006, I and my colleague, Alan Sutton went to Major Dunlap's office to review the documents. There, we were provided with a single box of documents for our review. We reviewed the documents and requested copies of the complete set, which was produced two weeks later.

6. On August 15, 2006, Plaintiffs' counsel sent a letter to Defendant's counsel, Mr. Douglas Mickle. In that letter, Plaintiffs' counsel noted that the production was insufficient on several grounds. First, Plaintiffs' counsel questioned theDefendant's assertion that there was a single box of documents responsive to the 59 requests in the Second Set. Second, Plaintiffs' counsel noted that several types of responsive documents appeared to be missing from the production. Further, Plaintiffs' counsel, through its own research had discovered several responsive documents that the government had failed to produce, and asked that those documents, and all similar documents be produced promptly. A true and correct copy of Plaintiffs' August 15, 2006 letter is attached hereto as Exhibit C.

7. On August 22, 2006, the government responded, claiming, among other things, that the responsive documents Plaintiffs' counsel had identified were not responsive, and that Defendant had produced all responsive documents in its possession. Attached to the letter was an updated production log specifying that 312 documents had been produced, thirty-six more than the prior log, although Plaintiffs had not been provided any additional documents. A true and correct copy of Defendant's August 22, 2006 letter is attached hereto as Exhibit D.

8. Plaintiffs then engaged in a series of phone calls with Defendant's counsel, with the aim of identifying further responsive document types for production. Plaintiffs' counsel also notified Defendant that there appeared to be documents that had been present for inspection and copying that were not in the final box.

9. On September 8, 2006, discovery in this case was stayed pending briefing of the constitutional issues raised by the enactment of the 2007 National Defense Authorization Act. A true and correct copy of this Court's order staying discovery is attached hereto as Exhibit E.

10. On August 7, 2007, this Court reopened discovery. This Court's order established a period for written discovery to be followed by deposition discovery, and established a January 15, 2008 deadline for completion of deposition discovery. A true and correct copy of this Court's order is attached hereto as Exhibit F.

11. By mutual agreement of the parties, the close of written discovery was extended to October 15, 2007 to allow additional time for the completion of responses to interrogatories and requests for admission served by both parties.

12. Shortly after the discovery stay was lifted in August, Plaintiffs informed Defendant that it wished to resume the process contemplated by the Federal Rule of Civil Procedure 26(f) of meeting and conferring on the Second Set. On August 20, 2007, Plaintiffs sent a letter to Defendant identifying outstanding issues on the document production for discussion. In the letter, Plaintiffs once again noted that the government's production seemed insufficient given the volume of requests and asked the government to identify a specific date by which Plaintiffs could expect completion of production. The letter also specifically raised the issue of documents created or maintain by the state Guards. In particular, such documents include the Yearly Training Guidances (YTGs) and Mission Essential Task Lists (METLs) produced annually by every unit in the Army Guard. Defendant produced only a handful of these documents, which provide a statement of what training each unit is expected to accomplish and how that relates to the

function of each Guard member and the unit as a whole. The August 20, 2007 letter asked the government to advise as soon as possible if it would take the steps necessary to obtain the requested documents from the state Guard organizations. Finally, the letter asked once again that the government produce several categories of responsive documents the government had failed to produce, notwithstanding Plaintiffs' identification of specific examples confirming the existence of such documents. A true and correct copy of Plaintiffs' August 20, 2007 letter to Defendant is attached hereto as Exhibit G.

13. The meet and confer process continued past the close of written discovery in October. In a series of telephone calls and emails, Plaintiffs' counsel repeatedly advised Defendant that its last production of a single box was deficient because: (1) the production did not include all of the responsive documents Plaintiffs had been able to identify from other sources as being responsive; (2) the production did not even include all the documents represented to be responsive on the production log; and (3) the production did not include any documents responsive to certain Requests.

14. None of the documents in Defendant's production were Bates-stamped, which added to the difficulty and expense of identifying exactly what was missing from the production. Some of the first pages of the documents were marked with an identification number, which correlated with the production index. Not all of the documents were even marked with this minimal identification, however, and those that were marked in this fashion were out of order.

15. In a final effort to secure production of the missing information, Plaintiffs' counsel sent an email to Mr. Mickle on November 6, 2007 enclosing a list of over 100 documents that appeared on the government's production index, but were not included in the box. A true and correct copy of this November 6, 2007 email is attached hereto as Exhibit H. Plaintiffs still have not yet received copies of all of these documents. Fourteen of the missing documents were sent over by Mr. Dunlap on November 30,

2007. An additional fifty documents were sent over by Mr. Dunlap on December 5, 2007.

16. The email also identified the most important Army, Air, and National Guard regulations that the Plaintiffs sought. Plaintiffs provided the government with this narrowed list, the result of extensive analysis by Plaintiffs' counsel, in response to the Defendant's repeated assertions that Plaintiffs' requests for production of the regulations relating to individual military education and training, information central to the question of what correspondence courses have been required by the service Secretaries, were unduly burdensome. Plaintiffs' Second Set requested production of historical versions of the pertinent regulations, as well as those currently in effect, because only the current version of a regulation is available through public sources, and because Plaintiffs need the regulations in effect during each time period in which a named plaintiff took a correspondence course in order to establish that the completion of these courses was required by regulation. The first correspondence course was completed by a named plaintiff in 1973, so Plaintiffs requested the key regulations dating back to 1970. As explained in further detail below, the government refused to comply with its discovery obligations even with respect to Plaintiffs' narrowed list of regulations.

17. The November 6, 2007 email also again requested that documents be produced in response to the requests for which Defendant indicated it had been unable to find responsive documents. With respect to each of these Requests, Plaintiffs either identified sample responsive documents the government failed to produce, or offered further information as to what the request sought in an effort to aid Defendant's search.

18. Finally, the email referenced the YTGs and METLs created by the state Guards, and asked once again that Mr. Mickle attempt to obtain those documents from the state Guard in lieu of requiring the Plaintiffs to serve a subpoena.

19. Given that almost three months had elapsed since the beginning of the meet and confer process, Plaintiffs were unable to wait any longer for Mr. Mickle to

provide an answer with respect to the state Guards. In order to obtain the necessary state Guard documents including YTGs and METLs prior to the close of deposition discovery, Plaintiffs served subpoenas *duces tecum* on the Adjutant Generals for each State Guard organization in which a named plaintiff served. The subpoenas were served on November 10, 2007.

20. During a November 20 meet and confer conference, Mr. Mickle represented for the first time during a discussion that the government believed it had no obligation to produce documents prior to 1994 based on the statute of limitations. Mr. Mickle further stated that he was unable to obtain documents from the State Guards, including YTGs and METLs, because the documents were not in the government's possession, custody or control. Plaintiffs informed Mr. Mickle that, because the deadline for deposition discovery was nearing, it had subpoenaed the state Guards. Finally, Mr. Mickle stated that it would be too burdensome to locate and produce copies of the regulations identified in the November 6 email back to 1970. Instead, he invited Plaintiffs' counsel to visit the Pentagon library to search for the regulations themselves. Plaintiffs' counsel agreed to consider the offer, and once again raised its concerns that the government's production was incomplete in other respects and that the government had still not produced the documents identified as missing from the latest production box.

21. During a November 29 meet and confer call, Plaintiffs accepted the offer to visit the Pentagon library to search for regulations, without prejudice to their objections that they had no obligation to locate responsive documents themselves. Plaintiffs specifically asked if the facility contained both Army and Air Force documents and were assured that it did. During the call, Plaintiffs' counsel also mentioned that they believed documents were still missing from the production, and noted that the government's failure to sequentially number its document production was impeding Plaintiffs' efforts to identify what else might be missing from the production. Major Jerrett Dunlap said he had a numbered set of the production, and that he would provide

copies as soon as possible. Plaintiffs have not yet received numbered copies of the production.

22. On December 3, I went to the Pentagon library with my colleague, Steven Yokay. Accompanied by three government paralegals, we entered the library at approximately 9:30 a.m. One of the paralegals spoke with the librarian at the front desk who affirmed that there were no Air Force documents available in the library, contrary to the assurances of Defendant's counsel on November 29. One of the government paralegals told us that the Air Force regulations were most likely housed at Maxwell Air Force Base in Alabama.

23. The Pentagon library has two rows of current Army and National Guard regulations. Next to those are four shelves of superseded regulations. *See* Map of the Pentagon Library, attached hereto as Exhibit I. Contrary to the government's repeated assertions about the burden of locating the regulations requested by Plaintiffs, the superseded regulation shelves contain folios clearly marked by regulation number. Inside each folio are all the versions and change logs of the regulation dating back as far as they are available, which for most regulations appeared to be at least the 1960s.

24. Within an hour, we had pulled out all the prior versions of the Army and National Guard regulations identified in Plaintiffs' November 6, 2007 email request to Mr. Mickle, dating back to 1970. The five of us spent the rest of the day photocopying the documents. At 4 p.m., Mr. Yokay and I left with a full box of regulations and pamphlets. None of these documents were previously produced by the government. I returned on December 6, 2007, and collected another half box of Army and National Guard regulations identified in the November 6 email that the government had not yet produced.

25. During the first day at the Pentagon, I also learned from the paralegals who accompanied us that certain prior versions of regulations and pamphlets are available to the paralegals and other staff through some sort of electronic database. On

several occasions, one of the paralegals offered to send us a particular document from that electronic system or from his office in lieu of having to photocopy them.

26. I also mentioned to the paralegals our concerns with the size of the production, and how difficult it was to manage the documents without Bates labels. One of the paralegals said she had received a copy of the production box from Mr. Mickle's office and that the contents were out of order and missing Bates stamps. She said it took her "a month" to get the box in order and identify all the missing documents. She said the assembled production set occupied ten large binders, a much larger amount of documents than Plaintiffs had received from the government.

27. Finally, a walk through some of the shelves revealed a variety of booklets on every aspect of Guard service, as well as a wall of RAND studies, some of which referenced studies on the viability of distance learning, and various issues related to individual training. None of these documents have yet been produced.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of December, 2007, in Washington, D.C.

Christina E. Fahmy

# EXHIBIT A

# In the United States Court of Federal Claims

**No. 00-644C**
**(Filed: May 16, 2006)**

* * * * * * * * * * * * * * * * * *

**WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 through 4, and JANE DOES 1 through 3, individually and on behalf of others similarly situated,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * *

## SCHEDULING ORDER

Based on the May 15, 2006 status conference, the court establishes the following schedule:

1) The government shall file its answer by **June 12, 2006**;

2) The parties shall exchange initial disclosures on the issue of which correspondence courses were "prescribed" by **July 5, 2006**;

3) Discovery on the issue of which correspondence courses were "prescribed" shall be complete by **October 3, 2006**;

4) The court will contact the parties in October to schedule a status conference. The purpose of the status conference will be to discuss proposals on how to proceed, and to discuss the legal issue of the effect, if any, of the recent amendment to 37 U.S.C. § 206.

The parties shall endeavor to work together in complying with the above schedule. If the parties are unable to resolve a discovery dispute, they may contact the court's law clerk, Christine Soczawa, at (202) 357-6540.

**IT IS SO ORDERED.**

**s/Nancy B. Firestone**
NANCY B. FIRESTONE
Judge

# EXHIBIT B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E.FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 through 4, and JANE DOES 1 through 3, individually, and on behalf of all other similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 00-644 (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO**
**<u>PLAINTIFFS' JUNE 22, 2006 SECOND SET OF DOCUMENT REQUESTS</u>**

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant provides the following responses to Plaintiffs' June 22, 2006 Second Set of Document Requests ("discovery request").

**<u>GENERAL OBJECTIONS</u>**

A. Defendant objects to these document production requests as unduly burdensome, expensive, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery permitted by RCFC 26(b).

B. Defendant objects to these document production requests insofar as they are vague, confusing, and ambiguous. Defendant has attempted to respond to such document production requests to the best of its understanding of the information requested, but a response does not ensure that defendant did, in fact, understand the request posed.

C Defendant objects to these document production requests to the extent that they

would require release of information or production of documents that are exempt from disclosure, including, but not limited to, documents that are exempt from disclosure by virtue of the Privacy Act of 1974, 5 U.S.C. § 552a, et seq and/or any information that is not covered by the protective order that was issued in this case on April 8, 2005.

D. Where necessary, the Government will provide plaintiffs with appropriate identification of documents, through issuance of a privilege log, that have been withheld from production upon grounds of privilege. Defendant will not knowingly waive any applicable protection, and no response to any request for production should be construed as such a waiver.

E. Regarding plaintiffs' definition of "Specified Courses,"defendant objects to the vague or confusing use of titles for correspondence courses or any subcourse thereof. The Combat Logistics Supply and Support Course does not exist. Further, the following courses are only offered for a specific Military Occupational Speciality (MOS): Advanced Enlisted Professional Development Course; Basic Enlisted Professional Development Course; Reserve Component Basic Non Commissioned Officer Course; Warrant Officer Advanced Course. Plaintiffs have failed to specify the relevant MOS for the listed courses. The following courses are conducted at unit or installation level, or where enlisted primary military education is provided, which plaintiffs have failed to specify: NCO Leadership Course; NCO Preparatory School; NCO Academy.

F. Defendant objects to these document production requests to the extent that they would require the release of information or production of documents that pertains to the completion of correspondence courses that are not within the applicable statute of limitations as set forth at 28 U.S.C. § 2501.

G. Defendant objects to these document production requests to the extent that they request the production of documents that are not under the control of defendant, to include document production requests from, but not limited to, the various states' militias, including a state's Air National Guard and Army National Guard. Defendant will produce those documents voluntarily provided by third-parties, such as the various states' militias, including a state's Air National Guard and Army National Guard, however, defendant cannot compel the production of the requested records.

In addition to these General Objections, defendant reserves all individual objections identified below.

**DOCUMENT REQUESTS**

1. All documents reflecting course descriptions of any Specified Course as well as any, in residence equivalent(s) or phase(s) of a Specified Course, and any component course or subcourse of a Specified Course.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response,

and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

2. All documents supporting denials and assertions Defendant made in its Answer to the Amended Complaint.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

3. All documents signed, authored or issued by commanders at any level relating to the need for National guard members to complete any Specified Course or Courses, any in residence equivalent(s) or phase(s) of a Specified Course, any prerequisite course for any Specified Course, or any courses within any of the Military Education Systems.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached

spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

4. Irrespective of the time limitation contained in Instruction 7 of these document requests, for each Specified Course, in residence equivalent or phase, any prerequisite course for any Specified Course, or any component course or subcourse of Military Education System, all documents relating to:

a. when the course was initially created;

b. the reason(s) or justification(s) for its creation;

c. what training need it satisfied;

d. when the course or any portion thereof was first offered in correspondence format

e. the reason(s) or justification(s) for offering the course or portion thereof in correspondence format;

f. course accreditation;

g. Training and Doctrinal Command ("TRADOC") approval for the creation, development, accreditation of the course;

h. TRADOC standards for the course;

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

5. All documents identifying any Specified Course, in residence equivalent or phase, any prerequisite course for any Specified Course, or any component course or subcourse of a Military Education System as:

a. a prerequisite for promotion to any rank;

b. a prerequisite for Military Occupational Specialty ("MOS) or Air Force Specialty Code ("AFSC") duty qualification;

c. a prerequisite for advancement in any military position, specialty or career field;

d. satisfying the training requirements for deployment eligibility; and/or

e. a prerequisite to any in residence course of instruction.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all

reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

6. All documents relating to any process or system, paper or electronic, used to record, track or document the enrollment in or completion of any individual or self-development training by a National Guard member.

__**Response**__: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response,

and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

7. All documents relating to the enrollment processes for the Specified Courses, including, but not limited to, any approvals or authorizations required to enroll in any Specified Course.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

8. All rosters or organizational charts of every committee, working group, and other groups relating to or involved in training, training development and/ or accreditation for the Specified Courses and their in residence portions or versions.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached

spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

9. All rosters or organizational charts of every committee, working group, and other group related to or involved in assessing or studying compensation to members of the National Guard for completing correspondence courses.

<u>Response</u>: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

10. For any individual involved in any committee, working group, or other group identified as responsive to Document Request Number 9, all documents in such individuals' files related to any surveys or studies on compensating National Guard members for completing correspondence course.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

11. In addition to documents provided in response to Document request number 10, all other documents relating to any surveys or studies performed on providing compensation for completion of correspondence or distance learning courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached

spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

12. Irrespective of the time limitation contained in Instruction 7 of these document requests, all documents relating to the development, creation, certification and accreditation of each Specified Course.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

13. All documents to, from or relating to the proponent schools of the Specified Courses that relate to the proponent schools' function, the proponent schools' mission, the proponent schools' responsibilities, or the proponent schools' development, approval and/or accreditation of each Specified Courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

14. All documents identifying any Specified Course, any Military Education System, or any course within the Military Education Systems as:

(a). a prerequisite for promotion to any rank;

(b) a prerequisite for MOS/AFSC duty qualification;

(c) a prerequisite for advancement in any military specialty or career field;

(d) satisfying the training requirements for deployment eligibility; and/or

(e) a prerequisite to any in residence course of instruction.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

15. For all in residence course for which completion of any of the Specified Courses is a prerequisite, all documents identifying such in residence courses as:

(a) a prerequisite for promotion to any rank;

(b) a prerequisite for MOS/AFSC duty qualification;

(c) a prerequisite for advancement in any military specialty or career field; and/or

(d) satisfying the training requirements for deployment eligibility.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached

spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

16. All documents discussing the process by which the Secretaries or their delegates approve of the use of correspondence courses, including the Specified Courses, that are within either the ACCP or any AFIADL catalog as military instruction.

__Response__: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

17. All documents discussing the criteria for listing those courses, including the Specified Courses, that are published in the ACCP catalog and the AFIADL catalogs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

18. All current and superseded studies or policy statements relating to individual training, Distance Learning, or correspondence courses, conducted or issued at any level in the Air Force, Army, Air National Guard and Army National Guard.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

19. All documents reflecting the use and/or need for individual training or self-development training to support mission and/or deployment requirements.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce. for viewing documents at each location should be made at least one week in advanced.

20. All correspondence and other documents signed, authored or issued by commanders at any level informing National Guard members of (1) what courses have been

established for MOS or AFSC qualification or advancement, or (2) the importance of OES, WOES and NCOES courses to MOS proficiency, career progression, cadre development and/or unit readiness.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

21. All correspondence and other documents signed, authored or issued by commanders at any level informing National Guard members of (1) what courses have been established for AFSC qualification or advancement, (2) the importance of CDC courses to AFSC proficiency, career progression, and/or unit readiness; or (3) the importance of PME courses to leadership development, career progression, and/or unit readiness.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached

spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

22. All documents discussing the importance of completing military education courses, whether such courses are correspondence courses or in residence courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

23 All documents relating to the need for the National Guard members to complete individual or self-development training through correspondence courses for any reason, including meeting mission requirements.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

24. All documents to, from or relating to the NGB that relate to training requirements for Air National Guard ("ANG") members in Air University courses and Army National Guard ("ARNG") soldiers in The Army School System ("TASS") courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

25. All documents to, from, or relating to the Structure and manning Decision Review ("SMDR") and the Army Program for Individual Training ("ARPRINT") process (as well as the equivalent program in the Air Force) that relate to its function, mission, and responsibilities, or the approval/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

26. All documents to, from or relating to The Army Training System ("TATS") that relate to its function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

27. All documents to, from or relating to the Army Distance learning Program ("TADLP") that relate to its function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

28. All documents to, from or relating to AETC, Air University or the AFIADL that relate to its function, mission, and responsibilities, or to the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

29. All documents relating to the "Army Distance Learning Plan" and any Air Force plan relating to distance learning.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

30. All documents relating to the list of Common Military Training ("CMT") requirements, and all versions of the CMT from 1970 to the present.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response,

and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

31. All documents related to any list of military training requirements maintained by the Air Force, the Air National Guard of the United States or the Air Force National Guard.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

32. All documents relating to the "Directorate of Common Leader Training" discussing its function, mission, responsibilities, and the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached

spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

33. All documents relating to the MOS training plans or Mission Essential Task Lists ("METL") for the units of the Army National Guard Plaintiffs at the time these Plaintiffs completed the Specified Courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

34. All documents relating to the Career Field Education and Training Plans ("CFETP") for Air Force Specialty Code ("AFSC") 2F0X1 at the time the Air National Guard enlisted Plaintiffs completed the Specified Courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant has not located any documents relating to this request for document production. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

35. All documents relating to the information given to new enlistees, new Non-Commissioned Officers, new Warrant Officers, new Commissioned Officers and new Field Grade officers regarding training and training requirements with respect to MOS/AFSC qualification, promotion qualification, position qualification, and deployment eligibility.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant has not located any documents relating to this request for document production. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

36. All documents, including third-party reports or studies, relating to whether to offer a course as an in residence course, a correspondence course, or a mixed format course.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached

spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

37. Irrespective of the time limitation contained in Instruction 7 of these document requests, all documents relating to converting the Specified Courses or courses within the Military Education System from in residence courses or phases of in residence courses to correspondence courses or offering such courses in a correspondence course format, including, but not limited to, any documents issued to or from TRADOC, TADLP, AETC, Air University and AFIADL.

__Response__: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major

Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

38. All documents relating to how the Secretaries or their delegates, including but not limited to the National Guard Bureau, the Army National Guard and the Air National Guard, have used correspondence courses as a component of National Guard Training.

__Response__: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

39. All documents relating to any policies relating to constructive waiver of individual or self-development training, including but not limited to the Specified Courses and the Military Educational Systems.

__Response__: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all

reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

40. All documents relating to the reasons for establishing or maintaining military educational requirements for different ranks, including, but not limited to, documents that relate to the policies of and the purposes served by the Reserve Officer Personnel Management Act ("ROPMA").

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response,

and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

41. All documents to, from or relating to the Distance Learning/Training Technology Applications Subcommittee to the Secretary of the Army that relate to its function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant has not located any documents relating to this request for document production. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

42. All documents, to from or relating to the Directorate, Common Leader Training, that relate to its function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: See response to request 32. Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major

Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

43. All documents to, from or relating to the individuals responsible for the Training Requirements Analysis System ("TRAS") that relate to its function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

44. All documents to, from or relating to the HQDA, Deputy, Chief of Staff, G-3, that relate to its function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

45. All documents to, from or relating to the organizations with responsibility for identifying or setting training requirements for members of the Army National Guard of the United States or the Army National Guard that relate to such organizations' function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

46. All documents to, from or relating to the organizations with responsibility for identifying or setting training requirements for members of the Air National Guard of the United States or the Air National Guard that relate to such organizations' function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

47. All correspondence to, between, or from Assistant Secretary of the Army (Manpower and Reserve Affairs); DCS, G-3; Chief, National Guard Bureau (CNCB); Chief, Army Reserve (CAR); and PERSCOM, FORSCOM, TRADOC relating to the Specified Courses, the Military Education Systems, or courses required for MOS qualification or advancement, including special qualification identifiers ("SQI") or special additional skill identifiers ("ASI").

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

48. All correspondence to, between, or from the Secretary of the Air Force, or any assistant Secretary of the Air Force and any other organization within the Air Force, or Air National Guard of the United States or the Air National Guard relating to the Specified Courses, the Military Education Systems, or courses required for AFSC qualification or advancement, including special or additional skill qualification.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant has not located any documents relating to this request for document production. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

49. All files of, reports to or by, and briefings to or by, and other documents relating to, members of the Secretary of the Army's Education Committee and the Distance Learning/Training Technology Applications Subcommittee that relate to either Committee's function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant has not located any documents relating to this request for document production. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

50. All documents relating to the responsibilities of Chief of the NGB to (1) establish peacetime military education prerequisites in appropriate regulations governing the Air National Guard, Army National Guard, Air National Guard of the United States, and Army National Guard of the United States in either in residence or correspondence courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant has not located any documents relating to this request for document production. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall

produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

51. Any and all documents created by or provided to the Distributed Learning Advisory Committee that relate to its function, mission, responsibilities, and the approval and/or use of correspondence course to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

52. All documents created by the Department of Defense ("DOD"), Office of the Deputy Chief of Staff ("ODCS"), National Guard Bureau ("NGB"), General Accounting Office ("GAO), the Office of Management and Budget ("OMB"), any office or officer of the White House, or any other executive agency relating to this case, the completion of correspondence courses by members of the National Guard, or whether or to what extent National Guard

members are entitled to compensation for completing correspondence courses, including, but not limited to, the Specified Courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

Regarding the request to produce documents from the Office of the Deputy Chief of Staff ("ODCS"), General Accounting Office ("GAO), the Office of Management and Budget ("OMB"), any office or officer of the White House, or any other executive agency relating to this case, defendant objects as these agencies are outside of defendant's control. Additionally, defendants objects to the document request regarding the Office of the Deputy Chief of Staff, as that organization is unknown to defendant and has not been identified by plaintiffs.

53. All documents relating to communications with Congress, including any committee, subcommittee, or individual member, or any individual on a member's staff, relating to this case, the completion of correspondence course by members of the National Guard, or

whether or to what extent National Guard members are entitled to compensation for completing correspondence courses, including, but not limited to, the Specified Courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

54. Organizational charts for the Secretariat of the Air Force and the Secretariat of the Army, National Guard Bureau, all training commands in the Air Force, Army, Air National Guard and Army National Guard, all organizations with responsibility for identifying training requirements in the Air Force, Army, Air National Guard and Army National Guard and any organization that participated in the creation, approval, implementation, administration, accreditation and justification for the creation of the Specified Courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached

spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

55. All documents relating to the criteria used to determine whether to create, accredit and implement an in resident course for use as military training.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

56. All documents relating to the criteria used to determine whether to create, accredit and implement a correspondence course for use as military training.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

57. All documents relating to training requirements for the deployment of members of the Air National Guard, Army National Guard, Air National Guard of the United States, and Army National Guard of the United States.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant has not located any documents relating to this request for document production. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

58. All documents discussing the importance of military education courses.

**Response**: See response to request number 22. Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

59. All documents relating to DOD's justification for its policy and practice of refusing to pay compensation to National Guard members for completion of correspondence courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant has not located any documents relating to this request for document production. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRYANT G. SNEE
Assistant Director

DOUGLAS K. MICKLE
Trial Attorney
National Courts
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 353-7961
Fax (202) 353-7988

Attorneys for Defendant

OF COUNSEL:
LT. COL. JOSEPH FETTERMAN
MAJOR CHRIS SOUCIE
MAJOR JERRETT DUNLAP
United States Army
Litigation Division

MAJ. TRACEY ROCKENBACH
United States Air Force
General Litigation Division

MAJOR MAX GONZALEZ
National Guard Bureau
Office of Chief Counsel

July 24, 2006

PUBLICATIONS MATRIX

| Doc # | Document Name | Reg/Ins Number | Date | Request |
|---|---|---|---|---|
| 1 | Memo Subject: Readiness Priority Additional Skill Identifiers (RPASI) Inventory Targets | | 24-Jul-2001 | 47 |
| 2 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Apr-1986 | 1,4,12,13,18,19,36,37,38,47,51 |
| 3 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Apr-1987 | 1,4,12,13,18,19,36,37,38,47,51 |
| 4 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 22-Jul-1988 | 1,4,12,13,18,19,36,37,38,47,51 |
| 5 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 27-Apr-1990 | 1,4,12,13,18,19,36,37,38,47,51 |
| 6 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Apr-1993 | 1,4,12,13,18,19,36,37,38,47,51 |
| 7 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Apr-1994 | 1,4,12,13,18,19,36,37,38,47,51 |
| 8 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Apr-1995 | 1,4,12,13,18,19,36,37,38,47,51 |
| 9 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Oct-1996 | 1,4,12,13,18,19,36,37,38,47,51 |
| 10 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Oct-1997 | 1,4,12,13,18,19,36,37,38,47,51 |
| 11 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Oct-1998 | 1,4,12,13,18,19,36,37,38,47,51 |
| 12 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Oct-1999 | 1,4,12,13,18,19,36,37,38,47,51 |
| 13 | Army Correspondence Course Program (ACCP) | DA Pam. 350-59 | 26-Oct-2001 | 1,4,12,13,18,19,36,37,38,47,51 |
| 14 | Army Correspondence Course Program (ACCP) | DA Pam. 350-59 | 1-Oct-2002 | 1,4,12,13,18,19,36,37,38,47,51 |
| 15 | Army Correspondence Course Program (ACCP) | DA Pam. 350-59 | 1-Oct-2003 | 1,4,12,13,18,19,36,37,38,47,51 |
| 16 | Army Correspondence Course Program (ACCP) | DA Pam. 350-59 | 1-Oct-2005 | 1,4,12,13,18,19,36,37,38,47,51 |
| 17 | Army Correspondence Course Program (ACCP) | DA Pam. 350-59 | 1-Oct-2006 | 1,4,12,13,18,19,36,37,38,47,51 |
| 18 | Separation Procedures of Reg. Reserve Comm. Officers | DODI 1332.40 | 16-Sep-1997 | 6,12,13 |
| 19 | 1st US Army-CG's Annual Training Guidance 2001 and 2002 | | 30-Jun-2000 | 3,18,19,20,45 |
| 20 | 1st US Army-CG's Annual Training Guidance FY 03/04 | | 30-Sep-2002 | 3,18,19,20,45 |
| 21 | Interim Change No: 102 Warrant Officer Fed Rec | NGR 600-101 | 25-Apr-1994 | 3,20,24 |
| 22 | AF Correspondence Info-Student History Query-Robert Freeburg | | 23-Nov-2004 | 6 |
| 23 | ACCP Student Status Query-William Clark | | 17-Nov-2004 | 6 |
| 24 | ALARNG METL for 151 Army Band For 1995-2002 | | | 33 |
| 25 | ALARNG METL for 711 Signal Battalion For 2002 | | | 33 |
| 26 | AF Correspondence Info-Student History Query-James Davern | | 23-Nov-2004 | 6 |
| 27 | Officer Selection & Promotion | MSARNG Reg 600-100 | 1-Dec-2001 | 3,5,14,20,40 |
| 28 | MS NG-Command Training Guidance for 2000 and 2001 | | 5-Feb-1999 | 3,18,19,20,45 |
| 29 | MS NG-Command Training Guidance for 2001 and 2002 | | 6-Oct-1999 | 3,18,19,20,45 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 30 | MS NG-Command Training Guidance for 2002 and 2003 | | 1-Sep-2000 | 3,18,19,20,45 |
| 31 | NC NG-Yearly Training Guidance for 2002 | | 31-Jul-2000 | 3,18,19,20,45 |
| 32 | NC NG-Yearly Training Guidance for 1998 | | | 3,18,19,20,45 |
| 33 | OH NG-Command Training Guidance for 01/02 | | 1-Oct-1999 | 3,18,19,20,45 |
| 34 | Qualitative Retention Program | MNARNG PAM 135-205 | 1-Jun-2004 | 3,20,45 |
| 35 | MN NG-Qualititive Retention Program | | 15-Oct-2004 | 3,20,45 |
| 36 | OH NG-Selective Retention Board Under NGR 635-102 | | 4-Feb-2000 | 3,20,21,22,24 |
| 37 | Officer Promotion & Career Management | MNNG Reg 600-100 | 6-Jun-2003 | 3,20,21,22,24 |
| 38 | Enlisted Promotions Under Enlisted Promotion Program (EPP) | TAGPA PAM 600-200 | 2-Jan-2004 | 3,18,19,20,45 |
| 39 | PA NG-The Adjutant General's Training Guidance 2002 | | 20-Jun-2001 | 3,18,19,20,45 |
| 40 | AL NG-Officer & Warrant Officer Selective Retention | | 22-May-2004 | 3,20,45 |
| 41 | Army Training Requirements and Resources System | | | 2, 7 |
| 42 | Army Training and Leader Development | AR 350-1 | 13-Jan-2006 | 2,7,8,16,17,18,19,20, 21,22,23,24,25,26,27, 29,30,31,36,37,38,39, 43,47,51,54,55,56,57, 58 |
| 43 | 10 U.S.C. § 1002(a) 2005 | | | 2 |
| 44 | 10 U.S.C. § 12732(a)(2)(B) 2005 | | | 2 |
| 45 | Uniform Reserve, Training and Retirement Catagories Admin | DODI 1215.19 | 12-Dec-2000 | 2, |
| 46 | Training and Retirement Point Credits and Unit Level Strength | AR 140-185 | 1-Jul-1987 | 2 |
| 47 | Declaration Command Sergeant Major (Retired) McNamara | | 22-Apr-2004 | 2 |
| 48 | Promotion of Commissioned Officers and Warrant Officers Other Than General Officers | AR 135-155 | 13-Jul-2004 | 2 |
| 49 | Memorandum for Reserve Component Coordination Council (RCCC) | | 10-Oct-2003 | 8,44,54 |
| 50 | Draft Memorandum Subject: Compensation for Completion of Required Training Through Distributed Learning Modes | | 10-Feb-2003 | 9,10,18 |
| 51 | Message Subject: Army Distributed Learning Policy | | 14-Feb-2006 | 8,9,16,17,18,38,44,54 |
| 52 | The Army Distributed Learning Program (TADLP) Concept of Operations (CONOPS) for the Army Training Information System (ATIS) and the Army Learning Management System (ALMS) | | 1-Jun-2006 | 8,16,17,18,38,51,54, 56 |
| 53 | Draft Reserve Component Distributed Learning Compensation Report of Alternatives and Recommendations for the Office of the Assistant Secretary of Defense for Reserve Affairs | | | 10,18,52 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 54 | Study Recommendations | | | 10,18,52 |
| 55 | Reserve Component Distributed Learning Compensation Alternatives Study | | 30-Apr-2004 | 10,18,52 |
| 56 | Reserve Component Brief-Out Meeting | | 30-Apr-2004 | 9,10,18,52 |
| 57 | Memorandum Subject: Reserve Component Distributed Learning (DL) Compensation | | 1-Jun-2004 | 9,10,18,52 |
| 58 | Information Paper Subject: RC Pay for Distance Learning | | 1-Apr-2003 | 11,18,52 |
| 59 | Message Subject: Implementation of the Army Distance Learning Program | | 4-Dec-2000 | 11,18,38,44,56,57 |
| 60 | Training In Units | AR 350-41 | 19-Mar-1993 | 30 |
| 61 | Directorate Of Common Leader Training | | | 32 |
| 62 | Memorandum Subject: Request Change in Enlisted PME Promotion Waiver Policy | | 20-Apr-2006 | 14, 39 |
| 63 | Message Subject: Updated Enlisted PME Waiver Poliy | | 1-Dec-2002 | 14, 39 |
| 64 | Memorandum Subject: Air Force Enlisted PME Metrics | | 8-Mar-2003 | 14, 39 |
| 65 | Email: Enlisted PME Waivers | | 26-Dec-2002 | 14, 39 |
| 66 | Message: Clarification of Policy on Declining Resident Enlisted PME | | 1-Dec-1995 | 14, 22 |
| 67 | College for Enlisted PME History | | 1-Dec-1997 | 13, 28 |
| 68 | Air University (AU) Organization and Mission | AF Regulation 23-52 | 23-May-1985 | 13, 28 |
| 69 | Air University 2005/2006 Course Catalogue (linked) | | 1-Jul-2005 | 36,37,38,46,57 |
| 70 | AU -Addendum to 0506 Catalogue AWC Elective | | | 36,37,38,46,57 |
| 71 | AU -Addendum to 0506 Catalogue ACSC Course Listing | | | 36,37,38,46,57 |
| 72 | Air University 2004-2005 Course Catalogue (linked) | | | 36,37,38,46,57 |
| 73 | AU - Addendum to 0405 Catalogue AWC Elective | | | 36,37,38,46,57 |
| 74 | AU - Addendum to 0405 Catalogue ACSC Course Listing | | | 36,37,38,46,57 |
| 75 | Air University 2003-2004 Course Catalogue (linked) | | | 36,37,38,46,57 |
| 76 | AU- Addendum to 0304 Catalogue ACSC Course Listing | | | 36,37,38,46,57 |
| 77 | Air University 2002-2003 Course Catalogue (linked) | | | 36,37,38,46,57 |
| 78 | Air University 2001-2002 Course Catalogue | | | 36,37,38,46,57 |
| 79 | Air University 2000-2001 Course Catalogue | | | 36,37,38,46,57 |
| 80 | Air University 1999-2000 Course Catalogue | | | 36,37,38,46,57 |
| 81 | Offier Personnel: You and Your Promotions- The AF Officer Promotion System | AF Pamphlet 36-32 | 15-Jun-1990 | 22, 35 |
| 82 | Professional Military Education for Air Force Officers: Comments and Criticisms | | 1-Jun-1991 | 4, 13, 28, 36 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 83 | Message: Detailed Results of the Enlisted Evaluation System Review | | 1-May-1995 | 18 |
| 84 | Talking Paper on Curtailing the SNCOA Correspondence Course 8 | | 9-Feb-2000 | 7, 36 |
| 85 | Position Paper on Senior NCO Academy Correspondence Course | | 30-Jan-1992 | 7, 36 |
| 86 | Message: Alive Duty Participation in Paper Based ECI Course 8 | | 1-Mar-2000 | 7, 36 |
| 87 | Letter re: new CD Rom version of Senior NCOA | | 6-Nov-1995 | 7, 36, |
| 88 | Memo re: ANG ability to attend SNCOA in residence | | 19-Nov-1992 | 7, 36, 38,46, |
| 89 | SSS: Implementation of Year of Training Enlisted PME Initiatives | | 5-Oct-1992 | 7, 36, 38, 46 |
| 90 | Letter and response re: new SNCOA correspondence course | | 1-May-1995 | 7, 36, 37, 38, 46 |
| 91 | Memorandum: MSgts to SNCOA | | 12-Apr-1995 | 7, 36, 37, 38, 46 |
| 92 | Letter: SCNOA correspodence course | | 28-Feb-2000 | 7, 36, 37, 38, 46 |
| 93 | Message: Implementation Instructions for USAf Senior NCO Academy | | 1-May-1996 | 7, 36, 37, 38, 46 |
| 94 | King Paper on Discontinuing Active Duty Enrollment in ECI Course 0008 | | | 7, 36 |
| 95 | Educational Program compared to a traditional in-residence program Vol I | | 1-Sep-1995 | 36 |
| 96 | Effects of Student Achievement and Attitudes of a Distance Learning Seminar Educational Program compared to a traditional in-residence program Vol II | | 1-Sep-1995 | 36 |
| 97 | Noncommissioned Officer Professional Military Education | AF Reg 53-39 | 7-Nov-1983 | 1,4,5,6,7,13,14,15,18,22,23,55,56,58 |
| 98 | SSS and attachments: proper sizing of NCO Academy and consolidating Airman Leadership Schools | | 28-Aug-1998 | 4, 13, 14, 15, 18, 22, 23, 28, 36, 37, 55, 58 |
| 99 | Enlisted PME from a total force perspective- Action Memorandum | | 11-May-1993 | 18, 46 |
| 100 | Enlisted PME from a total force perspective- Action Memorandum | | 14-May-1993 | 18, 46 |
| 101 | Enlisted PME from a total force perspective- Action Memorandum | | 4-May-1993 | 18, 46 |
| 102 | Enlisted PME from a total force perspective- Action Memorandum | | 20-May-1993 | 18, 46 |
| 103 | and Active Duty Enlisted PME Attendance Eligibility | | 22-Jul-1993 | 7, 14, 15 |
| 104 | Interim Policy- NCO and SNCO Academy Student Selection | | 20-Sep-1991 | 7, 14, 15 |
| 105 | Message: Year of Training Initiatives for Enlisted PME | | 1-Nov-1992 | 4,7,14, 15, 36 |
| 106 | USAf Enlisted Professional Military Education Procedural Guidance | | 1-Feb-2005 | 7, 13, 28 |
| 107 | Enlisted Military Education Review Council Working Group Minutes | | 2-Mar-2006 | 9 |
| 108 | Talking Paper on the Extension Course Institute (ECI) | | 7-Jan-1992 | 4,7, 13, 28 |
| 109 | Course Outlines: Educational Programs Cadre | | 3-Oct-1995 | 1, 4, 8, 13, 28 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 110 | Search Results: Abstracts from Air Force History Studies Office database of keywords:History of ACSC, SOS, or Air Univeristy, and Air Force Specialty Codes | | 12-Jul-2006 | 4, 5, 13 |
| 111 | Briefing Slides: NCO Professional Military Education | | | 4 |
| 112 | Establishment of Enlisted Professional Military Education Policy Working Group (Joint Education) | | 5-Mar-2004 | 8 |
| 113 | Talking Paper on NCO Professional Military Education | | 16-Sep-1988 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 114 | Talking Paper on Senior NCO Academy | | 26-Jul-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 115 | Talking paper on Enlisted Professional Military Education | | 8-Dec-1997 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 116 | Talking Paper on Senior NCO Academy | | 7-Nov-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 117 | Talking Paper on Senior NCO Academy | | 4-Sep-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 118 | Talking Paper on Senior NCO Academy | | 28-Aug-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 119 | Talking Paper on Professional Military Education | | 28-Oct-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 120 | Talking Paper on Senior NCO Academy Update | | 28-Aug-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 121 | Talking Paper on USAFE Professional Military Education | | 7-Jun-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 122 | Talking paper on Enlisted Professional Military Education | | 13-Jul-1994 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 123 | Background Paper on Senior NCO Academy | | 26-May-1995 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 124 | Background Paper on Enlisted Professional Military Education | | 12-May-1995 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 125 | Talking paper on Enlisted Professional Military Education | | 14-Feb-1995 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 126 | Talking Paper on Airman Leadership School | | 30-Jan-1997 | 22 |
| 127 | Talking Paper on Noncommissioned Officer Academy | | 30-Jan-1997 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 128 | Talking Paper on Senior Noncommissioned Officer Academy | | 30-Jan-1997 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 129 | SSS: Package DPDE01 Enlisted PME Program Review | | 23-Jul-2001 | 4, 7, 14,18, 28, 58 |
| 130 | SSS: EPME Program Review | | 9-Jul-2001 | 4, 7, 14,18, 28, 58 |
| 131 | Distribution of class seats | | | 7 |
| 132 | Senior NCOA Quota Management flowchart (E-8 selections) | | | 7 |
| 133 | Senior NCOA Quota Management flowchart (E-6 & E-7 selections) | | | 7 |
| 134 | Talking paper on Importance of Career Advisors | | 22-Mar-2000 | 4, 22 |
| 135 | EPME Staffing Selection criteria for MSgts to attend resident SNCOA | | 4-Jan-1996 | 14, 15, 36, 58 |
| 136 | Bullet Background Paper on Development of Program /Future Projections for conus NCOA quotas | | 5-Mar-1999 | 1, 4, 14, 15, 36, 58 |
| 137 | Talking paper on EPME funding | | 20-Apr-1999 | 1, 4, 14, 15, 36, 58 |
| 138 | Talking paper on PACAF EPME Funding concerns | | 20-Apr-1999 | 1, 4, 14, 15, 36, 58 |
| 139 | Talking paper on EPME Programs | | 10-Oct-2003 | 1, 4, 14, 15, 36, 58 |
| 140 | Civilian participation in EPME | | 27-Jul-1998 | 1, 4, 14, 15, 36, 58 |
| 141 | Talking Paper on EPME | | 19-Jan-1999 | 1, 4, 14, 15, 36, 58 |
| 142 | Talking Paper on conus Challenges Concerning NCO Academies | | 17-Sep-1998 | 1, 4, 14, 15, 36, 58 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 143 | Talking paper on Future Outlook for EPME | | 11-Feb-1999 | 1, 4, 14, 15, 36, 58 |
| 144 | Talking Paper on EPME Basing Plan | | 1-Feb-1999 | 1, 4, 14, 15, 36, 58 |
| 145 | Talking paper on EPME Education Funding | | 1-Feb-1999 | 1, 4, 14, 15, 36, 58 |
| 146 | Talking paper on PACAF EPME Funding concerns | | 1-Feb-1999 | 1, 4, 14, 15, 36, 58 |
| 147 | Talking paper on NCO Academy Future | | 2-Apr-1999 | 4 |
| 148 | Talking paper on NCOA | | 13-Mar-1999 | 1, 4, 14, 15, 36, 58 |
| 149 | Talking paper on Satellite NCOA Program | | 8-Mar-1999 | 7, 46, 48, 58 |
| 150 | Talking paper on PACA EPME funding concerns | | 23-Aug-1999 | 1, 4, 14, 15, 36, 58 |
| 151 | Talking paper on NCO Academy Future | | 13-Aug-1999 | 4 |
| 152 | Tallking paper on Status Update for Conus Enlisted PME Facilities | | 12-Aug-1999 | 5,13, 14, 18, 22, 28, 58 |
| 153 | Slide Presentation: Air Force EPME | | | 1, 4, 14, 15, 36, 58 |
| 154 | Talking Paper on Airman Leadership School (ALS) | | 4-Nov-1999 | 1, 4, 14, 15, 36, 58 |
| 155 | Slide Presentation: ALS Snapshot | | | 1, 4, 14, 15, 36, 58 |
| 156 | Talking paper on NCOA | | 4-Nov-1999 | 1, 4, 14, 15, 36, 58 |
| 157 | Slide Presentation: NCOA Snapshot | | | 1, 4, 14, 15, 36, 58 |
| 158 | Talking Paper on SNCOA | | 2-Nov-1999 | 1, 4, 14, 15, 36, 58 |
| 159 | Slide Presentation: SNCOA Snapshot | | | 1, 4, 14, 15, 36, 58 |
| 160 | Background paper on ALS | | 30-Jan-1992 | 1, 4, 14, 15, 36, 58 |
| 161 | Background paper on changes in NCO PME | | 30-Jan-1992 | 1, 4, 14, 15, 36, 58 |
| 162 | Position Paper on SSgt/TSgt Eligibility for Inresidence NCOA | | 30-Jan-1992 | 4,7, |
| 163 | Bullet Background paper on USAF NCO PME | | 1-May-1991 | 1, 4, 14, 15, 36, 58 |
| 164 | Talking paper on NCO PME Issues | | 4-Mar-1991 | 1, 4, 14, 15, 36, 58 |
| 165 | Memo: NCO PME Current issues, concerns and intiatives | | | 1, 4, 14, 15, 36, 58 |
| 166 | Talking Paper on NCO Academies | | 19-Oct-1993 | 1, 4, 14, 15, 36, 58 |
| 167 | SNCOA: MSgt attendence and reinstating SNCOA Correspondence course | | 27-Jun-1996 | 4,7, |
| 168 | Talking paper on Enlisted Professional Military Education | | 8-Mar-1993 | 4,7 |
| 169 | Talking Paper on ALS and NCOA | | 13-Jul-1992 | 4, 7, |
| 170 | Talking Paper on EPME 1990 thru 1995 | | 14-Feb-1995 | 1, 4, 7, 14, 15, 36, 58 |
| 171 | Taking paper on EPME | | 13-Jul-1994 | 4, 7, |
| 172 | Talking paper on EPME | | 10-Dec-1993 | 4, 7, |
| 173 | Talking paper on EPME | | 10-Dec-1993 | 4, 7, |
| 174 | Taking paper on EPME | | 10-Dec-1993 | 4, 7, |
| 175 | Talking Paper on NCO Academies | | 5-Oct-1993 | 4, 7, |
| 176 | Thank you Memo: from CSAF Fogleman to Gen Boles | | 6-Dec-1995 | 4, 16, 18, 19, 28, 46, 58 |
| 177 | Memo to CSAF Fogelman re: Distance Learning technologies in CEPME | | 6-Nov-1995 | 4, 16, 18, 19, 28, 46, 58 |
| 178 | Memo to HQ AETC from CSAF Folgelman re: MSgts into SNCOA | | 1-May-1995 | 56 |
| 179 | SNCO Corespondence Course Development | | no date | 16, |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 180 | Email: re: Education Data in the PDS for enlisted members | | 2-May-1996 | 14 |
| 181 | SSS: Enlisted PME Continuum Curriculum Development w/ atchs | | 10-May-2006 | 16 |
| 182 | Memo: re: Selection procudures for MSgt Attendance to the SNCOA | | 15-Sep-1995 | 7 |
| 183 | Message: Enlisted PME Correspondence | | 1-Jun-1994 | 4, 16, 18, 19, 28, 46, 58 |
| 184 | Message: Priority Selection to NCO Academy | | 1-Nov-1998 | 7 |
| 185 | Handwritten Memo: from CMS Johnson to CMS Lokovic re: Total Force PME w. attachments- In residence PME & ANG NCOA proposals | | 28-Apr-1993 | 1, 4, 5, 7, 12, 13, 15, 18, 22, 23, 24, 46, 48, 58 |
| 186 | Position paper on NCOA Seminar Program | | 8-Feb-1993 | 18, 36, 4, 37 |
| 187 | Talking paper on the Satellite NCOA Program | | 8-Mar-1999 | 46, 48, 58 |
| 188 | Memo re: ANG Satellite NCO Academy w/ attachs, NCOA newsletter and Satallite handbook | | | 1, 4, 5, 7, 12, 13, 15, 18, 22, 23, 24, 46, 48, 58 |
| 189 | Point Paper on ANG PME Center | | 7-Apr-1993 | 1,4,5,7,8 |
| 190 | Taking Paper on Role of Special Operations within EPME | | 7-Mar-2000 | 4, 5 |
| 191 | Talking paper on ALS | | 4-Nov-1999 | 1, 4, 14, 15, 18, 36, 58 |
| 192 | Slide on NCO Development | | | 5, 14,15,22, 23, 24 |
| 193 | SNCO Academy snapshot | | | 1, 4, 14, 15, 18, 36, 58 |
| 194 | Talking paper on Status Update for Conus EPME Facilities | | 2-Jul-1999 | 5,13, 14, 18, 22, 28, 58 |
| 195 | Talking Paper on NCOA Future | | 13-Aug-1999 | 5, 22, 58 |
| 196 | Talking paper on Status Update for Conus EPME Facilities | | 2-Jul-1999 | 7, 18, 24, 28 |
| 197 | Memo for record DPPE to NURAC re: ALS curriculum hours | | 17-Apr-1991 | 16, 18 |
| 198 | Implementation of NCO Leadership Course as it existed in 1952 | | | 1, 4, 5, 14, 15 |
| 199 | Memo: Enlisted PME Update Briefing for CMSAF Workshop | | 7-Mar-1991 | 4, 12 |
| 200 | 18 Pg memo on NCOA criteria and curriculum | | | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 201 | Notes: NCO Implementation 3- tier structure plan (16 pgs) | | 5-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 202 | NCO PME Centers (NCOPC & NCOLS) | | 1-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 203 | Action memo: PME Curriculum tasking for AU w/ AU task letter | | 17-Apr-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 204 | EES Module Outline | | 17-Apr-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 205 | Handwritten memo re: new curriculum and taskings17 Apr 91 | | 17-Apr-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 206 | Handwritten memo to Chief Nurre re: MSgts that haven't attended NCOA | | 12-Apr-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 207 | Memo re: ALS hours being shorteend and students live at home vice dorm | | date not legible | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 208 | Handwritten note: re: Draft suggested ALS course outline 15 pgs | | 16-Apr-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 209 | Action Memo re: PME Restructuring | | 15-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 210 | Memo re: Proposed Reorganization of NCO PME w points to consider | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 211 | Memo re: Three-Tier NCO PME system w/ atchs Curriculum and Manpower Auth worksheet 16 pgs | | 14-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 212 | NCO PME Education curriculum writing/briefing evaluation instrument | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 213 | 6597 STUS Inputs/updates to new NCO PME education curriculum 13 Pgs | | 20-Jan-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 214 | Memo re: Proposed Reorganization of NCO PME w/ points to consider | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 215 | 3-Teier Manpower NCO PME analysis | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 216 | Fax re: Military Studies and AF mission organization | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 217 | Fax re: impact of implementation | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 218 | Fax re: summary of proposals for curriculum frojm Det 1 at Goodfellow AFB | | 28-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 219 | Fax re: Curriculum Revision (6 pgs) | | 20-Feb-2001 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 220 | Memo re: NCO PME Review Panel 3-Tier System Initiative | | 16-Jan-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 221 | Memo re: thoughts Phase NCO PME | | 15-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 222 | NCO PME Review/Three Tier System Comments | | 31-Jan-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 223 | Memo re: PME Restructuring | | 15-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 224 | Memo re: PME Restructuring | | 21-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 225 | Action memorandum: PME Restructuring | | 15-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 226 | EPME Policies, Procedures and Guidelines (PPG) w/ atchs ( 28 pgs) | | 1-Oct-1999 | 1, 4, 12, 18, 22, 58 |
| 227 | AUS1 AFI 36-2301 DRAFT | | | 16, 17, |
| 228 | Message: EPME Correspondence Courses (5 pgs) | | 1-Jun-1994 | 16, 36, 56, |
| 229 | ECI Correspondence Courses | | 1-May-1994 | 4, 5, 7 |
| 230 | SSS: Active duty Enrollment in PME Correspondence courses w Academic educ stats | | 27-May-1994 | 16, 18, 36, 56, |
| 231 | Handwritten notes re: NCO PME corres courses from MG McGinty | | 8-Jun-1994 | 4, 5, 7, 16, 18, 36, 58 |
| 232 | CMSAF Pfingston' memo concurring with elimination of corres courses 0001,0006, 0008 | | 8-Jun-2004 | 4, 5, 7, 16, 18, 36, 58 |
| 233 | Memo re: Active duty Enrollment in PME Corres Courses | | 8-Jun-2004 | 4, 5, 7, 16, 18, 36, 58 |
| 234 | Memo: AF fitness, Medical profiles, and Enlisted PME Attendance | | 11-Feb-2004 | 7 |
| 235 | Change ALS, NCO, SNCOA Attendance Requirement | | | 7 |
| 236 | Mask Completion Data for Non-resident NCO PME | | | 5 |
| 237 | Talking Paper on EPME issues | | 15-Sep-1998 | 7 |
| 238 | Talking Paper on EPME issues concerning NCOA Quota Projections | | 24-Jul-1998 | 7 |
| 239 | SSS: Program Guidance Letter for EPME requirement' | | 14-Jul-1998 | 18 |
| 240 | SSS: Enlisted PME Requirements | | 15-Jun-1998 | 7, 18, 28 |
| 241 | Memo: Enlisted PME requirements | | 1-Mar-1998 | 7, 18, 28 |
| 242 | Memo: Enlisted PME requirements AETC/ED ltr 27 May 98 | | 22-Jun-1998 | 7, 18, 28 |
| 243 | Memo re: increasing students throughput at SNCOA | | | 7, 18, 28 |
| 244 | Talking paper on SNCOA | | 27-May-1998 | 7, 18, 28 |
| 245 | Memo re: Responses to AF/DP Questions concering CSAF EPME tasker | | 9-Oct-1998 | 7, 18, 28 |
| 246 | ANG Satellite NCO Academy powerpoint briefing w/ business card | | | 58 |
| 247 | ANG Training Center Letter to CMSAF Murray | | Dec-04 | 46, 48, 58 |
| 248 | Notes from 1999 Worldwide Commandant Conference | | Mar-99 | 1, 4, 8, 12, 13, 28 |
| 249 | Slides from 99 EPME Manager's Conference/Workshop | | Nov-99 | 1, 4, 8, 12, 13, 28 |
| 250 | Notes from EPME Review | | 7-Jul-06 | 13,14, 22, 55, 56, 58 |
| 251 | 2005 Triennial Review of Enlisted PME | | 16-May-05 | 7, 13, 14, 55, 56, 58 |
| 252 | Bullet Background paper on 2005 Review of EPME | | 27-Oct-05 | 7, 13, 14, 55, 56, 58 |
| 253 | Handwritten undated note to Bob about Program Review attached to: | | | 7, 13, 14,18, 55, 56, 58 |
| 254 | Email re: Enlisted PME Policy Changes | | 1-Feb-02 | 7, 13, 14,18, 55, 56, 58 |
| 255 | Enlisted PME Program Review | | 9-Jul-01 | 7, 13, 14,18, 55, 56, 58 |
| 256 | Enlisted PME Program Review- Policy Initiatives | | 8-Nov-01 | 7, 13, 14,18, , 55, 56, 58 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 257 | Memo to AETC/CC from HQ USAF/DP re: 2001 EPME review | | 7-Sep-01 | 7, 13, 14,18, 55, 56, 58 |
| 258 | EMPE Program Review Eglin AFB, FL Agenda and Documents | | 21-Mar-01 | 1, 4, 7, 13, 14,18, 55, 56, 58 |
| 259 | EPME Program Review- start up | | Sep-00 | 18, 55, 58 |
| 260 | Charter Command Board of Advisors Air University | | 3/1/1995/ Jan | 18, 55, 58 |
| 261 | Bullet Background Paper on NCO PME | | 1-May-91 | 12, 14, 18, 55, 58 |
| 262 | 91 Review of EPME w/ talking papers on the courses | | Aug-91 | 1, 7, 12 |
| 263 | Approval of the 1990-1991 SNCOA Curriculum | | Jun-91 | 1, 12, |
| 264 | 91 Review of EPME w/ talking papers on the courses | | 1-Aug-1991 | 1, 4, 5, 7, 12, 14, 15, 18, 22, 28, 58 |
| 265 | Approval of the 1990-1991 SNCOA Curriculum | | 1-Jun-1991 | 28, 48 |
| 266 | FY-07 ANG MOU Maj/Lt Col Promo Board | **previous versions are available for any year specified. | | 5 |
| 267 | July Letter to Airmen | | 7-Jul-2006 | 57 |
| 268 | Air University Instruction (AUI) 36-2304 | | 26-Sep-2003 | 6, 13, |
| 269 | AUI 36-2315, Student Disenrollment Procedures | | 6-May-2005 | 7 |
| 270 | CCAF, Campus Relations Policies, Procedures and Guidelines | | 1-Sep-1999 | 6, 7, 13, |
| 271 | Information Paper Subject: Potential Amendment to Eliminate Section 603 of the Senate FY 2007 NDAA Mark (Similar to Section 606 of the FY 2007 House Mark) | | 22-Jun-2006 | 53 |
| 272 | E-mail Chain: US Army Reserve Command, Subject: Focus Group | | 21-Dec-2004 | 47 |
| 273 | E-mail Chain: US Army Reserve Command, Subject: DL Training Compensation | | 30-Nov-2004 | 47 |
| 274 | E-Mail DA message Subject ALARACT 111/2006 | | 9-Jun-2006 | 15 |
| 275 | Warrant Officers-Federal Recogniation and Related Personnel Actions | NGR 600-101 | 1-Oct-1996 | 3,20,24 |
| 276 | | | | |

| Document Name | Reg/Ins Number | Date | Para | Medium of Production |
|---|---|---|---|---|
| Training, Development, Delivery and Evaluation | AFI 36-2201, Vol. 1 | 10.01.02 | 2,9,10 | CD ROM (Clark I) |
| Training Management | AFI 36-2201 Vol 2. | 01.13.04 | 2,9,10 | CD ROM (Clark I) |
| On The Job Training Administration | AFI 36-2201 Vol 3. | 01.15.04 | 4,9 | CD ROM (Clark I) |
| Managing Advanced Distributed Learning (ADL) | AFI 36-2201 Vol 4. | 10.23.02 | 4,9 | CD ROM (Clark I) |
| Career Field Education & Training | AFI 36-2201 Vol 5, | 06.08.04 | 2,9 | CD ROM (Clark I) |
| Total Force Training & Education Review Process | AFI 36-2201 Vol 6 | 09.27.02 | 4,9 | CD ROM (Clark I) |
| Reserve Personnel Participations and Training Procedures | AFI 36-8001 | 01.22.04 | 2,9 | CD ROM (Clark I) |
| Air Force Military Training | AFPD 36-22 | 03.22.04 | 9 | CD ROM (Clark I) |
| Military Education | AFPD 36-23 | 09.27.93 | 7,9 | CD ROM (Clark I) |
| Military Promotion -- Demotion | AFPD 36-25 | 06.21.93 | 7,9 | CD ROM (Clark I) |
| Military Standards | AFPD 36-29 | 06.01.96 | 9 | CD ROM (Clark I) |
| Sep. and Ret. Procedures. for ANG and AF Res. Members | AFI 36-3209 | 02.01.98 | 9,12,13 | http://www.e-publishing.af.mil |
| Officer Classification | AFMAN 36-2105 | 04.01.04 | 6,9,10,12 | http://www.afpc.randolph.af.mil/classification/ |
| Enlisted Classification | AFMAN 36-2108 | 04.01.04 | 5,9,10,12 | http://www.afpc.randolph.af.mil/classification/ |
| The Active Guard/Reserve Program | ANGI 36-101 | 05.03.02 | 4 | http://www.e-publishing.af.mil |
| Man. of Training and Operational Spt Within the ANG | ANGI 36-2001 | 01.15.97 | 4 | http://www.e-publishing.af.mil |
| Enlistment/Reenlistment in ANG and as a Res. Of the AF | ANGI 36-2002 | 03.01.04 | 51,10,12 | http://www.e-publishing.af.mil |
| Assignments within the Air National Guard | ANGI 36-2101 | 06.11.04 | 2,4,9 | http://www.e-publishing.af.mil |
| Promotion of Airmen | ANGI 36-2502 | 08.25.00 | 5,9,10,12 | http://www.e-publishing.af.mil |
| Computation of Credible Service for Reserve Retired Pay | ARPCI 36-3208 | 05.22.00 | 2,15 | http://www.e-publishing.af.mil |
| Fed Rec Bds for Appointment of Promotion in the ANG | NGR(AF) 36-3 | 05.28.93 | 6,10,12 | http://www.e-publishing.af.mil |
| Appointment Of Officers In The ANGUS And As Res Of AF | ANGI 36-2005 | 03.15.99 | 6,10,12 | http://www.e-publishing.af.mil |
| Fed Rec Of Prom In The ANG And As A Res of AF Bel GO | ANGI 36-2504 | 07.28.04 | 6,10,12 | http://www.e-publishing.af.mil |
| Budget Guidance and Procedures | AFI 65-601 v1 | 12.24.02 | 3 | http://www.e-publishing.af.mil |
| Appt of Officers in the ANGUS and as Reserves of the AF | NGR(AF) 36-2 | 08.31.92 | 6,10,12 | CD ROM (Clark II) |
| Appt of Officers in the ANG and as Reserves of the AF | ANGR 36-02 | 01.29.82 | 6,10,12 | CD ROM (Clark II) |
| Fed Rec of Prom in the ANGUS as a ResAF below GO | NGR(AF) 36-4 | 02.01.92 | 6,10,12 | CD ROM (Clark II) |
| Fed Rec of Prom In the ANGUS as a ResAF below GO | ANGR 36-04 | 07.01.86 | 6,10,12 | CD ROM (Clark II) |
| Reserve Officer Personnel Management Act Guide | | 02.10.97 | 6,10,12 | Hard copy |
| Comm Officers -- Fed Rec and Related Personnel Actions | NGR(AR) 600-100 | 04.15.94 | 6,10,12 | Hard copy |

| | | | | |
|---|---|---|---|---|
| Warrant Officers – Fed Rec and Related Personnel Actions | NGR(AR) 600-101 | 10.01.96 | 6,10,12 | Hard copy |
| Personnel Management of General Officers | AR 135-156 | 05.01.00 | 6,10,12 | www.usapa.army.mil |
| ARNG General Officer Federal Recognition Handbook (2) | NGB-GOMO | 7.04 | 6, | CD ROM (Clark II) |
| ARNG General Officer Federal Recognition Handbook | NGB-GOMO | 12.04 | 6, | CD ROM (Clark II) |
| ARNG General Officer Federal Recognition Handbook | NGB-GOMO | 6.03 | 6, | CD ROM (Clark II) |
| Call for Nominations for Dec 2003 GO Fed Rec Board | NGB-GOMO | 12.03 | 6, | CD ROM (Clark II) |
| ARNG General Officer Federal Recognition Handbook | NGB-GOMO | 6.02 | 6, | CD ROM (Clark II) |
| ARNG General Officer Federal Recognition Handbook | NGB-GOMO | 12.02 | 6, | CD ROM (Clark II) |
| ARNG General Officer Federal Recognition Handbook | NGB-GOMO | 6.01 | 6, | CD ROM (Clark II) |
| ARNG General Officer Federal Recognition Handbook | NGB-GOMO | 12.01 | 6, | CD ROM (Clark II) |
| Enlisted Personnel Promotion System | SMDR 600-200 | 02.01.03 | 5,8,9,10 | CD ROM (Clark II) |
| Information Paper on ANG Officer Promotion Policies | HING | 08.24.04 | 6,8,9,10 | CD ROM (Clark II) |
| Officer Selection and Promotion Process | MSARNG 600-100 | 12.01.01 | 6,8,9,10 | CD ROM (Clark II) |
| Enlisted Promotions under the Enlisted Prom Prog (EPP) | TAGPA 600-200 | 01.02.04 | 5,8,9,10 | CD ROM (Clark II) |
| Sample Qualitative Retention Board Letter | ALNG | | 14 | CD ROM (Clark II) |
| ALNG Qualitative Retention Board Memo | ALNG | 03.22.04 | 14 | CD ROM (Clark II) |
| All States Memorandums | NGR 25-1/ANGI 33-103 | 11.22.02 | info | Hard copy |
| ASMs published prior to 1 January 99 are hereby rescinded | I99-0108 | 09.01.99 | info | Hard copy |
| ASMs can be accessed as follows: | I99-0038 | 03.11.99 | info | Hard copy |
| Interim Training Yrs (TY) 2003-2004 RC Training Guidance | P03-0045 | 09.12.03 | 3,4 | Hard copy |
| Service School Attendance | I97-0120 | 03.14.97 | 4,18,21 | Hard copy |
| Air National Guard Management Control Program | P97-0049 | 05.21.97 | 3 | Hard copy |
| Training for Financial Managers and Budget Officers. | P95-0133 | 09.25.95 | 3 | Hard copy |
| Unit Movement Officer Training Requirements | I97-0121 | 03.21.97 | 4,6,10 | Hard copy |
| Qualification of Off Prom While Assigned to Function Area | P03-0029 | 04.21.03 | 4,7,9,10 | Hard copy |
| Waiver of Combined Arms and Service Staff School | P00-0009 | 04.24.00 | 4,6,9 | Hard copy |
| Professional Military Education for Promotion to Colonel | P02-0027 | 07.25.02 | 4 | Hard copy |
| Semi-Annual NG General Officer Federal Recognition Board | I97-0153 | 06.15.97 | 6, | Hard copy |
| Time in GradeRequirements for Promotion to BG and MG | P00-0056 | 08.29.00 | 6, | Hard copy |
| Time in GradeRequirements for Promotion to BG and MG | P01-0051 | 08.29.01 | 6, | Hard copy |
| Time in GradeRequirements for Promotion to BG and MG | P02-0065 | 12.11.02 | 6, | Hard copy |

| | | | | |
|---|---|---|---|---|
| Redistribution of Ret Points in the Enlisted Prom. System | P00-0082 | 01.26.01 | 5, 15 | Hard copy |
| Change to Pol on Enl. Prom and NCOES Attend and Credit | P99-0042 | 09.22.99 | 5,6,7 | Hard copy |
| Required Training for Full Time Recruit and Retention Force | P96-0078 | 07.17.96 | 4,5,9 | Hard copy |
| Clarification of Requirements for MOS 13C, MOS Qual | I97-0070 | 01.10.97 | 4,9 | Hard copy |
| Basic Life Support (BLS) Training in the ARNG | P97-004 | 05.20.97 | 4,9 | Hard copy |
| Enlisted Aviation Qualification Training | P97-0067 | 07.15.97 | 4,5b,9 | Hard copy |
| Clarification on the Proper Use of Active and Inactive Duty | I97-0071 | 01.10.97 | 2,3 | Hard copy |
| ANG Pilot Recruiting, Selection, and Training Processes. | I97-0106 | 03.07.97 | 4,6,9 | Hard copy |
| Required Training for the FT Strength Management Force | P95-0127 | 09.14.95 | 4,5,9 | Hard copy |
| Recruit and Retention Force Family Assis Post-Mob Msn | I98-0005 | 10.03.97 | 4,9 | Hard copy |
| Recruit and Retention Force Family Assis Post-Mob Msn | I98-0204 | 11.04.98 | 4,9 | Hard copy |
| Standardized Training | I98-0050 | 12.09.97 | 4 | Hard copy |
| Memo of Instructions to ARNG Fed Rec Board | DAPE-MPO-S | 03.23.01 | 6,9 | Hard copy |
| Uniform Reserve, Training and Retirement Catagories | DODD 1215.6 | 03.14.97 | 5, | Hard copy |
| Uniform Reserve, Training and Retirement Catagories | DODD 1215.6 | 12.18.90 | 5, | Hard copy |
| Uniform Reserve, Training and Retirement Catagories | DODD 1215.6 | 09.22.87 | 5, | Hard copy |
| Service Credit for Reserve Retirement | DODD 1215.7 | 03.01.01 | 15, 16 | Hard copy |
| Service Credit for Reserve Retirement | DODD 1215.7 | 10.15.93 | 15,16 | Hard copy |
| Reserve Component Member Participation Policy | DODD 1215.13 | 12.14.95 | 5,7 | Hard copy |
| Reserve Component Member Participation Requirements | DODI 1215.18 | 01.11.96 | 5,7 | Hard copy |
| Educational Requirements for Appointment of USAR Officers | DODI 1215.17 | 9.12.2002 | 5, | Hard copy |
| Educational Requirements for Appointment of USAR Officers | DODI 1215.17 | 11.2.95 | 5, | Hard copy |
| Reserve Component Member Participation Requirements | DODI 1215.18 | 07.17.02 | 5, | Hard copy |
| Uniform Reserve, Training and Retirement Catagories Admin | DODI 1215.19 | 12.12.00 | 2, | Hard copy |
| Reserve Component Jt Officer Mgt Progam | DODI 1215.20 | 9.12.02 | 6, | Hard copy |
| Rank and Seniority of Commissioned Officers | DODD 1310.1 | 04.29.96 | 6,7 | Hard copy |
| Appointing Commissioned Officers | DODD 1310.2 | 05.28.96 | 6,7 | Hard copy |
| Service Credit for Commissioned Officers | DODD 1312.3 | 10.21.96 | 6,7 | hard copy |
| Cont. of RA Comm Officers and USAR Officers on RASL | DODD 1320.8 | 10.21.96 | 6,7 | Hard copy |
| Discharge of Comm Officers Not Qualified for Promo. to 1LT | DODD 1320.10 | 7.9.96 | 6,7 | Hard copy |
| Special Selection Boards | DODD 1320.11 | 5.6.96 | 6,7 | Hard copy |

| | | | | |
|---|---|---|---|---|
| Comm. Officer Promotion Reports and Procedures | DODD 1320.13 | 6.21.96 | 6,7 | Hard copy |
| Comm. Officer Promotion Program Procedures | DODI 1320.14 | 9.24.96 | 6,7 | Hard copy |
| Separation of Regular and Reserve Comm. Officers | DODD 1332.30 | 3.14.97 | 6,7,12,13 | Hard copy |
| Selective Early Retirement of Officers on ADL and Removal | DODD 1332.32 | 9.30.96 | 6,12,13 | Hard copy |
| Separation Procedures of Reg. Reserve Comm. Officers | DODI 1332.40 | 9.16.97 | 6,12,13 | Hard copy |

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this __ day of July 2006, I caused to be sent via messenger copies of "**DEFENDANT'S RESPONSE TO PLAINTIFFS' JUNE 22, 2006 SECOND SET OF DOCUMENT REQUESTS**" addressed as follows:

Helen Katherine Michael
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402

phone: 202 383-7156

______________________________

# EXHIBIT C

HOWREY

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

August 15, 2006

DIRECT DIAL 202.383.6599
FILE 01641-0002

BY ELECTRONIC AND REGULAR MAIL

Douglas K. Mickle
Department of Justice
Commercial Litigation Branch
Civil Division
Attention: Classification Unit
8th Floor
1100 L St., N.W.
Washington, D.C. 20530

Re: *Clark v. U.S.*, No. 00-0644C

Dear Doug:

This letter addresses several issues regarding Defendant's Objections and Responses to Plaintiffs' Requests for Production of Documents ("Document Requests"), which were served on June 22, 2006. As an initial matter, Plaintiffs have grave concerns that Defendant has produced a *very small* percentage of the documents in its possession, custody and control that are responsive to Plaintiffs' requests. The Document Requests contain 59 specific document requests, yet to date Defendant has only identified approximately one box of responsive documents.

Plaintiffs asked to inspect these documents on July 24, 2006, the date Defendant's responses were due. At that time, Defendant told Plaintiff that it had approximately five boxes of documents that would be available for inspection when Major Jerrett Dunlap returned to the office. Despite Plaintiffs' requests to inspect the documents earlier, Plaintiffs were not allowed to review Defendant's production until the week of July 31. Plaintiffs completed the review of the documents on August 1, 2006, and requested copies of the documents that same day. However, Defendant has not yet produced the documents.

Most of Defendant's box consists of copies of the Army Correspondence Course Program Catalog from various years. This is troubling in view of both the number of specific document requests propounded and the number of persons Defendant claims to have canvassed in responding to the Requests. Given the scope of the requests and of Defendant's purported inquiry, one box of documents appears to fall far short of constituting a complete production.

Underscoring the deficiency in the government's production. Plaintiffs have learned of the existence of specific documents called for by the Document Requests that have not been produced, including the following:

- A document entitled, DA Policy Message, Subject: "Implementation of the Army Distance Learning Program," which was provided by Plaintiff Clark and which is responsive to the Document Requests.

- An Army National Guard PowerPoint presentation called "ARNG DL Program Direction and Update," which was happened upon while doing a search on the Internet for a different issue. This document references a study into compensation for members of the National Guard for the completion of correspondence courses. Despite the fact that there are few documents from Defendant agencies on the Internet, Plaintiffs have still managed to locate several responsive documents, such as this presentation, that Defendant has failed to produce. Plaintiffs should not be forced to comb the Internet to identify and remedy the deficits in Defendant's production. Because this presentation and the study it references are responsive to the Document Requests, we ask that they, and any similar documents, be produced.

- A PowerPoint presentation on this lawsuit, which the National Guard Bureau has on its website. The link is http://www.ngb.army.mil/jointstaff/ps/ja/conference/files/ADMINISTRATIVELAWPARTIIClarkvUS.ppt. This document, which is publicly available, appears to be responsive to one or more of Plaintiffs' Document Requests, yet it has not been produced. Plaintiffs therefore request the production of this and any similar documents.

Given the responsive documents that the government did not produce, as well as the miniscule size of the government's production to date, it appears clear that the substantial quantity of material remains to be produced. If the government is unwilling to address these deficiencies promptly, Plaintiffs will be forced to seek the involvement of the Court.

As a related matter, counsel for Defendant advised during Plaintiffs' document inspection on August 1, 2006 that not all agencies have responded to counsel's request for documents.[1] Please let us know when we can expect a complete response. Plaintiffs cannot proceed with depositions until the government has complied with its obligations to produce all responsive documents and other information called for by their discovery requests.

---

[1] Defendant also has indicated in its written responses to Plaintiffs' document requests that it has yet to find documents responsive to a number of Plaintiffs' requests, namely, Request For Production Nos. 34, 35, 48, 49, 50 and 59. Please advise regarding the present status of the search for documents responsive to these requests.

Plaintiffs also have questions regarding Defendant's written responses. The first series of questions relate to Defendant's General Objection E, which is contained both in Defendant's responses to both Plaintiffs' Interrogatories and to the Document Requests. Defendant makes several assertions in General Objection E that Plaintiffs find questionable. For instance, Defendant claims that the "Combat Logistics Supply and Support Course" does not exist. However, this course is listed in the Army Correspondence Course Catalog. *See* DA Pam 350-59, Oct. 1, 2002 at 172, "Subcourse: QM3300, Title: Combat Logistics Supply and Support."

Defendant also claim in Objection E that several of the "specified courses" as defined in Plaintiffs' discovery requests are offered only for specific military occupational specialties, to wit, the Advanced Enlisted Professional Development Course, the Basic Enlisted Professional Development Course, the Reserve Component Basic Non-Commissioned Officer Course and the Warrant Officer Advanced Course. Plaintiffs do not understand the significance of this point raised by Defendant. First, Defendant possesses documents that relate to these courses generically, without regard to their MOS-specific versions. For example, AR 350-1 refers to the "Warrant Officer Advanced Course" without reference to a specific Military Occupational Specialties ("MOS"). Documents of this type are relevant to the case and responsive to Plaintiffs' discovery requests. Moreover, Plaintiffs defined the "specified courses" as those in which Plaintiffs enrolled. *See* Plaintiffs' Interrogatories Definition No. 7 and Plaintiffs Document Requests Definition No. 13. Plaintiffs have provided Defendant with a course listing showing the courses each plaintiff completed. Plaintiffs have provided to Defendant information relating to their MOSs and Air Force Specialty Codes ("AFSC"), respectively. Thus, Defendant can determine which MOS/AFSC-specific versions of these courses are relevant and responsive.[2]

Additionally, Defendant states in Objection E that plaintiffs failed to specify the location at which certain courses were conducted, namely, the NCO Leadership Course, the NCO Preparatory School and the NCO Academy. Plaintiffs took these courses by correspondence, so Defendant's objection does not appear germane to the issue. Regardless, Defendant possesses documents that relate to these courses without regard to the specific location(s) where they are offered. Additionally, Defendant possesses Plaintiffs' course records. Any documents responsive to Plaintiffs' requests and related to the listed courses generically or the specific versions of those courses taken by Plaintiffs are relevant and responsive. Based on the points raised in this and preceding paragraph, Plaintiffs ask that Defendant produce any documents withheld on the basis of Objection E.

[2] There is only one Plaintiff, Mr. Clark, who completed the Advanced Enlisted Professional Development Course, the Basic Enlisted Professional Development Course, or the Reserve Component Basic Non-Commissioned Officer Course. Defendant knows Mr. Clark's MOS is 02B-02U. Similarly there are only two plaintiffs who completed the Warrant Officer Advanced Course: Mr. Freeburg and a Doe Plaintiff. Defendant has this information and knows these plaintiffs' respective military specialty codes.

Next, with regard to Defendant's interrogatory responses, Defendant states that it provides its response to Interrogatory No. 1 as part of its response to Interrogatory No. 3. Interrogatory No. 1 asks Defendant to identify each individual that had a role in "creating, approving, implementing, administering, accrediting or explaining the need for the Specified Courses." The chart that Defendant provides in response to Interrogatory No. 3 does not identify who, among those listed in response to Interrogatory No. 3, is responsive to Interrogatory No. 1. Moreover, the chart does not identify what role the individuals listed on the chart performed with respect to each of the Specified Courses. Please provide a revised chart that identifies what role, if any, each of the individuals listed thereon performed regarding the Specified Courses and identify the Specified Courses for which that role was performed.

Regarding Interrogatory No. 2, Defendant's response relating to the Air University identifies how the Air Force's course tracking system and course database has changed over time. Defendant's answer relating to the Army system does not provide this information. Please revise your response to Interrogatory No. 2 and describe how the Army system has changed over time.

With regard to Defendant's written responses to Plaintiffs' document requests, Defendant states in response to Request No. 52 that the organization called the "Office of the Deputy Chief of Staff" is unknown to Defendant. Plaintiffs' request refers to the Office of the Deputy Chief of Staff of the Army, G-1. Defendant further states in response to Request No. 52 that documents produced by the General Accounting Office, the Office of Management and Budget, and any office of the White House or other executive agency relating to this case are outside of Defendant's control. However, to the extent that Defendant has copies of documents from any of these organizations, they are in Defendant's control and must be produced.

Finally, Plaintiffs note that Defendants have not yet produced a privilege log. Please let us know when we can expect to receive this document.

Plaintiffs would like to schedule a call to discuss the issues raised above. Please let me know your availability for a call or meeting this week. As previously stated, Plaintiffs cannot effectively proceed with depositions until the government has complied with its obligations to produce all responsive documents and other information called for by Plaintiffs' discovery requests. As also previously stated, Plaintiffs will have no choice but to seek assistance from the Court unless the government promptly complies with its discovery obligations. I look forward to hearing from you in the near future. You can reach me via my email or at 202-383-6599.

Sincerely,

Alan Sutton

# EXHIBIT D

**U.S. Department of Justice**

Civil Division

Telephone: (202) 307-0383
Facsimile: (202) 353-7988

*Washington, D.C. 20530*

August 22, 2006

**VIA MESSENGER**

Alan Sutton, Esq.
Howrey, Simon, Arnold & White
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402

phone: (202) 383-6599

Re: William A. Clark et. al. v. United States, Fed. Cl. No. 00-644

Dear Mr. Sutton:

This letter responds to your August 15, 2006, letter regarding Defendant's Objections and Responses to Plaintiffs' Request for Production of Documents ("Defendant's Responses"). Please know that the Government has conducted, and is continuing to conduct, an expansive search for responsive documents. The Government has provided all responsive, non-privileged, documents in its possession and will continue to do so as documents are identified. Your assertion that we have produced a very small percentage of the documents in our possession is groundless, as the Government has contacted all relevant Government agencies requesting documents. Additionally, to ensure we identify all potentially responsive documents, we have asked each agency we contact in our search for responsive documents to give your request for documents a broad reading.

Furthermore, despite the breadth of your discovery request, we still were able to grant you access to inspect the documents we identified within one week of your request, consistent with the time line stated in Defendant's Responses. After you completed the inspection, you asked Major Jerrett Dunlap how the documents would be made available, specifically stating you did not require the Army Correspondence Course Program Catalogs. Major Dunlap indicated that copies would be made and sent to you. You then told Major Dunlap you were going to send a letter clarifying your response to Defendant's objections. You told Major Dunlap that you would provide him with that letter the next day, August 2, 2006. We did not send the documents while we waited your promised clarification and response.

The Army Correspondence Course Program Catalogs do contain hundreds of pages of responsive materials. This is because the catalog is the publication that outlines the Army's policies and procedures regarding correspondence courses. The catalogs are, accordingly, the

documents most responsive to your document request. The vast majority of persons we canvassed for responsive documents pointed to the catalogs as the responsive documents that they possessed. Moreover, you overlook that fact that the catalogs are only sixteen of the nearly three hundred documents produced. Your assertion that more documents are available is not consistent with the responses of the dozens of individuals that have been contacted.

You point to three documents that you claim should have been produced. Although these three documents are not described with sufficient specificity to identify the complete nature of the document, the first two documents appear to deal with distance learning courses, not correspondence courses. Thus, they are not responsive to your request. The requested PowerPoint presentation is included with our updated document production response. As of this date, agencies known to possess documents relevant to your document request have been contacted and the vast majority of them have responded. While continued production is a possibility, consistent our ongoing obligation, all documents identified to date have been produced.

You also note several issues regarding objection E in your letter. By providing the subcourse number for the Combat Logistics Supply and Support course, you have assisted defendant in locating information regarding the course. A review of our records did not indicate that any of the plaintiffs had completed this correspondence course. Nevertheless, we are providing responsive documents related to this correspondence course in our updated response. Regarding the military occupational specialty specific courses noted in objection E, documents with generic information have been previously provided. Any further responsive documents in our possession are included in the updated response. Defendant has previously produced all relevant documents known to the services regarding any completed Non-commissioned Officer ("NCO") Leadership Course, NCO Preparatory School, or NCO Academy.

Regarding interrogatory number one, you indicate that our responsive spreadsheet does not identify who is responsive to interrogatory number one. However, interrogatory number one is drafted so broadly that all those individuals listed in the responsive spreadsheet participated in some way in "creating, approving, implementing, administering, accrediting or explaining the need" for any of the specified courses. Your request that we modify our response to identify what role the listed individual performed regarding the specified course, and for which specified course, appears to be a modification of Interrogatory number one, as it is not contained therein. However, the duty title will indicate what specific course, or area of courses, in which the individual is involved. As currently worded, interrogatory number two does not call for a historic narration of the development of the Army's current system for tracking system. The interrogatory asks how "records are maintained" and "may be assessed." The requested information has been provided in great detail. Nevertheless, Training and Doctrine Command ("TRADOC") Educational Data System-Redesign ("TREDS") has been the record keeping system for the Army Correspondence Course Program since 1970. The various schools were using TREDS as a learning management system before the program was consolidated in 1976. Over the years the system has progressed from key punch cards and a main frame computer to the current web-based interactive service. The Army Learning Management System ("ALMS")

is being designed to replace TREDS, but at this time the systems are operating separately, offering different courseware.

Thank you for the clarification of "Office of the Deputy Chief of Staff." Defendant has provided all responsive documents in the possession of the Army's Office of the Deputy Chief of Staff, G-1. We have also provided all documents in its possession from any of the named organizations outside of the Department of Defense, as listed in request number 52.

As noted above, we have complied with our discovery obligations. All reasonable measures have been taken to locate responsive documents and all responsive documents have been produced. As new documents are identified or come into defendant's control, they will be provided. If you have any questions about our responses to your discovery request, please do not hesitate to contact me.

Finally, as I mentioned in my e-mail to you last week, please let me know if you have any questions regarding our discovery request. In regard to our taking the plaintiffs depositions, I would like to start deposing each plaintiff the week of September 11, 2006. I would like to finish the depositions the week of September 25, 2006. Because I did not receive a reply to my e-mail from you, I assume that the original plan that we discussed, i.e. all plaintiffs would be deposed in Washington, D.C., remains in effect. As I mentioned in my e-mail, if the plan has changed, and the Government needs to travel to each plaintiff's location, please let me know of this change immediately because I need to start that process now and will look to take depositions in August.

Very truly yours,

Douglas K. Mickle
Trial Attorney
Commercial Litigation Division

Encl:

1. Defendant's second response to plaintiff's interrogatories
2. Updated matrixes
3. Updated privilege log

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E.FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 through 4, and JANE DOES 1 through 3, individually, and on behalf of all other similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 00-644 (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S SECOND RESPONSE TO
PLAINTIFFS' JUNE 22, 2006 FIRST SET OF INTERROGATORIES

Pursuant to Rules 33 and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), without waiving, and subject to the objections in defendant's previous response, defendant provides the following updated response to Plaintiffs' June 22, 2006 First Set of Interrogatories.

**INTERROGATORIES**

**INTERROGATORY # 2**: Describe in detail any process or system, paper or electronic, used to record, track or document the enrollment in or completion of any individual or self-development training, including correspondence course, by a National Guard member, including in what format such records are maintained, who is the custodian of such records, and how such records may be assessed.

**ANSWER**: The Army's Interim Learning Management System ("ILMS") is the Training and Doctrine Command ("TRADOC") Educational Data System-Redesign ("TREDS-R") with

Aspen Interface. ILMS provides the capability to allow training administrators to manage learners facilitating the administration of training including its assignment, delivery, tracking, and recording. The ILMS provides the functionality to register learners, control and guide the learning process, and to analyze and report learner performance of Non-Resident Training. Training sequence/course mapping developed in TREDS-R is used to determine how a learner should flow though training. The ILMS tracks and manages learners' progress, and provides a number of reports for both students and managers. The training can be delivered via various modes including, but not limited to on-line access, individual CD, and paper based. Non-Electronic Training resource materials are managed by TREDS-R.

The ILMS interfaces with the RDL for the location of on-line training material to include Interactive Multimedia Instruction ("IMI") and Click 2 Learns Aspen Learning Management System for IMI Courseware initiation and performance results. It also interfaces with external systems such as the Army Training Requirements and Resources System ("ATRRS"), Reimer Digital Library ("RDL"), Army National Guard Bureau, Army Reserve Center, Human Resource Command ("HRC") and Command General Staff College ("CGSC") to exchange and/or provide information on students and their training status.

The ILMS is maintained by the Army Training Support Center's ("ATSC") Army Information Systems Directorate. Individuals are able to view and print a copy of their own records from the ILMS. Staff in the ATSC's Individual Training Support Directorate - Distributed Learning Student Support Team can access any records in the ILMS and ATRRS.

TREDS has been the record keeping system for the Army Correspondence Course Program since 1970. The various schools were using TREDS as a learning management system

OF COUNSEL:
LT. COL. JOSEPH FETTERMAN
MAJ. JERRETT DUNLAP
United States Army
Litigation Division

MAJ. TRACEY ROCKENBACH
United States Air Force
General Litigation Division

MAJOR MAX GONZALEZ
National Guard Bureau
Office of Chief Counsel

August 22, 2006

DOUGLAS K. MICKLE
Trial Attorney
National Courts
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 353-7961
Fax (202) 353-7988

Attorneys for Defendant

before the program was consolidated in 1976. Over the years the system has progressed from key punch cards and a main frame computer to the current web-based interactive service. The Army Learning Management System ("ALMS") is being designed to replace TREDS, but at this time the systems are operating separately, offering different courseware.

Air University, Maxwell Air Force Base, Alabama tracks tracks Career Development Courses ("CDC")/Professional Military Education ("PME") Courses and Specialized Course completion in The Course Development and Student Administration Registrar System ("CDSAR") database back to 1990. Prior to that the data was maintained on microfiche in the registrar's office at Air University. The microfiche database goes back thirty years. Registration and enrollment records older than thirty years old have been destroyed. The CDC and PME completions are flowed to the Community College of the Air Force ("CCAF") for inclusion into the students' education record and to the Military Personnel Data System ("MilPDS") for inclusion in the personnel records at the Air Reserve Personnel Center in Denver, Colorado or Air Force Personnel Center at Randolph AFB, Texas.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRYANT G. SNEE
Assistant Director

**Certification**

I, Marilyn N. Hicok, am the Chief, Distributed Learning Student Support Team, United States Army Training Support Center, at Fort Eustis, Virginia, with technical and historical background on the Army's Interim Learning Management System. I have reviewed the factual information contained in defendant's response to the second interrogatory, from plaintiffs' First Set of Interrogatories, in Docket No. 00-644 (Court of Federal Claims). I hereby certify, under the laws of the United States, that the responses are true and correct to the best of my knowledge.

21 Aug 2006
Date

Marilyn N. Hicok

| Post-it® Fax Note 7671 | Date 8/21/06 | # of pages ▶ 1 |
| --- | --- | --- |
| To MAS DUNLAP | From Marilyn Hicok | |
| Co./Dept. | Co. | |
| Phone # | Phone # | |
| Fax # | Fax # | |

PUBLICATIONS MATRIX

| Name of Organization/Individual Contacted | Business Affiliation and Title | Current Business Address | DOD Affiliation, Address, and title | Home address if nolonger DOD | Responsive documents provided |
|---|---|---|---|---|---|
| MAJ Jonathan Dunn | Assistant to the Commander, NG-Army Training Support Center | Bldg. 1725, 6th St, Ft. Eustis, VA 23602 | Same | NA | 2-17 |
| Todd Milliard | OTJAG - Military Law and Operations | 1777 N Kent St, 10th Floor, Rosslyn, VA 22209-2194 | Same | NA | NA |
| Marilyn Hicok | Chief, DL Support Team | Bldg. 1725, 6th St, Ft. Eustis, VA 23602 | Same | NA | 22,23,26 |
| Ralph Steinway | Training Programs Manager, Army G1 | Room 1D377, Pentagon, Washington, D.C. 20310-0300 | Same | NA | 41,274 |
| LTC Allen K Lewis | Chief, Distributed Learning, Army G3 | Room 1E141, Pentagon, Washington, D.C. 20310 | Same | NA | 49-59 |
| LTC Gary Kayser | US Army Reserve Command, G7, Individual Training Div. | 1401 Dreshler St. SW, Fort McPherson, GA 30330 | Same | NA | NA |
| William Voorhies | US Army Reserve Command, G7 (Correspondence Courses/Distance Learning) | 1401 Dreshler St. SW, Fort McPherson, GA 30330-2000 | Same | NA | 272-273 |
| William Jones | Deputy Commander, Army Training Support Center (ATSC) | 1721 Patton Ave., Ft. Eustis, VA 23604 | Same | NA | NA |
| SGM Bertram Vaughn | Department of the Army, G3 (Constructive Waiver) | 1500 Defense Pentagon, Washington, D.C. 20301-1500 | Same | NA | 42 |
| COL Eric Lindner | Office of the Assistant Secretary of Defense, Reserve Affairs | 1500 Defense Pentagon, Washington, D.C. 20301-1500 | Same | NA | NA |
| CPT Christopher Nuneviller | Office of the Command Judge Advocate, Human Resources Command | 200 Stovall Street, Room 7N69, Hoffman II, Alexandria, VA, 22332 | Same | NA | 1 |
| Mr. Dan Kohner | Office of the Secretary of Defense, Reserve Affairs (Manpower and Personnel) | 1500 Defense Pentagon, Washington, D.C. 20301-1500 | Same | NA | 271 |
| Jim Collier | Administrator, Adjutant General Officer Branch Qualification Course | Adjutant General School, Fort Jackson, SC 29207 | Same | NA | NA |
| Viola Beem | Administrator, Associate Logistics Executive Development Course; Support Operations Course | Army Logistics Management College, Fort Lee, VA 23801 | Same | NA | NA |

PUBLICATIONS MATRIX

| | | | | | |
|---|---|---|---|---|---|
| MAJ Arlena Brooks | Administrator, Automated Logistics Specialist Course; Supply Management Officer Correspondence Course | US Army Quartermaster Center and School, 1831 A Ave., Fort Lee, VA 23801 | Same | NA | NA |
| Susan Ginn | Administrator, Aviation Accident Prevention Management Course; Aviation Logistics Manager Course; Aviation Warrant Officer Advanced Course | US Army Aviation Center & Fort Rucker, Fort Rucker, AL 36362 | Same | NA | NA |
| Don Wright | Administrator, Commander's Safety Course | US Army Safety Center, Bldg. 4905 5th Ave., Fort Rucker, Al 36362-5363 | Same | NA | NA |
| Mr. Cunningham | Administrator, Hazardous Materials Handling Course | School of Military Packaging Technology, 360 Lanyard Rd., Aberdeen Pfooving Ground, MD 21005 | Same | NA | NA |
| Ms. Lee Capraro | Administrator, Infantry Officer Basic Course; Infantry Captains Career Course | US Army Infantry School, Fort Bening, GA 31905-5593 | Same | NA | NA |
| SSG Bryan Fenter | Administrator, Battalion Motor Officer Course; Maintenance Leader Course | US Army Armor Center and Fort Knox, Fort Knox, KY 40121-5000 | Same | NA | NA |
| Diane Brand | Administrator, Mechanical Maintenance NCO Course; Ordnance Officer Advanced Course | US Army Ordance Mechanical Maintenance School, Suite 227, 401 1st Street, Fort Lee, VA 23801 | Same | NA | NA |
| Colonel Wayne Woodard | State Judge Advocate-The Adjutant General of North Carolina, Office of the Staff Judge Advocate | Headquarters, State Area Command, 4105 Ready Creek Road, Raleigh North Carolina, 27607 | Same | NA | 31,32 |
| Captain Ruth Cresenzo | The Adjutant General of North Carolina, Office of the Staff Judge Advocate | Headquarters, State Area Command, 4105 Ready Creek Road, Raleigh North Carolina, 27607 | Same | NA | 31,32 |
| Lieutenant Colonel Duncan Aukland | Staff Judge Advocate-The Adjutant General of Ohio, Office of the Staff Judge Advocate | Headquarters, State Area Command, 2825 W. Dublin Granville Road, Columbus Ohio, 43235-2789 | Same | NA | 33,36 |
| Colonel Brian Morgan | Staff Judge Advocate-The Adjutant General of Alabama, Office of the Staff Judge Advocate | JFHQ-TAG-JAG, P.O. Box 3711, Montgomery Alabama, 36109-0711 | Same | NA | 24,25,40 |

PUBLICATIONS MATRIX

| | | | | | |
|---|---|---|---|---|---|
| Lieutenant Colonel C. Robert Spinelli | Staff Judge Advocate-The Adjutant General of Pennsylvania, Office of the Staff Judge Advocate Joint Forces Headquarters | Office of the Staff Judge Advocate, Joint Forces Headquarters-Pennsylvania,c/o Department of Military and Veteran's Affairs, Building 7-1, Fort Indiantown Gap, Annville Pennsylvania, 17003-5005 | Same | NA | 38,39 |
| Lieutenant Colonel John Brossart | Staff Judge Advocate, The Adjutant General of Minnesota, Office of the Staff Judge Advocate | Headquarters, Joint Forces Headquarters, Department of Military Affairs, 5th Floor, Veterans Service Building, 20 West 12th Street, St. Paul Minnesota 55155-2098 | Same | NA | 34,25,37 |
| Captain Mark M. Majors | Joint Staff Judge Advocate (AGR)-The Adjutant General of Missisippi, Office of the Staff Judge Advocate | Joint Forces Headquarters-Mississippi, JFHQ-TAG-JA, P.O. Box 5027, Jackson Mississippi 39296-5027 | Same | NA | 19,20, 21, 27,28,29,30 |
| Col Kathleen Grabowski | AF/DPDL , Chief Directorate of Airman Development and Sustainment | Room 4B684, Pentagon, Washington, DC | Same | NA | 62-67; 83-109; 111-260 |
| Dr Todd Fore | AF/A1PT Training and Education Execution | Room 5D167 Pentagon, Washington, DC | Same | NA | NA |
| Joseph McDade, SES | AF/A1D | Room 4E161, Pentagon, Washington, DC | Same | NA | NA |
| Yvonne Kinkaid | Historian, AF Historical Studies Office | AF/HRA-OL-A 3 Brookley Ave Box 94 Bolling AFB DC 20032 | Same | NA | 111 |
| Irene Pearson-Morrow | AU/CFR Air University Registrar | 60 Shumacher Ave Maxwell AFB, AL 36112-6337 | Same | NA | 69-80 |
| Carol Smith | AU/CFR Air University Registrar | 60 Shumacher Ave Maxwell AFB, AL 36112-6337 | Same | NA | NA |
| Dr. Glen Spivey | ACSC/ EA | 225 Chennault Circle, Maxwell AFB, AL 36112 | Same | NA | NA |
| Dr. Doug Savell | CEPME/CA | 550 McDonald St, Maxwell-Gunter AFB, AL 36114 | Same | NA | NA |
| Adelaide Cherry | AFIADL/CA | 50 S. Turner Blvd bldg 832, Maxwell-Gunter AFB, AL 36118-5643 | Same | NA | NA |
| Mr. George Cully | AU History Office, Director and Historian | 60 Shumacher Ave Maxwell AFB, AL 36112-6337 | Same | NA | NA |

PUBLICATIONS MATRIX

| | | | | | |
|---|---|---|---|---|---|
| Lt Col Thomas Doyon | Senior Legislative Counsel, Secretary of the Air Force Legislative Affairs Office SAF/LLP | Room 4C689, Pentagon, Washington, DC | Same | NA | NA |
| Diana Rotenbury | Procedures Policies and Enlisted Matters Reserve of the Air Force Selection Board Secretariat | 6760 E Irving Place #2000 Denver, CO 80280-2000 | Same | NA | 261 |
| Maj Francis Minogue and Mr. Charles Stubbefield | AETC Legal Office Civil Law Division | 61 Main Circle Suite 1, Randolph AFB, Texas 78150-4544 | Same | NA | NA |
| Mr. John Kongable and TSgt Tracy Bailey | AU Legal Office | 50 Lemay Plaza South, Maxwell AFB, AL 36112-6334 | Same | NA | NA |
| Mr. Leo Harman | Chief, Academic Devlopment Branch, A1/AFDLE | Room, 4B684, Pentagon, Washington, DC | Same | NA | 276-293 |
| LTC Mike Langham | Command Judge Advocate | US Army Combat Readiness Center, Fort Rucker, AL 36362 | Same | NA | NA |
| Susan Ginn | Chief, Warrior Training, | Directorate of Training and Doctrine, US Army Aviation Warfighting Center, Fort Rucker, AL 36362 | Same | NA | NA |
| Robert Carter | Deputy Director | Directorate of Training and Doctrine, US Army Aviation Warfighting Center, 4507 Andrews Avenue, Fort Rucker, AL 36362 | Same | NA | NA |
| Michelle L. Holt | Secretary General Staff | US Army Soldier Support Institute, Fort Jackson, SC 29207 | Same | NA | NA |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

PUBLICATIONS MATRIX

| Doc # | Document Name | Reg/Ins Number | Date | Request |
|---|---|---|---|---|
| 1 | Memo Subject: Readiness Priority Additional Skill Identifiers (RPASI) Inventory Targets | | 24-Jul-2001 | 47 |
| 2 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Apr-1986 | 1,4,12,13,18,19,36,37,38,47,51 |
| 3 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Apr-1987 | 1,4,12,13,18,19,36,37,38,47,51 |
| 4 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 22-Jul-1988 | 1,4,12,13,18,19,36,37,38,47,51 |
| 5 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 27-Apr-1990 | 1,4,12,13,18,19,36,37,38,47,51 |
| 6 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Apr-1993 | 1,4,12,13,18,19,36,37,38,47,51 |
| 7 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Apr-1994 | 1,4,12,13,18,19,36,37,38,47,51 |
| 8 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Apr-1995 | 1,4,12,13,18,19,36,37,38,47,51 |
| 9 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Oct-1996 | 1,4,12,13,18,19,36,37,38,47,51 |
| 10 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Oct-1997 | 1,4,12,13,18,19,36,37,38,47,51 |
| 11 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Oct-1998 | 1,4,12,13,18,19,36,37,38,47,51 |
| 12 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Oct-1999 | 1,4,12,13,18,19,36,37,38,47,51 |
| 13 | Army Correspondence Course Program (ACCP) | DA Pam. 350-59 | 26-Oct-2001 | 1,4,12,13,18,19,36,37,38,47,51 |
| 14 | Army Correspondence Course Program (ACCP) | DA Pam. 350-59 | 1-Oct-2002 | 1,4,12,13,18,19,36,37,38,47,51 |
| 15 | Army Correspondence Course Program (ACCP) | DA Pam. 350-59 | 1-Oct-2003 | 1,4,12,13,18,19,36,37,38,47,51 |
| 16 | Army Correspondence Course Program (ACCP) | DA Pam. 350-59 | 1-Oct-2005 | 1,4,12,13,18,19,36,37,38,47,51 |
| 17 | Army Correspondence Course Program (ACCP) | DA Pam. 350-59 | 1-Oct-2006 | 1,4,12,13,18,19,36,37,38,47,51 |
| 18 | Separation Procedures of Reg. Reserve Comm. Officers | DODI 1332.40 | 16-Sep-1997 | 6,12,13 |
| 19 | 1st US Army-CG's Annual Training Guidance 2001 and 2002 | | 30-Jun-2000 | 3,18,19,20,45 |
| 20 | 1st US Army-CG's Annual Training Guidance FY 03/04 | | 30-Sep-2002 | 3,18,19,20,45 |
| 21 | Interim Change No: 102 Warrant Officer Fed Rec | NGR 600-101 | 25-Apr-1994 | 3,20,24 |
| 22 | AF Correspondence Info-Student History Query-Robert Freeburg | | 23-Nov-2004 | 6 |
| 23 | ACCP Student Status Query-William Clark | | 17-Nov-2004 | 6 |
| 24 | ALARNG METL for 151 Army Band For 1995-2002 | | | 33 |
| 25 | ALARNG METL for 711 Signal Battalion For 2002 | | | 33 |
| 26 | AF Correspondence Info-Student History Query-James Davern | | 23-Nov-2004 | 6 |
| 27 | Officer Selection & Promotion | MSARNG Reg 600-100 | 1-Dec-2001 | 3,5,14,20,40 |
| 28 | MS NG-Command Training Guidance for 2000 and 2001 | | 5-Feb-1999 | 3,18,19,20,45 |
| 29 | MS NG-Command Training Guidance for 2001 and 2002 | | 6-Oct-1999 | 3,18,19,20,45 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 30 | MS NG-Command Training Guidance for 2002 and 2003 | | 1-Sep-2000 | 3,18,19,20,45 |
| 31 | NC NG-Yearly Training Guidance for 2002 | | 31-Jul-2000 | 3,18,19,20,45 |
| 32 | NC NG-Yearly Training Guidance for 1998 | | | 3,18,19,20,45 |
| 33 | OH NG-Command Training Guidance for 01/02 | | 1-Oct-1999 | 3,18,19,20,45 |
| 34 | Qualitative Retention Program | MNARNG PAM 135-205 | 1-Jun-2004 | 3,20,45 |
| 35 | MN NG-Qualititive Retention Program | | 15-Oct-2004 | 3,20,45 |
| 36 | OH NG-Selective Retention Board Under NGR 635-102 | | 4-Feb-2000 | 3,20,21,22,24 |
| 37 | Officer Promotion & Career Management | MNNG Reg 600-100 | 6-Jun-2003 | 3,20,21,22,24 |
| 38 | Enlisted Promotions Under Enlisted Promotion Program (EPP) | TAGPA PAM 600-200 | 2-Jan-2004 | 3,18,19,20,45 |
| 39 | PA NG-The Adjutant General's Training Guidance 2002 | | 20-Jun-2001 | 3,18,19,20,45 |
| 40 | AL NG-Officer & Warrant Officer Selective Retention | | 22-May-2004 | 3,20,45 |
| 41 | Army Training Requirements and Resources System | | | 2, 7 |
| 42 | Army Training and Leader Development | AR 350-1 | 13-Jan-2006 | 2,7,8,16,17,18,19,20, 21,22,23,24,25,26,27, 29,30,31,36,37,38,39, 43,47,51,54,55,56,57, 58 |
| 43 | 10 U.S.C. § 1002(a) 2005 | | | 2 |
| 44 | 10 U.S.C. § 12732(a)(2)(B) 2005 | | | 2 |
| 45 | Uniform Reserve, Training and Retirement Catagories Admin | DODI 1215.19 | 12-Dec-2000 | 2, |
| 46 | Training and Retirement Point Credits and Unit Level Strength | AR 140-185 | 1-Jul-1987 | 2 |
| 47 | Declaration Command Sergeant Major (Retired) McNamara | | 22-Apr-2004 | 2 |
| 48 | Promotion of Commissioned Officers and Warrant Officers Other Than General Officers | AR 135-155 | 13-Jul-2004 | 2 |
| 49 | Memorandum for Reserve Component Coordination Council (RCCC) | | 10-Oct-2003 | 8,44,54 |
| 50 | Draft Memorandum Subject: Compensation for Completion of Required Training Through Distributed Learning Modes | | 10-Feb-2003 | 9,10,18 |
| 51 | Message Subject: Army Distributed Learning Policy | | 14-Feb-2006 | 8,9,16,17,18,38,44,54 |
| 52 | The Army Distributed Learning Program (TADLP) Concept of Operations (CONOPS) for the Army Training Information System (ATIS) and the Army Learning Management System (ALMS) | | 1-Jun-2006 | 8,16,17,18,38,51,54, 56 |
| 53 | Draft Reserve Component Distributed Learning Compensation Report of Alternatives and Recommendations for the Office of the Assistant Secretary of Defense for Reserve Affairs | | | 10,18,52 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 54 | Study Recommendations | | | 10,18,52 |
| 55 | Reserve Component Distributed Learning Compensation Alternatives Study | | 30-Apr-2004 | 10,18,52 |
| 56 | Reserve Component Brief-Out Meeting | | 30-Apr-2004 | 9,10,18,52 |
| 57 | Memorandum Subject: Reserve Component Distributed Learning (DL) Compensation | | 1-Jun-2004 | 9,10,18,52 |
| 58 | Information Paper Subject: RC Pay for Distance Learning | | 1-Apr-2003 | 11,18,52 |
| 59 | Message Subject: Implementation of the Army Distance Learning Program | | 4-Dec-2000 | 11,18,38,44,56,57 |
| 60 | Training In Units | AR 350-41 | 19-Mar-1993 | 30 |
| 61 | Directorate Of Common Leader Training | | | 32 |
| 62 | Memorandum Subject: Request Change in Enlisted PME Promotion Waiver Policy | | 20-Apr-2006 | 14, 39 |
| 63 | Message Subject: Updated Enlisted PME Waiver Poliy | | 1-Dec-2002 | 14, 39 |
| 64 | Memorandum Subject: Air Force Enlisted PME Metrics | | 8-Mar-2003 | 14, 39 |
| 65 | Email: Enlisted PME Waivers | | 26-Dec-2002 | 14, 39 |
| 66 | Message: Clarification of Policy on Declining Resident Enlisted PME | | 1-Dec-1995 | 14, 22 |
| 67 | College for Enlisted PME History | | 1-Dec-1997 | 13, 28 |
| 68 | Air University (AU) Organization and Mission | AF Regulation 23-52 | 23-May-1985 | 13, 28 |
| 69 | Air University 2005/2006 Course Catalogue (linked) | | 1-Jul-2005 | 36,37,38,46,57 |
| 70 | AU -Addendum to 0506 Catalogue AWC Elective | | | 36,37,38,46,57 |
| 71 | AU -Addendum to 0506 Catalogue ACSC Course Listing | | | 36,37,38,46,57 |
| 72 | Air University 2004-2005 Course Catalogue (linked) | | | 36,37,38,46,57 |
| 73 | AU - Addendum to 0405 Catalogue AWC Elective | | | 36,37,38,46,57 |
| 74 | AU - Addendum to 0405 Catalogue ACSC Course Listing | | | 36,37,38,46,57 |
| 75 | Air University 2003-2004 Course Catalogue (linked) | | | 36,37,38,46,57 |
| 76 | AU- Addendum to 0304 Catalogue ACSC Course Listing | | | 36,37,38,46,57 |
| 77 | Air University 2002-2003 Course Catalogue (linked) | | | 36,37,38,46,57 |
| 78 | Air University 2001-2002 Course Catalogue | | | 36,37,38,46,57 |
| 79 | Air University 2000-2001 Course Catalogue | | | 36,37,38,46,57 |
| 80 | Air University 1999-2000 Course Catalogue | | | 36,37,38,46,57 |
| 81 | Offier Personnel: You and Your Promotions- The AF Officer Promotion System | AF Pamphlet 36-32 | 15-Jun-1990 | 22, 35 |
| 82 | Professional Military Education for Air Force Officers: Comments and Criticisms | | 1-Jun-1991 | 4, 13, 28, 36 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 83 | Message: Detailed Results of the Enlisted Evaluation System Review | | 1-May-1995 | 18 |
| 84 | Talking Paper on Curtailing the SNCOA Correspondence Course 8 | | 9-Feb-2000 | 7, 36 |
| 85 | Position Paper on Senior NCO Academy Correspondence Course | | 30-Jan-1992 | 7, 36 |
| 86 | Message: Ative Duty Participation in Paper Based ECI Course 8 | | 1-Mar-2000 | 7, 36 |
| 87 | Letter re: new CD Rom version of Senior NCOA | | 6-Nov-1995 | 7, 36, |
| 88 | Memo re: ANG ability to attend SNCOA in residence | | 19-Nov-1992 | 7, 36, 38,46, |
| 89 | SSS: Implementation of Year of Training Enlisted PME Initiatives | | 5-Oct-1992 | 7, 36, 38, 46 |
| 90 | Letter and response re: new SNCOA correspondence course | | 1-May-1995 | 7, 36, 37, 38, 46 |
| 91 | Memorandum: MSgts to SNCOA | | 12-Apr-1995 | 7, 36, 37, 38, 46 |
| 92 | Letter: SCNOA correspodence course | | 28-Feb-2000 | 7, 36, 37, 38, 46 |
| 93 | Message: Implementation Instructions for USAf Senior NCO Academy | | 1-May-1996 | 7, 36, 37, 38, 46 |
| 94 | King Paper on Discontinuing Active Duty Enrollment in ECI Course 0008 | | | 7, 36 |
| 95 | Educational Program compared to a traditional in-residence program Vol I | | 1-Sep-1995 | 36 |
| 96 | Effects of Student Achievement and Attitudes of a Distance Learning Seminar Educational Program compared to a traditional in-residence program Vol II | | 1-Sep-1995 | 36 |
| 97 | Noncommissioned Officer Professional Military Education | AF Reg 53-39 | 7-Nov-1983 | 1,4,5,6,7,13,14,15,18,22,23,55,56,58 |
| 98 | SSS and attachments: proper sizing of NCO Academy and consolidating Airman Leadership Schools | | 28-Aug-1998 | 4, 13, 14, 15, 18, 22, 23, 28, 36, 37, 55, 58 |
| 99 | Enlisted PME from a total force perspective- Action Memorandum | | 11-May-1993 | 18, 46 |
| 100 | Enlisted PME from a total force perspective- Action Memorandum | | 14-May-1993 | 18, 46 |
| 101 | Enlisted PME from a total force perspective- Action Memorandum | | 4-May-1993 | 18, 46 |
| 102 | Enlisted PME from a total force perspective- Action Memorandum | | 20-May-1993 | 18, 46 |
| 103 | and Active Duty Enlisted PME Attendance Eligibility | | 22-Jul-1993 | 7, 14, 15 |
| 104 | Interim Policy- NCO and SNCO Academy Student Selection | | 20-Sep-1991 | 7, 14, 15 |
| 105 | Message: Year of Training Initiatives for Enlisted PME | | 1-Nov-1992 | 4,7,14, 15, 36 |
| 106 | USAf Enlisted Professional Military Education Procedural Guidance | | 1-Feb-2005 | 7, 13, 28 |
| 107 | Enlisted Military Education Review Council Working Group Minutes | | 2-Mar-2006 | 9 |
| 108 | Talking Paper on the Extension Course Institute (ECI) | | 7-Jan-1992 | 4,7, 13, 28 |
| 109 | Course Outlines: Educational Programs Cadre | | 3-Oct-1995 | 1, 4, 8, 13, 28 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 110 | Search Results: Abstracts from Air Force History Studies Office database of keywords:History of ACSC, SOS, or Air Univeristy, and Air Force Specialty Codes | | 12-Jul-2006 | 4, 5, 13 |
| 111 | Briefing Slides: NCO Professional Military Education | | | 4 |
| 112 | Establishment of Enlisted Professional Military Education Policy Working Group (Joint Education) | | 5-Mar-2004 | 8 |
| 113 | Talking Paper on NCO Professional Military Education | | 16-Sep-1988 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 114 | Talking Paper on Senior NCO Academy | | 26-Jul-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 115 | Talking paper on Enlisted Professional Military Education | | 8-Dec-1997 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 116 | Talking Paper on Senior NCO Academy | | 7-Nov-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 117 | Talking Paper on Senior NCO Academy | | 4-Sep-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 118 | Talking Paper on Senior NCO Academy | | 28-Aug-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 119 | Talking Paper on Professional Military Education | | 28-Oct-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 120 | Talking Paper on Senior NCO Academy Update | | 28-Aug-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 121 | Talking Paper on USAFE Professional Military Education | | 7-Jun-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 122 | Talking paper on Enlisted Professional Military Education | | 13-Jul-1994 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 123 | Background Paper on Senior NCO Academy | | 26-May-1995 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 124 | Background Paper on Enlisted Professional Military Education | | 12-May-1995 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 125 | Talking paper on Enlisted Professional Military Education | | 14-Feb-1995 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 126 | Talking Paper on Airman Leadership School | | 30-Jan-1997 | 22 |
| 127 | Talking Paper on Noncommissioned Officer Academy | | 30-Jan-1997 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 128 | Talking Paper on Senior Noncommissioned Officer Academy | | 30-Jan-1997 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 129 | SSS: Package DPDE01 Enlisted PME Program Review | | 23-Jul-2001 | 4, 7, 14,18, 28, 58 |
| 130 | SSS: EPME Program Review | | 9-Jul-2001 | 4, 7, 14,18, 28, 58 |
| 131 | Distribution of class seats | | | 7 |
| 132 | Senior NCOA Quota Management flowchart (E-8 selections) | | | 7 |
| 133 | Senior NCOA Quota Management flowchart (E-6 & E-7 selections) | | | 7 |
| 134 | Talking paper on Importance of Career Advisors | | 22-Mar-2000 | 4, 22 |
| 135 | EPME Staffing Selection criteria for MSgts to attend resident SNCOA | | 4-Jan-1996 | 14, 15, 36, 58 |
| 136 | Bullet Background Paper on Development of Program /Future Projections for conus NCOA quotas | | 5-Mar-1999 | 1, 4, 14, 15, 36, 58 |
| 137 | Talking paper on EPME funding | | 20-Apr-1999 | 1, 4, 14, 15, 36, 58 |
| 138 | Talking paper on PACAF EPME Funding concerns | | 20-Apr-1999 | 1, 4, 14, 15, 36, 58 |
| 139 | Talking paper on EPME Programs | | 10-Oct-2003 | 1, 4, 14, 15, 36, 58 |
| 140 | Civilian participation in EPME | | 27-Jul-1998 | 1, 4, 14, 15, 36, 58 |
| 141 | Talking Paper on EPME | | 19-Jan-1999 | 1, 4, 14, 15, 36, 58 |
| 142 | Talking Paper on conus Challenges Concerning NCO Academies | | 17-Sep-1998 | 1, 4, 14, 15, 36, 58 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 143 | Talking paper on Future Outlook for EPME | | 11-Feb-1999 | 1, 4, 14, 15, 36, 58 |
| 144 | Talking Paper on EPME Basing Plan | | 1-Feb-1999 | 1, 4, 14, 15, 36, 58 |
| 145 | Talking paper on EPME Education Funding | | 1-Feb-1999 | 1, 4, 14, 15, 36, 58 |
| 146 | Talking paper on PACAF EPME Funding concerns | | 1-Feb-1999 | 1, 4, 14, 15, 36, 58 |
| 147 | Talking paper on NCO Academy Future | | 2-Apr-1999 | 4 |
| 148 | Talking paper on NCOA | | 13-Mar-1999 | 1, 4, 14, 15, 36, 58 |
| 149 | Talking paper on Satellite NCOA Program | | 8-Mar-1999 | 7, 46, 48, 58 |
| 150 | Talking paper on PACA EPME funding concerns | | 23-Aug-1999 | 1, 4, 14, 15, 36, 58 |
| 151 | Talking paper on NCO Academy Future | | 13-Aug-1999 | 4 |
| 152 | Tallking paper on Status Update for Conus Enlisted PME Facilities | | 12-Aug-1999 | 5,13, 14, 18, 22, 28, 58 |
| 153 | Slide Presentation: Air Force EPME | | | 1, 4, 14, 15, 36, 58 |
| 154 | Talking Paper on Airman Leadership School (ALS) | | 4-Nov-1999 | 1, 4, 14, 15, 36, 58 |
| 155 | Slide Presentation: ALS Snapshot | | | 1, 4, 14, 15, 36, 58 |
| 156 | Talking paper on NCOA | | 4-Nov-1999 | 1, 4, 14, 15, 36, 58 |
| 157 | Slide Presentation: NCOA Snapshot | | | 1, 4, 14, 15, 36, 58 |
| 158 | Talking Paper on SNCOA | | 2-Nov-1999 | 1, 4, 14, 15, 36, 58 |
| 159 | Slide Presentation: SNCOA Snapshot | | | 1, 4, 14, 15, 36, 58 |
| 160 | Background paper on ALS | | 30-Jan-1992 | 1, 4, 14, 15, 36, 58 |
| 161 | Background paper on changes in NCO PME | | 30-Jan-1992 | 1, 4, 14, 15, 36, 58 |
| 162 | Position Paper on SSgt/TSgt Eligibility for Inresidence NCOA | | 30-Jan-1992 | 4,7, |
| 163 | Bullet Background paper on USAF NCO PME | | 1-May-1991 | 1, 4, 14, 15, 36, 58 |
| 164 | Talking paper on NCO PME Issues | | 4-Mar-1991 | 1, 4, 14, 15, 36, 58 |
| 165 | Memo: NCO PME Current Issues, concerns and Intiatives | | | 1, 4, 14, 15, 36, 58 |
| 166 | Talking Paper on NCO Academies | | 19-Oct-1993 | 1, 4, 14, 15, 36, 58 |
| 167 | SNCOA: MSgt attendence and reinstating SNCOA Correspondence course | | 27-Jun-1996 | 4,7, |
| 168 | Talking paper on Enlisted Professional Military Education | | 8-Mar-1993 | 4,7 |
| 169 | Talking Paper on ALS and NCOA | | 13-Jul-1992 | 4, 7, |
| 170 | Talking Paper on EPME 1990 thru 1995 | | 14-Feb-1995 | 1, 4, 7, 14, 15, 36, 58 |
| 171 | Taking paper on EPME | | 13-Jul-1994 | 4, 7, |
| 172 | Talking paper on EPME | | 10-Dec-1993 | 4, 7, |
| 173 | Talking paper on EPME | | 10-Dec-1993 | 4, 7, |
| 174 | Taking paper on EPME | | 10-Dec-1993 | 4, 7, |
| 175 | Talking Paper on NCO Academies | | 5-Oct-1993 | 4, 7, |
| 176 | Thank you Memo: from CSAF Fogleman to Gen Boles | | 6-Dec-1995 | 4, 16, 18, 19, 28, 46, 58 |
| 177 | Memo to CSAF Fogelman re: Distance Learning technologies in CEPME | | 6-Nov-1995 | 4, 16, 18, 19, 28, 46, 58 |
| 178 | Memo to HQ AETC from CSAF Folgelman re: MSgts into SNCOA | | 1-May-1995 | 56 |
| 179 | SNCO Corespondence Course Development | | no date | 16, |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 180 | Email: re: Education Data in the PDS for enlisted members | | 2-May-1996 | 14 |
| 181 | SSS: Enlisted PME Continuum Curriculum Development w/ atchs | | 10-May-2006 | 16 |
| 182 | Memo: re: Selection procudures for MSgt Attendance to the SNCOA | | 15-Sep-1995 | 7 |
| 183 | Message: Enlisted PME Correspondence | | 1-Jun-1994 | 4, 16, 18, 19, 28, 46, 58 |
| 184 | Message: Priority Selection to NCO Academy | | 1-Nov-1998 | 7 |
| 185 | Handwritten Memo: from CMS Johnson to CMS Lokovic re: Total Force PME w. attachments- In residence PME & ANG NCOA proposals | | 28-Apr-1993 | 1, 4, 5, 7, 12, 13, 15, 18, 22, 23, 24, 46, 48, 58 |
| 186 | Position paper on NCOA Seminar Program | | 8-Feb-1993 | 18, 36, 4, 37 |
| 187 | Talking paper on the Satellite NCOA Program | | 8-Mar-1999 | 46, 48, 58 |
| 188 | Memo re: ANG Satellite NCO Academy w/ attachs, NCOA newsletter and Satallite handbook | | | 1, 4, 5, 7, 12, 13, 15, 18, 22, 23, 24, 46, 48, 58 |
| 189 | Point Paper on ANG PME Center | | 7-Apr-1993 | 1,4,5,7,8 |
| 190 | Taking Paper on Role of Special Operations within EPME | | 7-Mar-2000 | 4, 5 |
| 191 | Talking paper on ALS | | 4-Nov-1999 | 1, 4, 14, 15, 18, 36, 58 |
| 192 | Slide on NCO Development | | | 5, 14,15,22, 23, 24 |
| 193 | SNCO Academy snapshot | | | 1, 4, 14, 15, 18, 36, 58 |
| 194 | Talking paper on Status Update for Conus EPME Facilities | | 2-Jul-1999 | 5,13, 14, 18, 22, 28, 58 |
| 195 | Talking Paper on NCOA Future | | 13-Aug-1999 | 5, 22, 58 |
| 196 | Talking paper on Status Update for Conus EPME Facilities | | 2-Jul-1999 | 7, 18, 24, 28 |
| 197 | Memo for record DPPE to NURAC re: ALS curriculum hours | | 17-Apr-1991 | 16, 18 |
| 198 | Implementation of NCO Leadership Course as it existed in 1952 | | | 1, 4, 5, 14, 15 |
| 199 | Memo: Enlisted PME Update Briefing for CMSAF Workshop | | 7-Mar-1991 | 4, 12 |
| 200 | 18 Pg memo on NCOA criteria and curriculum | | | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 201 | Notes: NCO Implementation 3- tier structure plan (16 pgs) | | 5-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 202 | NCO PME Centers (NCOPC & NCOLS) | | 1-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 203 | Action memo: PME Curriculum tasking for AU w/ AU task letter | | 17-Apr-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 204 | EES Module Outline | | 17-Apr-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 205 | Handwritten memo re: new curriculum and taskings17 Apr 91 | | 17-Apr-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 206 | Handwritten memo to Chief Nurre re: MSgts that haven't attended NCOA | | 12-Apr-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 207 | Memo re: ALS hours being shorteend and students live at home vice dorm | | date not legible | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 208 | Handwritten note: re: Draft suggested ALS course outline 15 pgs | | 16-Apr-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 209 | Action Memo re: PME Restructuring | | 15-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 210 | Memo re: Proposed Reorganization of NCO PME w points to consider | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 211 | Memo re: Three-Tier NCO PME system w/ atchs Curriculum and Manpower Auth worksheet 16 pgs | | 14-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 212 | NCO PME Education curriculum writing/briefing evaluation instrument | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 213 | 6597 STUS Inputs/updates to new NCO PME education curriculum 13 Pgs | | 20-Jan-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 214 | Memo re: Proposed Reorganization of NCO PME w/ points to consider | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 215 | 3-Teier Manpower NCO PME analysis | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 216 | Fax re: Military Studies and AF mission organization | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 217 | Fax re: Impact of implementation | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 218 | Fax re: summary of proposals for curriculum frojm Det 1 at Goodfellow AFB | | 28-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 219 | Fax re: Curriculum Revision (6 pgs) | | 20-Feb-2001 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 220 | Memo re: NCO PME Review Panel 3-Tier System Initiative | | 16-Jan-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 221 | Memo re: thoughts Phase NCO PME | | 15-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 222 | NCO PME Review/Three Tier System Comments | | 31-Jan-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 223 | Memo re: PME Restructuring | | 15-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 224 | Memo re: PME Restructuring | | 21-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 225 | Action memorandum: PME Restructuring | | 15-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 226 | EPME Policies, Procedures and Guidelines (PPG) w/ atchs ( 28 pgs) | | 1-Oct-1999 | 1, 4, 12, 18, 22, 58 |
| 227 | AUS1 AFI 36-2301 DRAFT | | | 16, 17, |
| 228 | Message: EPME Correspondence Courses (5 pgs) | | 1-Jun-1994 | 16, 36, 56, |
| 229 | ECI Correspondence Courses | | 1-May-1994 | 4, 5, 7 |
| 230 | SSS: Active duty Enrollment in PME Correspondence courses w Academic educ stats | | 27-May-1994 | 16, 18, 36, 56, |
| 231 | Handwritten notes re: NCO PME corres courses from MG McGinty | | 8-Jun-1994 | 4, 5, 7, 16, 18, 36, 58 |
| 232 | CMSAF Pfingston' memo concurring with elimination of corres courses 0001,0006, 0008 | | 8-Jun-2004 | 4, 5, 7, 16, 18, 36, 58 |
| 233 | Memo re: Active duty Enrollment in PME Corres Courses | | 8-Jun-2004 | 4, 5, 7, 16, 18, 36, 58 |
| 234 | Memo: AF fitness, Medical profiles, and Enlisted PME Attendance | | 11-Feb-2004 | 7 |
| 235 | Change ALS, NCO, SNCOA Attendance Requirement | | | 7 |
| 236 | Mask Completion Data for Non-resident NCO PME | | | 5 |
| 237 | Talking Paper on EPME issues | | 15-Sep-1998 | 7 |
| 238 | Talking Paper on EPME issues concerning NCOA Quota Projections | | 24-Jul-1998 | 7 |
| 239 | SSS: Program Guidance Letter for EPME requirement' | | 14-Jul-1998 | 18 |
| 240 | SSS: Enlisted PME Requirements | | 15-Jun-1998 | 7, 18, 28 |
| 241 | Memo: Enlisted PME requirements | | 1-Mar-1998 | 7, 18, 28 |
| 242 | Memo: Enlisted PME requirements AETC/ED ltr 27 May 98 | | 22-Jun-1998 | 7, 18, 28 |
| 243 | Memo re: increasing students throughput at SNCOA | | | 7, 18, 28 |
| 244 | Talking paper on SNCOA | | 27-May-1998 | 7, 18, 28 |
| 245 | Memo re: Responses to AF/DP Questions concering CSAF EPME tasker | | 9-Oct-1998 | 7, 18, 28 |
| 246 | ANG Satellite NCO Academy powerpoint briefing w/ business card | | | 58 |
| 247 | ANG Training Center Letter to CMSAF Murray | | Dec-04 | 46, 48, 58 |
| 248 | Notes from 1999 Worldwide Commandant Conference | | Mar-99 | 1, 4, 8, 12, 13, 28 |
| 249 | Slides from 99 EPME Manager's Conference/Workshop | | Nov-99 | 1, 4, 8, 12, 13, 28 |
| 250 | Notes from EPME Review | | 7-Jul-06 | 13,14, 22, 55, 56, 58 |
| 251 | 2005 Triennial Review of Enlisted PME | | 16-May-05 | 7, 13, 14, 55, 56, 58 |
| 252 | Bullet Background paper on 2005 Review of EPME | | 27-Oct-05 | 7, 13, 14, 55, 56, 58 |
| 253 | Handwritten undated note to Bob about Program Review attached to: | | | 7, 13, 14,18, 55, 56, 58 |
| 254 | Email re: Enlisted PME Policy Changes | | 1-Feb-02 | 7, 13, 14,18, 55, 56, 58 |
| 255 | Enlisted PME Program Review | | 9-Jul-01 | 7, 13, 14,18, 55, 56, 58 |
| 256 | Enlisted PME Program Review- Policy Initiatives | | 8-Nov-01 | 7, 13, 14,18, , 55, 56, 58 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 257 | Memo to AETC/CC from HQ USAF/DP re: 2001 EPME review | | 7-Sep-01 | 7, 13, 14,18, 55, 56, 58 |
| 258 | EMPE Program Review Eglin AFB, FL Agenda and Documents | | 21-Mar-01 | 1, 4, 7, 13, 14,18, 55, 56, 58 |
| 259 | EPME Program Review- start up | | Sep-00 | 18, 55, 58 |
| 260 | Charter Command Board of Advisors Air University | | 3/1/1995/ Jan | 18, 55, 58 |
| 261 | Bullet Background Paper on NCO PME | | 1-May-91 | 12, 14, 18, 55, 58 |
| 262 | 91 Review of EPME w/ talking papers on the courses | | Aug-91 | 1, 7, 12 |
| 263 | Approval of the 1990-1991 SNCOA Curriculum | | Jun-91 | 1, 12, |
| 264 | 91 Review of EPME w/ talking papers on the courses | | 1-Aug-1991 | 1, 4, 5, 7, 12, 14, 15, 18, 22, 28, 58 |
| 265 | Approval of the 1990-1991 SNCOA Curriculum | | 1-Jun-1991 | 28, 48 |
| 266 | FY-07 ANG MOU Maj/Lt Col Promo Board | **previous versions are available for any year specified. | | 5 |
| 267 | July Letter to Airmen | | 7-Jul-2006 | 57 |
| 268 | Air University Instruction (AUI) 36-2304 | | 26-Sep-2003 | 6, 13, |
| 269 | AUI 36-2315, Student Disenrollment Procedures | | 6-May-2005 | 7 |
| 270 | CCAF, Campus Relations Policies, Procedures and Guidelines | | 1-Sep-1999 | 6, 7, 13, |
| 271 | Information Paper Subject: Potential Amendment to Eliminate Section 603 of the Senate FY 2007 NDAA Mark (Similar to Section 606 of the FY 2007 House Mark) | | 22-Jun-2006 | 53 |
| 272 | E-mail Chain: US Army Reserve Command, Subject: Focus Group | | 21-Dec-2004 | 47 |
| 273 | E-mail Chain: US Army Reserve Command, Subject: DL Training Compensation | | 30-Nov-2004 | 47 |
| 274 | E-Mail DA message Subject ALARACT 111/2006 | | 9-Jun-2006 | 15 |
| 275 | Warrant Officers-Federal Recognition and Related Personnel Actions | NGR 600-101 | 1-Oct-1996 | 3,20,24 |
| 276 | Air University Organizational Chart | | 28-Mar-2006 | 54 |
| 277 | Air Force Institute for Advanced Distributed Learning Organizational Chart | | 28-Mar-2006 | 54 |
| 278 | School for Advanced Airpower Studies Organizational Chart | | 28-Mar-2006 | 54 |
| 279 | College of Aerospae Doctrine, Research & Education Org Chart | | 28-Mar-2006 | 54 |
| 280 | Air University Library Organization Chart | | 28-Mar-2006 | 54 |
| 281 | Air Command and Staff College Organziational Chart | | 28-Mar-2006 | 54 |
| 282 | Ira C. Eaker College for Professional Development Organizational Chart | | 28-Mar-2006 | 54 |

| | | | | | |
|---|---|---|---|---|---|
| 283 | Air Force Chaplain Service Institute Organizational Chart | | 28-Mar-2006 | 54 | |
| 284 | Commanders Professional Development School Organizational Chart | | 28-Mar-2006 | 54 | |
| 285 | Air Force Human Resource Management School Org Chart | | 28-Mar-2006 | 54 | |
| 286 | International Officer School Org Chart | | 28-Mar-2006 | 54 | |
| 287 | College for Enlisted PME Org Chart | | 28-Mar-2006 | 54 | |
| 288 | Headquarters Squadron Officers College Org Chart | | 28-Mar-2006 | 54 | |
| 289 | Squadron Officers School Org Chart | | 28-Mar-2006 | 54 | |
| 290 | Air & Space Basic Course Org Chart | | 28-Mar-2006 | 54 | |
| 291 | Air War College Org Chart | | 28-Mar-2006 | 54 | |
| 292 | Air Force Officer Accessions and Training School Org Chart | | 28-Mar-2006 | 54 | |
| 293 | Air Force Reserve Officer Training Corps | | 28-Mar-2006 | 54 | |
| 294 | Document prepared by the Air Force History Office with attachments (73 pages) | | 21-Jul-2006 | 4, | |
| 295 | #2. K239.1616-1 Gen Bakers Correspondence from 1950-1953. No index and no document list available, 37 pages long.- 6 pages provided. | | | | |
| 296 | #3 K239.044-38 Squadron Officer Course a Pictorial 1952- 375 pages | | | | |
| 297 | #4 K239.01 V.1- | | | | |
| 298 | #5 K239.01 V.1- Air University History 1969-1970- Table of Contents provided. Material is 346 pages long. | | | | |
| 299 | #6 K239.01 V.3- History of Air University- 1980. List of Supporting Documents provided. Material is 456 pages long. | | | | |
| 300 | #7 K239.01 V.1.History of Air University- 1985. Table of Contents provided. Material is 347 pages long. | | | | |
| 301 | #8 K239.01 V.1=Air University History 1989-1990- Table of Contents provided. Material is 362 pages long | | | | |
| 302 | #9 K239.01 V.1- History of Air University- 1981. Table of Contents provided. Material is 331pages long. | | | | |
| 303 | #10 K239.01 V4 History of Air University- 1978. List of Supporting Documents provided. Material is 503 pages long. | | 1-Feb-1996 | | |
| 304 | #11, K239.07T - 52 Enlisted Professional Military Education- A journey Through Time. | | | | |
| 305 | #12 K239.01 V.1Air University History 1964- Table of Contents provided. Material is 800 pages long. | | | | |
| 306 | #13 & 23. K239.07C V.1- History Air Command and Staff School 1954. Table of contents provided. Material is 213 pages long. | | | | |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 307 | #14 & 24. K239.161D-20 ACSC Correspondence Course April 1958. No Index or List of Supporting Documents. Material is 73 pages long. | | | |
| 308 | #15 K239.07E- History of the Extension Course Institute- 1957. Table of Contents provided. Material is 433 pages long. | | | |
| 309 | # 16 K239.01 V.1- this material was not available for Maj Rockenbach's inspection. Can only be viewed at Maxwell AFB. | | | |
| 310 | #17 K239.07C V.4 History of ACSC, Vol 4.1986-1987 Supporting document list provided. To see full publication must go to Maxwell AFB, AL. Document is 514 pages long. | | | |
| 311 | #18 168.7084-15 Col R.D. Mudd Collection- 250 pages, no index. | | | |
| 312 | #19 K239.043-20 History of ACSC 2000- Table of Contents provided. Document is 267 pages long. | | | |
| 313 | # 20 K239.07C V.1- History of ACSC 1990-1991- Supporting document list provided. Document is 91 pages long. | | | |
| 314 | # 21 K239.07C V.2 - History of ACSC 1989-1900- For Official Use Only. No index to this document. Contains AU regulations relating to ACSC, the 1990 Student Handbook. The Spouses Program regulation, etc. 637 pages of material. | | | |
| 315 | # 22 K239.07E V.1- Unit Activity Report for Extension Course Institute 1990. List of Supporting Documents provided. Material is 427 pages long. | | | |
| 316 | #25- K239.07C History of ACSC 1997-1998- Table of Contents provided. Document is 940 pages long. | | | |
| 317 | Organization of the Army | | | 54 |
| 318 | Organization of TRADOC | | | 54 |
| 319 | DCSOPS&T Organization | | | 54 |
| 320 | Welcome to Combat Logistics Supply and Support | | | 1,4,12,13,18,19,36,37,38,47,51 |
| 321 | Combat Logistics Supply and Support | | | 1,4,12,13,18,19,36,37,38,47,51 |
| 322 | Federal v. State v. Civilian status: Clark, et al. v. US | | | 53 |

PRIVILEGE LOG 22 August 2006

| Doc # | Date | Author | Recipient | Subject | Bates Stamp | Basis for Obj/priv |
|---|---|---|---|---|---|---|
| 1 | December 18, 1980 | DAJA-AL | | Legal Review of AR 140-1, Paragraph 5-4 | 0001 | WP |
| 2 | September 10, 1981 | DAJA-AL | | Legal Review of Proposal to Provide Educational Program | 0002 | WP |
| 3 | March 5, 1982 | DAJA-AL | | Legal Review of Performing Equivalent Training | 0003 | WP |
| 4 | September 26, 1986 | DAJA-AL | | Legal Review that sufficient information was not provided | 0004 | WP |
| 5 | September 3, 1987 | DAJA-AL | | Legal Review to create a student element | 0005 | WP |
| 6 | August 17, 1987 | DAJA-AL | | Legal Review of FORSCOM's Draft Implementation Plan | 0006 | WP |
| 7 | May 11, 1987 | DAJA-AL | | Legal Review of SA to Authorize Additonal IDT Training | 0007 | WP |
| 8 | May 21, 1951 | DAJA-AL | | Legal Review that Secretary of Army may promulgate regulations | 0008 | WP |
| 9 | February 21, 1996 | DAJA-AL | DAJA-ALP | Legal Review of Service Creditable for Retirement Eligibility | 0009 | WP |
| 10 | June 21, 1996 | DAJA-AL | NGB-JAG | NGR (AR) 600-200, Enlisted Personnel Management | 0010 | WP |
| 11 | December 19, 1995 | DAJA-AL | NGB-JA | NGR 600-200 Change 4 | 0011 | WP |
| 12 | October 5, 1994 | DAJA-AL | DAAR-OP | Legal Review of Professional Military Education Test Program | 0012 | WP |
| 13 | August 25, 1993 | DAJA-AL | DAJA-ALP | Legal Review AR 140-1 | 0013 | WP |
| 14 | December 18, 1991 | DAJA-AL | DAAR-PE | Legal Review Retirement Point Credit and IMA Program | 0014 | WP |
| 15 | March 6, 1959 | DAJA-AL | | Legal Review Discussing Applicable Law and Regulations | 0015 | WP |
| 16 | September 15, 1961 | DAJA-AL | | Legal Review of Perceiving No Objection | 0016 | WP |
| 17 | September 24, 1962 | DAJA-AL | | Legal Review of Discussing Basic Training Requirement | 0017 | WP |
| 18 | March 11, 1964 | DAJA-AL | | Legal Review of Inactive Duty Training Drills | 0018 | WP |
| 19 | June 19, 1964 | DAJA-AL | | Legal Review of Expenditure of Appropriated Funds | 0019 | WP |
| 20 | October 28, 1965 | DAJA-AL | | Legal Review of Determination Made in JAGA 1964/41 | 0020 | WP |
| 21 | March 7, 1968 | DAJA-AL | | Legal Review of Disallowance of Equivalent Training | 0021 | WP |
| 22 | June 26, 1975 | DAJA-AL | | Legal Review of AR 140-1 | 0022 | WP |
| 23 | August 14, 1974 | DAJA-AL | | Legal Review of Proposed Legislation | 0023 | WP |
| 24 | May 13, 1974 | DAJA-AL | | Legal Review of AR 140-1, Para 4-13 | 0024 | WP |
| 25 | October 26, 1973 | DAJA-AL | | Legal Review of DOD Dir 1215.6 | 0025 | WP |
| 26 | February 2, 1973 | DAJA-AL | | Legal Review of Reserve Officers Entitled to Subsistence Allowance | 0026 | WP |
| 27 | January 12, 1969 | DAJA-AL | | Legal Review of Entitlement to Pay | 0027 | WP |
| 28 | August 15, 1969 | DAJA-AL | | Legal Review of Entitlement to Pay | 0028 | WP |
| 29 | September 10, 1979 | DAJA-AL | | Legal Review of Proposed change 1 to AR 140-1 | 0029 | WP |
| 30 | December 23, 1977 | DAJA-AL | | Legal Review of Prposed Appendix B AR 140-111 | 0030 | WP |
| 31 | April 28, 1976 | DAJA-AL | | Legal Review of AR 140-185 | 0031 | WP |
| 32 | April 29, 1976 | DAJA-AL | | Legal Review of IAW AR 140-1 | 0032 | WP |

# EXHIBIT E

# In the United States Court of Federal Claims

**No. 00-644C**
**(Filed: September 12, 2006)**

* * * * * * * * * * * * * * * * * *

**WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 through 4, and JANE DOES 1 through 3, individually and on behalf of others similarly situated,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * *

**O R D E R**

The court is in receipt of the parties' motion (stipulation and proposed order), filed on September 8, 2006, for a stay of discovery until after the pending 2007 National Defense Authorization Act ("NDAA") is signed into law is **GRANTED**. Accordingly, discovery in the above-captioned case is **STAYED**. The parties shall contact the court's Administrative Assistant, Diana Pérez-Kidwell, at (202) 357-6541 within two weeks of the enactment of the NDAA to schedule a status conference call to discuss the conduct of further proceedings.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

# EXHIBIT F

# In the United States Court of Federal Claims

No. 00-644C
(Filed: August 7, 2007)

* * * * * * * * * * * * * * * * * *
WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 through 4, and JANE DOES 1 through 3, individually and on behalf of others similarly situated,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.
* * * * * * * * * * * * * * * * * *

## ORDER

The court is in receipt of the parties' Joint Status Report, filed on August 3, 2007, and hereby **ORDERS** the following:

1) The stay of discovery in the above-captioned case is **LIFTED**;

2) The plaintiffs' unopposed motion for leave to file a third amended complaint is **GRANTED**, and the plaintiffs shall file a third amended complaint by **Tuesday, August 21, 2007**;

3) Written discovery shall be completed by **Monday, October 1, 2007**;

4) Deposition discovery shall be completed by **Tuesday, January 15, 2008**.

**IT IS SO ORDERED.**

**s/Nancy B. Firestone**
NANCY B. FIRESTONE
Judge

# EXHIBIT G

HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
www.howrey.com

Helen Michael
Partner
202.383.7158
202.383.6610
michaelh@howrey.com

August 20, 2007

BY E-MAIL AND REGULAR MAIL
Douglas K. Mickle
Department of Justice
Commercial Litigation Branch, Civil Division
Attention: Classification Unit
1100 L St. N.W., 8th Floor
Washington D.C. 20530

**Re:** ***Clark v. United States***

Dear Doug:

This letter addresses several issues regarding Defendant's Objections and Responses to Plaintiffs' Request for Production of Documents, continuing the correspondence we began prior to the discovery stay last September.

In our August 15, 2006 letter, we asked you to provide a date by which you expected the production of the requested documents to be complete.[1] In your August 22 response, you noted that you had not yet heard back from all the agencies potentially having information responsive to the Requests. Please advise us by August 31 when you expect this process to be completed so that we can determine what further discovery is needed. Given the discovery schedule we proposed to the Court, it is essential that all outstanding discovery issues be identified as soon as possible.

During our call to discuss preparation of a joint status report, you advised us that Defendant did not exercise custody or control over responsive documents in the possession of any state guard organizations. You also indicated, however, that you would make inquiries with the appropriate guard organizations in each of the states in which a named plaintiff resides about producing responsive documents in lieu of being served with a subpoena. Thank you for making these inquiries. Please provide us with an update regarding the status of your inquiries by August 31 so that we can determine next steps.

---

[1] In our August 15 letter, we also noted that you had indicated that the government had not yet located documents responsive to Requests 34, 35, 48, 49, 50, and 59. We asked you to update us concerning the status of the government's search for those documents. You failed to respond. Please do so within 10 days of the receipt of this letter.

HOWREY LLP



As for the discovery responses you have already provided, we continue to question the completeness of the government's responses, which amounted to the production of only 300 documents in response to the 59 requests propounded by Plaintiffs. Last August, we identified three documents we believed were responsive to Plaintiffs' Requests that the government had failed to produce. You claimed the first two documents were not responsive because they related to "distance learning." It is our understanding, however, that the distance learning program does involve correspondence coursework. Moreover, as made clear in our August 16 letter, the second presentation, titled "ARNG DL Program Direction and Update" explicitly addresses a study on the possibility of offering compensation for completion of correspondence coursework. It is clear that this document is responsive to Plaintiffs' Requests, regardless of its title. Please advise us when we can expect production of this document and all other responsive documents relating to correspondence coursework.

We also forwarded a PowerPoint presentation concerning this litigation we had located on the internet that was not included in your production. You acknowledged in your August 22, 2006 letter that the document was responsive and produced it. However, you have not produced any other related or similar documents. The discovery rules require the government to conduct a thorough search and provide a complete production of all responsive documents. The events described above suggest that the government has failed to do so. Please advise when Plaintiffs can expect a complete production of responsive documents.

The privilege log attached to your August 22 letter also is deficient in several material respects. Your log contains nothing more than the date, the author agency, and a cursory description of the subject. The recipient is not even indicated for the vast majority of the documents. Furthermore, the descriptions of the subjects of the documents listed are wholly inadequate to support the government's claims of privilege. Faced with a similarly vague log, the Court of Federal Claims found it completely deficient because it did not set forth "objective facts to establish that the requirements [for asserting a claim of privilege were] met," and directed Defendant to "provide a more complete description of each of the documents for which it wishes to assert the privilege, setting forth all of the persons who sent or received the communication, the role of each of those persons in the government or their affiliations with the government, the subject of the communication, and why it qualifies for protection." *AAB Joint Venture v. United States*, 75 Fed. Cl. 432, 446-47 (February 28, 2007). We ask that you supplement the log accordingly, or produce the documents referenced on the log, since no adequate privilege claim has been asserted.

Thank you for your attention to these important matters.

Very truly yours,

Helen K. Michael

Helen K. Michael

# EXHIBIT H

**Fahmy, Christina**

---

**From:** Michael, Helen
**Sent:** Wednesday, November 07, 2007 2:52 PM
**To:** .Clark Internal
**Subject:** FW: Clark: Discovery Issues
**Attachments:** Clark Gov Production missing list.xls

All: I am forwarding a copy of the e-mail I sent Doug Mickle yesterday regarding outstanding issues with respect to our last set of requests to produce. Steve, please save this to an appropriate place on the server. Thanks much. HKM

---

**From:** Michael, Helen
**Sent:** Tuesday, November 06, 2007 6:37 PM
**To:** Mickle, Douglas (CIV)
**Cc:** Dunlap, Jerrett W MAJ OTJAG
**Subject:** Clark: Discovery Issues

Dear Doug,

During our last meet and confer session, we discussed a number of outstanding document production issues relating to Plaintiffs' Second Set of Requests for Production. You acknowledged that the government had not obtained materials from state guard units that could be responsive to plaintiffs' requests. You also indicated that, if plaintiffs provided a more specific description of the documents being sought both at the state and federal level, the government would be willing to make another attempt to search for these documents.

Based on these statements and without waiver of plaintiffs' right to obtain all of the information requested in prior discovery requests, we have reviewed all of the government's production indexes in an effort to provide the requested list. At this juncture, we have identified 4 specific categories of documents as to which plaintiffs request the government to conduct an additional search.

The first category consists of the documents specified on the attached spreadsheet. These are documents that were on production indexes prepared by the government, but were not contained on the production discs or blowbacks actually produced.

The second category consists of second are documents responsive to the requests identified in footnote 1 of plaintiffs' 8-15-2006 letter. The requests listed--34, 35, 48, 49, 50, and 59 are requests for which defendant has indicated they were unable to find responsive documents. You have asked us to provide any additional information that may be helpful for a repeat search.

- Request 34 asks for CFETPs for the period from 1970 to the present for AFSC 2F0X1 and related documents. E attached the CFETP we have from one of our plaintiffs to the summary judgment motion. We are unclear as to

why you have been unable to locate additional versions or related documents for the relevant time period. If these are documents kept at the state level, we would ask that you try once again to obtain them.

- Request 35 concerns information given to new Guard members about training and how it relates to promotion and advancement. We have a copy of one such pamphlet from a representative, titled How to Succeed in the Guard By Really Trying that was provided to newly commissioned officers at the time he was commissioned. The government has failed to produce this document. We find it unlikely that similar documents have not been created for this purpose over the years, and would ask that you search for them again.

- Requests 48-50 are all based off of 350-1 which represents that the agencies listed are responsible for communicating with one another regarding the subjects we note in the requests. Therefore, we believe such communications exist, and ask that they be produced.

- Request 59 concerns information related to the DoD's justification for its policy and practice of refusing to pay compensation. In your most recent production, there was a 2 page briefing paper on the 2007 NDAA that included information as the DoD's basis for not compensating for completion of correspondence coursework. We are certain this is not the only such document; as we have previously told you, we have found at least one JAG presentation regarding this lawsuit and the basis for refusing to compensate. You had promised to look for other such presentations the last time we spoke. Please let us know the results of that search as soon as possible. Also, please produce any additional documents concerning the policy of noncompensation.

The third category of documents consists of regulations. The government has produced current versions of several key regulations, but not all historical versions back to 1970. This problem is compounded by the fact that regulations are often renumbered or consolidated. For example, we are aware that FM 7-0 was formerly FM 25-100. We cannot identify the predecessor regulations for each current regulation, since that information is in your custody and control. We would therefore ask that you produce all prior and predecessor versions of the following relevant regulations dating back to 1970:

The Army Correspondence Course Catalog (351-20)
FM 7-0 and FM 25-100
NGR (AR) 350-1
AR 350-1
AR 350-10
AR 351-1
NGR 600-200
AR 135-155
NGR 635-102

AR 135-175
AR 135-178
AR 135-180
AR 135-200
AR 135-205
NGR 600-100
AR 140-1
AR 135-32
NGR (AR) 680-1
AR 135-32
NGR PAM 600-3
AR 611-1

If you have produced all versions of these regulations, please confirm that the versions represented on plaintiffs' production logs constitute the complete set of prior and predecessor regulations.

It is also clear that the government has not produced numerous responsive Air Guard and Air Force Directives and Instructions. Below is a list of the regulations we have located through our own searches that are responsive to our document requests. Please provide copies of current and prior versions of these instructions and directives back to 1970, as well as any predecessor regulations:

AFI 36-2301
AFI 36-2618
ANGI 36-2502
ANGI 36-2054
ANGI 36-2503
AFI 36-2201 (all volumes)
ANGI 36-2504
NGR (AF) 35-6
ANGI 36-2002
ANGI 36-2101
ANGI 36-2301
ANGI 36-2301

Also, please search for additional responsive directives and instructions, as we lack the information to ensure the completeness of this list.

The fourth category of documents consists of the METLs and YTGs for each of the plaintiffs' Army Guard units, and the YTPs and CFETPs for each of the plaintiffs' Air Guard units, as well as any form reduction in grade orders for failure to complete training. You have produced some of these documents, but not a complete set. Please do so as soon as possible.

In addition to responding to these specific issues, Plaintiffs also request that the government supplement all of its responses, as it indicated it would "seasonably" do in its response to Plaintiffs' Second Set of Requests for Production.

As I indicated in the e-mail I sent earlier today regarding deposition issues, we would like to schedule a call to discuss these and other discovery related issues further. Please let me know whether you could do a call Thursday or Friday of this week, and also times that might work for a call next week. Thanks in advance.

Helen K. Michael
HOWREY, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 783-0800
Facsimile: (202) 318-8603

| | |
|---|---|
| Memo: readiness Priority Additional Skill Identifiers (RPASI) Inventory Targets | 24-Jul-01 |
| Separation Procedures of Reg. Reserve Comm. Officers | 9/16/1997 |
| AL NG-Officer & Warrant Officer Selective Retention | 5/22/2004 |
| Army Training Requirements and Resources System | |
| Army Training and Leader Development | 1/13/2006 |
| 10 U.S.C. 1002(a) 2005 | |
| 10 U.S.C. 12732(a)(2)(B) 2005 | |
| Uniform Reserve, Training and Retirement Catagories Admin | 12/12/2000 |
| Training and Retirement Point Credits and Unit Level Strength | 7/1/1987 |
| Declaration Command Sergeant Major (retired) McNamara | 4/22/2004 |
| Promotion of Commissioned Officers and Warrant Officers Other than General Officers | 7/13/2004 |
| Training In Units | 3/19/1993 |
| Directorate of Common Leader Training | |
| Air University 2005/2006 Course Catalogue (linked) | 7/1/2005 |
| AU - Addendum to 0506 Catalogue AWC Elective | |
| AU - Addendum to 0506 Catalogue ACSC Course Listing | |
| Air University 2003-2004 Course Catalogue (linked) | |
| AU - Addendum to 0304 Catalogue ACSC Course Listing | |
| Air University 2002-2003 Course Catalogue (linked) | |
| Air University 2001-2002 Course Catalogue | |
| Air University 2000-2001 Course Catalogue | |
| Air University 2000-2001 Course Catalogue | |
| Air University 1999-2000 Course Catalogue | |
| SSS and attachments: Propersizing on NCO Acadamy and consolidating Airman Leadership Schools | 8/28/1998 |
| Message: Year of Training Initiatives for Enlisted PME | 11/1/1992 |
| Thank You Memo: from CSAF Fogleman to Gen Boles | 12/5/1995 |
| Memo to CSAF Fogleman re: Distance Learning technologies in CEPME | 11/6/1995 |
| E-mail re: Education Data in the PDS for enlisted members | 5/2/1996 |
| SSS: Enlisted PME Continuum Curriculum Development w/ attchs | 5/10/2006 |
| Memo: re Selection procedures fo MSgt Attendance to the SNCOA | 9/15/1995 |
| Message: Enlisted PME Correspondence | 7/1/1994 |
| Message: Priority Selection to NCO Academy | 11/1/1998 |
| Handwritten Memo: from CMS Johnson to CMS Lokovic re: Total Force PME w/ attachs.- In Residence PME & ANG NCOA Proposals | 4/28/1993 |
| Position Paper on NCOA Seminar Program | 2/8/1993 |
| Talking Paper on the Satallite NCOA Program | 3/8/1999 |
| Memo re: ANG Satellite NCO Academy w/ attachs, NCOA newsletter and Satallite handbook | |
| Point Paper on ANG PME Center | 4/7/1993 |
| Talking Paper on Role of Special Operations within EPME | 3/7/2000 |
| Slide on NCO Development | |
| SNCO Academy Snapshot | |
| Talking Paper on Status Update for Conus EPME Facilities | 7/2/1999 |
| Memo for record DPPE to NURAC re: ALS curriculum hours | 4/17/1991 |
| Implementation of NCO Leadership Course as it existed in 1952 | |
| Memo: Enlisted PME Update Briefing for CMSAF Workshop | 3/7/1991 |
| 18 page Memo on NCOA Criteria and Curriculum | |

| | |
|---|---|
| Notes: NCO Implementaion 3-tier Structiure Plan (16 pgs) | 2/5/1991 |
| NCO PME Centers (NCOPC & NCOLS) | 2/1/1991 |
| EES Module Outline | 4/17/1991 |
| Handwritten Memo re: New Curriculum and Taskings | 4/17/1991 |
| Handwritten Memo to Chief Nurre re: MSgts that haven't attended NCOA | 4/12/1991 |
| Memo re: ALS hours being shortend and students live at home vice dorm | |
| Handwritten note re: Draft Suggested ALS course outline 15 pgs | 4/16/1991 |
| Action Memo re: PME Restructuring | 2/15/1991 |
| Memo re: Proposed Reorganization of NCO PME w/ points to consider | 3/1/1991 |
| Memo re: Three-Tier NCO PME system w/ attach Curriculum and Manpower Auth worksheet 16 pgs | 3/14/1991 |
| NCO PME education curriculum writing/briefing evaluation instrument | 3/1/1991 |
| 6597 STUS Inputs/updates to new NCO PME education curriculum 13 pgs | 1/20/1991 |
| Memo re: Proposed Reorganization of NCO PME w/ points to consider | 3/1/1991 |
| 3-Tier Manpower NCO PME analysis | 3/1/1991 |
| Fax re: Military Studies and AF mission organization | 3/1/1991 |
| Fax re: Impact of Implementation | 3/1/1991 |
| Fax re: summary of proposals for curriclum from Det 1 at Goodfellow AFB | 2/28/1991 |
| Fax re: Curriculum Revision (6 pgs) | 2/20/2001 |
| Memo re: NCO PME Review Panel 3-Tier System Initiative | 1/16/1991 |
| Memo re: thoughts Phase NCO PME | 2/15/1991 |
| NCO PME Review/Three Tier System Comments | 1/31/1991 |
| Memo re: PME Restucturing | 2/15/1991 |
| Memo re: PME Restucturing | 2/21/1991 |
| Action Memo: PME Restructuring | 2/15/1991 |
| EPME Policies, Procedures and Guidelines (PPG) w/ attch (28 pgs) | 10/1/1999 |
| AUS1 AFI 36-2301 DRAFT | |
| Message: EPME Correspondence Courses (5 pgs) | 6/1/1994 |
| ECI Correspondence Courses | 5/1/1994 |
| SSS: Active duty Enrollment in PME Correspondence Courses w/ Academic Educ. Stats | 5/27/1994 |
| Handwritten notes re: NCO PME Correspondence Courses from MG McGinty | 6/8/1994 |
| CMSAF Pfingston' memo concurring with elimination of Correspondence Courses 0001,0006,0008 | 6/8/2004 |
| Memo re: Active duty Enrollment in PME Correspondencs Courses | 6/8/2004 |
| Memo: AF fitness, Medical profile, and Enlisted PME Attendance | 2/11/2004 |
| Mask Completion Data for Non-resident NCO PME | |
| Talking Paper on EPME issues concerning NCOA Quota Projections | 7/24/1998 |
| SSS: Program Guidance Letter for EPME requirement | 7/14/1998 |
| SSS: Enlisted PME Requirements | 7/15/1998 |
| Memo: Enlisted PME requirements | 3/1/1998 |
| Memo: Enlisted PME requirements AETC/ED ltr 03/27/98 | 6/22/1998 |
| Memo re: increasing students throughout at SNCOA | |
| Memo re: Responses to AF/DP Questions concerning CSAF EPME tasker | 10/9/1998 |
| ANG Training Center Letter to CMSAF Murray | 4-Dec |
| Notes from 1999 Worldwide Commandant Conference | Mar-99 |
| 2005 Triennial Review of Enlisted PME | 5/16/2005 |
| Enlisted PME Program Review | 7/9/2001 |
| EPME Program Reviw- Start up | Sep-00 |

| | |
|---|---|
| 91 Review of EPME w/ talking papers on the courses | Aug-91 |
| 91 Review of EPME w/ talking papers on the courses | 8/1/1991 |
| Approval of the 1990-1991 SNCOA Curriculum | 6/1/1991 |
| FY-07 ANG MOU Maj/Lt Col Promo Board | |
| July Letter to Airmen | 7/7/2006 |
| Air University Instruction (AUI) 36-2304 | 9/26/2003 |
| AUI 36-2315, Student Disenrollment Procedures | 5/6/2005 |
| CCAF, Campus Relation Policies, Procedures and Guidelines | 9/1/1999 |
| Documents prepared by the Air Force History Office with attachments (73 pages) | 7/21/2006 |
| #14 & 24. K.239.161D-20 ACSC Correspondence Cource April 1958. No Index or List of Supporting Documents. Material is 73 pages long | |
| #16 K239.01 V.1-this material was not available for Maj. Rockenbach's inspection. Can Only be viewed at Maxwell AFB | |
| #20 K239.07C V.1 - History of ASCS 1990-1991 Supporting document list provided. Document is 91 pages long. | |

# EXHIBIT I


Pentagon Library Floor Map
Upper Level
Emergency Exit
General Collection Books
Q - UA
Reference Books
A - Z
New Books
DVD / Audio Books
Travel Books
Latest Arrivals
Reading List Books
Military Documents Reading Room
Military Documents: DoD Directives, Manuals, Handbooks, Pamphlets, Memos, ...
General Collection Books
UA - UG
Online Access
Elevator
Copier
Catalog
Information Service Area
Mil. Doc. Help Desk
General Collection Books
UG - Z
Maps
Stairway to Lower Level
Circulation Desk
General Collection Books
Reference Books
Military Documents
Staff Service Stations
Reading Areas


Pentagon Library Floor Map
Lower Level
Emergency Exit
Past Newspapers
Stars & Stripes
Title A Continues
Emergency Exit
Law Collection:
CIS Indexes, Legislative History, CFR, Congressional Record, Hearings, Reports, ...
Microfiche
Microfilm
General Collection Books
A - J
Title A Continues
Periodical Title A Starts
Staff Help Desk
VCR Station
Elevator
Title A - C
General Collection Books
K - P
Bound Periodical -- Life
Current Periodical Continues
Information Service Area
Copier
Title C - D
Indexes
Microfiche
Microfiche
Current Newspaper Periodical
Stairway to Upper Level
Catalog
Periodical Title
D - V
Title W - Z
Indexes
Books
Periodical, Newspaper, Periodical Indexes
Microfiche
Microfilm
Law Collection
Reading Area