# EXHIBIT C

HOWREY

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

August 15, 2006

Direct Dial 202.383.6599
File 01641-0002

BY ELECTRONIC AND REGULAR MAIL

Douglas K. Mickle
Department of Justice
Commercial Litigation Branch
Civil Division
Attention: Classification Unit
8th Floor
1100 L St., N.W.
Washington, D.C. 20530

Re: *Clark v. U.S.*, No. 00-0644C

Dear Doug:

This letter addresses several issues regarding Defendant's Objections and Responses to Plaintiffs' Requests for Production of Documents ("Document Requests"), which were served on June 22, 2006. As an initial matter, Plaintiffs have grave concerns that Defendant has produced a *very small* percentage of the documents in its possession, custody and control that are responsive to Plaintiffs' requests. The Document Requests contain 59 specific document requests, yet to date Defendant has only identified approximately one box of responsive documents.

Plaintiffs asked to inspect these documents on July 24, 2006, the date Defendant's responses were due. At that time, Defendant told Plaintiff that it had approximately five boxes of documents that would be available for inspection when Major Jerrett Dunlap returned to the office. Despite Plaintiffs' requests to inspect the documents earlier, Plaintiffs were not allowed to review Defendant's production until the week of July 31. Plaintiffs completed the review of the documents on August 1, 2006, and requested copies of the documents that same day. However, Defendant has not yet produced the documents.

Most of Defendant's box consists of copies of the Army Correspondence Course Program Catalog from various years. This is troubling in view of both the number of specific document requests propounded and the number of persons Defendant claims to have canvassed in responding to the Requests. Given the scope of the requests and of Defendant's purported inquiry, one box of documents appears to fall far short of constituting a complete production.

Underscoring the deficiency in the government's production, Plaintiffs have learned of the existence of specific documents called for by the Document Requests that have not been produced, including the following:

- A document entitled, DA Policy Message, Subject: "Implementation of the Army Distance Learning Program," which was provided by Plaintiff Clark and which is responsive to the Document Requests.

- An Army National Guard PowerPoint presentation called "ARNG DL Program Direction and Update," which was happened upon while doing a search on the Internet for a different issue. This document references a study into compensation for members of the National Guard for the completion of correspondence courses. Despite the fact that there are few documents from Defendant agencies on the Internet, Plaintiffs have still managed to locate several responsive documents, such as this presentation, that Defendant has failed to produce. Plaintiffs should not be forced to comb the Internet to identify and remedy the deficits in Defendant's production. Because this presentation and the study it references are responsive to the Document Requests, we ask that they, and any similar documents, be produced.

- A PowerPoint presentation on this lawsuit, which the National Guard Bureau has on its website. The link is http://www.ngb.army.mil/jointstaff/ps/ja/conference/files/ADMINISTRATIVELAWPARTIIClarkvUS.ppt. This document, which is publicly available, appears to be responsive to one or more of Plaintiffs' Document Requests, yet it has not been produced. Plaintiffs therefore request the production of this and any similar documents.

Given the responsive documents that the government did not produce, as well as the miniscule size of the government's production to date, it appears clear that the substantial quantity of material remains to be produced. If the government is unwilling to address these deficiencies promptly, Plaintiffs will be forced to seek the involvement of the Court.

As a related matter, counsel for Defendant advised during Plaintiffs' document inspection on August 1, 2006 that not all agencies have responded to counsel's request for documents.[1] Please let us know when we can expect a complete response. Plaintiffs cannot proceed with depositions until the government has complied with its obligations to produce all responsive documents and other information called for by their discovery requests.

---

[1] Defendant also has indicated in its written responses to Plaintiffs' document requests that it has yet to find documents responsive to a number of Plaintiffs' requests, namely, Request For Production Nos. 34, 35, 48, 49, 50 and 59. Please advise regarding the present status of the search for documents responsive to these requests.

Plaintiffs also have questions regarding Defendant's written responses. The first series of questions relate to Defendant's General Objection E, which is contained both in Defendant's responses to both Plaintiffs' Interrogatories and to the Document Requests. Defendant makes several assertions in General Objection E that Plaintiffs find questionable. For instance, Defendant claims that the "Combat Logistics Supply and Support Course" does not exist. However, this course is listed in the Army Correspondence Course Catalog. *See* DA Pam 350-59, Oct. 1, 2002 at 172, "Subcourse: QM3300, Title: Combat Logistics Supply and Support."

Defendant also claim in Objection E that several of the "specified courses" as defined in Plaintiffs' discovery requests are offered only for specific military occupational specialties, to wit, the Advanced Enlisted Professional Development Course, the Basic Enlisted Professional Development Course, the Reserve Component Basic Non-Commissioned Officer Course and the Warrant Officer Advanced Course. Plaintiffs do not understand the significance of this point raised by Defendant. First, Defendant possesses documents that relate to these courses generically, without regard to their MOS-specific versions. For example, AR 350-1 refers to the "Warrant Officer Advanced Course" without reference to a specific Military Occupational Specialties ("MOS"). Documents of this type are relevant to the case and responsive to Plaintiffs' discovery requests. Moreover, Plaintiffs defined the "specified courses" as those in which Plaintiffs enrolled. *See* Plaintiffs' Interrogatories Definition No. 7 and Plaintiffs Document Requests Definition No. 13. Plaintiffs have provided Defendant with a course listing showing the courses each plaintiff completed. Plaintiffs have provided to Defendant information relating to their MOSs and Air Force Specialty Codes ("AFSC"), respectively. Thus, Defendant can determine which MOS/AFSC-specific versions of these courses are relevant and responsive.[2]

Additionally, Defendant states in Objection E that plaintiffs failed to specify the location at which certain courses were conducted, namely, the NCO Leadership Course, the NCO Preparatory School and the NCO Academy. Plaintiffs took these courses by correspondence, so Defendant's objection does not appear germane to the issue. Regardless, Defendant possesses documents that relate to these courses without regard to the specific location(s) where they are offered. Additionally, Defendant possesses Plaintiffs' course records. Any documents responsive to Plaintiffs' requests and related to the listed courses generically or the specific versions of those courses taken by Plaintiffs are relevant and responsive. Based on the points raised in this and preceding paragraph, Plaintiffs ask that Defendant produce any documents withheld on the basis of Objection E.

---

[2] There is only one Plaintiff, Mr. Clark, who completed the Advanced Enlisted Professional Development Course, the Basic Enlisted Professional Development Course, or the Reserve Component Basic Non-Commissioned Officer Course. Defendant knows Mr. Clark's MOS is 02B-02U. Similarly there are only two plaintiffs who completed the Warrant Officer Advanced Course: Mr. Freeburg and a Doe Plaintiff. Defendant has this information and knows these plaintiffs' respective military specialty codes.

Next, with regard to Defendant's interrogatory responses, Defendant states that it provides its response to Interrogatory No. 1 as part of its response to Interrogatory No. 3. Interrogatory No. 1 asks Defendant to identify each individual that had a role in "creating, approving, implementing, administering, accrediting or explaining the need for the Specified Courses." The chart that Defendant provides in response to Interrogatory No. 3 does not identify who, among those listed in response to Interrogatory No. 3, is responsive to Interrogatory No. 1. Moreover, the chart does not identify what role the individuals listed on the chart performed with respect to each of the Specified Courses. Please provide a revised chart that identifies what role, if any, each of the individuals listed thereon performed regarding the Specified Courses and identify the Specified Courses for which that role was performed.

Regarding Interrogatory No. 2, Defendant's response relating to the Air University identifies how the Air Force's course tracking system and course database has changed over time. Defendant's answer relating to the Army system does not provide this information. Please revise your response to Interrogatory No. 2 and describe how the Army system has changed over time.

With regard to Defendant's written responses to Plaintiffs' document requests, Defendant states in response to Request No. 52 that the organization called the "Office of the Deputy Chief of Staff" is unknown to Defendant. Plaintiffs' request refers to the Office of the Deputy Chief of Staff of the Army, G-1. Defendant further states in response to Request No. 52 that documents produced by the General Accounting Office, the Office of Management and Budget, and any office of the White House or other executive agency relating to this case are outside of Defendant's control. However, to the extent that Defendant has copies of documents from any of these organizations, they are in Defendant's control and must be produced.

Finally, Plaintiffs note that Defendants have not yet produced a privilege log. Please let us know when we can expect to receive this document.

Plaintiffs would like to schedule a call to discuss the issues raised above. Please let me know your availability for a call or meeting this week. As previously stated, Plaintiffs cannot effectively proceed with depositions until the government has complied with its obligations to produce all responsive documents and other information called for by Plaintiffs' discovery requests. As also previously stated, Plaintiffs will have no choice but to seek assistance from the Court unless the government promptly complies with its discovery obligations. I look forward to hearing from you in the near future. You can reach me via my email or at 202-383-6599.

Sincerely,

Alan Sutton