# EXHIBIT G

HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
www.howrey.com

Helen Michael
Partner
202.383.7158
202.383.6610
michaelh@howrey.com

August 20, 2007

BY E-MAIL AND REGULAR MAIL
Douglas K. Mickle
Department of Justice
Commercial Litigation Branch, Civil Division
Attention: Classification Unit
1100 L St. N.W., 8th Floor
Washington D.C. 20530

**Re:** ***Clark v. United States***

Dear Doug:

This letter addresses several issues regarding Defendant's Objections and Responses to Plaintiffs' Request for Production of Documents, continuing the correspondence we began prior to the discovery stay last September.

In our August 15, 2006 letter, we asked you to provide a date by which you expected the production of the requested documents to be complete.[1] In your August 22 response, you noted that you had not yet heard back from all the agencies potentially having information responsive to the Requests. Please advise us by August 31 when you expect this process to be completed so that we can determine what further discovery is needed. Given the discovery schedule we proposed to the Court, it is essential that all outstanding discovery issues be identified as soon as possible.

During our call to discuss preparation of a joint status report, you advised us that Defendant did not exercise custody or control over responsive documents in the possession of any state guard organizations. You also indicated, however, that you would make inquiries with the appropriate guard organizations in each of the states in which a named plaintiff resides about producing responsive documents in lieu of being served with a subpoena. Thank you for making these inquiries. Please provide us with an update regarding the status of your inquiries by August 31 so that we can determine next steps.

---

[1] In our August 15 letter, we also noted that you had indicated that the government had not yet located documents responsive to Requests 34, 35, 48, 49, 50, and 59. We asked you to update us concerning the status of the government's search for those documents. You failed to respond. Please do so within 10 days of the receipt of this letter.

HOWREY LLP



As for the discovery responses you have already provided, we continue to question the completeness of the government's responses, which amounted to the production of only 300 documents in response to the 59 requests propounded by Plaintiffs. Last August, we identified three documents we believed were responsive to Plaintiffs' Requests that the government had failed to produce. You claimed the first two documents were not responsive because they related to "distance learning." It is our understanding, however, that the distance learning program does involve correspondence coursework. Moreover, as made clear in our August 16 letter, the second presentation, titled "ARNG DL Program Direction and Update" explicitly addresses a study on the possibility of offering compensation for completion of correspondence coursework. It is clear that this document is responsive to Plaintiffs' Requests, regardless of its title. Please advise us when we can expect production of this document and all other responsive documents relating to correspondence coursework.

We also forwarded a PowerPoint presentation concerning this litigation we had located on the internet that was not included in your production. You acknowledged in your August 22, 2006 letter that the document was responsive and produced it. However, you have not produced any other related or similar documents. The discovery rules require the government to conduct a thorough search and provide a complete production of all responsive documents. The events described above suggest that the government has failed to do so. Please advise when Plaintiffs can expect a complete production of responsive documents.

The privilege log attached to your August 22 letter also is deficient in several material respects. Your log contains nothing more than the date, the author agency, and a cursory description of the subject. The recipient is not even indicated for the vast majority of the documents. Furthermore, the descriptions of the subjects of the documents listed are wholly inadequate to support the government's claims of privilege. Faced with a similarly vague log, the Court of Federal Claims found it completely deficient because it did not set forth "objective facts to establish that the requirements [for asserting a claim of privilege were] met," and directed Defendant to "provide a more complete description of each of the documents for which it wishes to assert the privilege, setting forth all of the persons who sent or received the communication, the role of each of those persons in the government or their affiliations with the government, the subject of the communication, and why it qualifies for protection." *AAB Joint Venture v. United States*, 75 Fed. Cl. 432, 446-47 (February 28, 2007). We ask that you supplement the log accordingly, or produce the documents referenced on the log, since no adequate privilege claim has been asserted.

Thank you for your attention to these important matters.

Very truly yours,

Helen K. Michael

Helen K. Michael