UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM A. CLARK, et al., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00-644C |
| THE UNITED STATES | ) | (Judge Firestone) |
| Defendant. | ) | |

**DECLARATION OF LIEUTENANT COLONEL BRIAN M. ROOU**

I, Brian M. Roou, declare and state the following:

1. I am an officer in the US Air Force Judge Advocate General's Corps, currently assigned to the US Air Force Legal Operations Agency, General Litigation Division, Military Personnel Litigation Branch. This declaration is made on personal knowledge of factual matters known to me and if called upon as a witness, I could and would testify competently to them.

2. I was assigned as the lead counsel in this case for the Air Force on August 1, 2007. Upon my assignment to the case, I was briefed by the former counsel, Major Tracey Rockenbach, on her search for the requested documents and on what she had obtained. She told me that she conducted a broad and thorough search within the Department of the Air Force, as well as within the Department of Defense, in response to Plaintiffs' June 22, 2006 Second Set of Document Requests. In her declaration, Major Rockenbach details her efforts to obtain the requested documents.

3. The Air Force has searched reasonably and exhaustively and has produced nothing more than the documents responsive to plaintiffs' requests, including Requests 8, 12-15, 21, 27 and 28,

which plaintiffs specifically request to be compelled in their Motion to Compel Discovery and Extend Discovery Deadlines. Requests were sent to at least 20 different agencies and all responsive documents have been provided to plaintiffs, including the aforementioned documents, or plaintiffs have had access to responsive documents at Maxwell Air Force Base.

4. Plaintiffs assert in their motion that the "government has failed to produce a single document" for "Requests 34, 35, 41 ….," specifically regarding 34, for "all documents relating to the Career Field Education and Training Plans ("CFETP") for Air Force Specialty Code ("AFSC") 2FOX1 at the time the Air National Guard enlisted Plaintiffs completed the Specified Courses." This request was initially brought to my attention in a footnote to a letter from plaintiffs' counsel to Mr. Douglas Mickle, Department of Justice, dated August 20, 2007. On Oct 23, 2007, I contacted Master Sergeant (MSgt) William D. Brown, the Air Force Fuels Career Field Manager at Sheppard Air Force Base, Texas, to ask him for the requested documents. MSgt Brown conducted a thorough search of his files and could only locate the Specialty Training Standards (STS) for 1987 and 1990, as well as the CFTEPs for 1995, 1997 and 2001, which I forwarded to Major Jerry Dunlap, US Army Legal Services Agency, for him to forward to plaintiffs' counsel. About one month later, I again contacted MSgt Brown to inquire as to whether he was able to locate any more responsive documents. MSgt Brown informed me that he had found in a personal reference folder some more CFTEPs and STSs, which he forwarded to me, and I, in turn, forwarded to Major Dunlap.

5. The aforementioned documents were the only ones MSgt Brown or the regulation's proponent were able to produce. MSgt Brown knew of no other place in the Air Force that might have additional responsive documents. He told me that this is because pursuant to the Air Force Records Information Management System (AFRIMS) records disposition schedule,

CFETPs/STSs are destroyed upon revision, discontinuance of related courses, or when obsolete. MSgt Brown's office just happened to find the older copies of CFETPs/STSs in personal files that he kept for himself to use as reference, rather than destroy.

I declare under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. § 1746. Executed on this 4th day of January 2008.

Brian M. Roou
Lieutenant Colonel, U.S. Air Force

**DA 055**

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM A. CLARK, et al., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00-644C |
| THE UNITED STATES | ) | (Judge Firestone) |
| Defendant. | ) | |

**DECLARATION OF MAJOR CHRISTOPHER R. BROWN.**

I, Christopher R. Brown, declare and state the following:

1. I am an officer in the Alabama Army National Guard (ALARNG) and the Army National Guard of the United States (ARNGUS), currently serving in my ARNGUS capacity as a member of U.S. Army Judge Advocate General's Corps. I am a Major in the ALARNG and the ARNGUS. I am currently assigned to the U.S. Army Judge Advocate General's Legal Center and School as an Associate Professor in the International and Operational Law Department. I am an attorney duly admitted to the bar of the State of Alabama. This declaration is made on personal knowledge of factual matters known to me and if called upon as a witness, I could and would testify competently to them.

2. I was responsible for coordinating the National Guard Bureau's efforts in assisting the Departments of the Army and Air Force in the defense of the subject case during the approximate period of September of 2003 to July 2005 when I relocated to my current duty assignment. The case was somewhat dormant until approximately January 2004 when I was contacted by MAJ Gary Corn, US Army Litigation Division, about the case and his impending

efforts to draft a Motion for Summary Judgment. MAJ Corn, Mr. Doug Mickle, and myself worked on the Motion for Summary Judgment that was later filed.

3. To the best of my recollection, approximately in April 2004, I began communicating with the States and directorates at the National Guard Bureau in response to Plaintiff's request for documents. As I recall, this request was extremely broad in that it requested all documents in the areas of "training" of the National Guard, promotions, and "required" training. Upon receipt of Plaintiffs' document request, I conducted and coordinated a broad and thorough search for the requested documents within the regulations and documents of the National Guard Bureau and within the various states that had named plaintiffs. Although most, if not all of these National Guard Bureau regulations are available to the public through the internet, we personally reviewed and provided all applicable regulations by CD ROM to the Plaintiffs.

4. In order to conduct a more thorough search for National Guard Bureau regulations and documentation, I coordinated a meeting with all NGB (Army and Air Force) division chiefs that would conceivably have information in these areas, among those being the personnel and training divisions. At this meeting, Mr. Mickle, MAJ Corn and I discussed with them the basis of the case, explained the motion for discovery, and requested assistance from these division chiefs in providing the requested information. I further coordinated the preparation of affidavits with various NGB personnel, namely from the training division, as well as a retired CSM McNamara as expert with institutional knowledge in this area.

5. In order to coordinate a search of documents within the various states, I contacted and coordinated with a Judge Advocate (usually the Active Guard/Reserve (AGR) Judge Advocate) in each state with a named plaintiff. I provided to them a copy of the discovery request, and also provided a suspense. The states were requested to provide any regulations, documentation or

other guidance within their particular states (not National Guard Bureau, Army or Air Force regulations) relating to the request. When this information was received, it was provided to Plaintiffs' counsel in either hard copy or by CD ROM depending on the format in which it was provided. I also coordinated the affidavit of Mr. Clark's former commander, CW2 Mark Mills.

6. I also assisted in providing applicable US Army and Air Force regulations to the Plaintiffs' counsel. Although most, if not all of the regulations were available through the internet, we provided all relevant regulations in hard copy or CD ROM. We also coordinated with The Pentagon Library and, I believe, the US Air Force Library for the Plaintiff's counsels' access.

I declare under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. § 1746. Executed on this 18th day of December 2007.

Christopher R. Brown
Major, ARNGUS

DA 058

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM A. CLARK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 00-644C<br>(Chief Judge Damich) |

## JOINT STATUS REPORT REGARDING THE REMAINING BRIEFING SCHEDULE ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to this Court's November 18, 2003 Order, the parties hereby submit this Joint Status Report Regarding The Remaining Briefing Schedule On The Government's Motion For Summary Judgment ("JSR"). The parties propose that Plaintiffs file their opposition to the motion for summary judgment by February 11, 2005. The parties propose that Defendant file its reply to Plaintiffs' opposition by March 14, 2005.

### I. Parties' Statement Regarding Discovery

On July 15, 2004 the Court granted Plaintiffs leave to submit document requests to Defendant seeking certain specified categories of information necessary to oppose the government's summary judgment motion. The Court denied Plaintiffs' request to propound interrogatories and requests for admission and to conduct deposition discovery. On September 8, 2004, the Court issued an order to the parties originally setting September 17, 2004, as the due date for this JSR. However, on September 10, 2004, Defendant asked the Court for an enlargement of time to file the JSR because more time was needed to locate and produce documents from various agencies throughout the government. In response, the Court issued an

Order on September 15, 2004 extending discovery to October 4, 2004, and extending the deadline to file the JSR to October 15, 2004.

Defendant produced additional documents responsive to Plaintiffs' document requests on October 4, 2004. Plaintiffs thereafter identified several deficiencies in Defendants' production and, in a letter dated October 12, 2004, asked Defendant to cure these deficiencies. The parties then exchanged a series of letters and had several discussions regarding additional material related to Plaintiffs' document requests.

During these on-going discussions, the parties filed two motions for enlargement of time to file the JSR, dated October 15, 2004 and November 16, 2004, respectively. The Court granted these motions, ultimately extending the deadline to file the JSR to December 13, 2004.

Defendant produced documents on October 4, 2004, November 1, 2004, November 19, 2004, November 30 2004, and December 3, 2004, respectively. The government's November 30, 2004 production alone contained well over 2,000 pages of documents. Plaintiffs are continuing to request specific documentation from various document repositories maintained by Defendant. Additionally, Plaintiffs have asked the government to provide evaluation reports for Plaintiffs Davern and Johnson. These documents were not included in the personnel files produced by Defendant.[1] To the extent there is a dispute regarding any such discovery, it may be necessary to seek guidance of the Court.

---

[1] The Government contends that all available personnel records in the possession of the Department of Defense pertaining to all plaintiffs, to include Davern and Johnson, have been provided to plaintiffs' counsel. The Plaintiffs also respectfully submit that they are entitled to propound interrogatories and requests for admission and to conduct deposition discovery to obtain a full and accurate understanding of many of the documents that Defendant has produced. As an example of needed deposition discovery, Defendant's November 30, 2004 production contained several databases relating to quotas for various training courses. Without the ability to conduct depositions, Plaintiffs have been unable to ascertain the significance of all of the data contained in these documents. The Government contends that depositions, interrogatories and requests for admissions are not warranted here, because the "databases" are neither relevant nor responsive to the Court's discovery order.

DA 060

The parties are also in the process of meeting and conferring about an appropriate protective order to protect the identity of the anonymous class representatives. We ask the assistance of the Court in the event that the parties are unable to come to an agreement in advance of Plaintiffs' filing date.

## II. Proposal for Further Proceedings on the Government's Summary Judgment Motion

The parties propose that Plaintiffs file their opposition to the motion for summary judgment by February 11, 2005. The parties believe 60 days will provide sufficient time for Defendant to produce the documents described above and for Plaintiffs to review these documents and prepare the opposition. The parties also propose that Plaintiffs' Opposition Brief be limited to 40 pages, the same length as the government's motion for summary judgment. The parties propose that Defendant file its reply to Plaintiffs' opposition by March 14, 2005. For the Court's convenience, the parties attach a proposed order.

Respectfully submitted,

ROBERT SHULMAN
HELEN K. MICHAEL
HOWREY SIMON ARNOLD
& WHITE, L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800

RICHARD T. DORMAN
CUNNINGHAM, BOUNDS,
YANCE, CROWDER &
BROWN, LLC
1601 Dauphin Street
Mobile, AL 36604
(251) 471-6191

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

JAMES M. KINSELLA
Deputy Director

DA 061

CHARLES J. COOPER
COOPER & KIRK, P.L.L.C.
1500 K Street, N.W., Ste. 200
Washington, DC 2005
(202) 220-9600

*Counsel for Plaintiffs*

DOUGLAS K. MICKLE
Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, D.C. 20530

*Attorneys for Defendant*

Dated: December 13, 2004

DA 062

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 00-644C
(Filed: ____________)

| | |
|---|---|
| WILLIAM A. CLARK, individually and on behalf of all others similarly situated, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

**ORDER**

On December 13, 2004 the parties submitted a Joint Status Report regarding the remaining briefing schedule on the Government's motion for summary judgment. The parties proposed that Plaintiffs file their opposition to the motion for summary judgment by February 11, 2005. The parties proposed that Defendant file its reply to Plaintiffs' opposition by March 14, 2005. Finally, the parties proposed that Plaintiffs' Opposition Brief be limited to 40 pages.

It is hereby ORDERED that Plaintiffs will file their opposition to Defendant's motion for summary judgment on or before **February 11, 2005** and that Defendant will file its reply to Plaintiffs' opposition by on or before **March 14, 2005**. It is further ORDERED that Plaintiffs' Opposition Brief will be limited to 40 pages in length.

______________________
EDWARD J. DAMICH
Chief Judge

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing **Joint Status Report** were served by regular United States mail, postage prepaid, December 13, 2004 upon the party listed below:

Douglas Mickle
U.S, Department of Justice
Civil Division
Commercial Litigation Branch
Room 11050
1100 L St. NW
Washington, DC. 20530

Peter Cento
Peter Cento

## Mickle, Douglas (CIV)

**From:** AdamsR@howrey.com
**Sent:** Friday, March 04, 2005 9:44 AM
**To:** Christopher.Soucie@hqda.army.mil
**Cc:** Mickle, Douglas (CIV); FahmyC@howrey.com
**Subject:** Re: Outstanding discovery issues (UNCLASSIFIED)

Thanks.

Rachel A. Adams
Howrey Simon Arnold & White, LLP
202.383.6691

-----Original Message-----
From: Soucie, Christopher P MAJ USALSA <Christopher.Soucie@hqda.army.mil>
To: 'Adams, Rachel' <AdamsR@howrey.com>
CC: 'douglas.mickle@usdoj.gov' <douglas.mickle@usdoj.gov>; Fahmy, Christina <FahmyC@howrey.com>
Sent: Fri Mar 04 08:51:52 2005
Subject: RE: Outstanding discovery issues (UNCLASSIFIED)

Classification: UNCLASSIFIED

Caveats: NONE

Rachel:

I just got back but will get a status update to you later today.

Chris

Christopher P. Soucie

Major, U.S. Army

Litigation Attorney, Litigation Division

Military Personnel Branch

901 N. Stuart St., Ste, 400

Arlington, VA 22203-1837

Tel: 703-696-1626

Fax: 703-696-8126

Christopher.Soucie@hqda.army.mil

DA 065

CONFIDENTIALITY NOTICE

The information contained in this e-mail and any accompanying attachments constitute confidential information which may be legally privileged. This information is the property of the U.S. Government. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this e-mail in error, please notify us

immediately by return e-mail or by calling (703) 696-2515.

-----Original Message-----
From: Adams, Rachel [mailto:AdamsR@howrey.com]
Sent: Wednesday, March 02, 2005 12:40 PM
To: Soucie, Christopher P MAJ USALSA
Cc: 'douglas.mickle@usdoj.gov'; Fahmy, Christina
Subject: FW: Outstanding discovery issues

Chris-

I wanted to follow up on some of the remaining discovery issues. Alan is out of the office right now and we would like to know where you are with regard to producing further documents and responding the the remaining discovery issues set forth below.

You can reach me on email or please feel free to call me at 202.383.6691 so we can discuss this matter.

Rachel A. Adams

-----Original Message-----
From: Sutton, Alan
Sent: Wednesday, February 23, 2005 7:26 PM
To: 'Soucie, Christopher P MAJ USALSA'
Cc: 'Douglas.Mickle@usdoj.gov'; Fahmy, Christina
Subject: Outstanding discovery issues

Chris - I do not expect to propound additional document requests at this point. However, I do need to follow up on the outstanding discovery issues.

First, please let me know what you want to do with respect to the ATRRS materials. You sent a series of emails to me re ATRRS information and then recalled them. I believe I still have the information on my computer. Am I to use this or do you intend to send something else instead?

Second, I am in the process of confirming that Alabama counsel has received all of the documents they have requested through Maxwell. I should know more by tomorrow or Friday.

Third, you sent one of two DA messages re the Commander's Safety Course. Thank you. I believe the remaining message is HQDA WASHINGTON DC//DAMO-TRZ//1512242 AUG 02//SAB.

Fourth, you have sent the METL information for the 151st Army Band, Alabama ARNG. Based on this, and your statement that the Air Guard has METL and YTG documents, I have modified the message below to account for outstanding METL and YTG documents.

Please copy Ms. Fahmy (copied above) in your response to this email.

Thank you again,

Alan

-----Original Message-----
From: Sutton, Alan
Sent: Wednesday, February 02, 2005 6:21 PM
To: 'Soucie, Christopher P MAJ USALSA'
Cc: 'Douglas.Mickle@usdoj.gov'; Fahmy, Christina; Michael, Helen
Subject: METL and YTGs

Chris,

Training guidance documents based on unit and organization METLs identify training requirements and METLs themselves are responsive to Plaintiffs' document requests.

We need METLs for:

* HQ, 60th Troop Command, NCARNG
* HHC 711 SIG BN (MSE), Alabama ARNG
* 148 FW, Duluth, MN, ANG
* 154 WG, Hawaii Air National Guard

We also need the training guidance documents (YTGs) issued by state Guard headquarters for 1995 to 2002 for the following organizations:

Alabama Army National Guard

Connecticut Army National Guard

Hawaii Air National Guard

Minnesota Air National Guard

Mississippi Army National Guard

North Carolina Air National Guard

North Carolina Army National Guard

Ohio Army National Guard

Pennsylvania Air National Guard

Pennsylvania Army National Guard

DA 067

Thank you,

Alan

Alan Sutton

Howrey Simon Arnold & White, LLP

1299 Pennsylvania Avenue, N.W.

Washington, DC 20004

Tel: 202.383.6599

Fax: 202.383.6610

Email: suttona@howrey.com

*********************************************************

Classification: UNCLASSIFIED

Caveats: NONE

-----------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey Simon Arnold & White, LLP, which may be confidential and/or privileged.
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email is prohibited.
If you receive this email in error, please notify us by reply email immediately so that we can arrange for the retrieval of the original documents at no cost to you.

Classification: UNCLASSIFIED

Caveats: NONE

DA 068

**Mickle, Douglas (CIV)**

---

| | |
|---|---|
| **From:** | Christopher.Soucie@hqda.army.mil |
| **Sent:** | Monday, March 07, 2005 5:03 PM |
| **To:** | AdamsR@howrey.com |
| **Cc:** | Mickle, Douglas (CIV); Christopher.Brown@ngb.ang.af.mil; FahmyC@howrey.com; SuttonA@howrey.com; Christopher.Soucie@hqda.army.mil |
| **Subject:** | RE: Outstanding discovery issues (UNCLASSIFIED) |
| **Attachments:** | tmp.htm; 1986Aviation011.txt; 1994SelfDevelopmentSchool553.txt; 1995SelfDevelopmentSchool553.txt; 1996SelfDevelopmentSchool553.txt; 1997SelfDevelopmentSchool553.txt; 1998SelfDevelopmentSchool553.txt; 1999SelfDevelopmentSchool553.txt; 2000to2002SelfDevelopmentSchool553.txt; 1997InfantrySchool071.txt; 1996InfantrySchool071.txt; 1995InfantrySchool071.txt; 1994InfantrySchool071.txt; 1993InfantrySchool071.txt; 1999AdjutantGeneralSchool121805C.txt; 1996AdjutantGeneralSchool121805C.txt; 1993SupplAdjutantGeneralSchool121805C.txt; 1993AdjutantGeneralSchool121805C.txt; 1999Supply101.txt; 1998Supply101.txt; 1995Supply101.txt; 1994Supply101.txt; 1993Supply101.txt; 2001Armor171.txt; 1998Ordnance091.txt; 1997Ordnance091.txt; 2001School of Packaging908.txt; 1987Aviation011.txt; 1993SelfDevelopmentSchool553.txt; AviationLogiticsMGR011Q13.txt; Army Courses - ATRRS self.development.xls; Army Courses - ATRRS self.development.553.xls; Army Courses - ATRRS packaging.xls; Army Courses - ATRRS ordnance.and.packaging.xls; Army Courses - ATRRS music.xls; Army Courses - ATRRS lvnworth.and.warcollege.xls; Army Courses - ATRRS infantry.xls; Army Courses - ATRRS avn 011 bravo.xls; Army Courses - ATRRS armor.xls; Army Courses - ATRRS AG.xls; 1999SchoolofMusic514.txt; 1997SchoolofMusic514.txt; 1995SchoolofMusic514.txt; 1985Aviation011.txt; 1999Leavenworth701.txt; 1998Leavenworth701.txt; 2002SchoolofMusic514.txt; 2000SchoolofMusic514.txt; 1995Leavenwoth701.txt; 1994Leavenwoth701.txt; 1993Leavenwoth701.txt; 1997WarColleg217.txt; 1999Aviation011.txt; 1989Aviation011.txt; 1988Aviation011.txt; 2001Leavenworth701.txt; 2000Leavenworth701.txt; 2000Aviation011.txt; Army Courses - ATRRS AVN 011.xls; AMEDD1993.txt; AMEDD1992.txt; AMEDD1996.txt; 1989AMEDD081.txt; Army Courses - ATRRS AMEDD.xls; Army Courses - ATRRS maint.leader.xls; MaintenaceLeader.txt; Army Courses - ATRRS cdrs safety course.xls; CDRSafetyCourse .txt; Army Courses - ATRRS Avn logistics.xls; AviationLogiticsMGR552D11.txt; Army Courses - ATRRS supply.xls |

| | | | | | | |
|---|---|---|---|---|---|---|
| tmp.htm (37 KB) | 1986Aviation011.txt (5 KB) | 1994SelfDevelopmentSchool553.t... | 1995SelfDevelopmentSchool553.t... | 1996SelfDevelopmentSchool553.t... | 1997SelfDevelopmentSchool553.t... | 1998SelfDevelopmentSchool553.t... |
| 1999SelfDevelopmentSchool553.t... | 2000to2002SelfDevelopmentSchoo... | 1997InfantrySchool071.txt (28 ... | 1996InfantrySchool071.txt (24 ... | 1995InfantrySchool071.txt (25 ... | 1994InfantrySchool071.txt (12 ... | 1993InfantrySchool071.txt (8 K... |
| 1999AdjutantGeneralSchool12180... | 1996AdjutantGeneralSchool12180... | 1993SupplAdjutantGeneralSchool... | 1993AdjutantGeneralSchool12180... | 1999Supply101.txt (28 KB) | 1998Supply101.txt (29 KB) | 1995Supply101.txt (61 KB) |
| 1994Supply101.txt (48 KB) | 1993Supply101.txt (10 KB) | 2001Armor171.txt (14 KB) | 1998Ordnance091.txt (60 KB) | 1997Ordnance091.txt (66 KB) | 2001School of Packaging908.txt... | 1987Aviation011.txt (6 KB) |
| 1993SelfDevelopmentSchool553.t... | AviationLogiticsMGR011Q13.txt ... | Army Courses - ATRRS self.deve... | Army Courses - ATRRS self.deve... | Army Courses - ATRRS packaging... | Army Courses - ATRRS ordnance.... | Army Courses - ATRRS music.xls... |

| | | | | | | |
|---|---|---|---|---|---|---|
| Army Courses - ATRRS lvnworth.... | Army Courses - ATRRS infantry.... | Army Courses - ATRRS avn 011 b... | Army Courses - ATRRS armor.xls... | Army Courses - ATRRS AG.xls (2... | 1999SchoolofMusic 514.txt (4 KB... | 1997SchoolofMusic 514.txt (4 KB... |
| 1995SchoolofMusic 514.txt (3 KB... | 1985Aviation011.txt (6 KB) | 1999Leavenworth701.txt (9 KB) | 1998Leavenworth701.txt (9 KB) | 2002SchoolofMusic 514.txt (4 KB... | 2000SchoolofMusic 514.txt (4 KB... | 1995Leavenwoth701.txt (47 KB) |
| 1994Leavenwoth701.txt (32 KB) | 1993Leavenwoth701.txt (4 KB) | 1997WarColleg217.txt (2 KB) | 1999Aviation011.txt (17 KB) | 1989Aviation011.txt (8 KB) | 1988Aviation011.txt (7 KB) | 2001Leavenworth701.txt (10 KB)... |
| 2000Leavenworth701.txt (9 KB) | 2000Aviation011.txt (17 KB) | Army Courses - ATRRS AVN 011.x... | AMEDD1993.txt (41 KB) | AMEDD1992.txt (42 KB) | AMEDD1996.txt (55 KB) | 1989AMEDD081.txt (43 KB) |
| Army Courses - ATRRS AMEDD.xls... | Army Courses - ATRRS maint.lea... | MaintenaceLeader.txt (14 KB) | Army Courses - ATRRS cdrs safe... | CDRSafetyCourse.txt (2 KB) | Army Courses - ATRRS Avn logis... | AviationLogiticsMGR 552D11.txt ... |
| Army Courses - ATRRS supply.xl... | | | | | | |

Classification: UNCLASSIFIED
Caveats: NONE

All: (discovery)

1. Attached are the ATRRS reports.

Notes from Mr. Steinway in reading them: Step 1 - See the spreadsheet (for example, see the line 9 Aviation Logistics Manager Course). It has two primary course numbers 552 D11 and 011 Q13. I've attached two text files for the requested FY. The Program of Instruction (POI) Proponent list for each course is attached with the data requested. Scroll down the text file and look for the course number.

2. Nothing needed.

3. and 4. No change.

We also delivered a CD today to you that contained some of the documents that you requested, and also a couple that you did not request but related.

Chris

Christopher P. Soucie

Major, U.S. Army

Litigation Attorney, Litigation Division

Military Personnel Branch

901 N. Stuart St., Ste, 400

Arlington, VA 22203-1837

Tel: 703-696-1626

Fax: 703-696-8126

HYPERLINK "mailto:Christopher.Soucie@hqda.army.mil"Christopher.Soucie@hqda.army.mil

CONFIDENTIALITY NOTICE

The information contained in this e-mail and any accompanying attachments constitute confidential information which may be legally privileged. This information is the property of the U.S. Government. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this e-mail in error, please notify us immediately by return e-mail or by calling (703) 696-2515.

-----Original Message-----
From: Adams, Rachel [mailto:AdamsR@howrey.com]
Sent: Friday, March 04, 2005 4:14 PM
To: Soucie, Christopher P MAJ USALSA
Cc: 'Brown, Christopher R CPT NGB-JA'; Fahmy, Christina; Sutton, Alan; douglas.mickle@usdoj.gov
Subject: RE: Outstanding discovery issues (UNCLASSIFIED)

Chris-

I look forward to hearing from you on the outstanding issues as soon as possible. With regard to item no 2, we have received a few documents from Maxwell. Apparently, the library is copying more and we will be receiving them as they are copied. Let's plan on touching base sometime Monday. I am in the office all day so let's talk.

Rachel Adams

-----Original Message-----
From: Soucie, Christopher P MAJ USALSA [mailto:Christopher.Soucie@hqda.army.mil]
Sent: Friday, March 04, 2005 4:06 PM
To: 'Adams, Rachel'
Cc: Soucie, Christopher P MAJ USALSA; 'Brown, Christopher R CPT NGB-JA'
Subject: RE: Outstanding discovery issues (UNCLASSIFIED)

Classification: UNCLASSIFIED

Caveats: NONE

Rachel:

Response to the email below:

1. Will have this finalized early next week.

2. Waiting on word from Alan.

3. To date, no one has tracked this down. I am waiting on 2 other inquiries - will let you know by Tuesday.

4. National Guard Litigation Attorney working this issue will be back Monday.

If there are other outstanding issues, please let me know. Thanks.

Chris

Christopher P. Soucie

Major, U.S. Army

Litigation Attorney, Litigation Division

Military Personnel Branch

901 N. Stuart St., Ste, 400

Arlington, VA 22203-1837

Tel: 703-696-1626

Fax: 703-696-8126

HYPERLINK "mailto:Christopher.Soucie@hqda.army.mil"Christopher.Soucie@hqda.army.mil

CONFIDENTIALITY NOTICE

The information contained in this e-mail and any accompanying attachments constitute confidential information which may be legally privileged. This information is the property of the U.S. Government. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this e-mail in error, please notify us immediately by return e-mail or by calling (703) 696-2515.

-----Original Message-----

DA 072

From: Adams, Rachel [mailto:AdamsR@howrey.com]
Sent: Wednesday, March 02, 2005 12:40 PM
To: Soucie, Christopher P MAJ USALSA
Cc: 'douglas.mickle@usdoj.gov'; Fahmy, Christina
Subject: FW: Outstanding discovery issues

Chris-

I wanted to follow up on some of the remaining discovery issues. Alan is out of the office right now and we would like to know where you are with regard to producing further documents and responding the the remaining discovery issues set forth below.

You can reach me on email or please feel free to call me at 202.383.6691 so we can discuss this matter.

Rachel A. Adams

-----Original Message-----
From: Sutton, Alan
Sent: Wednesday, February 23, 2005 7:26 PM
To: 'Soucie, Christopher P MAJ USALSA'
Cc: 'Douglas.Mickle@usdoj.gov'; Fahmy, Christina
Subject: Outstanding discovery issues

Chris - I do not expect to propound additional document requests at this point. However, I do need to follow up on the outstanding discovery issues.

First, please let me know what you want to do with respect to the ATRRS materials. You sent a series of emails to me re ATRRS information and then recalled them. I believe I still have the information on my computer. Am I to use this or do you intend to send something else instead?

Second, I am in the process of confirming that Alabama counsel has received all of the documents they have requested through Maxwell. I should know more by tomorrow or Friday.

Third, you sent one of two DA messages re the Commander's Safety Course.
Thank you. I believe the remaining message is HQDA WASHINGTON DC//DAMO-TRZ//1512242 AUG 02//SAB.

Fourth, you have sent the METL information for the 151st Army Band, Alabama ARNG. Based on this, and your statement that the Air Guard has METL and YTG documents, I have modified the message below to account for outstanding METL and YTG documents.

Please copy Ms. Fahmy (copied above) in your response to this email.

Thank you again,

Alan

DA 073

**Mickle, Douglas (CIV)**

**From:** SuttonA@howrey.com
**Sent:** Monday, March 21, 2005 4:55 PM
**To:** Mickle, Douglas (CIV); Christopher.Soucie@hqda.army.mil
**Cc:** Christopher.Brown@ngb.ang.af.mil; Christopher.Brown@ngb.ang.af.mil; FahmyC@howrey.com
**Subject:** Discovery Matters (UNCLASSIFIED) & PO

**Attachments:** tmp.htm

tmp.htm (16 KB)

Unfortunately I left the CD at home so I will have to get back to you tomorrow on the Yearly Training Guidance materials.

We should probably also talk about the ATRRS materials produced by Steinway. I don't know if you have had a chance to look at it, but, in comparing it with my notes on the previous ATRRS materials, I am not sure this breaks out the way Steinway suggested it would.

Helen is looking at the draft PO. It contains the provisions Doug mentioned in his email last week, but we will need to discuss details. Helen should complete her review tomorrow and I will send it then.

We are free except for a 4:00pm meeting tomorrow. Let me know if there is a better time for you.

Thank you,
Alan

-----Original Message-----
From: Soucie, Christopher P MAJ USALSA
[mailto:Christopher.Soucie@hqda.army.mil]
Sent: Monday, March 21, 2005 9:21 AM
To: 'Sutton, Alan'
Cc: Christopher.Brown@ngb.ang.af.mil; 'Douglas.Mickle@usdoj.gov'; 'Brown, Christopher R CPT NGB-JA'
Subject: RE: Discovery Matters (UNCLASSIFIED)

Classification: UNCLASSIFIED

Caveats: NONE

Alan:

Which ones did you not receive? That was intended to be all of the ones that you requested.

Chris

DA 074

Christopher P. Soucie

Major, U.S. Army

Litigation Attorney, Litigation Division

Military Personnel Branch

901 N. Stuart St., Ste, 400

Arlington, VA 22203-1837

Tel: 703-696-1626

Fax: 703-696-8126

Christopher.Soucie@hqda.army.mil <mailto:Christopher.Soucie@hqda.army.mil>

CONFIDENTIALITY NOTICE

The information contained in this e-mail and any accompanying attachments constitute confidential information which may be legally privileged. This information is the property of the U.S. Government. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this e-mail in error, please notify us immediately by return e-mail or by calling (703) 696-2515.

-----Original Message-----
From: Sutton, Alan [mailto:SuttonA@howrey.com]
Sent: Friday, March 18, 2005 6:30 PM
To: Soucie, Christopher P MAJ USALSA
Cc: Christopher.Brown@ngb.ang.af.mil; 'Douglas.Mickle@usdoj.gov'
Subject: RE: Discovery Matters (UNCLASSIFIED)

Chris - I received the CD. However, it does not appear to contain all YTGs for all states. Is it supposed to or is there another on the way?

-----Original Message-----
From: Soucie, Christopher P MAJ USALSA
[mailto:Christopher.Soucie@hqda.army.mil]
Sent: Friday, March 18, 2005 4:00 PM
To: SuttonA@howrey.com
Cc: Christopher.Brown@ngb.ang.af.mil; Soucie, Christopher P MAJ USALSA; 'Douglas.Mickle@usdoj.gov'
Subject: RE: Discovery Matters (UNCLASSIFIED)

Classification: UNCLASSIFIED
Caveats: NONE

Alan:

Please email me when you receive the CD today with the remaining discovery information.

Also, regarding the gathering of records, we also need the following information to expedite the process (more important for courses taken prior to 1991):

- courses
- timeframe of when they took/completed the course
- ideally, ask the students for a completion notice

Hope this helps.

Chris

Christopher P. Soucie
Major, U.S. Army
Litigation Attorney, Litigation Division Military Personnel Branch
901 N. Stuart St., Ste, 400
Arlington, VA 22203-1837
Tel: 703-696-1626
Fax: 703-696-8126
Christopher.Soucie@hqda.army.mil
CONFIDENTIALITY NOTICE
The information contained in this e-mail and any accompanying attachments constitute confidential information which may be legally privileged. This information is the property of the U.S. Government. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this e-mail in error, please notify us immediately by return e-mail or by calling (703) 696-2515.

-----Original Message-----
From: Douglas.Mickle@usdoj.gov [ mailto:Douglas.Mickle@usdoj.gov <mailto:Douglas.Mickle@usdoj.gov> ]
Sent: Tuesday, March 15, 2005 6:02 PM
To: SuttonA@howrey.com
Cc: Christopher.Brown@ngb.ang.af.mil; Soucie, Christopher P MAJ USALSA
Subject: Discovery Matters

Alan:

As we discussed today after the hearing, I will ask Major Soucie to make what I think will be a final document production this Monday. If Major Soucie can't make that deadline, he'll contact you directly, and at least give you all that we now have on hand.

Reference the Court's discovery order, we will gather up names and offices of individuals within DoD who will need access to the plts' identity in order to evaluate and produce the records you seek. I believe all names will be from agencies that are echelons above Corps level, with no ties to the state AG's office. As we discussed, we will need to have each plt's name, SSN, unit of assignment or service, and MOS or AFSI to expedite the search process. You will also need to tell us what records you want. I believe today you said you only wanted their on-line records that listed their correspondence courses.

As for the confidentiality agreement, anyone we need to have access to the plts' identity will sign a confidentiality agreement. I suggest we use the model agreement set forth in the Court's rules (usually for POs in CDA cases).

To avoid having you produce PA waivers, lets include no more than two sentences that ensure production of these records is pursuant to Court Order and thus complies with the requirements of the PA. I don't think this is needed -- but it might help speed up the process because we have had same people balk at giving us records absent an "order."

Lastly, I think we'll need language that states either party can seek leave of Court to modify this discovery agreement if a party thinks it needs to share plts ID information with other sources.

I'll be back Monday to discuss the order. Please fell free to contact Chris Soucie directly if you want to start working the details of the order.

Thx

Doug

Classification: UNCLASSIFIED

Caveats: NONE

Classification: UNCLASSIFIED

Caveats: NONE