IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 through 4, and JANE DOES 1 through 3, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 00-644C<br>(Judge Firestone) |

**DECLARATION OF CHRISTINA E. FAHMY**

I, CHRISTINA E. FAHMY, declare and state as follows:

1. I am an attorney duly admitted to the bar of the Court of Federal Claims. I am employed at the law firm of Howrey LLP, which is counsel for Plaintiffs in this litigation. I submit this declaration in support of Plaintiffs' Reply Brief in support of their Motion to Compel Production of Documents related to Plaintiffs' Second Set of Requests for Production of Documents. I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness, I could and would testify competently to them.

2. Plaintiffs' counsel has visited the Pentagon library and Maxwell Air Force only once prior to serving the Second Set of Requests for Production. During that visit, Plaintiffs' counsel sought secondary sources from these facilities on the establishment and administration of individual training systems. Plaintiffs' counsel could not enter either library without a military escort. They also could not access the card catalog or consult with the reference librarians during the visit. Plaintiffs' counsel spent only eight

hours at the Pentagon Library, and located only twelve documents responsive to the First Set of Requests for Production.

3. Defendant's counsel did not mention the possibility of Plaintiffs' counsel going to the Pentagon Library or Maxwell Air Force Base to search for documents responsive to Plaintiffs' second Set of Requests until November 20, ***after*** the close of written discovery.

4. During the meet and confer process, Plaintiffs' counsel identified both verbally and in writing specific types of document that had not been provided by the state Guard organizations, including, in particular, the Yearly Training Guidances. Plaintiffs' counsel have searched the entirety of the government's prior productions, and also reviewed both the production in the response to the Second Set and the matrix of documents the government claims to have produced in response to the Second Set, and have confirmed that the documents were ***not*** produced.

5. Although Defendant has claimed that it does not have control over the state Guard organizations in which the named Plaintiffs are members, government counsel has been the conduit for all documents provided by these organizations. When it became apparent that the government had not produced all of the documents previously provided by the state guard organizations and requested that the organizations in question produce these documents, Plaintiffs' counsel instead were provided with copies of the missing documents by the government's counsel. The government also has been the conduit for documents provided by the state Guard organizations after Plaintiffs were forced to subpoena these organizations, contrary to the government's assurances through the close of written discovery that it would work with state guard organizations to obtain the requested documents. All documents produced by these organizations in response to these subpoenas to date have been sent to counsel for the government, which has then produced them to Plaintiffs.

6. Plaintiffs' Second Set of Requests specifically instructs Defendant to produce documents with Bates stamps, an instruction to which Defendant failed to object. A true and correct copy of Defendant's Responses and Objections is attached hereto as Exhibit A.

7. Defendant still has not Bates stamped all of the documents produced in response to Plaintiffs' Second Set of Requests. On January 4, 2007, Plaintiffs' counsel was handed a CD with "Bates stamped documents." This CD contains the government's production. Some of the documents have Bates stamps. Many of the documents are not on the CD at all. In the place of each such document is a single sheet that reads: "Stipulated: Exempt from Bates Stamp Indexing." *See* Example, attached hereto as Exhibit B.

8. Plaintiffs have never stipulated that documents responsive to the Second Set of Requests could be produced without Bates stamps.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of January, 2007, in Washington, D.C.

Christina E. Fahmy

# Exhibit A
# to Fahmy Declaration

**Stipulated:** Exempt From Bate Stamp Indexing

**Items No:** 2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,and 17

| | |
|---|---|
| Volume 1 | Items:2, 3, 4, 5, 6, 7, 8, 9, 10, 11 |
| Volume 2: | Items:12, 13, 14 |
| Volume 3: | Items:15, 16 |
| Volume 4 | Items:17 |

**Response to Production:** Department of Army Pamphlets 351-20

# Exhibit B
# to Fahmy Declaration

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E.FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 through 4, and JANE DOES 1 through 3, individually, and on behalf of all other similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 00-644 (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFFS' JUNE 22, 2006 SECOND SET OF DOCUMENT REQUESTS**

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant provides the following responses to Plaintiffs' June 22, 2006 Second Set of Document Requests ("discovery request").

**GENERAL OBJECTIONS**

A. Defendant objects to these document production requests as unduly burdensome, expensive, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery permitted by RCFC 26(b).

B. Defendant objects to these document production requests insofar as they are vague, confusing, and ambiguous. Defendant has attempted to respond to such document production requests to the best of its understanding of the information requested, but a response does not ensure that defendant did, in fact, understand the request posed.

C Defendant objects to these document production requests to the extent that they

would require release of information or production of documents that are exempt from disclosure, including, but not limited to, documents that are exempt from disclosure by virtue of the Privacy Act of 1974, 5 U.S.C. § 552a, et seq and/or any information that is not covered by the protective order that was issued in this case on April 8, 2005.

D. Where necessary, the Government will provide plaintiffs with appropriate identification of documents, through issuance of a privilege log, that have been withheld from production upon grounds of privilege. Defendant will not knowingly waive any applicable protection, and no response to any request for production should be construed as such a waiver.

E. Regarding plaintiffs' definition of "Specified Courses," defendant objects to the vague or confusing use of titles for correspondence courses or any subcourse thereof. The Combat Logistics Supply and Support Course does not exist. Further, the following courses are only offered for a specific Military Occupational Speciality (MOS): Advanced Enlisted Professional Development Course; Basic Enlisted Professional Development Course; Reserve Component Basic Non Commissioned Officer Course; Warrant Officer Advanced Course. Plaintiffs have failed to specify the relevant MOS for the listed courses. The following courses are conducted at unit or installation level, or where enlisted primary military education is provided, which plaintiffs have failed to specify: NCO Leadership Course; NCO Preparatory School; NCO Academy.

F. Defendant objects to these document production requests to the extent that they would require the release of information or production of documents that pertains to the completion of correspondence courses that are not within the applicable statute of limitations as set forth at 28 U.S.C. § 2501.

G. Defendant objects to these document production requests to the extent that they request the production of documents that are not under the control of defendant, to include document production requests from, but not limited to, the various states' militias, including a state's Air National Guard and Army National Guard. Defendant will produce those documents voluntarily provided by third-parties, such as the various states' militias, including a state's Air National Guard and Army National Guard, however, defendant cannot compel the production of the requested records.

In addition to these General Objections, defendant reserves all individual objections identified below.

**DOCUMENT REQUESTS**

1. All documents reflecting course descriptions of any Specified Course as well as any, in residence equivalent(s) or phase(s) of a Specified Course, and any component course or subcourse of a Specified Course.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response,

and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

2. All documents supporting denials and assertions Defendant made in its Answer to the Amended Complaint.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

3. All documents signed, authored or issued by commanders at any level relating to the need for National guard members to complete any Specified Course or Courses, any in residence equivalent(s) or phase(s) of a Specified Course, any prerequisite course for any Specified Course, or any courses within any of the Military Education Systems.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached

spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

4. Irrespective of the time limitation contained in Instruction 7 of these document requests, for each Specified Course, in residence equivalent or phase, any prerequisite course for any Specified Course, or any component course or subcourse of Military Education System, all documents relating to:

a. when the course was initially created;

b. the reason(s) or justification(s) for its creation;

c. what training need it satisfied;

d. when the course or any portion thereof was first offered in correspondence format

e. the reason(s) or justification(s) for offering the course or portion thereof in correspondence format;

f. course accreditation;

g. Training and Doctrinal Command ("TRADOC") approval for the creation, development, accreditation of the course;

h. TRADOC standards for the course;

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

5. All documents identifying any Specified Course, in residence equivalent or phase, any prerequisite course for any Specified Course, or any component course or subcourse of a Military Education System as:

a. a prerequisite for promotion to any rank;

b. a prerequisite for Military Occupational Specialty ("MOS) or Air Force Specialty Code ("AFSC") duty qualification;

c. a prerequisite for advancement in any military position, specialty or career field;

d. satisfying the training requirements for deployment eligibility; and/or

e. a prerequisite to any in residence course of instruction.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all

reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

6. All documents relating to any process or system, paper or electronic, used to record, track or document the enrollment in or completion of any individual or self-development training by a National Guard member.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response,

and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

7. All documents relating to the enrollment processes for the Specified Courses, including, but not limited to, any approvals or authorizations required to enroll in any Specified Course.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

8. All rosters or organizational charts of every committee, working group, and other groups relating to or involved in training, training development and/ or accreditation for the Specified Courses and their in residence portions or versions.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached

spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

9. All rosters or organizational charts of every committee, working group, and other group related to or involved in assessing or studying compensation to members of the National Guard for completing correspondence courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

10. For any individual involved in any committee, working group, or other group identified as responsive to Document Request Number 9, all documents in such individuals' files related to any surveys or studies on compensating National Guard members for completing correspondence course.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

11. In addition to documents provided in response to Document request number 10, all other documents relating to any surveys or studies performed on providing compensation for completion of correspondence or distance learning courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached

spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

12. Irrespective of the time limitation contained in Instruction 7 of these document requests, all documents relating to the development, creation, certification and accreditation of each Specified Course.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

13. All documents to, from or relating to the proponent schools of the Specified Courses that relate to the proponent schools' function, the proponent schools' mission, the proponent schools' responsibilities, or the proponent schools' development, approval and/or accreditation of each Specified Courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

14. All documents identifying any Specified Course, any Military Education System, or any course within the Military Education Systems as:

(a) a prerequisite for promotion to any rank;

(b) a prerequisite for MOS/AFSC duty qualification;

(c) a prerequisite for advancement in any military specialty or career field;

(d) satisfying the training requirements for deployment eligibility; and/or

(e) a prerequisite to any in residence course of instruction.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

15. For all in residence course for which completion of any of the Specified Courses is a prerequisite, all documents identifying such in residence courses as:

(a) a prerequisite for promotion to any rank;

(b) a prerequisite for MOS/AFSC duty qualification;

(c) a prerequisite for advancement in any military specialty or career field; and/or

(d) satisfying the training requirements for deployment eligibility.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached

spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

16. All documents discussing the process by which the Secretaries or their delegates approve of the use of correspondence courses, including the Specified Courses, that are within either the ACCP or any AFIADL catalog as military instruction.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

17. All documents discussing the criteria for listing those courses, including the Specified Courses, that are published in the ACCP catalog and the AFIADL catalogs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

18. All current and superseded studies or policy statements relating to individual training, Distance Learning, or correspondence courses, conducted or issued at any level in the Air Force, Army, Air National Guard and Army National Guard.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

19. All documents reflecting the use and/or need for individual training or self-development training to support mission and/or deployment requirements.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce. for viewing documents at each location should be made at least one week in advanced.

20. All correspondence and other documents signed, authored or issued by commanders at any level informing National Guard members of (1) what courses have been

established for MOS or AFSC qualification or advancement, or (2) the importance of OES, WOES and NCOES courses to MOS proficiency, career progression, cadre development and/or unit readiness.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

21. All correspondence and other documents signed, authored or issued by commanders at any level informing National Guard members of (1) what courses have been established for AFSC qualification or advancement, (2) the importance of CDC courses to AFSC proficiency, career progression, and/or unit readiness; or (3) the importance of PME courses to leadership development, career progression, and/or unit readiness.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached

spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

22. All documents discussing the importance of completing military education courses, whether such courses are correspondence courses or in residence courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

23 All documents relating to the need for the National Guard members to complete individual or self-development training through correspondence courses for any reason, including meeting mission requirements.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

24. All documents to, from or relating to the NGB that relate to training requirements for Air National Guard ("ANG") members in Air University courses and Army National Guard ("ARNG") soldiers in The Army School System ("TASS") courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

25. All documents to, from, or relating to the Structure and manning Decision Review ("SMDR") and the Army Program for Individual Training ("ARPRINT") process (as well as the equivalent program in the Air Force) that relate to its function, mission, and responsibilities, or the approval/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

26. All documents to, from or relating to The Army Training System ("TATS") that relate to its function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

27. All documents to, from or relating to the Army Distance learning Program ("TADLP") that relate to its function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

28. All documents to, from or relating to AETC, Air University or the AFIADL that relate to its function, mission, and responsibilities, or to the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

29. All documents relating to the "Army Distance Learning Plan" and any Air Force plan relating to distance learning.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location: .

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

30. All documents relating to the list of Common Military Training ("CMT") requirements, and all versions of the CMT from 1970 to the present.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response,

and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

31. All documents related to any list of military training requirements maintained by the Air Force, the Air National Guard of the United States or the Air Force National Guard.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

32. All documents relating to the "Directorate of Common Leader Training" discussing its function, mission, responsibilities, and the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached

spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

33. All documents relating to the MOS training plans or Mission Essential Task Lists ("METL") for the units of the Army National Guard Plaintiffs at the time these Plaintiffs completed the Specified Courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

34. All documents relating to the Career Field Education and Training Plans ("CFETP") for Air Force Specialty Code ("AFSC") 2F0X1 at the time the Air National Guard enlisted Plaintiffs completed the Specified Courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant has not located any documents relating to this request for document production. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

35. All documents relating to the information given to new enlistees, new Non-Commissioned Officers, new Warrant Officers, new Commissioned Officers and new Field Grade officers regarding training and training requirements with respect to MOS/AFSC qualification, promotion qualification, position qualification, and deployment eligibility.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant has not located any documents relating to this request for document production. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

36. All documents, including third-party reports or studies, relating to whether to offer a course as an in residence course, a correspondence course, or a mixed format course.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached

spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

37. Irrespective of the time limitation contained in Instruction 7 of these document requests, all documents relating to converting the Specified Courses or courses within the Military Education System from in residence courses or phases of in residence courses to correspondence courses or offering such courses in a correspondence course format, including, but not limited to, any documents issued to or from TRADOC, TADLP, AETC, Air University and AFIADL.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major

Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

38. All documents relating to how the Secretaries or their delegates, including but not limited to the National Guard Bureau, the Army National Guard and the Air National Guard, have used correspondence courses as a component of National Guard Training.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

39. All documents relating to any policies relating to constructive waiver of individual or self-development training, including but not limited to the Specified Courses and the Military Educational Systems.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all

reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

40. All documents relating to the reasons for establishing or maintaining military educational requirements for different ranks, including, but not limited to, documents that relate to the policies of and the purposes served by the Reserve Officer Personnel Management Act ("ROPMA").

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response,

and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

41. All documents to, from or relating to the Distance Learning/Training Technology Applications Subcommittee to the Secretary of the Army that relate to its function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant has not located any documents relating to this request for document production. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

42. All documents, to from or relating to the Directorate, Common Leader Training, that relate to its function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: See response to request 32. Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major

Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

43. All documents to, from or relating to the individuals responsible for the Training Requirements Analysis System ("TRAS") that relate to its function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

44. All documents to, from or relating to the HQDA, Deputy, Chief of Staff, G-3, that relate to its function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

45. All documents to, from or relating to the organizations with responsibility for identifying or setting training requirements for members of the Army National Guard of the United States or the Army National Guard that relate to such organizations' function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

46. All documents to, from or relating to the organizations with responsibility for identifying or setting training requirements for members of the Air National Guard of the United States or the Air National Guard that relate to such organizations' function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

47. All correspondence to, between, or from Assistant Secretary of the Army (Manpower and Reserve Affairs); DCS; G-3; Chief, National Guard Bureau (CNCB); Chief, Army Reserve (CAR); and PERSCOM, FORSCOM, TRADOC relating to the Specified Courses, the Military Education Systems, or courses required for MOS qualification or advancement, including special qualification identifiers ("SQI") or special additional skill identifiers ("ASI").

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

48. All correspondence to, between, or from the Secretary of the Air Force, or any assistant Secretary of the Air Force and any other organization within the Air Force, or Air National Guard of the United States or the Air National Guard relating to the Specified Courses, the Military Education Systems, or courses required for AFSC qualification or advancement, including special or additional skill qualification.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant has not located any documents relating to this request for document production. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

49. All files of, reports to or by, and briefings to or by, and other documents relating to, members of the Secretary of the Army's Education Committee and the Distance Learning/Training Technology Applications Subcommittee that relate to either Committee's function, mission, and responsibilities, or the approval and/or use of correspondence courses to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant has not located any documents relating to this request for document production. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

50. All documents relating to the responsibilities of Chief of the NGB to (1) establish peacetime military education prerequisites in appropriate regulations governing the Air National Guard, Army National Guard, Air National Guard of the United States, and Army National Guard of the United States in either in residence or correspondence courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant has not located any documents relating to this request for document production. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall

produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

51. Any and all documents created by or provided to the Distributed Learning Advisory Committee that relate to its function, mission, responsibilities, and the approval and/or use of correspondence course to satisfy mission and/or training needs.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

52. All documents created by the Department of Defense ("DOD"), Office of the Deputy Chief of Staff ("ODCS"), National Guard Bureau ("NGB"), General Accounting Office ("GAO), the Office of Management and Budget ("OMB"), any office or officer of the White House, or any other executive agency relating to this case, the completion of correspondence courses by members of the National Guard, or whether or to what extent National Guard

members are entitled to compensation for completing correspondence courses, including, but not limited to, the Specified Courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

Regarding the request to produce documents from the Office of the Deputy Chief of Staff ("ODCS"), General Accounting Office ("GAO), the Office of Management and Budget ("OMB"), any office or officer of the White House, or any other executive agency relating to this case, defendant objects as these agencies are outside of defendant's control. Additionally, defendants objects to the document request regarding the Office of the Deputy Chief of Staff, as that organization is unknown to defendant and has not been identified by plaintiffs.

53. All documents relating to communications with Congress, including any committee, subcommittee, or individual member, or any individual on a member's staff, relating to this case, the completion of correspondence course by members of the National Guard, or

whether or to what extent National Guard members are entitled to compensation for completing correspondence courses, including, but not limited to, the Specified Courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

54. Organizational charts for the Secretariat of the Air Force and the Secretariat of the Army, National Guard Bureau, all training commands in the Air Force, Army, Air National Guard and Army National Guard, all organizations with responsibility for identifying training requirements in the Air Force, Army, Air National Guard and Army National Guard and any organization that participated in the creation, approval, implementation, administration, accreditation and justification for the creation of the Specified Courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached

spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

55. All documents relating to the criteria used to determine whether to create, accredit and implement an in resident course for use as military training.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

56. All documents relating to the criteria used to determine whether to create, accredit and implement a correspondence course for use as military training.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

57. All documents relating to training requirements for the deployment of members of the Air National Guard, Army National Guard, Air National Guard of the United States, and Army National Guard of the United States.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant has not located any documents relating to this request for document production. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

58. All documents discussing the importance of military education courses.

**Response**: See response to request number 22. Without waiving, and subject to the foregoing general objections noted above, defendant will make available for viewing and photocopying at a mutually agreeable time, all reasonably-available, responsive documents for this request as set forth in the attached spreadsheet. All of these documents are available for plaintiffs' inspection and/or copying at a mutually convenient time at the following location:

U.S. Army Legal Services Agency, Litigation Division, 901 N. Stuart St., Suite 400, Arlington, Virginia, 22203-1837; POC: Major Jerrett Dunlap, (703) 696-1628. Arrangements for viewing documents should be made at least one week in advanced by contacting Major Dunlap. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

59. All documents relating to DOD's justification for its policy and practice of refusing to pay compensation to National Guard members for completion of correspondence courses.

**Response**: Without waiving, and subject to the foregoing general objections noted above, defendant has not located any documents relating to this request for document production. Defendant acknowledges its continuing obligation to seasonably amend this response, and shall produce for inspection and copying any documents not previously produced that it has obtained, located, identified, or acquired the ability to produce.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRYANT G. SNEE
Assistant Director

DOUGLAS K. MICKLE
Trial Attorney
National Courts
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 353-7961
Fax (202) 353-7988

Attorneys for Defendant

OF COUNSEL:
LT. COL. JOSEPH FETTERMAN
MAJOR CHRIS SOUCIE
MAJOR JERRETT DUNLAP
United States Army
Litigation Division

MAJ. TRACEY ROCKENBACH
United States Air Force
General Litigation Division

MAJOR MAX GONZALEZ
National Guard Bureau
Office of Chief Counsel

July 24, 2006

PUBLICATIONS MATRIX

| Doc # | Document Name | Reg/Ins Number | Date | Request |
|---|---|---|---|---|
| 1 | Memo Subject: Readiness Priority Additional Skill Identifiers (RPASI) Inventory Targets | | 24-Jul-2001 | 47 |
| 2 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Apr-1986 | 1,4,12,13,18,19,36,37,38,47,51 |
| 3 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Apr-1987 | 1,4,12,13,18,19,36,37,38,47,51 |
| 4 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 22-Jul-1988 | 1,4,12,13,18,19,36,37,38,47,51 |
| 5 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 27-Apr-1990 | 1,4,12,13,18,19,36,37,38,47,51 |
| 6 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Apr-1993 | 1,4,12,13,18,19,36,37,38,47,51 |
| 7 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Apr-1994 | 1,4,12,13,18,19,36,37,38,47,51 |
| 8 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Apr-1995 | 1,4,12,13,18,19,36,37,38,47,51 |
| 9 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Oct-1996 | 1,4,12,13,18,19,36,37,38,47,51 |
| 10 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Oct-1997 | 1,4,12,13,18,19,36,37,38,47,51 |
| 11 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Oct-1998 | 1,4,12,13,18,19,36,37,38,47,51 |
| 12 | Army Correspondence Course Program (ACCP) | DA Pam. 351-20 | 1-Oct-1999 | 1,4,12,13,18,19,36,37,38,47,51 |
| 13 | Army Correspondence Course Program (ACCP) | DA Pam. 350-59 | 26-Oct-2001 | 1,4,12,13,18,19,36,37,38,47,51 |
| 14 | Army Correspondence Course Program (ACCP) | DA Pam. 350-59 | 1-Oct-2002 | 1,4,12,13,18,19,36,37,38,47,51 |
| 15 | Army Correspondence Course Program (ACCP) | DA Pam. 350-59 | 1-Oct-2003 | 1,4,12,13,18,19,36,37,38,47,51 |
| 16 | Army Correspondence Course Program (ACCP) | DA Pam. 350-59 | 1-Oct-2005 | 1,4,12,13,18,19,36,37,38,47,51 |
| 17 | Army Correspondence Course Program (ACCP) | DA Pam. 350-59 | 1-Oct-2006 | 1,4,12,13,18,19,36,37,38,47,51 |
| 18 | Separation Procedures of Reg. Reserve Comm. Officers | DODI 1332.40 | 16-Sep-1997 | 6,12,13 |
| 19 | 1st US Army-CG's Annual Training Guidance 2001 and 2002 | | 30-Jun-2000 | 3,18,19,20,45 |
| 20 | 1st US Army-CG's Annual Training Guidance FY 03/04 | | 30-Sep-2002 | 3,18,19,20,45 |
| 21 | Interim Change No: 102 Warrant Officer Fed Rec | NGR 600-101 | 25-Apr-1994 | 3,20,24 |
| 22 | AF Correspondence Info-Student History Query-Robert Freeburg | | 23-Nov-2004 | 6 |
| 23 | ACCP Student Status Query-William Clark | | 17-Nov-2004 | 6 |
| 24 | ALARNG METL for 151 Army Band For 1995-2002 | | | 33 |
| 25 | ALARNG METL for 711 Signal Battalion For 2002 | | | 33 |
| 26 | AF Correspondence Info-Student History Query-James Davern | | 23-Nov-2004 | 6 |
| 27 | Officer Selection & Promotion | MSARNG Reg 600-100 | 1-Dec-2001 | 3,5,14,20,40 |
| 28 | MS NG-Command Training Guidance for 2000 and 2001 | | 5-Feb-1999 | 3,18,19,20,45 |
| 29 | MS NG-Command Training Guidance for 2001 and 2002 | | 6-Oct-1999 | 3,18,19,20,45 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 30 | MS NG-Command Training Guidance for 2002 and 2003 | | 1-Sep-2000 | 3,18,19,20,45 |
| 31 | NC NG-Yearly Training Guidance for 2002 | | 31-Jul-2000 | 3,18,19,20,45 |
| 32 | NC NG-Yearly Training Guidance for 1998 | | | 3,18,19,20,45 |
| 33 | OH NG-Command Training Guidance for 01/02 | | 1-Oct-1999 | 3,18,19,20,45 |
| 34 | Qualitative Retention Program | MNARNG PAM 135-205 | 1-Jun-2004 | 3,20,45 |
| 35 | MN NG-Qualititive Retention Program | | 15-Oct-2004 | 3,20,45 |
| 36 | OH NG-Selective Retention Board Under NGR 635-102 | | 4-Feb-2000 | 3,20,21,22,24 |
| 37 | Officer Promotion & Career Management | MNNG Reg 600-100 | 6-Jun-2003 | 3,20,21,22,24 |
| 38 | Enlisted Promotions Under Enlisted Promotion Program (EPP) | TAGPA PAM 600-200 | 2-Jan-2004 | 3,18,19,20,45 |
| 39 | PA NG-The Adjutant General's Training Guidance 2002 | | 20-Jun-2001 | 3,18,19,20,45 |
| 40 | AL NG-Officer & Warrant Officer Selective Retention | | 22-May-2004 | 3,20,45 |
| 41 | Army Training Requirements and Resources System | | | 2, 7 |
| 42 | Army Training and Leader Development | AR 350-1 | 13-Jan-2006 | 2,7,8,16,17,18,19,20, 21,22,23,24,25,26,27, 29,30,31,36,37,38,39, 43,47,51,54,55,56,57, 58 |
| 43 | 10 U.S.C. § 1002(a) 2005 | | | 2 |
| 44 | 10 U.S.C. § 12732(a)(2)(B) 2005 | | | 2 |
| 45 | Uniform Reserve, Training and Retirement Catagories Admin | DODI 1215.19 | 12-Dec-2000 | 2, |
| 46 | Training and Retirement Point Credits and Unit Level Strength | AR 140-185 | 1-Jul-1987 | 2 |
| 47 | Declaration Command Sergeant Major (Retired) McNamara | | 22-Apr-2004 | 2 |
| 48 | Promotion of Commissioned Officers and Warrant Officers Other Than General Officers | AR 135-155 | 13-Jul-2004 | 2 |
| 49 | Memorandum for Reserve Component Coordination Council (RCCC) | | 10-Oct-2003 | 8,44,54 |
| 50 | Draft Memorandum Subject: Compensation for Completion of Required Training Through Distributed Learning Modes | | 10-Feb-2003 | 9,10,18 |
| 51 | Message Subject: Army Distributed Learning Policy | | 14-Feb-2006 | 8,9,16,17,18,38,44,54 |
| 52 | The Army Distributed Learning Program (TADLP) Concept of Operations (CONOPS) for the Army Training Information System (ATIS) and the Army Learning Management System (ALMS) | | 1-Jun-2006 | 8,16,17,18,38,51,54, 56 |
| 53 | Draft Reserve Component Distributed Learning Compensation Report of Alternatives and Recommendations for the Office of the Assistant Secretary of Defense for Reserve Affairs | | | 10,18,52 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 54 | Study Recommendations | | | 10,18,52 |
| 55 | Reserve Component Distributed Learning Compensation Alternatives Study | | 30-Apr-2004 | 10,18,52 |
| 56 | Reserve Component Brief-Out Meeting | | 30-Apr-2004 | 9,10,18,52 |
| 57 | Memorandum Subject: Reserve Component Distributed Learning (DL) Compensation | | 1-Jun-2004 | 9,10,18,52 |
| 58 | Information Paper Subject: RC Pay for Distance Learning | | 1-Apr-2003 | 11,18,52 |
| 59 | Message Subject: Implementation of the Army Distance Learning Program | | 4-Dec-2000 | 11,18,38,44,56,57 |
| 60 | Training In Units | AR 350-41 | 19-Mar-1993 | 30 |
| 61 | Directorate Of Common Leader Training | | | 32 |
| 62 | Memorandum Subject: Request Change in Enlisted PME Promotion Waiver Policy | | 20-Apr-2006 | 14, 39 |
| 63 | Message Subject: Updated Enlisted PME Waiver Poliy | | 1-Dec-2002 | 14, 39 |
| 64 | Memorandum Subject: Air Force Enlisted PME Metrics | | 8-Mar-2003 | 14, 39 |
| 65 | Email: Enlisted PME Waivers | | 26-Dec-2002 | 14, 39 |
| 66 | Message: Clarification of Policy on Declining Resident Enlisted PME | | 1-Dec-1995 | 14, 22 |
| 67 | College for Enlisted PME History | | 1-Dec-1997 | 13, 28 |
| 68 | Air University (AU) Organization and Mission | AF Regulation 23-52 | 23-May-1985 | 13, 28 |
| 69 | Air University 2005/2006 Course Catalogue (linked) | | 1-Jul-2005 | 36,37,38,46,57 |
| 70 | AU -Addendum to 0506 Catalogue AWC Elective | | | 36,37,38,46,57 |
| 71 | AU -Addendum to 0506 Catalogue ACSC Course Listing | | | 36,37,38,46,57 |
| 72 | Air University 2004-2005 Course Catalogue (linked) | | | 36,37,38,46,57 |
| 73 | AU - Addendum to 0405 Catalogue AWC Elective | | | 36,37,38,46,57 |
| 74 | AU - Addendum to 0405 Catalogue ACSC Course Listing | | | 36,37,38,46,57 |
| 75 | Air University 2003-2004 Course Catalogue (linked) | | | 36,37,38,46,57 |
| 76 | AU- Addendum to 0304 Catalogue ACSC Course Listing | | | 36,37,38,46,57 |
| 77 | Air University 2002-2003 Course Catalogue (linked) | | | 36,37,38,46,57 |
| 78 | Air University 2001-2002 Course Catalogue | | | 36,37,38,46,57 |
| 79 | Air University 2000-2001 Course Catalogue | | | 36,37,38,46,57 |
| 80 | Air University 1999-2000 Course Catalogue | | | 36,37,38,46,57 |
| 81 | Offier Personnel: You and Your Promotions- The AF Officer Promotion System | AF Pamphlet 36-32 | 15-Jun-1990 | 22, 35 |
| 82 | Professional Military Education for Air Force Officers: Comments and Criticisms | | 1-Jun-1991 | 4, 13, 28, 36 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 83 | Message: Detailed Results of the Enlisted Evaluation System Review | | 1-May-1995 | 18 |
| 84 | Talking Paper on Curtailing the SNCOA Correspondence Course 8 | | 9-Feb-2000 | 7, 36 |
| 85 | Position Paper on Senior NCO Academy Correspondence Course | | 30-Jan-1992 | 7, 36 |
| 86 | Message: Ative Duty Participation in Paper Based ECI Course 8 | | 1-Mar-2000 | 7, 36 |
| 87 | Letter re: new CD Rom version of Senior NCOA | | 6-Nov-1995 | 7, 36, |
| 88 | Memo re: ANG ability to attend SNCOA in residence | | 19-Nov-1992 | 7, 36, 38,46, |
| 89 | SSS: Implementation of Year of Training Enlisted PME Initiatives | | 5-Oct-1992 | 7, 36, 38, 46 |
| 90 | Letter and response re: new SNCOA correspondence course | | 1-May-1995 | 7, 36, 37, 38, 46 |
| 91 | Memorandum: MSgts to SNCOA | | 12-Apr-1995 | 7, 36, 37, 38, 46 |
| 92 | Letter: SCNOA correspodence course | | 28-Feb-2000 | 7, 36, 37, 38, 46 |
| 93 | Message: Implementation Instructions for USAf Senior NCO Academy | | 1-May-1996 | 7, 36, 37, 38, 46 |
| 94 | King Paper on Disconitnuing Active Duty Enrollment in ECI Course 0008 | | | 7, 36 |
| 95 | Educational Program compared to a traditional in-residence program Vol I | | 1-Sep-1995 | 36 |
| 96 | Effects of Student Achievement and Attitudes of a Distance Learning Seminar Educational Program compared to a traditional in-residence program Vol II | | 1-Sep-1995 | 36 |
| 97 | Noncommissioned Officer Professional Military Education | AF Reg 53-39 | 7-Nov-1983 | 1,4,5,6,7,13,14,15,18,22,23,55,56,58 |
| 98 | SSS and attachments: proper sizing of NCO Academy and consolidating Airman Leadership Schools | | 28-Aug-1998 | 4, 13, 14, 15, 18, 22, 23, 28, 36, 37, 55, 58 |
| 99 | Enlisted PME from a total force perspective- Action Memorandum | | 11-May-1993 | 18, 46 |
| 100 | Enlisted PME from a total force perspective- Action Memorandum | | 14-May-1993 | 18, 46 |
| 101 | Enlisted PME from a total force perspective- Action Memorandum | | 4-May-1993 | 18, 46 |
| 102 | Enlisted PME from a total force perspective- Action Memorandum | | 20-May-1993 | 18, 46 |
| 103 | and Active Duty Enlisted PME Attendance Eligibility | | 22-Jul-1993 | 7, 14, 15 |
| 104 | Interim Policy- NCO and SNCO Academy Student Selection | | 20-Sep-1991 | 7, 14, 15 |
| 105 | Message: Year of Training Initiatives for Enlisted PME | | 1-Nov-1992 | 4,7,14, 15, 36 |
| 106 | USAf Enlisted Professional Military Education Procedural Guidance | | 1-Feb-2005 | 7, 13, 28 |
| 107 | Enlisted Military Education Review Council Working Group Minutes | | 2-Mar-2006 | 9 |
| 108 | Talking Paper on the Extension Course Institute (ECI) | | 7-Jan-1992 | 4,7, 13, 28 |
| 109 | Course Outlines: Educational Programs Cadre | | 3-Oct-1995 | 1, 4, 8, 13, 28 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 110 | Search Results: Abstracts from Air Force History Studies Office database of keywords:History of ACSC, SOS, or Air Univeristy, and Air Force Specialty Codes | | 12-Jul-2006 | 4, 5, 13 |
| 111 | Briefing Slides: NCO Professional Military Education | | | 4 |
| 112 | Establishment of Enlisted Professional Military Education Policy Working Group (Joint Education) | | 5-Mar-2004 | 8 |
| 113 | Talking Paper on NCO Professional Military Education | | 16-Sep-1988 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 114 | Talking Paper on Senior NCO Academy | | 26-Jul-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 115 | Talking paper on Enlisted Professional Military Education | | 8-Dec-1997 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 116 | Talking Paper on Senior NCO Academy | | 7-Nov-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 117 | Talking Paper on Senior NCO Academy | | 4-Sep-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 118 | Talking Paper on Senior NCO Academy | | 28-Aug-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 119 | Talking Paper on Professional Military Education | | 28-Oct-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 120 | Talking Paper on Senior NCO Academy Update | | 28-Aug-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 121 | Talking Paper on USAFE Professional Military Education | | 7-Jun-1996 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 122 | Talking paper on Enlisted Professional Military Education | | 13-Jul-1994 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 123 | Background Paper on Senior NCO Academy | | 26-May-1995 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 124 | Background Paper on Enlisted Professional Military Education | | 12-May-1995 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 125 | Talking paper on Enlisted Professional Military Education | | 14-Feb-1995 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 126 | Talking Paper on Airman Leadership School | | 30-Jan-1997 | 22 |
| 127 | Talking Paper on Noncommissioned Officer Academy | | 30-Jan-1997 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 128 | Talking Paper on Senior Noncommissioned Officer Academy | | 30-Jan-1997 | 1, 4, 5, 7, 13, 15, 18, 22 |
| 129 | SSS: Package DPDE01 Enlisted PME Program Review | | 23-Jul-2001 | 4, 7, 14,18, 28, 58 |
| 130 | SSS: EPME Program Review | | 9-Jul-2001 | 4, 7, 14,18, 28, 58 |
| 131 | Distribution of class seats | | | 7 |
| 132 | Senior NCOA Quota Management flowchart (E-8 selections) | | | 7 |
| 133 | Senior NCOA Quota Management flowchart (E-6 & E-7 selections) | | | 7 |
| 134 | Talking paper on Importance of Career Advisors | | 22-Mar-2000 | 4, 22 |
| 135 | EPME Staffing Selection criteria for MSgts to attend resident SNCOA | | 4-Jan-1996 | 14, 15, 36, 58 |
| 136 | Bullet Background Paper on Development of Program /Future Projections for conus NCOA quotas | | 5-Mar-1999 | 1, 4, 14, 15, 36, 58 |
| 137 | Talking paper on EPME funding | | 20-Apr-1999 | 1, 4, 14, 15, 36, 58 |
| 138 | Talking paper on PACAF EPME Funding concerns | | 20-Apr-1999 | 1, 4, 14, 15, 36, 58 |
| 139 | Talking paper on EPME Programs | | 10-Oct-2003 | 1, 4, 14, 15, 36, 58 |
| 140 | Civilian participation in EPME | | 27-Jul-1998 | 1, 4, 14, 15, 36, 58 |
| 141 | Talking Paper on EPME | | 19-Jan-1999 | 1, 4, 14, 15, 36, 58 |
| 142 | Talking Paper on conus Challenges Concerning NCO Academies | | 17-Sep-1998 | 1, 4, 14, 15, 36, 58 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 143 | Talking paper on Future Outlook for EPME | | 11-Feb-1999 | 1, 4, 14, 15, 36, 58 |
| 144 | Talking Paper on EPME Basing Plan | | 1-Feb-1999 | 1, 4, 14, 15, 36, 58 |
| 145 | Talking paper on EPME Education Funding | | 1-Feb-1999 | 1, 4, 14, 15, 36, 58 |
| 146 | Talking paper on PACAF EPME Funding concerns | | 1-Feb-1999 | 1, 4, 14, 15, 36, 58 |
| 147 | Talking paper on NCO Academy Future | | 2-Apr-1999 | 4 |
| 148 | Talking paper on NCOA | | 13-Mar-1999 | 1, 4, 14, 15, 36, 58 |
| 149 | Talking paper on Satellite NCOA Program | | 8-Mar-1999 | 7, 46, 48, 58 |
| 150 | Talking paper on PACA EPME funding concerns | | 23-Aug-1999 | 1, 4, 14, 15, 36, 58 |
| 151 | Talking paper on NCO Academy Future | | 13-Aug-1999 | 4 |
| 152 | Tallking paper on Status Update for Conus Enlisted PME Facilities | | 12-Aug-1999 | 5,13, 14, 18, 22, 28, 58 |
| 153 | Slide Presentation: Air Force EPME | | | 1, 4, 14, 15, 36, 58 |
| 154 | Talking Paper on Airman Leadership School (ALS) | | 4-Nov-1999 | 1, 4, 14, 15, 36, 58 |
| 155 | Slide Presentation: ALS Snapshot | | | 1, 4, 14, 15, 36, 58 |
| 156 | Talking paper on NCOA | | 4-Nov-1999 | 1, 4, 14, 15, 36, 58 |
| 157 | Slide Presentation: NCOA Snapshot | | | 1, 4, 14, 15, 36, 58 |
| 158 | Talking Paper on SNCOA | | 2-Nov-1999 | 1, 4, 14, 15, 36, 58 |
| 159 | Slide Presentation: SNCOA Snapshot | | | 1, 4, 14, 15, 36, 58 |
| 160 | Background paper on ALS | | 30-Jan-1992 | 1, 4, 14, 15, 36, 58 |
| 161 | Background paper on changes in NCO PME | | 30-Jan-1992 | 1, 4, 14, 15, 36, 58 |
| 162 | Position Paper on SSgt/TSgt Eligibility for Inresidence NCOA | | 30-Jan-1992 | 4,7, |
| 163 | Bullet Background paper on USAF NCO PME | | 1-May-1991 | 1, 4, 14, 15, 36, 58 |
| 164 | Talking paper on NCO PME Issues | | 4-Mar-1991 | 1, 4, 14, 15, 36, 58 |
| 165 | Memo: NCO PME Current issues, concerns and intiatives | | | 1, 4, 14, 15, 36, 58 |
| 166 | Talking Paper on NCO Academies | | 19-Oct-1993 | 1, 4, 14, 15, 36, 58 |
| 167 | SNCOA: MSgt attendence and reinstating SNCOA Correspondence course | | 27-Jun-1996 | 4,7, |
| 168 | Talking paper on Enlisted Professional Military Education | | 8-Mar-1993 | 4,7 |
| 169 | Talking Paper on ALS and NCOA | | 13-Jul-1992 | 4, 7, |
| 170 | Talking Paper on EPME 1990 thru 1995 | | 14-Feb-1995 | 1, 4, 7, 14, 15, 36, 58 |
| 171 | Taking paper on EPME | | 13-Jul-1994 | 4, 7, |
| 172 | Talking paper on EPME | | 10-Dec-1993 | 4, 7, |
| 173 | Talking paper on EPME | | 10-Dec-1993 | 4, 7, |
| 174 | Taking paper on EPME | | 10-Dec-1993 | 4, 7, |
| 175 | Talking Paper on NCO Academies | | 5-Oct-1993 | 4, 7, |
| 176 | Thank you Memo: from CSAF Fogleman to Gen Boles | | 6-Dec-1995 | 4, 16, 18, 19, 28, 46, 58 |
| 177 | Memo to CSAF Fogelman re: Distance Learning technologies in CEPME | | 6-Nov-1995 | 4, 16, 18, 19, 28, 46, 58 |
| 178 | Memo to HQ AETC from CSAF Folgelman re: MSgts into SNCOA | | 1-May-1995 | 56 |
| 179 | SNCO Corespondence Course Development | | no date | 16, |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 180 | Email: re: Education Data in the PDS for enlisted members | | 2-May-1996 | 14 |
| 181 | SSS: Enlisted PME Continuum Curriculum Development w/ atchs | | 10-May-2006 | 16 |
| 182 | Memo: re: Selection procudures for MSgt Attendance to the SNCOA | | 15-Sep-1995 | 7 |
| 183 | Message: Enlisted PME Correspondence | | 1-Jun-1994 | 4, 16, 18, 19, 28, 46, 58 |
| 184 | Message: Priority Selection to NCO Academy | | 1-Nov-1998 | 7 |
| 185 | Handwritten Memo: from CMS Johnson to CMS Lokovic re: Total Force PME w. attachments- In residence PME & ANG NCOA proposals | | 28-Apr-1993 | 1, 4, 5, 7, 12, 13, 15, 18, 22, 23, 24, 46, 48, 58 |
| 186 | Position paper on NCOA Seminar Program | | 8-Feb-1993 | 18, 36, 4, 37 |
| 187 | Talking paper on the Satellite NCOA Program | | 8-Mar-1999 | 46, 48, 58 |
| 188 | Memo re: ANG Satellite NCO Academy w/ attachs, NCOA newsletter and Satallite handbook | | | 1, 4, 5, 7, 12, 13, 15, 18, 22, 23, 24, 46, 48, 58 |
| 189 | Point Paper on ANG PME Center | | 7-Apr-1993 | 1,4,5,7,8 |
| 190 | Taking Paper on Role of Special Operations within EPME | | 7-Mar-2000 | 4, 5 |
| 191 | Talking paper on ALS | | 4-Nov-1999 | 1, 4, 14, 15, 18, 36, 58 |
| 192 | Slide on NCO Development | | | 5, 14,15,22, 23, 24 |
| 193 | SNCO Academy snapshot | | | 1, 4, 14, 15, 18, 36, 58 |
| 194 | Talking paper on Status Update for Conus EPME Facilities | | 2-Jul-1999 | 5,13, 14, 18, 22, 28, 58 |
| 195 | Talking Paper on NCOA Future | | 13-Aug-1999 | 5, 22, 58 |
| 196 | Talking paper on Status Update for Conus EPME Facilities | | 2-Jul-1999 | 7, 18, 24, 28 |
| 197 | Memo for record DPPE to NURAC re: ALS curriculum hours | | 17-Apr-1991 | 16, 18 |
| 198 | Implementation of NCO Leadership Course as it existed in 1952 | | | 1, 4, 5, 14, 15 |
| 199 | Memo: Enlisted PME Update Briefing for CMSAF Workshop | | 7-Mar-1991 | 4, 12 |
| 200 | 18 Pg memo on NCOA criteria and curriculum | | | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 201 | Notes: NCO Implementation 3- tier structure plan (16 pgs) | | 5-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 202 | NCO PME Centers (NCOPC & NCOLS) | | 1-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 203 | Action memo: PME Curriculum tasking for AU w/ AU task letter | | 17-Apr-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 204 | EES Module Outline | | 17-Apr-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 205 | Handwritten memo re: new curriculum and taskings17 Apr 91 | | 17-Apr-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 206 | Handwritten memo to Chief Nurre re: MSgts that haven't attended NCOA | | 12-Apr-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 207 | Memo re: ALS hours being shorteend and students live at home vice dorm | | date not legible | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 208 | Handwritten note: re: Draft suggested ALS course outline 15 pgs | | 16-Apr-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 209 | Action Memo re: PME Restructuring | | 15-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 210 | Memo re: Proposed Reorganization of NCO PME w points to consider | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 211 | Memo re: Three-Tier NCO PME system w/ atchs Curriculum and Manpower Auth worksheet 16 pgs | | 14-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 212 | NCO PME Education curriculum writing/briefing evaluation instrument | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 213 | 6597 STUS Inputs/updates to new NCO PME education curriculum 13 Pgs | | 20-Jan-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 214 | Memo re: Proposed Reorganization of NCO PME w/ points to consider | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 215 | 3-Teier Manpower NCO PME analysis | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 216 | Fax re: Military Studies and AF mission organization | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 217 | Fax re: Impact of implementation | | 1-Mar-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 218 | Fax re: summary of proposals for curriculum frojm Det 1 at Goodfellow AFB | | 28-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 219 | Fax re: Curriculum Revision (6 pgs) | | 20-Feb-2001 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 220 | Memo re: NCO PME Review Panel 3-Tier System Initiative | | 16-Jan-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 221 | Memo re: thoughts Phase NCO PME | | 15-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 222 | NCO PME Review/Three Tier System.Comments | | 31-Jan-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 223 | Memo re: PME Restructuring | | 15-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 224 | Memo re: PME Restructuring | | 21-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 225 | Action memorandum: PME Restructuring | | 15-Feb-1991 | 1, 4, 5, 12, 14, 15, 18, 22, 28, 58 |
| 226 | EPME Policies, Procedures and Guidelines (PPG) w/ atchs ( 28 pgs) | | 1-Oct-1999 | 1, 4, 12, 18, 22, 58 |
| 227 | AUS1 AFI 36-2301 DRAFT | | | 16, 17, |
| 228 | Message: EPME Correspondence Courses (5 pgs) | | 1-Jun-1994 | 16, 36, 56, |
| 229 | ECI Correspondence Courses | | 1-May-1994 | 4, 5, 7 |
| 230 | SSS: Active duty Enrollment in PME Correspondence courses w Academic educ stats | | 27-May-1994 | 16, 18, 36, 56, |
| 231 | Handwritten notes re: NCO PME corres courses from MG McGinty | | 8-Jun-1994 | 4, 5, 7, 16, 18, 36, 58 |
| 232 | CMSAF Pfingston' memo concurring with elimination of corres courses 0001,0006, 0008 | | 8-Jun-2004 | 4, 5, 7, 16, 18, 36, 58 |
| 233 | Memo re: Active duty Enrollment in PME Corres Courses | | 8-Jun-2004 | 4, 5, 7, 16, 18, 36, 58 |
| 234 | Memo: AF fitness, Medical profiles, and Enlisted PME Attendance | | 11-Feb-2004 | 7 |
| 235 | Change ALS, NCO, SNCOA Attendance Requirement | | | 7 |
| 236 | Mask Completion Data for Non-resident NCO PME | | | 5 |
| 237 | Talking Paper on EPME issues | | 15-Sep-1998 | 7 |
| 238 | Talking Paper on EPME issues concerning NCOA Quota Projections | | 24-Jul-1998 | 7 |
| 239 | SSS: Program Guidance Letter for EPME requirement' | | 14-Jul-1998 | 18 |
| 240 | SSS: Enlisted PME Requirements | | 15-Jun-1998 | 7, 18, 28 |
| 241 | Memo: Enlisted PME requirements | | 1-Mar-1998 | 7, 18, 28 |
| 242 | Memo: Enlisted PME requirements AETC/ED ltr 27 May 98 | | 22-Jun-1998 | 7, 18, 28 |
| 243 | Memo re: increasing students throughput at SNCOA | | | 7, 18, 28 |
| 244 | Talking paper on SNCOA | | 27-May-1998 | 7, 18, 28 |
| 245 | Memo re: Responses to AF/DP Questions concering CSAF EPME tasker | | 9-Oct-1998 | 7, 18, 28 |
| 246 | ANG Satellite NCO Academy powerpoint briefing w/ business card | | | 58 |
| 247 | ANG Training Center Letter to CMSAF Murray | | Dec-04 | 46, 48, 58 |
| 248 | Notes from 1999 Worldwide Commandant Conference | | Mar-99 | 1, 4, 8, 12, 13, 28 |
| 249 | Slides from 99 EPME Manager's Conference/Workshop | | Nov-99 | 1, 4, 8, 12, 13, 28 |
| 250 | Notes from EPME Review | | 7-Jul-06 | 13,14, 22, 55, 56, 58 |
| 251 | 2005 Triennial Review of Enlisted PME | | 16-May-05 | 7, 13, 14, 55, 56, 58 |
| 252 | Bullet Background paper on 2005 Review of EPME | | 27-Oct-05 | 7, 13, 14, 55, 56, 58 |
| 253 | Handwritten undated note to Bob about Program Review attached to: | | | 7, 13, 14,18, 55, 56, 58 |
| 254 | Email re: Enlisted PME Policy Changes | | 1-Feb-02 | 7, 13, 14,18, 55, 56, 58 |
| 255 | Enlisted PME Program Review | | 9-Jul-01 | 7, 13, 14,18, 55, 56, 58 |
| 256 | Enlisted PME Program Review- Policy Initiatives | | 8-Nov-01 | 7, 13, 14,18, , 55, 56, 58 |

PUBLICATIONS MATRIX

| | | | | |
|---|---|---|---|---|
| 257 | Memo to AETC/CC from HQ USAF/DP re: 2001 EPME review | | 7-Sep-01 | 7, 13, 14,18, 55, 56, 58 |
| 258 | EMPE Program Review Eglin AFB, FL Agenda and Documents | | 21-Mar-01 | 1, 4, 7, 13, 14,18, 55, 56, 58 |
| 259 | EPME Program Review- start up | | Sep-00 | 18, 55, 58 |
| 260 | Charter Command Board of Advisors Air University | | 3/1/1995/ Jan | 18, 55, 58 |
| 261 | Bullet Background Paper on NCO PME | | 1-May-91 | 12, 14, 18, 55, 58 |
| 262 | 91 Review of EPME w/ talking papers on the courses | | Aug-91 | 1, 7, 12 |
| 263 | Approval of the 1990-1991 SNCOA Curriculum | | Jun-91 | 1, 12, |
| 264 | 91 Review of EPME w/ talking papers on the courses | | 1-Aug-1991 | 1, 4, 5, 7, 12, 14, 15, 18, 22, 28, 58 |
| 265 | Approval of the 1990-1991 SNCOA Curriculum | | 1-Jun-1991 | 28, 48 |
| 266 | FY-07 ANG MOU Maj/Lt Col Promo Board | **previous versions are available for any year specified. | | 5 |
| 267 | July Letter to Airmen | | 7-Jul-2006 | 57 |
| 268 | Air University Instruction (AUI) 36-2304 | | 26-Sep-2003 | 6, 13, |
| 269 | AUI 36-2315, Student Disenrollment Procedures | | 6-May-2005 | 7 |
| 270 | CCAF, Campus Relations Policies, Procedures and Guidelines | | 1-Sep-1999 | 6, 7, 13, |
| 271 | Information Paper Subject: Potential Amendment to Eliminate Section 603 of the Senate FY 2007 NDAA Mark (Similar to Section 606 of the FY 2007 House Mark) | | 22-Jun-2006 | 53 |
| 272 | E-mail Chain: US Army Reserve Command, Subject: Focus Group | | 21-Dec-2004 | 47 |
| 273 | E-mail Chain: US Army Reserve Command, Subject: DL Training Compensation | | 30-Nov-2004 | 47 |
| 274 | E-Mail DA message Subject ALARACT 111/2006 | | 9-Jun-2006 | 15 |
| 275 | Warrant Officers-Federal Recogniation and Related Personnel Actions | NGR 600-101 | 1-Oct-1996 | 3,20,24 |
| 276 | | | | |

| Document Name | Reg/Ins Number | Date | Para | Medium of Production |
|---|---|---|---|---|
| Training, Development, Delivery and Evaluation | AFI 36-2201, Vol. 1 | 10.01.02 | 2,9,10 | CD ROM (Clark I) |
| Training Management | AFI 36-2201 Vol 2. | 01.13.04 | 2,9,10 | CD ROM (Clark I) |
| On The Job Training Administration | AFI 36-2201 Vol 3. | 01.15.04 | 4,9 | CD ROM (Clark I) |
| Managing Advanced Distributed Learning (ADL) | AFI 36-2201 Vol 4. | 10.23.02 | 4,9 | CD ROM (Clark I) |
| Career Field Education & Training | AFI 36-2201 Vol 5, | 06.08.04 | 2,9 | CD ROM (Clark I) |
| Total Force Training & Education Review Process | AFI 36-2201 Vol 6 | 09.27.02 | 4,9 | CD ROM (Clark I) |
| Reserve Personnel Participations and Training Procedures | AFI 36-8001 | 01.22.04 | 2,9 | CD ROM (Clark I) |
| Air Force Military Training | AFPD 36-22 | 03.22.04 | 9 | CD ROM (Clark I) |
| Military Education | AFPD 36-23 | 09.27.93 | 7,9 | CD ROM (Clark I) |
| Military Promotion – Demotion | AFPD 36-25 | 06.21.93 | 7,9 | CD ROM (Clark I) |
| Military Standards | AFPD 36-29 | 06.01.96 | 9 | CD ROM (Clark I) |
| Sep. and Ret. Procedures. for ANG and AF Res. Members | AFI 36-3209 | 02.01.98 | 9,12,13 | http://www.e-publishing.af.mil |
| Officer Classification | AFMAN 36-2105 | 04.01.04 | 6,9,10,12 | http://www.afpc.randolph.af.mil/classification/ |
| Enlisted Classification | AFMAN 36-2108 | 04.01.04 | 5,9,10,12 | http://www.afpc.randolph.af.mil/classification/ |
| The Active Guard/Reserve Program | ANGI 36-101 | 05.03.02 | 4 | http://www.e-publishing.af.mil |
| Man. of Training and Operational Spt Within the ANG | ANGI 36-2001 | 01.15.97 | 4 | http://www.e-publishing.af.mil |
| Enlistment/Reenlistment in ANG and as a Res. Of the AF | ANGI 36-2002 | 03.01.04 | 51,10,12 | http://www.e-publishing.af.mil |
| Assignments within the Air National Guard | ANGI 36-2101 | 06.11.04 | 2,4,9 | http://www.e-publishing.af.mil |
| Promotion of Airmen | ANGI 36-2502 | 08.25.00 | 5,9,10,12 | http://www.e-publishing.af.mil |
| Computation of Credible Service for Reserve Retired Pay | ARPCI 36-3208 | 05.22.00 | 2,15 | http://www.e-publishing.af.mil |
| Fed Rec Bds for Appointment of Promotion in the ANG | NGR(AF) 36-3 | 05.28.93 | 6,10,12 | http://www.e-publishing.af.mil |
| Appointment Of Officers In The ANGUS And As Res Of AF | ANGI 36-2005 | 03.15.99 | 6,10,12 | http://www.e-publishing.af.mil |
| Fed Rec Of Prom In The ANG And As A Res of AF Bel GO | ANGI 36-2504 | 07.28.04 | 6,10,12 | http://www.e-publishing.af.mil |
| Budget Guidance and Procedures | AFI 65-601 v1 | 12.24.02 | 3 | http://www.e-publishing.af.mil |
| Appt of Officers in the ANGUS and as Reserves of the AF | NGR(AF) 36-2 | 08.31.92 | 6,10,12 | CD ROM (Clark II) |
| Appt of Officers in the ANG and as Reserves of the AF | ANGR 36-02 | 01.29.82 | 6,10,12 | CD ROM (Clark II) |
| Fed Rec of Prom in the ANGUS as a ResAF below GO | NGR(AF) 36-4 | 02.01.92 | 6,10,12 | CD ROM (Clark II) |
| Fed Rec of Prom in the ANGUS as a ResAF below GO | ANGR 36-04 | 07.01.86 | 6,10,12 | CD ROM (Clark II) |
| Reserve Officer Personnel Management Act Guide | | 02.10.97 | 6,10,12 | Hard copy |
| Comm Officers – Fed Rec and Related Personnel Actions | NGR(AR) 600-100 | 04.15.94 | 6,10,12 | Hard copy |

| | | | | |
|---|---|---|---|---|
| Warrant Officers – Fed Rec and Related Personnel Actions | NGR(AR) 600-101 | 10.01.96 | 6,10,12 | Hard copy |
| Personnel Management of General Officers | AR 135-156 | 05.01.00 | 6,10,12 | www.usapa.army.mil |
| ARNG General Officer Federal Recognition Handbook (2) | NGB-GOMO | 7.04 | 6, | CD ROM (Clark II) |
| ARNG General Officer Federal Recognition Handbook | NGB-GOMO | 12.04 | 6, | CD ROM (Clark II) |
| ARNG General Officer Federal Recognition Handbook | NGB-GOMO | 6.03 | 6, | CD ROM (Clark II) |
| Call for Nominations for Dec 2003 GO Fed Rec Board | NGB-GOMO | 12.03 | 6, | CD ROM (Clark II) |
| ARNG General Officer Federal Recognition Handbook | NGB-GOMO | 6.02 | 6, | CD ROM (Clark II) |
| ARNG General Officer Federal Recognition Handbook | NGB-GOMO | 12.02 | 6, | CD ROM (Clark II) |
| ARNG General Officer Federal Recognition Handbook | NGB-GOMO | 6.01 | 6, | CD ROM (Clark II) |
| ARNG General Officer Federal Recognition Handbook | NGB-GOMO | 12.01 | 6, | CD ROM (Clark II) |
| Enlisted Personnel Promotion System | SMDR 600-200 | 02.01.03 | 5,8,9,10 | CD ROM (Clark II) |
| Information Paper on ANG Officer Promotion Policies | HING | 08.24.04 | 6,8,9,10 | CD ROM (Clark II) |
| Officer Selection and Promotion Process | MSARNG 600-100 | 12.01.01 | 6,8,9,10 | CD ROM (Clark II) |
| Enlisted Promotions under the Enlisted Prom Prog (EPP) | TAGPA 600-200 | 01.02.04 | 5,8,9,10 | CD ROM (Clark II) |
| Sample Qualitative Retention Board Letter | ALNG | | 14 | CD ROM (Clark II) |
| ALNG Qualitative Retention Board Memo | ALNG | 03.22.04 | 14 | CD ROM (Clark II) |
| All States Memorandums | NGR 25-1/ANGI 33-103 | 11.22.02 | info | Hard copy |
| ASMs published prior to 1 January 99 are hereby rescinded | I99-0108 | 09.01.99 | info | Hard copy |
| ASMs can be accessed as follows: | I99-0038 | 03.11.99 | info | Hard copy |
| Interim Training Yrs (TY) 2003-2004 RC Training Guidance | P03-0045 | 09.12.03 | 3,4 | Hard copy |
| Service School Attendance | I97-0120 | 03.14.97 | 4,18,21 | Hard copy |
| Air National Guard Management Control Program | P97-0049 | 05.21.97 | 3 | Hard copy |
| Training for Financial Managers and Budget Officers. | P95-0133 | 09.25.95 | 3 | Hard copy |
| Unit Movement Officer Training Requirements | I97-0121 | 03.21.97 | 4,6,10 | Hard copy |
| Qualification of Off Prom While Assigned to Function Area | P03-0029 | 04.21.03 | 4,7,9,10 | Hard copy |
| Waiver of Combined Arms and Service Staff School | P00-0009 | 04.24.00 | 4,6,9 | Hard copy |
| Professional Military Education for Promotion to Colonel | P02-0027 | 07.25.02 | 4 | Hard copy |
| Semi-Annual NG General Officer Federal Recognition Board | I97-0153 | 06.15.97 | 6, | Hard copy |
| Time in GradeRequirements for Promotion to BG and MG | P00-0056 | 08.29.00 | 6, | Hard copy |
| Time in GradeRequirements for Promotion to BG and MG | P01-0051 | 08.29.01 | 6, | Hard copy |
| Time in GradeRequirements for Promotion to BG and MG | P02-0065 | 12.11.02 | 6, | Hard copy |

| | | | | |
|---|---|---|---|---|
| Redistribution of Ret Points in the Enlisted Prom. System | P00-0082 | 01.26.01 | 5, 15 | Hard copy |
| Change to Pol on Enl. Prom and NCOES Attend and Credit | P99-0042 | 09.22.99 | 5,6,7 | Hard copy |
| Required Training for Full Time Recruit and Retention Force | P96-0078 | 07.17.96 | 4,5,9 | Hard copy |
| Clarification of Requirements for MOS 13C, MOS Qual | I97-0070 | 01.10.97 | 4,9 | Hard copy |
| Basic Life Support (BLS) Training in the ARNG | P97-004 | 05.20.97 | 4,9 | Hard copy |
| Enlisted Aviation Qualification Training | P97-0067 | 07.15.97 | 4,5b,9 | Hard copy |
| Clarification on the Proper Use of Active and Inactive Duty | I97-0071 | 01.10.97 | 2,3 | Hard copy |
| ANG Pilot Recruiting, Selection, and Training Processes. | I97-0106 | 03.07.97 | 4,6,9 | Hard copy |
| Required Training for the FT Strength Management Force | P95-0127 | 09.14.95 | 4,5,9 | Hard copy |
| Recruit and Retention Force Family Assis Post-Mob Msn | I98-0005 | 10.03.97 | 4,9 | Hard copy |
| Recruit and Retention Force Family Assis.Post-Mob Msn | I98-0204 | 11.04.98 | 4,9 | Hard copy |
| Standardized Training | I98-0050 | 12.09.97 | 4 | Hard copy |
| Memo of Instructions to ARNG Fed Rec Board | DAPE-MPO-S | 03.23.01 | 6,9 | Hard copy |
| Uniform Reserve, Training and Retirement Catagories | DODD 1215.6 | 03.14.97 | 5, | Hard copy |
| Uniform Reserve, Training and Retirement Catagories | DODD 1215.6 | 12.18.90 | 5, | Hard copy |
| Uniform Reserve, Training and Retirement Catagories | DODD 1215.6 | 09.22.87 | 5, | Hard copy |
| Service Credit for Reserve Retirement | DODD 1215.7 | 03.01.01 | 15, 16 | Hard copy |
| Service Credit for Reserve Retirement | DODD 1215.7 | 10.15.93 | 15,16 | Hard copy |
| Reserve Component Member Participation Policy | DODD 1215.13 | 12.14.95 | 5,7 | Hard copy |
| Reserve Component Member Participation Requirements | DODI 1215.18 | 01.11.96 | 5,7 | Hard copy |
| Educational Requirements for Appointment of USAR Officers | DODI 1215.17 | 9.12.2002 | 5, | Hard copy |
| Educational Requirements for Appointment of USAR Officers | DODI 1215.17 | 11.2.95 | 5, | Hard copy |
| Reserve Component Member Participation Requirements | DODI 1215.18 | 07.17.02 | 5, | Hard copy |
| Uniform Reserve, Training and Retirement Catagories Admin | DODI 1215.19 | 12.12.00 | 2, | Hard copy |
| Reserve Component Jt Officer Mgt Progam | DODI 1215.20 | 9.12.02 | 6, | Hard copy |
| Rank and Seniority of Commissioned Officers | DODD 1310.1 | 04.29.96 | 6,7 | Hard copy |
| Appointing Commissioned Officers | DODD 1310.2 | 05.28.96 | 6,7 | Hard copy |
| Service Credit for Commissioned Officers | DODD 1312.3 | 10.21.96 | 6,7 | hard copy |
| Cont. of RA Comm Officers and USAR Officers on RASL | DODD 1320.8 | 10.21.96 | 6,7 | Hard copy |
| Discharge of Comm Officers Not Qualified for Promo. to 1LT | DODD 1320.10 | 7.9.96 | 6,7 | Hard copy |
| Special Selection Boards | DODD 1320.11 | 5.6.96 | 6,7 | Hard copy |

| | | | | |
|---|---|---|---|---|
| Comm. Officer Promotion Reports and Procedures | DODD 1320.13 | 6.21.96 | 6,7 | Hard copy |
| Comm. Officer Promotion Program Procedures | DODI 1320.14 | 9.24.96 | 6,7 | Hard copy |
| Separation of Regular and Reserve Comm. Officers | DODD 1332.30 | 3.14.97 | 6,7,12,13 | Hard copy |
| Selective Early Retirement of Officers on ADL and Removal | DODD 1332.32 | 9.30.96 | 6,12,13 | Hard copy |
| Separation Procedures of Reg. Reserve Comm. Officers | DODI 1332.40 | 9.16.97 | 6,12,13 | Hard copy |