**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, CAROL RISSER, JOHN DOES 1 through 4, and JANE DOES 2 and 3, individually, and on behalf of all other similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 00-644<br>(Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

On February 5, 2008, this Court denied as moot Plaintiffs' motion to compel "[p]ursuant to representations made by Defendant during the February 5, 2008 status conference that it will provide the Plaintiffs with specific documents, or access to those documents." (February 5, 2008 Order at 1.) The Court also directed the parties to file a joint status report to provide an update on the status of the discovery process and to propose a schedule for the completion of discovery, which is now due March 28, 2008. Plaintiffs, upon behalf of the parties, and with the concurrence of Defendant, respectfully submit the following report detailing the parties' discovery efforts and proposing that the parties be allowed an additional three weeks to complete the document production and review process.

**Report on Discovery Efforts**

As discussed during the hearing on Plaintiffs' motion to compel, Plaintiffs sought access to several facilities to search for responsive documents and to determine whether various categories of documents needed to be searched for and produced from other sources. (2/05/08 Tr. at 13.) Defendant agreed to give Plaintiffs access to these facilities, as well as to search for and produce certain categories of documents that were not housed in these facilities. Although Plaintiffs have completed their on-site reviews, they are still in the process of copying and reviewing the documents to identify any documents that remain to be produced. Defendant in turn, has produced some, but not all, of the document types it agreed to produce. Defendant believes that, except for Unit Status Reports (which will be discussed in greater detail below), it has produced all responsive documents it has in its possession. Plaintiffs request three additional weeks to allow time to complete this review process, to obtain copies of all of the documents that Defendant has agreed to produce, to address the other issues discussed below, and to meet and confer with Defendant about any last issues that may arise. On April 21, 2008, Plaintiffs propose filing another joint status report that would identify all remaining issues (if any) and propose a schedule for deposition discovery.

Defendant avers that it believes that, except for Unit Status Reports and CFETPs (which will be discussed in greater detail below), it has produced all responsive documents it has in its possession. Nevertheless, it does not object to Plaintiffs' request for an additional three week extension because, in addition to allowing Plaintiffs time to review what has been produced, it will allow Defendant to accomplish one final search for responsive documents.

**1. Plaintiffs Have Largely Completed Collections at the Key Libraries**

Since the hearing on their motion to compel, Plaintiffs have spent four days at the Pentagon library and three at Maxwell Air Force Base in Alabama. Those review efforts yielded over 50,000 pages of documents to date. Plaintiffs have spent the past few weeks photocopying and Bates-stamping the majority of the collected documents. The additional three weeks requested for document review will enable Plaintiffs to finish processing the documents in their possession and to determine whether they have received all the documents they requested. It appears that some of the documents selected for copying may be missing from the production, but Plaintiffs need further time to determine the completeness of the production.

During the Pentagon collection, Plaintiffs' counsel determined that the Pentagon library did not contain all of the types of documents sought by Plaintiffs and, in some cases, did not contain complete sets of the documents that were available. The Pentagon Head Reference Librarian informed Plaintiffs' counsel that the documents were likely maintained in TRADOC's online library. Plaintiffs have searched the online library for relevant documents and downloaded relevant files. The three weeks requested will allow Plaintiffs to review the documents in greater detail and ensure that there are no other relevant documents they need to request.

**2. Unit Status Reports and Career Field Education and Training Plans**

During the hearing on the motion to compel, the Court also instructed Defendant to search for certain categories of documents that Plaintiffs had already been able to determine were not housed at the various libraries they were given access to search.

These documents included CFETPs, or the individual training plans created for each Air Force Specialty Code; and USRs, or the unit status reports that indicate unit readiness in terms of manpower, training, and equipment. Since the hearing, Defendant has produced some additional CFETPs but no Unit Status Reports. Plaintiffs have not yet received the requested update as to when Defendant expects to produce these documents, but the three additional weeks requested until the next joint status report should give Defendant the time necessary to comply with this obligation.

Defendant avers that it will soon produce all the CFETPs Plaintiffs have requested. Defendant agrees that it has not produced any Unit Status Reports to date, and still maintains that these documents are not relevant to the central issue before the Court, nor could they lead to any relevant information affecting the central issue before the Court, as Plaintiffs have admitted the only documents that "required" each Plaintiff to complete correspondence courses as a member of his or her state militia were regulatory in nature. Nevertheless, Defendant continues to work to have the requested Unit Status Reports declassified so that they can be produced to Plaintiffs. The declassification process is time-consuming, as each individual USR has to be reviewed prior to declassification. Defendant hopes to have this issue resolved within the next three weeks.

**3. Organizational Charts & Agency Communications**

In their motion to compel, Plaintiffs addressed, among other things, the Defendant's failure to respond adequately with their request for production of organizational charts and communications among and between the agencies responsible for individual training and military education. As Plaintiffs pointed out in their motion, Defendant produced only a few Air Guard charts and no Army Guard cognates. (Mot. at

17.) As explained in greater detail in their motion, Plaintiffs are entitled to production of organizational charts for the all the organizations responsible for Army and Air National Guard training at the state and national levels, including TRADOC, the National Guard Bureau, and the state Guard organizations in order to identify percipient witnesses and prepare for and conduct deposition discovery. *Id.* Plaintiffs also need the remaining organizational charts to determine whether there are additional agencies and actors that Defendant should contact to obtain responsive documents.

Plaintiffs searched for additional organizational charts during their reviews of the Pentagon, Maxwell, and TRADOC libraries but were unable to find them. Defendant provides no support for its remarkable assertion that it has no obligation to produce percipient fact witnesses for deposition. To the extent Defendant stands on this position, the Court's involvement will be required to resolve this dispute.

Defendant avers that it has produced organizational charts responsive to Plaintiffs' discovery requests. Plaintiffs' inability to locate any additional organizational charts while searching the Pentagon, Maxwell, and TRADOC libraries is consistent with this averment. Defendant further maintains that these documents are not relevant to the central issue before the Court, nor could they lead to any relevant information affecting the central issue before the Court, as it is Defendant's position that Plaintiffs have admitted the only documents that "required" each Plaintiff to complete correspondence courses as a member of his or her state militia were regulatory in nature. Furthermore, Defendant contends that one of Plaintiffs' stated need for these documents, *i.e.* to "identify percipient witnesses," is irrelevant given that Defendant will identify RCFC 30(b)(6) witnesses who will speak for the Department of Defense. Nevertheless,

Defendant will use the next three weeks to contact again the organizations responsible for training within the Department of Defense to ascertain if there are any organizational charts that can be produced.

As for the agency communications, Plaintiffs had requested communications between and among the Army and Air Guard agencies responsible for training regarding correspondence courses and required training. Such documents are directly relevant to the issue the Court has identified for discovery regarding which correspondence courses are required.

Defendant avers that is has produced all responsive agency communications. Nevertheless, Defendant will use the next three weeks to contact again the organizations responsible for training within the Department of Defense to ascertain if there are any responsive agency communications that can be produced.

**4. Plaintiffs' Efforts to Obtain Documents from Various State National Guard Organizations Are Continuing**

As reported in their motion to compel, Plaintiffs served subpoenas duces tecum in November 2007 on the Alabama, Hawaii, Minnesota, North Carolina, and Pennsylvania state National Guard organizations (the "State Guards"). The documents requested from the State Guards included, among other things, Plaintiffs' personnel records, as well as documents relating to correspondence coursework that are maintained at the State Guard level. Each of the State Guards (with the exception of Pennsylvania) filed objections to the subpoena. Since that time, Plaintiffs have been in negotiations with the relevant state attorneys general concerning the State Guard responses to the subpoena, notwithstanding that, as detailed in the papers supporting Plaintiffs' motion to compel, Defendant itself should have produced the documents requested in these subpoenas.

At the hearing on the motion to compel, Plaintiffs' counsel stated that they would continue to work with the State Guard organizations they had subpoenaed to obtain the relevant documents rather than seek Court intervention to compel Defendant to produce documents that Plaintiffs might be able to obtain form other sources. This negotiation process unfortunately has proven to be protracted. To date, partial document productions have been received from Alabama, Hawaii, Minnesota, and Pennsylvania, but further discussions are required to determine the completeness of those productions. In addition, North Carolina has recently advised Plaintiffs that it will not produce any documents in response to Plaintiffs' subpoena that were not previously produced to the National Guard Bureau in response to other discovery requests and otherwise stands on its objections to the subpoena. An additional three weeks should enable Plaintiffs to determine whether it is necessary to renew their request for relief regarding documents requested from the State Guard organizations with respect to any state other than North Carolina.

Plaintiffs have accomplished much since the hearing. The additional three weeks requested to continue their discovery efforts is reasonable and appropriate to give Plaintiffs time to complete process of reviewing the document collected, to determine whether any additional documents have yet to be produced, and to meet and confer with Defendant about any issues that may arise. As stated above, at the conclusion of these three weeks, on April 21, 2008, Plaintiffs propose filing another joint status report that would identify all remaining issues (if any) and propose a schedule for deposition discovery.

Dated: March 28, 2008 Respectfully submitted,

By: /s/ *Helen K. Michael*
Helen K. Michael
HOWREY, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800

Richard T. Dorman
CUNNINGHAM, BOUNDS, YANCE,
CROWDER &
BROWN, LLC
1601 Dauphin Street
Mobile, AL 36664
(251) 471-6191

Charles J. Cooper
David Thompson
COOPER & KIRK, P.L.L.C.
1500 K Street, N.W., Ste. 200
Washington, DC 20005
(202) 220-9600

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Joint Status Report was served electronically on this 28th day of March, 2008 upon:

Douglas K. Mickle
Department of Justice
Commercial Litigation Branch
Civil Division
8th Floor, 1101 L St., NW
Washington, DC 20530

Sabahat Chaudhary
Sabahat Chaudhary