**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, CAROL A. RISSER, JOHN DOES 1 through 4, and and JANE DOES 2 through 3, individually, and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | CASE NO. 00-644C<br>(Judge Firestone) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

On February 5, 2008, this Court denied as moot Plaintiffs' Motion to Compel "[p]ursuant to representations made by the government during the February 5, 2008 status conference that it will provide the plaintiffs with specific documents, or access to those documents." February 5, 2008 Order at 1. The Court also directed the parties to file a joint status report to provide an update on the status of the discovery process and to propose a schedule for the completion of discovery. The parties filed a joint status report on March 28, 2008, requesting additional time to complete discovery. The Court granted the request for additional time and ordered the parties to file a joint status report, now due May 2, 2008. The parties respectfully submit the following report detailing the parties' discovery efforts and their proposals.

**Report on Discovery Efforts**

As discussed during the hearing on Plaintiffs' motion to compel, Plaintiffs sought access to several facilities to search for responsive documents. (2/05/08 Tr. at 13.) With the assistance of the government, Plaintiffs have completed their searches of the Pentagon and Maxwell Air Force Base libraries. Plaintiffs have also searched the Army's online TRADOC library and downloaded relevant files. Plaintiffs recently identified two TRADOC regulations that were not accessible. The government has determined that the TRADOC regulations are housed in the Fort Eustis Records Holding Area and is in the process of producing these two regulations together with their predecessor regulations. Although much has been accomplished, there are a few remaining issues that require resolution by this Court.

**Remaining Issues**

**1. Organizational Charts & Agency Communications**

**Plaintiffs' Position**

In their motion to compel, Plaintiffs requested that the government produce organizational charts and communications among and between the agencies responsible for individual training and military education. Plaintiffs need the organizational charts to determine whether there are additional agencies and actors that Defendant should contact to obtain responsive documents, as well as to identify prospective deponents. Defendant did not produce any Army or National Guard organizational charts until April 23, 2008. No state level organizational charts have been produced. Despite these deficiencies, Defendant claims that it has now produced all organizational charts or their functional

equivalent responsive to plaintiffs' discovery requests. As for the state organizational charts, they will be addressed in plaintiffs' renewed motion to compel the production of state documents. As for the federal level charts, Plaintiffs will review them and raise any specific issues that remain with government counsel.

Plaintiffs also requested communications between and among the Army and Air Guard agencies responsible for training regarding "individual training or military education available to or completed by Guard members either in residence or via correspondence". Plaintiffs worded their request in this fashion because of the government's stated position that no form of individual military training, including correspondence coursework, is required. Given the government's position, a request for documents relating solely to required correspondence coursework would have yielded nothing. Additionally, plaintiffs are entitled to discovery regarding their request for communications relating to in-residence training, the other form of individual military education, because, as Judge Damich made plain in his opinion denying the government's motion for summary judgment, correspondence courses that provide individual instruction equivalent to in-residence training for which Guard members are compensated constitutes required training. *Clark v. United States*, 69 Fed. Cl. 443, 447-48 (Fed. Cl. 2006)**.** Accordingly, plaintiffs also are entitled to discovery of agency communications regarding in-residence course training.

The interagency communications sought by plaintiffs are unquestionably relevant to the question of which courses, if any, those agencies required Guard members to complete and which courses plaintiffs in fact completed – the questions on which the Court has ordered discovery at this stage in the litigation. Remarkably, on April 29,

government counsel informed plaintiffs that they had contacted additional individuals and conducted email searches of their documents, but had not located *any* relevant communications between the agencies responsible for National Guard training concerning individual training available in-residence or via correspondence. Plaintiffs will address the relevance of the discovery sought in the detail in the papers they propose to file on May 9, 2008.

Also of concern, government counsel just produced an updated index of custodians searched and persons consulted with respect to written discovery late in the afternoon on April 29, 2008. An initial review of the index suggests that government counsel has failed to search the files of key individuals, including several individuals who offered declarations in support of the government's unsuccessful summary judgment motion arguing that Guard members have not been required to complete correspondence coursework as a prescribed form of individual military training.

Plaintiffs will review the index in greater detail, discuss the issues that index raises with government counsel. To the extent necessary, Plaintiffs also will address any unresolved issues concerning the scope of search in a motion to compel to be filed by May 9, 2008.

**Defendant's Position**

Defendant claims that it has now produced organizational charts or their functional equivalent responsive to plaintiffs' discovery requests.

As for agency communications, Defendant maintains that these documents are not relevant to the central issue before the Court, nor could they lead to any relevant

information affecting the central issue before the court, as it is Defendant's position that plaintiffs have admitted the only documents that "required" each plaintiff to complete correspondence courses as a member of his or her state militia were regulatory in nature. Plaintiffs would have the government produce communications between the agencies responsible for National Guard training concerning any type of individual training. Plaintiffs fail to limit their document discovery request to required correspondence courses, which far exceeds the scope of discovery. Defendant avers it has produced all responsive agency communications concerning required correspondence courses. Defendant used the additional time granted by the Court since our last joint status report to again contact the organizations responsible for training within the Department of Defense to ascertain if there are any additional responsive agency communications that can be produced. Defendant contacted dozens of additional individuals requesting any communications relevant to required correspondence courses. Defendant also requested that e-mail records be searched electronically to determine if relevant communications could be located. These measures have resulted in no additional agency communications. Defendant contends that any further effort to search for additional agency communications would be fruitless.

2. **State Documents**

**<u>Plaintiffs' Position</u>**

The government's refusal to produce documents from the State Guard organizations of which the named plaintiffs are members was one of the central issues addressed in plaintiffs' motion to compel. (*See* D.E. 174 at 26-28 .)

Plaintiffs seek the following major categories of documents at the state level: MTOEs, YTGs, Unit Status Briefings, METLs, organizational charts, documents relating

to in-residence quotas for schools, sample enrollment paperwork, promotion and retention regulations, and applicable federal regulations that are republished by the state Guards. As a general matter, state documents are relevant to this litigation, because Guard members are dually enlisted in their respective state Guard and the National Guard of the United States, and because the Federal Circuit has ruled that the relevant correspondence coursework was completed while Guard members were in state status. Furthermore, all of the documents requested seek information relevant to whether Guard members, including the named plaintiffs, have been required to complete correspondence coursework as a required form of individual military training needed to assure battle-ready deployable Guard units and to fulfill essential military functions. As the requests for these types of documents make plain, Plaintiffs have never, as the government wrongly asserts, admitted that regulations are the only information relevant to whether they have been completed required correspondence coursework.

Despite the clear relevance of the information sought in this discovery, government counsel did not definitively claim that they were unable to secure production of the documents at issue until after the deadline for written discovery had closed. At that time, the government represented that it had been unable to obtain the state Guard documents requested because such documents ostensibly were not in the government's custody and control, notwithstanding that the government previously had freely exercised its control over these organizations by collecting and producing other documents maintained by these organizations. In an effort to obtain the documents requested without the need for Court intervention, however, plaintiffs had served subpoenas on the state Guard organizations. At the time of the motion to compel, negotiations with the

state Guards were ongoing, and plaintiffs accordingly advised the Court that they would seek its assistance only if these negotiations failed to secure the requested information. (D.E. 174 at 12 n 7.)

It has now become apparent that the Court's assistance is required. Some states have produced some documents by providing them to government counsel, again demonstrating the government's control over the requested additional documents. Others, however, have refused to produce any documents and the rest have refused to produce various categories of information requested. The government, in turn, has just asserted that it has been unable to obtain production of the remaining documents. It therefore appears that a court order directing the government to exercise its control and secure production of the information sought is required. Plaintiffs accordingly will renew their motion to compel with respect to the state Guard documents by May 9, 2008.

**Defendant's Position**

Defendant continues to maintain that state Guard documents are not in its possession, custody, and control, and that therefore it has no obligation to produce such documents or to ensure that the states do so. Plaintiffs assert the government did not inform them that state Guard documents were not in the government's custody and control until after the deadline for written discovery had closed. However, Plaintiffs acknowledge in a letter dated August 20, 2007, prior to the close of written discovery, that the government had indicated it did not exercise custody or control over state Guard documents. Defendant had described to the Court and Plaintiffs as early as March 15, 2005, that the state Guard, and not the United States, controlled the state Guard

documents. (3/15/05 Tr. at 26-27.) Moreover, Plaintiffs failed to subpoena the state Guard organizations until after written document discovery had closed.

Plaintiffs also assert that the government previously had freely exercised its control over these organizations by collecting and producing other documents maintained by these organizations. It is true that the government willingly complied with Plaintiffs' requests to make inquiries with the state Guard organizations regarding state Guard controlled documents and willingly passed along to Plaintiffs any documents provided by the state Guard organizations. However, contrary to Plaintiffs' assertions, the act of passing along documents voluntarily provided by the state Guard organizations does not amount to exercising control over these organizations.

The information requested by Plaintiffs is clearly no longer relevant as Plaintiffs have admitted that the only authority they had for taking correspondence courses was regulatory. Given that they have now twice been to the libraries containing the relevant regulations for the services, we do not see how, even if we conducted a search as extensive and expensive as Plaintiffs now propose that anything would be uncovered of any relevance as any e-mail that was uncovered would not be authoritative to bind the service Secretaries. Furthermore, counsel for Defendant have been asking all agencies for the past several years to search for e-mails regarding whether individuals state Guardsman are required to complete correspondence courses or anything remotely relevant and have uncovered nothing. Of course, this is not surprising as no one in the Department of Defense ever thought this type of training was required, as Congress confirmed in 2007.

## Schedule

**Plaintiffs' Position**

Much has been accomplished since it was last necessary to seek the Court's assistance in resolving discovery disputes and securing production of information necessary to enable plaintiffs' counsel to take meaningful depositions. However, a few documentary discovery issues remain to be resolved so that plaintiffs can commence the deposition discovery process. To obtain resolution of the remaining issues necessary to move forward with deposition discovery, plaintiffs propose the following schedule.

On May 9, plaintiffs will make a supplemental submission in support of renewal of their motion to compel with respect to the state documents, and if necessary, will also seek an order compelling production of the scope of search information and agency communications discussed above. Plaintiffs have no objection to having a status conference on these issues, as the government requests. Plaintiffs propose that the Court hold a status conference after the issues have been briefed by the parties.

A realistic schedule for deposition discovery cannot be set until briefing on these issues is completed and the Court has ruled on these motions. The state documents sought by plaintiffs are essential both to identifying state Guard witnesses and preparing for their depositions, and the other documents that the government has not yet produced are similarly essential to identifying the percipient federal military witnesses that need to be deposed, and preparing for their depositions. Based on the information already provided by the government, it is apparent that the limits on deposition discovery imposed by Rule 30 will need to be extended. However, the parties cannot have a meaningful discussion about the number of depositions required without knowing which

witnesses plaintiffs propose to depose. Nor can the parties meaningfully discuss a time period for deposition discovery without knowing who the witnesses will be.

Because a sensible deadline for close of deposition discovery cannot be set until after a ruling on plaintiffs' renewed motion to compel, plaintiffs respectfully request that the Court set a deadline for the completion of production in connection with the motion to compel. Within one week of the completion of this production, plaintiffs further propose that the parties meet and confer to set a schedule for depositions. Plaintiffs further propose that the parties then submit another joint status report to the Court with their proposals for completing deposition discovery.

Finally, defendant cannot offer any meritorious justification for its request to submit a summary judgment motion when written discovery is not complete, and plaintiffs have only been able to take one limited deposition. Judge Damich has already denied a prior summary judgment motion made on precisely the same issue that the government proposes to rebrief. Specifically, Judge Damich held that "whether the secretaries have prescribed such training is a mixed question of fact and law" not suitable for resolution prior to additional discovery. *Clark*, 69 Fed. Cl. 446. The necessary discovery has still not been completed, largely due to the government's failure to comply with its discovery obligations, and until the completion of that discovery, any summary judgment motion is premature at best.

**Defendant's Position**

Defendant proposes that a status conference be scheduled by the Court to address these issues. If the Court orders additional time for Plaintiffs to seek discovery from the

state Guard organizations, we would like the Court's permission to file our motion for summary judgment.

Dated: May 2, 2008

Respectfully submitted,

By: /s/ *Helen K. Michael*

Helen K. Michael
HOWREY, L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800

Richard T. Dorman
CUNNINGHAM, BOUNDS, YANCE, CROWDER &
BROWN, LLC
1601 Dauphin Street
Mobile, AL 36664
(251) 471-6191

Charles J. Cooper
David Thompson
COOPER & KIRK, P.L.L.C.
1500 K Street, N.W., Ste. 200
Washington, DC 2005
(202) 220-9600

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing "Joint Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by the operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Helen K. Michael
Helen K. Michael