# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 through 4, and JANE DOES 1 through 3, individually, and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | CASE NO. 00-644C (Judge Firestone) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

Following the last joint status conference on May 21, 2008, the Court directed the parties to meet and confer to resolve several remaining discovery issues. In particular, the parties were directed to identify: "(a) a discrete list of individuals whose files the government will search for agency communications; (b) the terms to be used in performing the additional searches; and (c) a list of facilities that have not yet been searched for agency communications that the government will search." May 21 Order at 1. In addition, the Court directed the parties to meet and confer "with representatives from the state guard organizations in an attempt to obtain any additional documents that have not been produced to the plaintiffs." *Id.* The Court then directed the parties to file a joint status report to update the Court on the resolution of the identified issues and

propose a schedule for moving the litigation forward. The government has authorized plaintiffs to file this joint status report on behalf of both parties.

Since the Court's order, the parties have made significant progress towards resolving the majority of the remaining discovery issues. The government believes that, with the exception of the documents to be produced by the state Guard organizations, and a few remaining issues, that it has substantially complied with the obligations imposed in the May 21 Order. Plaintiffs do not agree, and believe there are several remaining issues, including the issue of the e-mail searches, which will be discussed in greater detail below. Nevertheless, the government has agreed to work with the plaintiffs over the next month to identify and attempt to resolve the remaining issues. The state guard organizations have also requested a minimum of one month in which to complete their production. Therefore, the parties propose that they submit the next joint status report on July 30, and request that the Court schedule a joint status conference shortly thereafter.

**State Documents**

The parties agree that agreements have been reached concerning the production of documents by the state Guard organizations. This past week, counsel for plaintiffs and defendant have had joint calls with representatives of each state guard organization in which a named plaintiff served in order to discuss the production of the documents requested in the subpoenas. In the spirit of compromise, plaintiffs provided each state organization a narrowed list of documents requested in the subpoenas served last October. Each state guard organization has committed to search for the material requested by plaintiffs. Representatives from these organizations have estimated that the review and production process will take approximately one month, which will allow time

to locate the documents and forward them to Mr. Gonzalez at the National Guard Bureau, who will handle any declassification issues and forward the documents to plaintiffs' counsel.

**Identification of Specific Individuals Whose Files Have Been Searched**

The parties have met and conferred to identify the individuals from Army, Air, and the National Guard Bureau whose paper, and electronic and email files will be searched pursuant to the Court's May 21 Order. The identification of Army, Air Force and National Guard Bureau personnel is complete. The paper searches on these individuals have been started and the government expects to complete those prior to filing of the next joint status report. Searches of email and electronic documents will be discussed in greater detail below.

**Additional Facilities or Agencies To Be Searched**

The meet and confer discussions to identify the custodians whose files will be searched have enabled plaintiffs to reduce their list of additional facilities or agencies to be searched. However, plaintiffs still await information on four remaining Air Force agencies. The government will provide this information within the next few days and complete the necessary searches prior to the filing of the next joint status report

**Search Terms for Electronic and Email Files**

The parties have not yet been able to reach a compromise regarding the search terms that will be used to search the electronic files and emails of the identified custodians and facilities or agencies. Due to the constraints of the available search technology and the decentralized nature of the databases, the original search proposed by plaintiffs returned over 30,000 emails for certain custodians. In an attempt to craft a

better search, plaintiffs have asked for certain information from the government's IT professionals. The government has obtained the necessary information, and will make it available to plaintiffs' counsel by early next week. The parties will work to resolve this issue and conduct the necessary searches prior to the filing of the next joint status report.

**Conclusion**

Representatives from the state guard organizations have represented that it will take a minimum of one month to complete the process of producing the additional documents requested. Based on this estimate, the parties propose that the next joint status report be due on July 30. In the interim, the government is willing to work through the issues identified by the plaintiffs above, with the goal of resolving all discovery issues prior to submitting the next Joint Status Report. The government also plans to work on a COFC Rule 52.1 motion for submission to the Court. Plaintiffs submit that they should not be subjected to the expense of responding to such a motion at this juncture, given *inter alia*, the material factual disputes identified in Judge Damich's opinion denying the government's prior summary judgment motion and that plaintiffs have not yet had the opportunity to conduct, much less complete all documentary and deposition discovery. Plaintiffs further submit that the government should be required to provide a basis for seeking to file this motion at this juncture of the litigation. Following the joint status report, the parties request that the Court schedule a joint status conference to resolve any remaining discovery dispute, to set a schedule for moving forward with the litigation, and to consider the government's request to file the proposed motion.

Dated: May 17, 2008

Respectfully submitted,

By: /s/ *Helen K. Michael*
Helen K. Michael
HOWREY, L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800

Richard T. Dorman
CUNNINGHAM, BOUNDS, YANCE, CROWDER &
BROWN, LLC
1601 Dauphin Street
Mobile, AL 36664
(251) 471-6191

Charles J. Cooper
David Thompson
COOPER & KIRK, P.L.L.C.
1500 K Street, N.W., Ste. 200
Washington, DC 2005
(202) 220-9600

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing "Joint Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by the operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Helen K. Michael
Helen K. Michael