**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT E. FREEBURG, WILLIE R. JOHNSON, ROBERT A. MUSTIN, JOHN DOES 1 through 4, and JANE DOES 1 through 3, individually, and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | CASE NO. 00-644C (Judge Firestone) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**<u>JOINT STATUS REPORT</u>**

Following the last joint status conference on May 21, 2008, the Court directed the parties to meet and confer to resolve several remaining discovery issues. In particular, the Court directed the parties to meet and confer "with representatives from the state guard organizations in an attempt to obtain any additional documents that have not been produced to the plaintiffs." May 21 Order at 1. In addition, the parties were directed to identify: "(a) a discrete list of individuals whose files the government will search for agency communications; (b) the terms to be used in performing the additional searches; and (c) a list of facilities that have not yet been searched for agency communications that the government will search." *Id.* The Court then directed the parties to file a joint status report to update the Court on the resolution of the identified issues and propose a schedule for moving the litigation forward.

The parties since have been working to comply with the Court's order, but have encountered a number of obstacles to completing the process, some of which have not yet been resolved. As detailed below, the parties anticipate, based on the government's estimates, that it will take an additional 45 to 90 days to complete the process. Therefore, the parties propose that they submit the next joint status report in 45 days on October 6, 2008. This report will identify any remaining issues requiring resolution by the Court, provide a date for the completion of written discovery, and propose a date for a further joint status report to address a schedule for depositions and for the next phase of the litigation.

**State Documents**

Pursuant to the Court's Order, the parties met and conferred with the state Guard organizations, who agreed to search for relevant documents and produce them prior to July 30. Four of the five states have confirmed that their production is complete, save a request for identification of personnel involved in training and training administration. North Carolina has not yet formally responded. The parties expect that within the next two weeks, the remaining issues with respect to identification of personnel will be resolved and North Carolina will respond concerning its production.

**Federal Documents**

As stated above, the Court directed the parties to identify both custodians and agencies to be searched, as well as develop search terms to be used in the review of documents from those custodians and agencies. In June 2008, plaintiffs' counsel provided a list of custodians from the Army, Air Force, and National Guard whose paper, electronic, and email files would be searched for responsive documents. Shortly thereafter, plaintiffs' counsel provided a short list of agencies whose paper, electronic and email files would be searched for responsive materials in addition to

the identified custodians. Both the custodian list and the agency list were created based on information provided and representations made by government counsel.

Several factors have complicated the process of completing document searches for these custodians and agencies. First, as was determined during the meet and confer process, a formal document preservation procedure had not been implemented in this litigation. The absence of such a procedure has made the process of searching for documents more difficult because much responsive information may not have been retained, and the responsive documents that do exist have not been collected in any central locations. Government counsel notes that several searches are still ongoing, and that it expects that these searches may yield a small volume of paper and electronic documents.

Second, several of the custodians, who were identified based on information provided by government counsel, are no longer available because they retired or changed positions, and their documents were not retained. The parties have been working to identify substitutes for these custodians, usually their successors. Unfortunately, this does not mitigate the possible loss of the information the prior custodians would have had.

Third, some custodians have not responded to government counsel's requests that they search their documents. Government counsel has redoubled its efforts to get responses from these individuals by sending formal requests to their commanding officers. Government counsel anticipates that it will take approximately 30-45 days to locate the remaining custodians and obtain copies of their responsive paper files.

Finally, the parties are still endeavoring to reach agreement about how emails will be searched and produced. Although the parties continue to work towards a resolution, this Court's

assistance may be required in the event that the parties are unable to reach an agreement in the near future.

At present searches have been conducted of various individuals email files per the Court's May 21 Order, which have produced varying results. The searches of a few custodians yielded over 30,000 emails, while the majority of searches yielded less than 500.

For the custodians with low yields, the parties have agreed that government counsel will review the emails for privilege and responsiveness, and produce the responsive documents to plaintiffs. However, the custodians with low yields have not yet turned over the emails to government counsel and counsel anticipates that it will take approximately 30 days to collect, review and produce the emails from the low yield custodians.

For the few high yield custodians, the parties have not yet been able to determine how the process should be handled. Government counsel expressed the concern that it would take them too long to search and produce over 30,000 emails for each of several custodians. The parties had conference calls with IT personnel at the end of July to try to work out a technical means of reducing the volume for review.

During the calls, it became apparent that the IT departments lack the technology to refine the initial searches. The parties are currently considering retaining an outside vendor to winnow down the results of the first search terms to a smaller set of more targeted results. However, cost concerns as well as logistical issues, like the need for a protective order, have prevented the parties from arriving at a solution at this juncture. As stated above, the parties may need to seek the intervention of this Court to resolve this issue.

**Conclusion**

The collections and productions required by the Court's Orders have not yet been completed. The state guard organizations have not yet finished collecting or producing responsive documents. In addition, certain identified custodians have not responded to requests from counsel to search their documents. Government counsel continues to work to contact nonresponsive custodians, identify and search substitute custodians, and collect and produce the results of the searches already completed. As for email, government counsel continues to work to collect and review the search results from low yield custodians, and the parties continue to work towards an agreement for handling the high-yield custodians.

The parties expect that it will take a minimum of 45 days to complete these processes. Therefore, the parties propose that they submit the next joint status report in 45 days, on October 6, 2008. This report will identify any remaining issues requiring resolution by the Court if any issues require its intervention, provide a date for the completion of written discovery, and propose a date for a further joint status report to address a schedule for depositions and for the next phase of the litigation.

/s/ Helen K. Michael

Helen K. Michael
HOWREY SIMON ARNOLD
& WHITE, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 783-0800
Fax: (202) 383-6610

Richard T. Dorman
CUNNINGHAM, BOUNDS, VANCE,
CROWDER, and BROWN, LLC
1601 Dauphin Street
Mobile, Alabama 36660
Tel: (334) 471-6191
Fax: (334) 479-1031

Charles J. Cooper
David Thompson
COOPER & KIRK, P.L.L.C.
555 11th Street, N.W., Suite 750

Washington, DC 20005
Tel: (202) 220-9600
Fax: (202) 220-9601

Counsel for Plaintiffs

Dated: August 22, 2008

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 22, 2008, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Helen K. Michael
Helen K. Michael